**No. 19-1311**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

---

**JOSE SANCHEZ & SONIA GONZALEZ,**

**Plaintiffs/Appellees,**

***v.***

**U.S. SECRETARY OF THE DEPARTMENT OF**
**HOMELAND SECURITY, *et al.*,**

**Defendants/Appellants.**

---

# JOINT APPENDIX

---

# TABLE OF CONTENTS

Notice of Appeal ....................................................................................... 001

Order Granting Plaintiffs' Motion for Summary Judgment ................................. 005

Opinion Granting Plaintiff's Motion for Summary Judgment .............................. 007

District Court Docket ................................................................................... 023

Jose Santos Sanchez Certified Administrative Record......................................... 029

Sonia Gonzalez Certified Administrative Record ............................................... 117

Petition for Writ of Mandamus and Complaint for Declaratory Judgment........... 163

Defendants' Statement of Undisputed Material Facts .......................................... 277

Defendants' Brief in Support of Partial Motion to Dismiss and
Motion for Summary Judgment ........................................................................ 283

Plaintiffs' Memorandum of Law in Support of
Motion for Summary Judgment ........................................................................ 319

Plaintiffs Memorandum of Law in Opposition to Defendants'
Motion for Summary Judgment ........................................................................ 337

Defendants' Brief in Opposition to Plaintiffs'
Motion for Summary Judgment ........................................................................ 352

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE SANTOS SANCHEZ, SONIA GONZALEZ<br><br>*Plaintiffs*,<br><br>v.<br><br>KIRSTJEN NIELSEN,[1] SECRETARY, DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No.<br>1:16-cv-00651-RBK |

**DEFENDANTS' NOTICE OF APPEAL**

Notice is hereby given that pursuant to 28 U.S.C. §§ 1291, 2107, and Fed. R. App. P. 4(a), Defendants Kirstjen Nielsen, Secretary, U.S. Department of Homeland Security ("DHS"), L. Francis Cissna, Director, U.S. Citizenship and Immigration Services ("USCIS"), Mark Hazuda, Director, USCIS Nebraska Service Center, and John Thompson, District Director, USCIS Newark District Office, appeal to the United States Court of Appeals for the Third Circuit from the Order of the United States District Court for the District of New Jersey granting Plaintiffs Jose Santos Sanchez's and Sonia Gonzalez's Motion for Summary Judgment and denying Defendants' Motion for Summary Judgment, entered on December 7, 2018, ECF Nos. 35 and 36.

[1] Pursuant to Fed. R. Civ. P. 25(d), the federal officers' successors are automatically substituted as parties.

Dated: February 4, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

JEFFREY S. ROBINS
Deputy Director, District Court Section
Office of Immigration Litigation

/s/ *Ubaid ul-Haq*
UBAID ul-HAQ
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4112
Facsimile: (202) 305-7000
Email: ubaid.ul-haq@usdoj.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2019, I filed the foregoing via the Court's CM/ECF system, which forwarded an electronic copy to:

Mr. Michael J. DeBenedictis, Esq.
DEBENEDICTIS & DEBENEDICTIS LLC
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
mjd@debenedictislaw.com
(856) 795-2101

Mr. Yusuf R. Ahmad, Esq.
JAIME WINTHUYSEN APARISI & ASSOCIATES, LLC
8630 Fenton Street, Suite 925
Silver Spring, MD 20910
yusuf@aparisi.com
(301) 562-1416

Dated: February 4, 2019

*/s/ Ubaid ul-Haq*
UBAID ul-HAQ
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section

ATTORNEY FOR DEFENDANTS

**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| JOSE SANTOS SANCHEZ, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>JEH JOHNSON, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 16-651 (RBK)<br><br>**ORDER** |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss and Motion for Summary Judgment (Doc. No 27) and Plaintiffs' Motion for Summary Judgment (Doc. No 28), and for the reasons discussed in the Opinion dated today, December 7, 2018.

**IT IS HEREBY ORDERED** that the Court **GRANTS** Plaintiffs' Motion for Summary Judgment (Doc. No. 28).

**IT IS FURTHER ORDERED** that the Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' claims for Mandamus relief and Due Process violations (Count II). This court relatedly **DENIES** Defendants' Motion for Summary Judgment (Doc. No. 27).

Dated: 12/7/2018

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| JOSE SANTOS SANCHEZ, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>JEH JOHNSON, *et al.*,<br><br>Defendants. | ) | No. 16-651 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss and Motion for Summary Judgment (Doc. No 27) and Plaintiffs' Motion for Summary Judgment (Doc. No 28). For the reasons articulated in this Opinion, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment and **GRANTS** Defendants' Motion to Dismiss Plaintiffs' claims for Mandamus relief and Due Process violations (Count II). This Court relatedly **DENIES** Defendants' Motion for Summary Judgment.

## I. BACKGROUND

This case involves the interpretation of two provisions within the Immigration and Nationality Act: 8 U.S.C. 1254(a)(f)(4) and 8 U.S.C. 1255(a). The first statute classifies an alien with Temporary Protected Status as having "lawful status." The second statute requires an alien seeking to adjust status to have been "inspected and admitted." The central issue is whether Section 1254(a)(f)(4)'s grant of Temporary Protected Status and having "lawful status" satisfies Section 1255(a)'s threshold requirement of being "inspected and admitted." This Court,

consistent with courts in the Sixth, Ninth, and Third Circuits, holds that it does.

❖

The parties in this case do not dispute the factual record. Jose Santos Sanchez and Sonia Gonzalez ("Plaintiffs") are husband and wife and citizens of El Salvador. Pls. St. of Mat'l Fact ("SMOF") [Doc. No. 29-1] ¶ 1. They entered the United States without inspection in 1997 and 1998. *Id.* ¶ 3. They subsequently sought two changes to their immigrant status: Temporary Permanent Status in 2001 and Registered Permanent Residence in 2014.

With El Salvador experiencing a series of earthquakes in 2001, Plaintiffs submitted applications to the United States Attorney General for Temporary Protected Status ("TPS"). *See* 8 U.S.C. §1254(a). The United States Citizenship and Immigration Services ("USCIS") granted them Temporary Protected Status. *Id.* ¶ 4. And over the next several years, the Attorney General periodically extended the TPS eligibility for Plaintiffs and other El Salvadorian nationals. *See* 81 F.R. 44645-51 (July 8, 2016).

In June 2014, Plaintiffs attempted another change of status. Compl. [Doc. No. 1]. ¶¶ 18–20. This time they filed an I-485 Application to Register Permanent Residence or Adjustment of Status. *Id.* USCIS denied the application in March 2015. *Id.*

Following USCIS's denial, Plaintiffs filed a Complaint in this Court seeking relief through a Writ of Mandamus and Declaratory Judgment regarding their statutory eligibility to adjust status. *Id.* Plaintiffs also alleged due process violations. *Id.* In November 2016, USCIS reopened their I-485 application and issued a Notice of Intent to Deny ("NOID"). Pls. SMOF ¶ 11. The NOID found Plaintiffs to be "statutorily ineligible" for adjustment of status. *Id.*

On February 8, 2017, USCIS formally denied the application for adjustment of status. *Id.* ¶ 13. In the denial letter, USCIS indicated that Plaintiff Sanchez had not been admitted and

inspected into the United States because he had engaged in unauthorized employment that exceeded 180 days; he therefore was "statutorily ineligible" to adjust his status under 8 U.S.C. §1255(a). *Id.* ¶ 14. USCIS also denied Gonzalez's adjustment because it was dependent on Sanchez's approval. *Id.* ¶ 15. While USCIS recognized that Sanchez's past entry into the United States was via parole, it concluded that neither this parole nor his TPS were proper "admissions" to overcome the bar to his adjustment of status at 8 U.S.C. § 1255(c) for unauthorized employment. Defs Br. [Doc. No. 27-1] at 3.

The parties now both move for summary judgment on Plaintiffs' claim for mandamus relief and declaratory judgment under the Immigration and Nationality Act ("INA") and Administrative Procedures Act ("APA"). 8 U.S.C. § 1101, *et. seq.*; 5 U.S.C. § 706. Following the USCIS denial, Defendants filed the instant motion for summary judgment and motion to dismiss for lack of jurisdiction. [Doc. No. 27]. Defendants argue that the USCIS decision should be upheld as a matter of law, Plaintiffs' request for mandamus relief should be dismissed as moot, and Plaintiffs' substantive due process claim should be denied. Defs Br. at 9–12. Plaintiffs similarly filed a Motion for Summary Judgment. [Doc. No. 28]. There, Plaintiffs argue that a grant of TPS under § 1254(a)(f)(4) is sufficient to meet the requirement of a "lawful admission" into the United States under § 1255(a). Pls. Br. at 2. This Court now considers these motions and the corresponding briefs.

## II. MOTIONS FOR SUMMARY JUDGMENT ON ADMINISTRATIVE PROCEDURES ACT CLAIM

### A. Standards of Review

#### 1. Summary Judgment Standard

A court should grant a motion for summary judgment when the moving party "shows that

there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least put forth probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**2. Reviewing an Administrative Agency Decision**

The scope of judicial review of agency rulemaking under the Administrative Procedures Act "is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983). Although a

reviewing court "may not supply a reasoned basis for the agency's action that the agency itself has not given," it may nevertheless "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id.*

A federal court reviewing an administrative agency decision adopts the "arbitrary and capricious standard." 5 U.S.C. § 706(2)(A). Under that standard, a court may conclude that a regulation is arbitrary and capricious only "if the agency relied on facts other than those intended by Congress, did not consider 'an important aspect' of the issue confronting the agency, provided an explanation for its decision which 'runs counter to the evidence before the agency,' or is entirely implausible." *Rite Aid of Pa., Inc. v. Houstoun*, 171 F.3d 842, 853 (3d Cir.1999). Relatedly, the "judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent." *Chevron, U.S.A., Inc. v. Nat'l Res. Defense Council, Inc.*, 467 U.S. 837, 843 n. 9 (1984).

The review of an agency's interpretation of a statute is a two-part analysis. *Id.* At step one, the court must determine "whether Congress has directly spoken to the precise question at issue" and "unambiguously expressed [its] intent." *Id.* at 842–43. If so, the inquiry ends, as both the agency and the court must give effect to the plain language of the statute. *Id.* at 842–43. If "the statute is silent or ambiguous with respect to the specific issue," the court proceeds to step two and inquires whether the agency's determination is based "on a permissible construction of the statute." *Id.* at 843. Under this second prong, *Chevron* "requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980, (2005)(citing *Chevron*, 467 U.S. at 843–44 & n. 11). Said another way, the agency's interpretation "governs if it is a reasonable interpretation of the statute

– not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the courts." *Energy Corp. v. Riverskeeper, Inc.*, 556 U.S. 208 (2009).

## B. DISCUSSION

The parties both move for summary judgment on Plaintiffs' claim for declaratory judgment under the Immigration and Nationality Act ("INA") and Administrative Procedures Act ("APA"). 8 U.S.C. § 1101, *et. seq.*; 5 U.S.C. § 706. The parties agree that the central issue in this matter is one of statutory interpretation: whether the grant of Temporary Protected Status under 8 U.S.C. § 1254(a) satisfies the threshold requirement of being "inspected and admitted or paroled into the United States" for purposes of adjustment of status under 8 U.S.C. § 1255(a). Plaintiffs argue that the plain language of § 1254(a)(f)(4) governs § 1255. Meanwhile, Defendants argue that § 1255(c) precludes Plaintiffs' application because Plaintiff Sanchez entered without inspection and engaged in unauthorized employment.

### 1. Relevant Statutes

#### a. *Definition of Admission and Admitted under INA: § 1101(a)(13)(A)*

> The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien to the United States *after* inspection and authorization by an immigration officer.

8 U.S.C. 1101(a)(13)(A)(emphasis added)

#### b. *Temporary Protected Status: § 1254(a)(f):*

> During a period in which an alien is granted temporary protected status under this section–
>
> (1) the alien shall not be considered to be permanently residing in the United States under color of law;

(2) the alien may be deemed ineligible for public assistance by a State (as defined in section 1101(a)(36) of this title) or any political subdivision thereof which furnishes such assistance;

(3) the alien may travel abroad with the prior consent of the Attorney General; and

(4) for purposes of adjustment of status under section 1255 of this title and change of status under section 1258 of this title, the alien *shall be considered as being in, and maintaining, lawful status as a nonimmigrant.*

8 U.S.C. § 1254(a)(f) (emphasis added)

**c. *Adjustment of Status: § 1255(a)***

The status of an alien who *was inspected and admitted* or paroled into the United States . . . *may be adjusted* by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if,

(1) the alien makes an application for such adjustment,

(2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and

(3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added)

**d. *Bars to Adjustment: § 1255(c)(2)***

… [S]ubsection (a) *shall not be* applicable to . . . . [A]n alien . . . who hereafter continues in or accepts *unauthorized employment* prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who *has failed* (other than through no fault of his own or for technical reasons) *to maintain continuously a lawful status since entry into the United States*;

8 U.S.C. § 1255(c)(2)(emphasis added)

**e. *Waiver of Ineligibility Bar: § 1255(k)***

An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 1153(b) of this title (or, in the case of an alien who is an immigrant described in section 1101(a)(27)(C) of this title, under section 1153(b)(4) of this title) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if –

(1) The alien, on the date of filing an application for adjustment of status, is present in the United States *pursuant to a lawful admission*;

(2) The alien, subsequent to such *lawful admission* has not, for an aggregate period exceeding 180 days –

(A) failed to maintain, continuously, a lawful status;

(B) engaged in unauthorized employment; or

(C) otherwise violated the terms and conditions of the alien's admission.

8 U.S.C. § 1255(k) (emphasis added)

**2. Statutory Interpretation**

Under the Administrative Procedure Act ("APA"), federal courts can review an agency's interpretation of a statute. 5 U.S.C. § 706. As explained, "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842–43. In determining the intent of Congress, the Court must consider "not only the particular statutory language, but to the design of the statute as a whole and its object and policy." *U.S. ex rel. Stinson, Lyons, Gerlin Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1155 (3d Cir. 1991) (internal quotation omitted).

Here, the central point of disagreement relates to the meaning of § 1255(a), which states, "the status of an alien who was inspected and admitted or paroled" may be adjusted. *Id.* Defendants argue that Plaintiff Sanchez, who initially entered the U.S. without inspection, can never satisfy the threshold requirement of being "admitted." Meanwhile, Plaintiffs argues that the plain language of §1254(a)(f) satisfies the threshold requirement of § 1255(a). Specifically, Plaintiffs argue that Sanchez satisfied the requirement by virtue of the TPS because 8 U.S.C. § 1254a(f)(4) states, "[d]uring a period in which an alien is granted temporary protected status

under this section . . . for purposes of adjustment of status under § 1255 of this title. . . the alien shall be considered being in, and maintaining, *lawful status* as a nonimmigrant." *Id.* (emphasis added).

This Court finds the statute clear and unambiguous. Section 1254(a)(f)(4) applies to the entirety of § 1255. Again, section 1254(a)(f)(4) states, "for purposes of adjustment of status under section 1255 of this title and change of status under section 1258 of this title, the alien *shall be considered as being in, and maintaining, lawful status as a nonimmigrant*." (emphasis added). This lawful status is wholly consistent with being considered as though Plaintiffs had been "inspected and admitted" under § 1255.

This Court further notes that other courts support this conclusion. *See Flores v. U.S. Citizenship and Immigration Serv.*, 718 F.3d 548, 533 (6th Cir. 2013) ("We interpret the statute exactly as writing – as allowing [the applicant] to be considered as being in lawful status as a nonimmigrant for purposes of adjustment of status under §1255."); *Medina v. Beers*, 65 F. Supp. 3d 419, 429 (E.D.Pa. 2014) ("By its clear terms, § 1254(a)(f)(4) applies to the entirety of § 1255 and thereby satisfies the 'inspected and admitted or paroled' prerequisite of § 1255(a)"). *See also Bonilla v.* Johnson, 149 F.3d 1135 (D.MN. 2016); *Ramirez v. Dougherty*, 23 F.Supp. 3d 1322, 1324 (W.D.Wash. 2014).

Defendants argue that the Court should ignore this line of cases and adopt the Eleventh Circuit's more narrow interpretation. *See Serrano v. U.S. Attorney General*, 655 F.3d 1260, 1265 (11th Cir. 1011). In *Serrano*, the Court interpreted § 1254(a)(f)(4) and § 1255(a) distinctly. *Id.* ("That an alien with Temporary Protected Status has 'lawful status as a nonimmigrant' for purposes of adjusting his status does not change § 1255(a)'s threshold requirement that he is eligible for adjustment of status only if he was initially inspected and admitted or paroled.")

The Eleventh Circuit's reading offers little persuasive analysis, however. While the Plaintiffs here – like the Sixth Circuit in *Flores* and the district Court in *Ramirez* – attempt to distinguish *Serrano* on the ground that the petitioner there did not disclose his illegal entry into the country in his TPS application, *Serrano*, 655 F.3d at 1265 n.4, the Ninth Circuit correctly concluded that this factual difference does not appear to bear on the Eleventh Circuit's conclusion. *Ramirez v. Brown*, 852 F.3d 954, 960 (9th Cir. 2017). More generally, *Serrano* offers little reasoning to support its reading of these statutes. The conclusion *is* simply because it *is*.

Peeling back the veneer of *Serrano*, Defendants offer little else to support such a narrow reading of § 1254(a)(f)(4). Specifically, Defendants conclude that Sanchez's lawful status was not "maintained" under § 1254 because of his unauthorized work prior to the grant of Temporary Protected Status. This argument is fundamentally flawed, however. Most obviously, § 1254(a)(f)(4) governs "a period in which an alien is *granted* temporary protected status. . ." *Id.* (emphasis added). The government, however, focuses on Sanchez's work in the 1990s, long before his grant of TPS. Thus, the government essentially argues that work predating Sanchez's lawful status bars his later ability to "maintain" a lawful status.

This reading of § 1254 does not make sense to the Court. In the most simplistic and common-sense terms, a person must *first* have lawful status in order to "maintain" that lawful status. By way of analogy, a person who fails to maintain her garden must first have a garden. The government ignores this common sense understanding and instead insists that Plaintiff Sanchez could never have maintained lawful status "because of the period of his unlawful status and unauthorized employment *prior* to obtaining TPS." Defs Br. at 12.

The Defendants' additional arguments are unpersuasive. Similar to the government in *Medina*, Defendants here argue that the references to "admission" and "lawful status" within sections 1254 and 1255 refer to separate requirements under the law. Defendants accordingly conclude that the term "admission" and "admitted" mean a *physical* entry into the United States – "a positional event." Defs Br. at 16 (emphasis added). Relying on both § 1101(a)(13)(A) and the Third Circuit's ruling in *Hanif v. Attorney General of the United States*, 694 F.3d 2479 (3d Cir. 2012), Defendants suggest that obtaining "lawful status as a nonimmigrant" under § 1254(a) cannot mean physical admission under § 1255.

Again, this Court is not fooled by the government's careful attempt to parse words in light of § 1255's clear language. *See Medina*, 65 F. Supp. 3d at 436 ("Defendants' repeated attempts to twist this basic language into either meaning something extremely specific or applying only to specific portions of § 1255 constitute tortured interpretations that do not comport with a plain language reading.") Nor is this Court convinced by the argument for blind deference to the agency's determinations. *See Flores*, 718 F. 3d at 555 ("[b]eing consistently wrong does not afford the agency more deference than having valid reasoning.")

While this Court relies predominantly on the statute's clear and unambiguous language, it agrees with Judge Buckwalter's analysis in *Medina* when considering the Defendant's remaining arguments. *Medina*, 65 F.Supp.3d at 429–36 (addressing the government's arguments that (1) Congress intended different meanings for the words "lawful status as nonimmigrant" from "inspected and admitted or paroled"; (2) if plaintiff's interpretation is correct, there would be no need for § 1255 to separately refer to admission or parole as a threshold requirement in subsection (a), and to refer to the failure to maintain lawful status as a bar to eligibility in subsection (c); (3) the plain language of § 1254(a)(f) addresses only the bar to adjustment of

status in § 1255(c)(2); (4) plaintiff's interpretation of the statutory language conflicts with portions of § 1255; (5) the Court should apply *Serrano*; and (6) the government's interpretation is consistent with Congressional intent. *See also Bonilla v. Johnson*, 149 F.Supp.3d 1135 (D.MN. 2016) (summarizing *Medina*'s analysis of the arguments raised by the government). Put simply, the government's attempts, while numerous, simply fail to overcome this Court's reading of the statutes in question. Therefore, this Court finds that a grant of Temporary Protected Status under § 1254(a)(f)(4) is sufficient to meet the requirement of "inspected and admitted" under § 1255(a). Relatedly, the agency's ultimate decision was arbitrary and capricious.

To the extent that Plaintiffs ask for approval of their I-485 application, Proposed Order [Doc. No 28-2], this Court notes that adjustment of status under 8 U.S.C. 1255(a) is a discretionary application reserved by the Attorney General. *Id.* Thus, while the previous application was based on a fundamental misinterpretation of the controlling statutes, this Court cannot grant the application as a matter of law. The case is therefore remanded back to the USCIS for further review.

## III. DEFENDANTS' MOTION TO DISMISS

### A. Motion to Dismiss Standard

In considering a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ). A complaint survives a motion to dismiss if it contains enough factual

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a Motion to Dismiss, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court "takes note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court identifies allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations," the court "assume[s] their veracity and then determine[s] whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

**B. Plaintiffs' Request for Mandamus Relief**

Defendants seek dismissal of Plaintiffs' request for a writ of mandamus. When USCIS has already adjudicated an alien's application for adjustment of status, a petition for writ of mandamus is considered moot because there is no justiciable case or controversy. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010). As discussed, after the filing of Plaintiffs' complaint, the USCIS issued a denial of Plaintiffs' application to adjust status. Plaintiffs' mandamus claim is therefore dismissed as moot.

**C. Plaintiffs' Due Process Claim**

Defendants similarly seek to dismiss Plaintiffs' claim of due process violations. The complaint indicates that this is a substantive due process claim because Defendants "fail[ed] to give Plaintiffs [a] meaningful opportunity to challenge the basis of the denial . . . " Compl. at 10.

To state a due process claim under the Fifth Amendment, Plaintiffs first must establish they have been deprived of a protected interest. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). A protected interest is a "legitimate claim of entitlement." *Bd. Of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Here, Plaintiffs' due process claim fails because they cannot show they are entitled to the adjustment of status. As explained, an adjustment of status under 8 U.S.C. 1255(a) is a discretionary determination made by the Attorney General. *Id.* The Third Circuit explained in *Mudric*, "While an alien may be eligible for a grant of asylum or an adjustment of status under the immigration laws, he is not entitled to such benefits as a constitutional matter." *Mudric v. Att'y Gen. of U.S.*, 469 F.3d 94, 98 (3d Cir. 2006).

This Court further notes that Plaintiffs' reliance on *Shaughnessy* in the complaint is misguided. *U.S. ex. Rel Accardi v. Shaughnessy*, 347 U.S. 260 (1954). There, the Supreme Court found a substantive due process violation because the agency "fail[ed] to exercise its own discretion." *Id.* at 268. As explained, the USCIS did exercise discretion and denied the application. Even though this Court found the determination to be arbitrary and capricious, the agency did not "fail" to exercise discretion like the agency had in *Shaughnessy*. This claim is therefore denied.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Summary Judgment as to the Administrative Procedures Act is **GRANTED**, and Defendants' competing Motion for Summary Judgment is **DENIED**. In addition, Defendants' Motion to Dismiss Plaintiffs' claims based on mandamus relief and due process violations is **GRANTED**. The case shall, therefore, be

remanded to the United States Citizenship and Immigration Service for further review consistent with this Opinion and related Order.

Dated: 12/7/2018

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

APPEAL,CLOSED

# U.S. District Court
# District of New Jersey [LIVE] (Camden)
# CIVIL DOCKET FOR CASE #: 1:16-cv-00651-RBK

SANCHEZ et al v. JOHNSON et al
Assigned to: Judge Robert B. Kugler
Case in other court: Third Circuit, 19-01311
Cause: 28:1361 Petition for Writ of Mandamus

Date Filed: 02/05/2016
Date Terminated: 12/07/2018
Jury Demand: None
Nature of Suit: 462 Naturalization Application
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**JOSE SANTOS SANCHEZ** represented by **MICHAEL JOHN DEBENEDICTIS**
DEBENEDICTIS & DEBENEDICTIS LLC
20 Brace Road
Suite 350
Cherry Hill, NJ 08034
856-795-2101
Email: mjd@debenedictislaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SONIA GONZALEZ** represented by **MICHAEL JOHN DEBENEDICTIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JEH JOHNSON**
*Secretary, Department of Homeland Security*
represented by **CHRISTOPHER D. AMORE**
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102
973-645-2700
Email: christopher.amore@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**UBAID UL-HAQ**
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
OFFICE OF IMMIGRATION LITIGATION
P.O. 868
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-532-4112
Email: ubaid.ul-haq@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEON RODRIGUEZ**
*Director U.S. Citizenship and Immigration Services*

represented by **CHRISTOPHER D. AMORE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**UBAID UL-HAQ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK J HAZUDA**
*Field Office Director, U.S. Citizenship and Immigration Services*

represented by **CHRISTOPHER D. AMORE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**UBAID UL-HAQ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN THOMPSON**
*District Director, U.S. Citizenship and Immigration Services*

represented by **CHRISTOPHER D. AMORE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**UBAID UL-HAQ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 02/05/2016 | 1 | PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY JUDGMENT against MARK J HAZUDA, JEH JOHNSON, LEON RODRIGUEZ, JOHN THOMPSON ( Filing and Admin fee $ 400 receipt number 0312-6902848), filed by JOSE SANTOS SANCHEZ, SONIA GONZALEZ. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 RECEIPT E)(jbk,) (Entered: 02/08/2016) |
| 02/05/2016 | 2 | SUMMONS ISSUED as to MARK J HAZUDA, JEH JOHNSON, LEON RODRIGUEZ, JOHN THOMPSON Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *JAIME KASSELMAN* (jbk, ) (Entered: 02/08/2016) |
| 02/08/2016 | | CLERK'S QUALITY CONTROL MESSAGE - The PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY JUDGMENT 1 submitted by MICHAEL JOHN DEBENEDICTIS on 2/5/2016 appears to have address information that does not match the court's records for this case. Please refer to the court's website at www.njd.uscourts.gov for information and instructions on maintaining your account. (jbk, ) (Entered: 02/08/2016) |
| 07/13/2016 | 3 | SUMMONS Returned Executed by JOSE SANTOS SANCHEZ, SONIA GONZALEZ. JEH JOHNSON served on 3/1/2016, answer due 5/2/2016. (DEBENEDICTIS, MICHAEL) (Entered: 07/13/2016) |
| 07/13/2016 | 4 | SUMMONS Returned Executed by JOSE SANTOS SANCHEZ, SONIA GONZALEZ. LEON RODRIGUEZ served on 3/1/2016, answer due 5/2/2016. (DEBENEDICTIS, MICHAEL) (Entered: 07/13/2016) |
| 07/13/2016 | 5 | SUMMONS Returned Executed by JOSE SANTOS SANCHEZ, SONIA GONZALEZ. JOHN THOMPSON served on 3/1/2016, answer due 5/2/2016. (DEBENEDICTIS, MICHAEL) (Entered: 07/13/2016) |
| 07/13/2016 | 6 | SUMMONS Returned Executed by JOSE SANTOS SANCHEZ, SONIA GONZALEZ. MARK J HAZUDA served on 3/1/2016, answer due 5/2/2016. (DEBENEDICTIS, MICHAEL) (Entered: 07/13/2016) |
| 08/25/2016 | 7 | Letter from AUSA Christopher Amore. (AMORE, CHRISTOPHER) (Entered: 08/25/2016) |
| 09/09/2016 | 8 | Letter from Michael J. DeBenedictis, Esq. re 7 Letter. (DEBENEDICTIS, MICHAEL) (Entered: 09/09/2016) |
| 10/06/2016 | 9 | NOTICE of Appearance by CHRISTOPHER D. AMORE on behalf of All Defendants (AMORE, CHRISTOPHER) (Entered: 10/06/2016) |
| 11/07/2016 | 10 | Application and Proposed Order for Clerk's Order to extend time to answer. (AMORE, CHRISTOPHER) (Entered: 11/07/2016) |
| 11/08/2016 | | Clerk`s Text Order - The document 10 Application for Clerk's Order to Ext Answer/Proposed Order submitted by JOHN THOMPSON, LEON RODRIGUEZ, MARK J HAZUDA, JEH JOHNSON has been GRANTED. The answer due date has been set for 11/22/2016. (tf, ) (Entered: 11/08/2016) |
| 11/21/2016 | 11 | Letter from AUSA Christopher D. Amore re Extension of Time to Answer. (AMORE, CHRISTOPHER) (Entered: 11/21/2016) |

| | | |
|---|---|---|
| 11/29/2016 | 12 | ORDER that Defendant will file its answer or otherwise move on or before December 22, 2016. Signed by Judge Robert B. Kugler on 11/22/2016. (tf, ) (Entered: 11/29/2016) |
| 12/16/2016 | 13 | Letter from AUSA Christopher D. Amore requesting extension of time to answer. (AMORE, CHRISTOPHER) (Entered: 12/16/2016) |
| 01/26/2017 | 14 | ORDER that Defendant will file its answer or otherwise move on or before 2/21/2017. Signed by Judge Robert B. Kugler on 1/25/2017. (tf, ) (Entered: 01/26/2017) |
| 02/21/2017 | 15 | Letter from AUSA Christopher D. Amore requesting extension of time to answer. (AMORE, CHRISTOPHER) (Entered: 02/21/2017) |
| 02/27/2017 | 16 | ANSWER to Complaint *for Declaratory Judgment and Petition for Writ of Mandamus* by MARK J HAZUDA, JEH JOHNSON, LEON RODRIGUEZ, JOHN THOMPSON.(AMORE, CHRISTOPHER) (Entered: 02/27/2017) |
| 01/03/2018 | 17 | ORDER that Plaintiff show cause as to why this matter should not be dismissed under Local Civil Rule 41.1 for want of prosecution. Plaintiff shall submit briefing to show cause no later than January 24, 2018. Signed by Judge Robert B. Kugler on 1/3/2018. (tf, ) (Entered: 01/03/2018) |
| 01/05/2018 | 18 | NOTICE of Appearance by UBAID UL-HAQ on behalf of All Defendants (UL-HAQ, UBAID) (Entered: 01/05/2018) |
| 01/24/2018 | 19 | Letter from Michael DeBenedictis, Esq. to the Hon. Robert B. Kugler, U.S.D.J. Jointly Requesting Entry of Proposed Dispositive Briefing Schedule, together with Declaration of Counsel Re: Cause re 17 Order to Show Cause,. (Attachments: # 1 Declaration Declaration of Cause)(DEBENEDICTIS, MICHAEL) (Entered: 01/24/2018) |
| 01/25/2018 | 20 | ORDER that the parties shall submit their Opening Briefs on Cross-Motions by 3/18/2018; parties shall submit opposition papers by 4/4/2018. Signed by Judge Robert B. Kugler on 1/24/2018. (tf, ) (Entered: 01/25/2018) |
| 03/13/2018 | 21 | REDACTION *Jose Santos Sanchez Certified Administrative Record* by All Defendants. (Attachments: # 1 Sona Gonzalez Certified Administrative Record) (UL-HAQ, UBAID) (Entered: 03/13/2018) |
| 03/14/2018 | 22 | Letter from Ubaid ul-Haq re: Consent Request for Extension of Time to File Cross-Motions for Summary Judgment. (UL-HAQ, UBAID) (Entered: 03/14/2018) |
| 03/15/2018 | 23 | ORDER granting request for a one week extension for both parties to file their cross-motions for summary judgment, up to and including 3/26/2018. Signed by Judge Robert B. Kugler on 3/14/2018. (tf, ) (Entered: 03/15/2018) |
| 03/25/2018 | 24 | MOTION for Leave to Appear Pro Hac Vice *for Jaime W. Aparisi, Esq* by All Plaintiffs. (Attachments: # 1 Certification of MJD in Support, # 2 Certification Certified Statement of JWA disclosing each bar and good standing, # 3 Statement 7.1(d)(1) statement as to why no brief necessary, # 4 Text of Proposed Order, # 5 Certificate of Service)(DEBENEDICTIS, MICHAEL) (Entered: 03/25/2018) |

| | | |
|---|---|---|
| 03/26/2018 | | Set/Reset Deadlines as to 24 MOTION for Leave to Appear Pro Hac Vice *for Jaime W. Aparisi, Esq*. Motion set for 5/7/2018 before Judge Robert B. Kugler. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (tf, ) (Entered: 03/26/2018) |
| 03/26/2018 | 25 | Letter from Ubaid ul-Haq re: Second Consent Request for 3-day Extension of Time to File Cross-Motions for Summary Judgment. (UL-HAQ, UBAID) (Entered: 03/26/2018) |
| 03/27/2018 | 26 | ORDER that the parties will file their cross-motions for summary judgment on or before March 29, 2018. The parties will file any opposition to the cross-motions on or before April 16, 2018. Signed by Judge Robert B. Kugler on 3/26/2018. (tf, ) (Entered: 03/27/2018) |
| 03/29/2018 | 27 | MOTION for Summary Judgment , MOTION to Dismiss for Lack of Jurisdiction by All Defendants. Responses due by 4/16/2018 (Attachments: # 1 Brief in Support of Defendants' Partial Motion to Dismiss and Motion for Summary Judgment, # 2 Statement of Undisputed Material Facts, # 3 Text of Proposed Order for Defendants' Partial Motion to Dismiss and Motion for Summary Judgment)(UL-HAQ, UBAID) (Entered: 03/29/2018) |
| 03/29/2018 | | Set/Reset Deadlines as to 27 MOTION for Summary Judgment MOTION to Dismiss for Lack of Jurisdiction . Motion set for 5/7/2018 before Judge Robert B. Kugler. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (tf, ) (Entered: 03/29/2018) |
| 03/29/2018 | 28 | MOTION for Summary Judgment by All Plaintiffs. Responses due by 4/16/2018 (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(DEBENEDICTIS, MICHAEL) (Entered: 03/29/2018) |
| 03/29/2018 | 29 | Letter from Michael J. DeBenedictis to Hon. Robert B. Kugler enclosing Plaintiffs' Rule 56.1 Statement of Undisputed Facts re 28 MOTION for Summary Judgment . (Attachments: # 1 Statement L.Civ.R. 56.1 Statement of Undisputed Facts)(DEBENEDICTIS, MICHAEL) (Entered: 03/29/2018) |
| 04/11/2018 | 30 | Letter from Michael J. DeBenedictis, Esq. to Hon. Robert B. Kugler, U.S.D.J. requesting consent extension of deadlines to file to April 30,2018 re 26 Order,. (DEBENEDICTIS, MICHAEL) (Entered: 04/11/2018) |
| 04/13/2018 | 31 | ORDER granting Plaintiff's request. The deadline for opposition papers for both parties are extended to 4/30/2018. Signed by Judge Robert B. Kugler on 4/12/2018. (dmr) (Entered: 04/16/2018) |
| 04/30/2018 | 32 | BRIEF in Opposition filed by All Plaintiffs re 27 MOTION for Summary Judgment MOTION to Dismiss for Lack of Jurisdiction (Attachments: # 1 Statement Parties' Joint Responsive Statement of Material Facts Stipulating Agreement to All Proposed Material Facts, # 2 Certificate of Service) (DEBENEDICTIS, MICHAEL) (Entered: 04/30/2018) |

| | | |
|---|---|---|
| 04/30/2018 | 33 | BRIEF in Opposition filed by All Defendants re 28 MOTION for Summary Judgment (UL-HAQ, UBAID) (Entered: 04/30/2018) |
| 10/31/2018 | 34 | ORDER granting 24 Motion for Leave to Appear Pro Hac Vice as to Jaime W. Aparisi, Esquire; shall make a payment of $150 payable to the Clerk, U.S. District Court. Signed by Judge Robert B. Kugler on 10/31/2018. (tf, ) (Entered: 10/31/2018) |
| 11/19/2018 | | Pro Hac Vice fee as to Jaime W. Aparisi, Esquire: $ 150, receipt number CAM010077 (tf, ) (Entered: 11/19/2018) |
| 12/07/2018 | 35 | OPINION. Signed by Judge Robert B. Kugler on 12/7/2018. (tf, ) (Entered: 12/07/2018) |
| 12/07/2018 | 36 | ORDER denying 27 Motion for Summary Judgment; granting Defendants' Motion to Dismiss Plaintiffs' claims for Mandamus relief and Due Process violations (Count II); granting 28 Plaintiffs' Motion for Summary Judgment. Signed by Judge Robert B. Kugler on 12/7/2018. (tf, ) (Entered: 12/07/2018) |
| 12/07/2018 | | ***Civil Case Terminated. (tf, ) (Entered: 12/07/2018) |
| 02/04/2019 | 37 | NOTICE OF APPEAL as to 36 Order on Motion for Summary Judgment,, Order on Motion to Dismiss/Lack of Jurisdiction,,, 35 Opinion by MARK J HAZUDA, JEH JOHNSON, LEON RODRIGUEZ, JOHN THOMPSON. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. Appeal Record due by 2/11/2019. (UL-HAQ, UBAID) (Entered: 02/04/2019) |
| 02/06/2019 | 38 | USCA Case Number 19-1311 for 37 Notice of Appeal (USCA), filed by JEH JOHNSON, MARK J HAZUDA, LEON RODRIGUEZ, JOHN THOMPSON. USCA Case Manager Laurie (Document Restricted - Court Only) (lr) (Entered: 02/06/2019) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/20/2019 17:44:03 | | | |
| **PACER Login:** | ubaidulhaq:4433859:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:16-cv-00651-RBK Start date: 1/1/1970 End date: 5/20/2019 |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**Certification of Documents**

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form G-24**
Internal Use

# United States of America

**Department of Homeland Security**

**U.S. Citizenship and Immigration Services**

03/07/2017
Date *(mm/dd/yyyy)*

## Certification of Documents

(Originals or Copies thereof)

**BY VIRTUE OF** the authority vested in me by Title 8, Code of Federal Regulations, Part 103 of the Immigration and Nationality Act (INA), and Title IV, Subtitle E, Section 451 and Section 456 of the Homeland Security Act of 2002,

**I HEREBY CERTIFY** that the annexed documents are originals, or copies thereof, from the records of U.S. Citizenship and Immigration Service, Department of Homeland Security, which the Secretary is the legal custodian by virtue of Section 103 of the Immigration and Nationality Act. These documents relate to:

Subject: Jose Santos Sanchez

Also known as (aka):

File and/or Certificate Number: [redacted]

Number of Pages Copied: 87

(Signature of Authorized Person)

Gareth Canaan, Section Chief
(Print Name and Title of Authorized Person)

Nebraska Service Center
(Office of Authorized Person)

**Annotations**

February 8, 2017

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JOSE SANTOS SANCHEZ
[redacted]
US

[redacted]

[redacted]

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

In a letter dated November 4, 2016, U.S. Citizenship and Immigration Services (USCIS) notified you of its intent to deny your application and set forth the reasons for that intended decision. You were given opportunity to respond to the intended denial, and your response was received on December 6, 2016, and added to the record. USCIS concludes that you are not eligible for adjustment of status as you have not been admitted and inspected, and that you have engaged in unauthorized employment that exceeds 180 days.

Statute and regulation restrict the eligibility of certain aliens to apply for adjustment of status.

INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states, in pertinent part:

> (c) Other than an alien having an approved petition for classification as a VAWA self-petitioner, subsection (a) shall not be applicable to…
>
> > (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; …

(7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or

(8) any alien who was employed while the alien was an unauthorized alien, as defined in section 274A(h)(3) , or who has otherwise violated the terms of a nonimmigrant visa.

Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part:

Restricted Aliens. ... (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a legal status since entry into the United States ...

(9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and

(10) Any alien who was ever employed in the United States without authorization of the Service....For purposes of this paragraph an alien who meets the requirements of §274a.12(c)(9) of this chapter shall not be deemed to have engaged in unauthorized employment during the pendency of his or her adjustment application.

INA 274A(h)(3) defines the term "unauthorized alien" to mean that "the alien is not...either (A) an alien lawfully admitted for permanent residence, or (B) authorized to be so employed by this Act or by the Attorney General."

8 CFR 274a.12(c)(9) states:

An alien who has filed an application for adjustment of status to lawful permanent resident pursuant to part 245 of this chapter. For purposes of section 245(c)(8) of the Act, an alien will not be deemed to be an "unauthorized alien" as defined in section 274A(h)(3) of the Act while his or her properly filed Form I-485 application is pending final adjudication, if the alien has otherwise obtained permission from the Service pursuant to 8 CRF 274a.12 to engage in employment...

INA 245(k) permits the adjustment of certain lawfully admitted Employment-Based applicants despite limited violations under INA 245(c)(2), (7) or (8). The full provisions of INA 245(k) are as follows:

(k) An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4)) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if--

(1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;

(2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days--

(A) failed to maintain, continuously, a lawful status;

(B) engaged in unauthorized employment; or

(C) otherwise violated the terms and conditions of the alien's admission.

For INA 245(k) adjustment purposes, lapses or violations of lawful status are counted from the time of the applicant's last admission until filing for adjustment of status. Any unauthorized employment is counted from the time of last admission until alien adjusts, as clarified in chapter 23.5(d) of the Adjudicator's Field Manual (AFM):

(4) Counting against the 180 days timeframe...

(A) General Guidelines. If the adjudicator determines that an employment-based adjustment of status applicant... is subject to any of the bars to adjustment of status set forth in Sections 245(c)(2), (c)(7), or (c)(8), then the adjudicator must determine whether the aggregate period in which the alien failed to continuously maintain lawful status, worked without authorization, or otherwise violated the terms and conditions of the alien's admission since the date of alien's last lawful admission to the United States is 180 days or less... An alien may be subject to more than one bar or violation described in section 245(k)(2) at the same time... each day in which one or more of these violations existed must be counted as one day...

(B) Engaged in Unauthorized Employment.

(1) General. "Unauthorized employment" means any service or labor performed by an alien for an employer within the United States that is not authorized under 8 CFR 274a.12(a), (b), or (c) or exceeds the authorized period of employment. The filing of an adjustment of status application does not, in itself, authorize employment or excuse unauthorized employment... With respect to engaging in unlawful employment, the count commences on the first date of the unauthorized employment and continues until the date the unauthorized employment ended, the date an employment authorization document (EAD) is approved, or the date the pending adjustment of status application is adjudicated... It is completely within the control of the alien as to whether he or she engages in employment without authorization...

(C) Failed to Maintain a Lawful Status and/or Violated the Terms of a Nonimmigrant Visa.

(1) General...for purposes of the 180-day counting period, calculation of the number of days for failing to maintain status or violating a nonimmigrant visa will stop as of the date USCIS receives a properly filed adjustment of status application.

The documentation provided in support of your application establishes that your last entry to the U.S. was in 1997 without inspection. The record also shows this entry was not an advance parole approved on the basis of a Form I-485 adjustment application which remains pending currently, or a previous Form I-485 which was pending at the time the present Form I-485 was filed. Additionally, you state that you were employed without authorization from the date you entered the United States until the date you were granted Temporary Protected Status (TPS) in 2001.

A foreign national who enters the United States without inspection and subsequently is granted TPS does not meet the inspected and admitted or inspected and paroled requirement. There is no legislative provision or history to suggest that Congress intended that recipients of TPS be eligible for adjustment.

The 6th Circuit Court of Appeals has ruled that TPS status meets the inspected and admitted requirement for adjustment of status under INA 245 even if a foreign national granted TPS status entered the United States without inspection. See *Flores v. USCIS*, 718 F.3d 548 (6th Cir. 2013). This decision is only binding on cases within the jurisdiction of the 6th Circuit. The applicant resides in the state of New Jersey which is not within the 6th Circuit's jurisdiction.

USCIS's approval of TPS confers lawful immigration status on the foreign national, but only for the stipulated time period and so long as the foreign national complies with all TPS requirements. Recipients of TPS must still meet the threshold requirement that a foreign national has been inspected and admitted or inspected and paroled in order to be eligible for adjustment of status. A grant of TPS does not cure a foreign national's entry without inspection or constitute an inspection and admission of the foreign national.

As an undocumented entrant, you were not inspected and admitted or inspected and paroled. Therefore, you are not eligible to adjust status under INA 245(a).

Further, you are not eligible to adjust status under INA 245(k). As the grant of TPS in 2001 is not an admission, the unauthorized employment prior to that date counts against the 180 day timeframe. The record shows that the aggregate period of unauthorized employment exceeds the 180 day maximum described under INA 245(k).

USCIS further reviewed your application to determine whether you are eligible to overcome the above restrictions and adjust under INA 245(i). To be eligible under INA 245(i), an applicant must be the beneficiary of a qualifying immigrant visa petition (or labor certification) filed on or before April 30, 2001. The record fails to show you are such an alien or that you are a grandfathered alien eligible to apply under INA 245(i) through a prior immigrant visa petition (or labor certification) properly filed on or before April 30, 2001. As such, you remain an alien restricted from adjusting as described under INA 245(c)(2), (7) or (8) and this application may not be approved.

In view of the above, you are ineligible to adjust your status under INA 245.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment.

The application is denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under "Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC) at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

February 8, 2017

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]
US

[redacted]

[redacted]

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

## DECISION

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

In a letter dated November 4, 2016, U.S. Citizenship and Immigration Services (USCIS) notified you of its intent to deny your application and set forth the reasons for that intended decision. You were given opportunity to respond to the intended denial, and your response was received on December 6, 2016, and added to the record. USCIS concludes that you are not eligible for adjustment of status as you have not been admitted and inspected, and that you have engaged in unauthorized employment that exceeds 180 days.

Statute and regulation restrict the eligibility of certain aliens to apply for adjustment of status.

INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states, in pertinent part:

> (c) Other than an alien having an approved petition for classification as a VAWA self-petitioner, subsection (a) shall not be applicable to…
>
> > (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status

since entry into the United States; ...

(7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or

(8) any alien who was employed while the alien was an unauthorized alien, as defined in section 274A(h)(3) , or who has otherwise violated the terms of a nonimmigrant visa.

Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part:

Restricted Aliens. ... (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a legal status since entry into the United States ...

(9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and

(10) Any alien who was ever employed in the United States without authorization of the Service....For purposes of this paragraph an alien who meets the requirements of §274a.12(c)(9) of this chapter shall not be deemed to have engaged in unauthorized employment during the pendency of his or her adjustment application.

INA 274A(h)(3) defines the term "unauthorized alien" to mean that "the alien is not...either (A) an alien lawfully admitted for permanent residence, or (B) authorized to be so employed by this Act or by the Attorney General."

8 CFR 274a.12(c)(9) states:

An alien who has filed an application for adjustment of status to lawful permanent resident pursuant to part 245 of this chapter. For purposes of section 245(c)(8) of the Act, an alien will not be deemed to be an "unauthorized alien" as defined in section 274A(h)(3) of the Act while his or her properly filed Form I-485 application is pending final adjudication, if the alien has otherwise obtained permission from the Service pursuant to 8 CRF 274a.12 to engage in employment...

INA 245(k) permits the adjustment of certain lawfully admitted Employment-Based applicants despite limited violations under INA 245(c)(2), (7) or (8). The full provisions of INA 245(k) are as follows:

(k) An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4)) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if--

(1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;

(2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days--

(A) failed to maintain, continuously, a lawful status;

(B) engaged in unauthorized employment; or

(C) otherwise violated the terms and conditions of the alien's admission.

For INA 245(k) adjustment purposes, lapses or violations of lawful status are counted from the time of the applicant's last admission until filing for adjustment of status. Any unauthorized employment is counted from the time of last admission until alien adjusts, as clarified in chapter 23.5(d) of the Adjudicator's Field Manual (AFM):

(4) Counting against the 180 days timeframe…

(A) General Guidelines. If the adjudicator determines that an employment-based adjustment of status applicant… is subject to any of the bars to adjustment of status set forth in Sections 245(c)(2), (c)(7), or (c)(8), then the adjudicator must determine whether the aggregate period in which the alien failed to continuously maintain lawful status, worked without authorization, or otherwise violated the terms and conditions of the alien's admission since the date of alien's last lawful admission to the United States is 180 days or less… An alien may be subject to more than one bar or violation described in section 245(k)(2) at the same time… each day in which one or more of these violations existed must be counted as one day…

(B) Engaged in Unauthorized Employment.

(1) General. "Unauthorized employment" means any service or labor performed by an alien for an employer within the United States that is not authorized under 8 CFR 274a.12(a), (b), or (c) or exceeds the authorized period of employment. The filing of an adjustment of status application does not, in itself, authorize employment or excuse unauthorized employment… With respect to engaging in unlawful employment, the count commences on the first date of the unauthorized employment and continues until the date the unauthorized employment ended, the date an employment authorization document (EAD) is approved, or the date the pending adjustment of status application is adjudicated… It is completely within the control of the alien as to whether he or she engages in employment without authorization…

(C) Failed to Maintain a Lawful Status and/or Violated the Terms of a Nonimmigrant Visa.

(1) General...for purposes of the 180-day counting period, calculation of the number of days for failing to maintain status or violating a nonimmigrant visa will stop as of the date USCIS receives a properly filed adjustment of status application.

The documentation provided in support of your application establishes that your last entry to the U.S. was in 1997 without inspection. The record also shows this entry was not an advance parole approved on the basis of a Form I-485 adjustment application which remains pending currently, or a previous Form I-485 which was pending at the time the present Form I-485 was filed. Additionally, you state that you were employed without authorization from the date you entered the United States until the date you were granted Temporary Protected Status (TPS) in 2001.

A foreign national who enters the United States without inspection and subsequently is granted TPS does not meet the inspected and admitted or inspected and paroled requirement. There is no legislative provision or history to suggest that Congress intended that recipients of TPS be eligible for adjustment.

The 6th Circuit Court of Appeals has ruled that TPS status meets the inspected and admitted requirement for adjustment of status under INA 245 even if a foreign national granted TPS status entered the United States without inspection. See *Flores v. USCIS*, 718 F.3d 548 (6th Cir. 2013). This decision is only binding on cases within the jurisdiction of the 6th Circuit. The applicant resides in the state of New Jersey which is not within the 6th Circuit's jurisdiction.

USCIS's approval of TPS confers lawful immigration status on the foreign national, but only for the stipulated time period and so long as the foreign national complies with all TPS requirements. Recipients of TPS must still meet the threshold requirement that a foreign national has been inspected and admitted or inspected and paroled in order to be eligible for adjustment of status. A grant of TPS does not cure a foreign national's entry without inspection or constitute an inspection and admission of the foreign national.

As an undocumented entrant, you were not inspected and admitted or inspected and paroled. Therefore, you are not eligible to adjust status under INA 245(a).

Further, you are not eligible to adjust status under INA 245(k). As the grant of TPS in 2001 is not an admission, the unauthorized employment prior to that date counts against the 180 day timeframe. The record shows that the aggregate period of unauthorized employment exceeds the 180 day maximum described under INA 245(k).

USCIS further reviewed your application to determine whether you are eligible to overcome the above restrictions and adjust under INA 245(i). To be eligible under INA 245(i), an applicant must be the beneficiary of a qualifying immigrant visa petition (or labor certification) filed on or before April 30, 2001. The record fails to show you are such an alien or that you are a grandfathered alien eligible to apply under INA 245(i) through a prior immigrant visa petition (or labor certification) properly filed on or before April 30, 2001. As such, you remain an alien restricted from adjusting as described under INA 245(c)(2), (7) or (8) and this application may not be approved.

In view of the above, you are ineligible to adjust your status under INA 245.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment.

The application is denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under "Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC) at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

Ex 0375 Bl

November 4, 2016

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

[redacted]

[redacted]

JAIME W APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

## NOTICE OF INTENT TO DENY

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

Statute and regulations restrict the eligibility of certain aliens to apply for adjustment of status. See INA 245(a) and (c), as amended, and Title 8, Code of Federal Regulations (CFR) Part 245.1(b). INA 245(c)(8) states that adjustment of status is not applicable to "any alien who was employed while the alien was an unauthorized alien." 8 CFR Part 245.1(b)(10) clarifies that aliens restricted from adjusting status includes "any alien who was ever employed in the United States without authorization of the Service."

The record indicates that, in the aggregate, you have been employed in the United States for over five years without employment authorization. There is no indication of your eligibility for the relief offered by either INA 245(i) or INA 245(k). Consequently, the record indicates that your application to adjust status cannot be approved.

Moreover, the record indicates that you have never been admitted into the United States, although you were paroled into this country on January 11, 2014 pursuant to your holding temporary protected status (TPS) and then being granted advance parole; and you have lived in the United States for many years without authorization. You have suggested that all bars to your adjustment of status should be removed because you left the United States on advance parole and then were paroled back in.

For purposes of adjustment of status the INA specifies that as a TPS holder you are considered as being in, and maintaining, lawful status as a nonimmigrant. Furthermore, most parolees are not barred from adjusting status and, except for unauthorized employment, most immigration violations which effect an alien's eligibility for adjustment of status are only those which occurred since his or her last entry into the United States.

Nevertheless, USCIS intends to deny your application. First, USCIS counts days of unauthorized

DEC 06 2016 PM 7 5 5 9

employment unless they occurred prior to an alien's last admission into the United States. INA 212(d)(5)(A) is specific that the parole of an alien "shall not be regarded as an admission of the alien" and thus none of your days of unauthorized employment occurred prior to your last admission (you having never been admitted).

Second, USCIS believes that Congress intended TPS to be a safe harbor for nationals of designated countries, not a program to give significant advantages to those individuals in the adjustment process. It would be contrary to principles of fairness to permit you to adjust while denying that discretionary benefit to another alien with your identical immigration history except for not being a national of a TPS-designated country. Congress clearly intended for TPS holders to be eligible for certain benefits, e.g., employment authorization and advance parole; but the record contains no evidence that Congress intended TPS to be a means to remove bars to an alien's adjustment of status which would otherwise be present.

You might ask who would be harmed if thousands of TPS holders with records of immigration violations were found to be eligible to adjust status (provided that immigrant petitions were approved on their behalf and that they utilized advance parole). With respect to EB visas, the adverse impact would fall most significantly on the tens of thousands of Indian and Chinese nationals who have waited for years, many Indians for over a decade, for EB visas to become available for their use. Because the demand for EB visas is greater than the supply, any use of the limited number of EB visas for a new pool of applicants would have an impact on nationals of over-subscribed countries who are also seeking EB visas. Such a major change should occur through the legislative process rather than by happenstance.

In *Matter of Tanahan*, 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of your record of past immigration violations, particularly your years of unauthorized employment, and lacking evidence that Congress intended for TPS to excuse those violations, it cannot be concluded that you have made that establishment and thus USCIS intends to deny your application.

You are granted thirty (30) days to respond to the intended denial of your adjustment application. Because 8 CFR 103.5a(b) adds three days to this response period when the notice is served by mail your response, including any additional supporting evidence, must be sent to this office within thirty-three (33) days of the date of this notice. USCIS will then issue a decision on your application.

PLEASE REFER TO THE FILE NUMBER REFERENCED ABOVE OR INCLUDE A COPY OF THIS LETTER WHEN SUBMITTING YOUR RESPONSE. FAILURE TO RESPOND TO THIS NOTIFICATION WITHIN THIRTY-THREE (33) DAYS MAY RESULT IN THE DENIAL OF YOUR FORM I-485.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

JAIME WINTHUYSEN APARISI & ASSOCIATES, L.L.C.
[redacted]
www.aparisi.com

**Jaime Winthuysen Aparisi***
*Admitted in Maryland & DC
jaime@aparisi.com

**Yusuf R. Ahmad****
**Admitted in Virginia
yusuf@aparisi.com

**Zachary Abraham Kohn*****
***Admitted in Maryland
zachary@aparisi.com

**December 5, 2016**

**VIA FEDERAL EXPRESS**
USCIS Nebraska Service Center
850 S. Street
Lincoln, NE 68508

**RESPONSE TO NOID**

**RE: Jose Santos Sanchez –** [redacted]

Mr. Mark Hazuda, Director,

Please find the applicant's response to the November 4, 2016 Notice of Intent to Deny as follows:

Mr. Sanchez is a native and citizen of El Salvador. He first entered the U.S. in 1997 without inspection. In 2001 he was granted Temporary Protected Status (TPS) and he has maintained that status from that date to the present day. Mrs. Gonzalez is also a native and citizen of El Salvador. She first entered the U.S. in 1998. In 2001 she was granted TPS and has maintained that status from that date to the present day. Mr. Sanchez and Mrs. Gonzales were married on October 31, 2006. On June 4, 2014 Plaintiffs an application for lawful permanent residence based on an approved I-140 petition, of which Mr. Sanchez was a beneficiary of.

On November 28, 2014 the USCIS issued requests for additional evidence to address Mr. Sanchez's and Mrs. Gonzalez's eligibility for adjustment of status. On February 19, 2015 the Plaintiffs responded, submitting the evidence requested by USCIS and stating their eligibility to adjust status under INA §244(f)[1]. The case as initially denied by USCIS and then reopened after applicants filed a mandamus action with the District Court of New Jersey. USCIS issued this NOID after reopening the matter.

As a TPS grantee in lawful nonimmigrant status after filing a lawful application and having an interview and/or review with an immigration officer, Mr. Sanchez and his wife should

[1] 8 U.S.C. §1254a(f)

be considered to be "admitted." Again, this comports with the plain language of the statute. The INA at sec. 101(a)(13)[2] defines "admission" as "the lawful entry into the United States after inspection and authorization by an immigration officer." The interpretation apparently espoused by the Agency - which does not directly analyze the plain language of any part of the INA relating to TPS - is that the TPS application, review and interview process cannot constitute an "admission." However, the definition of "admission" does not require the inspection and authorization to be made at a particular point - such as a port of entry. It does not limit the type of immigration officers empowered to provide the inspection and authorization that constitute a lawful admission.

Further, by referencing back to INA sec. 244(f)(4), the plain language of the INA provides that the final result of a TPS grant is an "authorization" to be in lawful status, as that word is used in INA sec. 101(a)(13). In other words, even an individual whose original entry was unlawful is accorded the lawful nonimmigrant status of TPS and - for the specific purpose of adjustment under INA sec. 245 - is considered to be lawfully in the United States. An individual's original entry is irrelevant because the subsequent TPS status provides the "lawful entry" referred to in INA sec. 101(a)(13). For these reasons, we continue to respectfully assert that the plain language of the INA - specifically sections 101(a)(13); 244(f)(4) and 245(a)[3] - provides that Plaintiffs should be considered to be inspected and admitted or paroled into the United States as that term is set forth in INA sec. 245(a).

In their denial of plaintiffs' applications USCIS relies on a regulation - 8 CFR 214(a) and a confusing interpretation of INA 244(f)(4). The applicants respectfully assert that, as interpreted by the USCIS, 8 CFR 214(a) is *ultra vires* and contradicts the plain language of the statute at sec. 245(a), 244(f)(4) and 101(a)(13). The Agency misreads this regulation as providing authority for its interpretation that TPS status is not a valid status from which an individual may be considered to be inspected and admitted into the United States. The Agency also confusingly asserts that the INA does not confer nonimmigrant status upon every holder of TPS but rather such an "alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant" for purposes of adjustment of status. The Agency seems to ignore the fact the applicants are both applying for adjustment of status and the INA states that should be considered to be admitted in lawful status.

Finally, USCIS is incorrect in holding that INA 245(k) does not apply because there was no lawful admission. As previously stated, an Agency grant of TPS constitutes as an admission for INA 245 and therefore, INA 245(k) would apply to both applicants. As INA 245(k) applies to the applicants, their employment should only be considered from the time of their grant of TPS. Therefore, they are eligible and deserving of their status being adjusted to that of a lawful permanent resident.

---

[2] 8 U.S.C. §1101(a)(13).

[3] 8 U.S.C. §1254(a).

Thank you for your time and consideration to this matter.

Sincerely,

Jaime Winthuysen Aparisi

ORIGIN ID:NHKA [redacted]
JAIME APARISI
ATTORNEY AT LAW
[redacted]
UNITED STATES US

SHIP DATE: 05DEC16
ACTWGT: 0.50 LB
CAD: 101147689/INET3790

BILL SENDER

TO NEBRASKA SERVICE CENTER
USCIS
850 S ST

LINCOLN NE 68508
(800) 375-5283 REF: JOSE SANTOS SANCEZ
INV:
PO: DEPT:

544J1/D42F/14E8

FedEx Express

E

J162016101201uv

TUE - 06 DEC 3:00P
STANDARD OVERNIGHT

TRK# 0201 7778 6786 3237

XX LNKA

68508
NE-US OMA

DEC 06 2016

5764

---

**After printing this label:**

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

[redacted]

[redacted]

November 4, 2016

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]
US

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

**NOTICE OF INTENT TO DENY**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

Statute and regulations restrict the eligibility of certain aliens to apply for adjustment of status. See INA 245(a) and (c), as amended, and Title 8, Code of Federal Regulations (CFR) Part 245.1(b). INA 245(c)(8) states that adjustment of status is not applicable to "any alien who was employed while the alien was an unauthorized alien." 8 CFR Part 245.1(b)(10) clarifies that aliens restricted from adjusting status includes "any alien who was ever employed in the United States without authorization of the Service."

The record indicates that, in the aggregate, you have been employed in the United States for over five years without employment authorization. There is no indication of your eligibility for the relief offered by either INA 245(i) or INA 245(k). Consequently, the record indicates that your application to adjust status cannot be approved.

Moreover, the record indicates that you have never been admitted into the United States, although you were paroled into this country on January 11, 2014 pursuant to your holding temporary protected status (TPS) and then being granted advance parole; and you have lived in the United States for many years without authorization. You have suggested that all bars to your adjustment of status should be removed because you left the United States on advance parole and then were paroled back in.

For purposes of adjustment of status the INA specifies that as a TPS holder you are considered as being in, and maintaining, lawful status as a nonimmigrant. Furthermore, most parolees are not barred from adjusting status and, except for unauthorized employment, most immigration violations which effect an alien's eligibility for adjustment of status are only those which occurred since his or her last entry into the United States.

Nevertheless, USCIS intends to deny your application. First, USCIS counts days of unauthorized

employment unless they occurred prior to an alien's last admission into the United States. INA 212(d)(5)(A) is specific that the parole of an alien "shall not be regarded as an admission of the alien" and thus none of your days of unauthorized employment occurred prior to your last admission (you having never been admitted).

Second, USCIS believes that Congress intended TPS to be a safe harbor for nationals of designated countries, not a program to give significant advantages to those individuals in the adjustment process. It would be contrary to principles of fairness to permit you to adjust while denying that discretionary benefit to another alien with your identical immigration history except for not being a national of a TPS-designated country. Congress clearly intended for TPS holders to be eligible for certain benefits, e.g., employment authorization and advance parole; but the record contains no evidence that Congress intended TPS to be a means to remove bars to an alien's adjustment of status which would otherwise be present.

You might ask who would be harmed if thousands of TPS holders with records of immigration violations were found to be eligible to adjust status (provided that immigrant petitions were approved on their behalf and that they utilized advance parole). With respect to EB visas, the adverse impact would fall most significantly on the tens of thousands of Indian and Chinese nationals who have waited for years, many Indians for over a decade, for EB visas to become available for their use. Because the demand for EB visas is greater than the supply, any use of the limited number of EB visas for a new pool of applicants would have an impact on nationals of over-subscribed countries who are also seeking EB visas. Such a major change should occur through the legislative process rather than by happenstance.

In *Matter of Tanahan*, 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of your record of past immigration violations, particularly your years of unauthorized employment, and lacking evidence that Congress intended for TPS to excuse those violations, it cannot be concluded that you have made that establishment and thus USCIS intends to deny your application.

You are granted thirty (30) days to respond to the intended denial of your adjustment application. Because 8 CFR 103.5a(b) adds three days to this response period when the notice is served by mail your response, including any additional supporting evidence, must be sent to this office within thirty-three (33) days of the date of this notice. USCIS will then issue a decision on your application.

PLEASE REFER TO THE FILE NUMBER REFERENCED ABOVE OR INCLUDE A COPY OF THIS LETTER WHEN SUBMITTING YOUR RESPONSE. FAILURE TO RESPOND TO THIS NOTIFICATION WITHIN THIRTY-THREE (33) DAYS MAY RESULT IN THE DENIAL OF YOUR FORM I-485.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

November 4, 2016

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JOSE SANTOS SANCHEZ
[redacted]
US

[redacted]

[redacted]

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

**NOTICE OF INTENT TO DENY**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

Statute and regulations restrict the eligibility of certain aliens to apply for adjustment of status. See INA 245(a) and (c), as amended, and Title 8, Code of Federal Regulations (CFR) Part 245.1(b). INA 245(c)(8) states that adjustment of status is not applicable to "any alien who was employed while the alien was an unauthorized alien." 8 CFR Part 245.1(b)(10) clarifies that aliens restricted from adjusting status includes "any alien who was ever employed in the United States without authorization of the Service."

The record indicates that, in the aggregate, you have been employed in the United States for over five years without employment authorization. There is no indication of your eligibility for the relief offered by either INA 245(i) or INA 245(k). Consequently, the record indicates that your application to adjust status cannot be approved.

Moreover, the record indicates that you have never been admitted into the United States, although you were paroled into this country on January 11, 2014 pursuant to your holding temporary protected status (TPS) and then being granted advance parole; and you have lived in the United States for many years without authorization. You have suggested that all bars to your adjustment of status should be removed because you left the United States on advance parole and then were paroled back in.

For purposes of adjustment of status the INA specifies that as a TPS holder you are considered as being in, and maintaining, lawful status as a nonimmigrant. Furthermore, most parolees are not barred from adjusting status and, except for unauthorized employment, most immigration violations which effect an alien's eligibility for adjustment of status are only those which occurred since his or her last entry into the United States.

Nevertheless, USCIS intends to deny your application. First, USCIS counts days of unauthorized employment unless they occurred prior to an alien's last admission into the United States. INA

212(d)(5)(A) is specific that the parole of an alien "shall not be regarded as an admission of the alien" and thus none of your days of unauthorized employment occurred prior to your last admission (you having never been admitted).

Second, USCIS believes that Congress intended TPS to be a safe harbor for nationals of designated countries, not a program to give significant advantages to those individuals in the adjustment process. It would be contrary to principles of fairness to permit you to adjust while denying that discretionary benefit to another alien with your identical immigration history except for not being a national of a TPS-designated country. Congress clearly intended for TPS holders to be eligible for certain benefits, e.g., employment authorization and advance parole; but the record contains no evidence that Congress intended TPS to be a means to remove bars to an alien's adjustment of status which would otherwise be present.

You might ask who would be harmed if thousands of TPS holders with records of immigration violations were found to be eligible to adjust status (provided that immigrant petitions were approved on their behalf and that they utilized advance parole). With respect to EB visas, the adverse impact would fall most significantly on the tens of thousands of Indian and Chinese nationals who have waited for years, many Indians for over a decade, for EB visas to become available for their use. Because the demand for EB visas is greater than the supply, any use of the limited number of EB visas for a new pool of applicants would have an impact on nationals of over-subscribed countries who are also seeking EB visas. Such a major change should occur through the legislative process rather than by happenstance.

In *Matter of Tanahan*, 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of your record of past immigration violations, particularly your years of unauthorized employment, and lacking evidence that Congress intended for TPS to excuse those violations, it cannot be concluded that you have made that establishment and thus USCIS intends to deny your application.

You are granted thirty (30) days to respond to the intended denial of your adjustment application. Because 8 CFR 103.5a(b) adds three days to this response period when the notice is served by mail your response, including any additional supporting evidence, must be sent to this office within thirty-three (33) days of the date of this notice. USCIS will then issue a decision on your application.

PLEASE REFER TO THE FILE NUMBER REFERENCED ABOVE OR INCLUDE A COPY OF THIS LETTER WHEN SUBMITTING YOUR RESPONSE. FAILURE TO RESPOND TO THIS NOTIFICATION WITHIN THIRTY-THREE (33) DAYS MAY RESULT IN THE DENIAL OF YOUR FORM I-485.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

November 3, 2016

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]
US

[redacted]

[redacted]

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

## DECISION

On June 4, 2014, you filed Form I-485, Application to Register Permanent Residence or Adjust Status. USCIS denied your application on March 5, 2015. USCIS now moves to reopen the matter and restore your application to pending status.

ORDER: IT IS ORDERED that the application be reopened and restored to pending status. You will be sent a notice of USCIS' intent to again deny your application and the grounds for that intended decision. You will be given opportunity to submit evidence to overcome those grounds.

You are now eligible to apply for an Employment Authorization Document (EAD) or an advance parole (travel) document based on the pending status of your Form I-485. Please inform USCIS promptly if you have a change of address. Information on EADs, advance parole documents, address changes, immigration forms, and other resources are available online at the official USCIS website, **www.uscis.gov**.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

November 3, 2016

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

[redacted]

[redacted]

JOSE SANTOS SANCHEZ
[redacted]
US

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

## DECISION

On June 4, 2014, you filed Form I-485, Application to Register Permanent Residence or Adjust Status. USCIS denied your application on March 5, 2015. USCIS now moves to reopen the matter and restore your application to pending status.

ORDER: IT IS ORDERED that the application be reopened and restored to pending status. You will be sent a notice of USCIS' intent to again deny your application and the grounds for that intended decision. You will be given opportunity to submit evidence to overcome those grounds.

You are now eligible to apply for an Employment Authorization Document (EAD) or an advance parole (travel) document based on the pending status of your Form I-485. Please inform USCIS promptly if you have a change of address. Information on EADs, advance parole documents, address changes, immigration forms, and other resources are available online at the official USCIS website, www.uscis.gov.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

March 5, 2015

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JOSE SANTOS SANCHEZ
[redacted]
US

[redacted]

[redacted]

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

## DECISION

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states in pertinent part that adjustment of status shall not be applicable to…

> (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; …
>
> (7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or
>
> (8) any alien who was employed while the alien was an unauthorized alien.

Accordingly, Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part that aliens restricted from adjusting status includes:

> (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a legal status since entry into the United States …

(9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and

(10) Any alien who was ever employed in the United States without authorization of the Service.

In your response to USCIS' request for additional evidence, received on February 20, 2015, you suggested that any alien who has been accorded temporary protected status (TPS) could have all of the above bars to his or her adjustment of status removed merely by leaving the United States for a moment and then being paroled back in. You wrote that USCIS' statement that "TPS is not a nonimmigrant status" is in error and you cited INA 244(f)(4) as basis for your assertion. However, a careful reading of that statute finds that it does not confer a nonimmigrant status upon every holder of TPS but rather states that for purposes of adjustment of status such an alien "shall be *considered* as being in, and maintaining, lawful status as a nonimmigrant." (Emphasis added.) 8 CFR Part 214(a) lists the nonimmigrant classes and TPS is not one of them.

Clarification is provided by 8 CFR Part 212.5(e)(2)(ii) which states that "an alien who is granted parole into the United States after . . . 1986 for other than the specific purpose of applying for adjustment of status under section 245A of the Act shall not be permitted to avail him or herself of the privilege of adjustment thereunder." This regulation goes on to state that "failure to abide by this provision through making such an application will subject the alien to termination of parole status and institution of proceedings."

Given that by statute the parole of an alien shall not be regarded as an admission of the alien, the record indicates that you have never been admitted into the United States. It indicates that while you have lived in the United States for many years, you have never done so in what the regulations recognize as a lawful nonimmigrant status. It indicates that you have worked in the United States, in the aggregate, for over five years without employment authorization. Finally, because the record establishes that in January of 2014 you were paroled into the United States only for TPS, 8 CFR Part 212.5(e)(2)(ii), *supra*, specifically bars you from the privilege of adjustment under INA 245.

It is noted that one requirement for the relief provided under INA 245(k) is evidence of a lawful admission into the United States, and you have acknowledged that you are not eligible for benefits under INA 245(i). The evidence thus makes no indication that either of these sections of law are applicable in your case.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of the above, it must be concluded that such an establishment has not been made in this case and therefore your application must be, and hereby is, denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under "Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC)

at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

March 5, 2015

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

[redacted]

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]
US

[redacted]

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states in pertinent part that adjustment of status shall not be applicable to...

> (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; ...
>
> (7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or
>
> (8) any alien who was employed while the alien was an unauthorized alien.

Accordingly, Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part that aliens restricted from adjusting status includes:

> (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to

maintain continuously a legal status since entry into the United States ...

> (9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and
>
> (10) Any alien who was ever employed in the United States without authorization of the Service.

In your response to USCIS' request for additional evidence, received on February 20, 2015, you suggested that any alien who has been accorded temporary protected status (TPS) could have all of the above bars to his or her adjustment of status removed merely by leaving the United States for a moment and then being paroled back in. You wrote that USCIS' statement that "TPS is not a nonimmigrant status" is in error and you cited INA 244(f)(4) as basis for your assertion. However, a careful reading of that statute finds that it does not confer a nonimmigrant status upon every holder of TPS but rather states that for purposes of adjustment of status such an alien "shall be *considered* as being in, and maintaining, lawful status as a nonimmigrant." (Emphasis added.) 8 CFR Part 214(a) lists the nonimmigrant classes and TPS is not one of them.

Clarification is provided by 8 CFR Part 212.5(e)(2)(ii) which states that "an alien who is granted parole into the United States after . . . 1986 for other than the specific purpose of applying for adjustment of status under section 245A of the Act shall not be permitted to avail him or herself of the privilege of adjustment thereunder." This regulation goes on to state that "failure to abide by this provision through making such an application will subject the alien to termination of parole status and institution of proceedings."

Given that by statute the parole of an alien shall not be regarded as an admission of the alien, the record indicates that you have never been admitted into the United States. It indicates that while you have lived in the United States for many years, you have never done so in what the regulations recognize as a lawful nonimmigrant status. It indicates that you have worked in the United States, in the aggregate, for over five years without employment authorization. Finally, because the record establishes that in January of 2014 you were paroled into the United States only for TPS, 8 CFR Part 212.5(e)(2)(ii), *supra*, specifically bars you from the privilege of adjustment under INA 245.

It is noted that one requirement for the relief provided under INA 245(k) is evidence of a lawful admission into the United States, and you have acknowledged that you are not eligible for benefits under INA 245(i). The evidence thus makes no indication that either of these sections of law are applicable in your case.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of the above, it must be concluded that such an establishment has not been made in this case and therefore your application must be, and hereby is, denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under

"Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC) at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

u95 4
10H

November 28, 2014

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

[redacted]

[redacted]

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]
US

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

## REQUEST FOR EVIDENCE

The documentation submitted is not sufficient to warrant favorable consideration of your petition/application.

**See Letter for Details**
**Your response must be received in this office by February 20, 2015**

Your case is being held in this office pending your response. Within this period you may:

1. Submit all of the evidence requested;
2. Submit some or none of the evidence requested and ask for a decision based upon the record; or
3. Withdraw the application or petition. (It is noted if you request the application or petition be withdrawn, the filing fee cannot be refunded.)

You must submit all of the evidence at one time. Submission of only part of the evidence requested will be considered a request for a decision based on the record. No extension of the period allowed to submit evidence will be granted. If the evidence submitted does not establish that your case was approvable at the time it was filed, it can be denied.

If you do not respond to this request within the time allowed, your case will be considered abandoned and denied. Evidence received in this office after the due date may not be considered.

If you submit a document in any language other than English, it must be accompanied by a full **complete** English translation. The translator must certify the translation is accurate and he or she is competent to translate. Note: You must submit the requested foreign language document along with the translation.

FEB 20 2015 3317

1) Please submit a fully completed Form G-325A. The form which you submitted reported neither your last address abroad nor your last employment abroad.

2) Please submit a currently dated letter from your intended permanent employer that indicates your proffered position, the date you began employment and the proffered salary or wage. The letter must indicate whether the terms and conditions of the employment-based immigrant visa petition and labor certification continue to exist.

3) Are you eligible for the benefits of INA section 245(i)? ________ If so, please submit evidence of this including proof that an immigrant visa petition or labor certification application was filed on your behalf on or before April 30, 2001 and proof that you were physically present in the United States on December 21, 2000.

4) Please submit evidence that you were inspected and admitted into the United States. You have submitted evidence that in January of 2014 you were paroled into the United States, but INA section 101(a)(13)(B) and INA section 212(d)(5)(A) specify that the parole of an alien shall not be regarded as an admission of the alien.

5) Please submit evidence which establishes that on the filing date of your application you were in a lawful nonimmigrant status. (TPS is not a nonimmigrant status.) Employment-based adjustment of status is not available to an alien who is not in a lawful nonimmigrant status as of the filing date of his application unless 245(i) eligibility is established.

6) You have indicated that you have been continually employed in the United States since June of 1997. Please submit evidence of your employment authorization from June of 1997 until April 23, 2001, from March 9, 2005 until July 29, 2005, and from September 9, 2006 until November 30, 2007.

7) Have you ever been in a lawful nonimmigrant status? __________ (Again, TPS is not a nonimmigrant status.) If so, please report the dates that you held such status and submit evidence of this.

**PLACE THIS ENTIRE LETTER ON TOP OF YOUR RESPONSE. SUBMISSION OF EVIDENCE WITHOUT THIS LETTER WILL DELAY PROCESSING OF YOUR CASE AND MAY RESULT IN A DENIAL. PLEASE USE THE ENCLOSED ENVELOPE TO MAIL THE ADDITIONAL EVIDENCE REQUESTED BACK TO THIS OFFICE.**

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

# JAIME WINTHUYSEN APARISI & ASSOCIATES, L.L.C.

[redacted]

www.aparisi.com

**Jaime Winthuysen Aparisi***
*Admitted in Maryland & DC
jaime@aparisi.com

**Yusuf R. Ahmad****
**Admitted in Virginia
yusuf@aparisi.com

**Zachary Abraham Kohn*****
***Admitted in Maryland
zachary@aparisi.com

February 19, 2015

**VIA FEDERAL EXPRESS**
USCIS Nebraska Service Center
850 S. Street
Lincoln, NE 68508

**REQUEST FOR EVIDENCE**

**RE: Jose Santos Sanchez –** [redacted]

Per the enclosed USCIS Request For Evidence, the applicant named above responds as follows. The responses below are numbered according to the corresponding request made by USCIS.

1) Enclosed please find a fully completed Form G-325A.

2) Enclosed please find a currently dated letter from the intended employer that indicated the proffered position, the date employment began and the proffered wage. The letter also indicates that the terms of the employment-based immigrant visa petition and labor certification continue to exist.

3, 4, 5, 6 & 7) The applicant is not eligible for benefits under INA § 245(i) but is eligible to adjust pursuant to INA § 245(a) as he was paroled into the United States on January 11, 2014 and INA § 245(a) states "an alien who was inspected and admitted *or paroled* into the United States." As the applicant was paroled he is eligible for adjustment pursuant to INA § 245(a).

The Request for Evidence erroneously states that TPS is not a nonimmigrant status and requests that applicant submit evidence of being in a lawful nonimmigrant status. For purposes of adjustment of status, the applicant is in a lawful nonimmigrant status as INA § 244(f)(4) states that one of the benefits of TPS is that:

> (4) for purposes of adjustment of status under section 245 and change of status under section 248, the alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant.

Therefore, applicant is currently in a lawful nonimmigrant status for purposes of adjustment of status. In addition, pursuant to INA §245(k), applicant's employment history should only be considered since his last entry of January 11, 2014. As applicant has maintained TPS and had employment authorization since his last entry he is eligible to adjust status pursuant to INA § 245(a).

Thank you for your time and prompt attention to this matter.

Sincerely,

Jaime Winthuysen Aparisi

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | ☒ Male ☐ Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| Sanchez | Jose | Santos | Male | [redacted] | El Salvador | A [redacted] |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security # (if any) |
|---|---|---|
| N/A | Cacaopera El Salvador | [redacted] |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | N/A | | | | |
| Mother (Maiden Name) | Sanchez | Maria | | Cacaopera, El Salvador | San Miguel, El Salvador |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| Gonzalez | Sonia | [redacted] | San Miguel El Salvador | 10/31/2006 | Atlantic City, NJ, U.S. |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**Applicant's residence last five years. List present address first.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | United States | Feb | 2004 | Present Time | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| Tecomatal | San Miguel | | El Salvador | 03 | 1968 | 03 | 1995 |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|
| Viking Yacht Company, New Gretna, NJ 08224 | Mechanic | Jun | 1997 | Present Time | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| | | | | | |
|---|---|---|---|---|---|
| Electropura, El Salvador | Chaffeur | | 1980 | | 1985 |

This form is submitted in connection with an application for:
☐ Naturalization ☐ Other (Specify):
☒ Status as Permanent Resident

**Signature of Applicant** [signature] **Date**

If your native alphabet is in other than Roman letters, write your name in your native alphabet below:

**Penalties: Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.**

**Applicant: Print your name and Alien Registration Number in the box outlined by heavy border below.**

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| Sanchez | Jose | Santos | A [redacted] |

Form G-325A (Rev. 02/07/13)Y

**viking**® yacht company

January 23, 2015

To USCIS Officer:

I, Andrew Davala, Vice-President-Human Resources at Viking Yachts, Inc. hereby certify that Mr. Jose Santos-Sanchez Sanchez has been employed by Viking Yachts in the position of Mechanic from June 1997 to the present.

Upon approval of his permanent residence, Viking Yachts will pay Mr. Sanchez the proffered wage of [redacted] per hour in the position of Mechanic. The terms and conditions of the employment-based immigrant visa petition and labor certification continue to exist.

If you have any questions or concerns, I can be reached at (609)-296-4898

Sincerely,

Andrew L. Davala
Vice President – Human Resources

"ON THE BASS RIVER" [redacted] [redacted] [redacted]

Jaime Aparisi
ATTORNEY AT LAW
[redacted]

FedEx Express

E

J151015011403uv

SHIP TO: (800) 375-5283 BILL SENDER

**Nebraska Service Center**
**USCIS**
**850 S ST**

**LINCOLN, NE 68508**

Rxt②

ActWgt: 1.0 LB
CAD: 101147689/INET3610

Delivery Address Bar Code

Ref # Jose Santos Sanchez
Invoice #
PO #
Dept #

FEB 20 2015

**FRI - 20 FEB AA**
**STANDARD OVERNIGHT**

TRK# 7729 5193 2644
0201

**68508**
NE-US
**OMA**

**XX LNKA**

537J2/D3CE/EE4B

**After printing this label:**

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

OMB No. 1615-0023; Expires 06/30/15

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Form I-485, Application to Register Permanent Residence or Adjust Status

**START HERE - Type or Print** (Use black ink)

## Part 1. Information About You

| Family Name *(Last Name)* | Given Name *(First Name)* | Middle Name |
|---|---|---|
| Sanchez | Jose | Santos |

**Address** - Street Number and Name: [redacted]. Apt. No.: [redacted]

C/O (*in care of*):

City: [redacted] State: [redacted] ZIP Code: [redacted]

Date of Birth *(mm/dd/yyyy)*: [redacted]
Country of Birth: El Salvador

Country of Citizenship/Nationality: El Salvador
U.S. Social Security No. *(if any)*: [redacted]
A-Number *(if any)*: [redacted]

Date of Last Arrival *(mm/dd/yyyy)*: 01/11/2014
I-94 Number: 1[redacted]

Current USCIS Status: TPS
Expires on *(mm/dd/yyyy)*: 01/10/2015

## Part 2. Application Type *(Check one)*

**I am applying for an adjustment to permanent resident status because:**

a. [X] An immigrant petition giving me an immediately available immigrant visa number that has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. [ ] My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. [ ] I entered as a K-1 fiancé(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate.)

d. [ ] I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. [ ] I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

f. [ ] I am the husband, wife, or minor unmarried child of a Cuban described above in (e), and I am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

g. [ ] I have continuously resided in the United States since before January 1, 1972.

h. [ ] Other basis of eligibility. Explain (for example, I was admitted as a refugee, my status has not been terminated, and I have been physically present in the United States for 1 year after admission). If additional space is needed, see **Page 3** of the instructions. ______

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:** *(Check one)*

i. [ ] I am a native or citizen of Cuba and meet the description in (e) above.

j. [ ] I am the husband, wife, or minor unmarried child of a Cuban and meet the description in (f) above.

**For USCIS Use Only**

Returned | Receipt
Resubmitted
Reloc Sent
Reloc Rec'd
Applicant Interviewed

APP 1485 06/04/2014

**Section of Law**
- [ ] Sec. 209(a), INA
- [ ] Sec. 209(b), INA
- [ ] Sec. 13, Act of 9/11/57
- [X] Sec. 245, INA
- [ ] Sec. 249, INA
- [ ] Sec. 1 Act of 11/2/66
- [ ] Sec. 2 Act of 11/2/66
- [ ] Other

2-19-02
Y
600

**Country Chargeable**
El Salvador

**Eligibility Under Sec. 245**
- [X] Approved Visa Petition
- [ ] Dependent of Principal Alien
- [ ] Special Immigrant
- [ ] Other

**Preference** E36

**Action Block**

Department of Homeland Security
DENIED
MAR 10 2015
U.S. Citizenship and Immigration Services
7697

**To be Completed by Attorney or Representative, if any**
[X] Fill in box if Form G-28 is attached to represent the applicant.

VOLAG No

ATTY State License No.
[redacted]

Form I-485 (Rev. 06/20/13) Y

[redacted]

## Part 3. Processing Information

**A.** City/Town/Village of Birth: Cacaopera

Current Occupation: Mechanic

Your Mother's First Name: Maria

Your Father's First Name: N/A

Give your name exactly as it appears on your Form I-94, Arrival-Departure Record: Jose Santos Sanchez

Place of Last Entry Into the United States *(City/State)*: Houston, Texas

In what status did you last enter? *(Visitor, student, exchange visitor, crewman, temporary worker, without inspection, etc.)*: TPS - Advance Parole

Were you inspected by a U.S. Immigration Officer? Yes [X] No [ ]

Nonimmigrant Visa Number: N/A

Consulate Where Visa Was Issued: N/A

Date Visa Issued *(mm/dd/yyyy)*: N/A

Gender: [X] Male [ ] Female

Marital Status: [X] Married [ ] Single [ ] Divorced [ ] Widowed

Have you ever applied for permanent resident status in the U.S.? [ ] Yes *(If "Yes" give date and place of filing and final disposition.)* [X] No

**B.** List your present spouse and all of your children (include adult sons and daughters). (If you have none, write "None." If additional space is needed, see **Page 3** of the instructions.)

| Family Name *(Last, Name)* | Given Name *(First Name)* | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| Gonzalez | Sonia | | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Spouse | [redacted] | Yes [X] No [ ] |
| **Family Name *(Last, Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| Sanchez Gonzalez | Henry | G | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last, Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| Sanchez Gonzalez | Arexs | A | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last, Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| Sanchez Gonzalez | Luis | J | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last, Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| [redacted] | [redacted] | | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| United States | Son | | Yes [ ] No [X] |



[redacted]

**Part 3. Processing Information** *(Continued)*

**C.** List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include **any military service** in this part. If none, write "None." Include the name of each organization, location, nature, and dates of membership. If additional space is needed, attach a separate sheet of paper. Continuation pages must be submitted according to the guidelines provided on **Page 3** of the instructions under **General Instructions.**

| Name of Organization | Location and Nature | Date of Membership From | Date of Membership To |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Answer the following questions. (If your answer is **"Yes"** to any question, explain on a separate piece of paper. Continuation pages must be submitted according to the guidelines provided on **Page 3** of the instructions under **General Instructions**. Information about documentation that must be include with your application is also provide in this section.) Answering **"Yes"** does not necessarily mean that you are not entitled to adjust status or register for permanent residence.

**1.** Have you **EVER**, in or outside the United States:

**a.** Knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? Yes ☐ No ☒

**b.** Been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? Yes ☐ No ☒

**c.** Been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency, or similar action? Yes ☐ No ☒

**d.** Exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? Yes ☐ No ☒

**2.** Have you received public assistance in the United States from any source, including the U.S. Government or any State, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? Yes ☐ No ☒

**3.** Have you **EVER**:

**a.** Within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? Yes ☐ No ☒

**b.** Engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? Yes ☐ No ☒

**c.** Knowingly encouraged, induced, assisted, abetted, or aided any alien to try to enter the United States illegally? Yes ☐ No ☒

**d.** Illicitly trafficked in any controlled substance, or knowingly assisted, abetted, or colluded in the illicit trafficking of any controlled substance? Yes ☐ No ☒

**4.** Have you **EVER** engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity? Yes ☐ No ☒



[redacted]

## Part 3. Processing Information *(Continued)*

5. Do you intend to engage in the United States in:
   - a. Espionage? Yes [ ] No [X]
   - b. Any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence, or other unlawful means? Yes [ ] No [X]
   - c. Any activity to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information? Yes [ ] No [X]
6. Have you **EVER** been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? Yes [ ] No [X]
7. Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist, or otherwise participate in the persecution of any person because of race, religion, national origin, or political opinion? Yes [ ] No [X]
8. Have you **EVER** been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal, or rescission proceedings? Yes [ ] No [X]
9. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act (INA) for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States, or any immigration benefit? Yes [ ] No [X]
10. Have you **EVER** left the United States to avoid being drafted into the U.S. Armed Forces? Yes [ ] No [X]
11. Have you **EVER** been a J nonimmigrant exchange visitor who was subject to the 2-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver? Yes [ ] No [X]
12. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child? Yes [ ] No [X]
13. Do you plan to practice polygamy in the United States? Yes [ ] No [X]
14. Have you **EVER** ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following:
    - a. Acts involving torture or genocide? Yes [ ] No [X]
    - b. Killing any person? Yes [ ] No [X]
    - c. Intentionally and severely injuring any person? Yes [ ] No [X]
    - d. Engaging in any kind of sexual contact or relations with any person who was being forced or threatened? Yes [ ] No [X]
    - e. Limiting or denying any person's ability to exercise religious beliefs? Yes [ ] No [X]
15. Have you **EVER**:
    - a. Served in, been a member of, assisted in, or participated in any military unit, paramilitary unit, police unit, self-defense unit, vigilante unit, rebel group, guerrilla group, militia, or insurgent organization? Yes [X] No [ ]
    - b. Served in any prison, jail, prison camp, detention facility, labor camp, or any other situation that involved detaining persons? Yes [ ] No [X]
16. Have you **EVER** been a member of, assisted in, or participated in any group, unit, or organization of any kind in which you or other persons used any type of weapon against any person or threatened to do so? Yes [ ] No [X]



[redacted]

## Part 3. Processing Information *(Continued)*

17. Have you **EVER** assisted or participated in selling or providing weapons to any person who to your knowledge used them against another person, or in transporting weapons to any person who to your knowledge used them against another person? Yes [ ] No [X]

18. Have you **EVER** received any type of military, paramilitary, or weapons training? Yes [X] No [ ]

## Part 4. Accommodations for Individuals With Disabilities and/or Impairments *(See Page 7 of the instructions before completing this section.)*

Are you requesting an accommodation because of your disability(ies) and/or impairment(s)? Yes [ ] No [X]

If you answered "Yes," check any applicable box:

[ ] **a.** I am deaf or hard of hearing and request the following accommodation(s) (if requesting a sign-language interpreter, indicate which language (e.g., American Sign Language)):

[ ] **b.** I am blind or sight-impaired and request the following accommodation(s):

[ ] **c.** I have another type of disability and/or impairment (describe the nature of your disability(ies) and/or impairment(s) and accommodation(s) you are requesting):

## Part 5. Signature *(Read the information on penalties on Page 8 of the instructions before completing this section. You must file this application while in the United States.)*

### Your Registration With U.S. Citizenship and Immigration Services

"I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (INA), as an alien who has been or will be in the United States for more than 30 days, I am required to register with U.S. Citizenship and Immigration Services (USCIS). I understand and acknowledge that, under section 265 of the INA, I am required to provide USCIS with my current address and written notice of any change of address within 10 days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested, and removed from the United States."

### Selective Service Registration

**The following applies to you if you are a male at least 18 years of age, but not yet 26 years of age, who is required to register with the Selective Service System:** "I understand that my filing Form I-485 with U.S. Citizenship and Immigration Services (USCIS) authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth, and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached 26 years of age."



[redacted]

## Part 5. Signature *(Continued)*

**Applicant's Statement** *(Check one)*

☐ I can read and understand English, and I have read and understand each and every question and instruction on this form, as well as my answer to each question.

☒ Each and every question and instruction on this form, as well as my answer to each question, has been read to me in the Spanish language, a language in which I am fluent, by the person named in **Interpreter's Statement and Signature.** I understand each and every question and instruction on this form, as well as my answer to each question.

I certify, under penalty of perjury under the laws of the United States of America, that the information provided with this application is all true and correct. I certify also that I have not withheld any information that would affect the outcome of this application.

I authorize the release of any information from my records that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| Signature *(Applicant)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Daytime Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Jose Santos Sanchez | 06/02/14 | [redacted] |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested benefit, and this application may be denied.*

**Interpreter's Statement and Signature**

I certify that I am fluent in English and the below-mentioned language.

**Language Used** *(language in which applicant is fluent)*

Spanish

I further certify that I have read each and every question and instruction on this form, as well as the answer to each question, to this applicant in the above-mentioned language, and the applicant has understood each and every instruction and question on the form, as well as the answer to each question.

| Signature *(Interpreter)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Zachary Kohn | 06/02/2014 | [redacted] |

## Part 6. Signature of Person Preparing Form, If Other Than Above

**I declare that I prepared this application at the request of the above applicant, and it is based on all information of which I have knowledge.**

| Signature | Print Your Full Name | Date *(mm/dd/yyyy)* | Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Jaime Winthuysen Aparisi | 06/02/14 | [redacted] |

| Firm Name and Address | E-Mail Address *(if any)* |
|---|---|
| Jaime Winthuysen Aparisi & Associates, LLC [redacted] | [redacted] |



[redacted] 37 [redacted] 23 [redacted] 14 [redacted]

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-797, Notice of Action

THE UNITED STATES OF AMERICA

| | |
|---|---|
| RECEIPT NUMBER [redacted] | CASE TYPE I140 IMMIGRANT PETITION FOR ALIEN WORKER |
| RECEIPT DATE September 19, 2006 / PRIORITY DATE February 19, 2002 | PETITIONER VIKING YACHTS INC |
| NOTICE DATE July 23, 2007 / PAGE 1 of 1 | BENEFICIARY A094 035 150 SANCHEZ, JOSE S. |

TAHIR MELLA ESQUIRE
LAW OFFICES OF TAHIR MELLA
[redacted]

Notice Type: Approval Notice
Section: Skilled Worker or Professional, Sec.203(b)(3)(A)(i) or (ii)

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. The information submitted with the petition shows that the person for whom you are petitioning is not eligible to file an adjustment of status application at this time.

Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where the person for whom you are petitioning lives.

Until the person for whom you are petitioning files an adjustment application, or application for an immigrant visa, this approved petition will be stored in this office. If the person for whom you are petitioning decides to apply for an immigrant visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. CITIZENSHIP & IMMIG SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
Customer Service Telephone: 800-375-5283

[redacted]

Form I-797 (Rev. 01/31/05) N

OMB No. 1615-0008; Expires 02/28/2013

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | [X] Male / [ ] Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| Sanchez | Jose | Santos | [X] Male | [redacted] | El Salvador | A [redacted] |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security # (if any) |
|---|---|---|
| N/A | Cacaopera El Salvador | [redacted] |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | N/A | | | | |
| Mother (Maiden Name) | Sanchez | Maria | | Cacaopera, El Salvador | San Miguel, El Salvador |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| Gonzalez | Sonia | [redacted] | San Miguel El Salvador | 10/31/2006 | Atlantic City, NJ, U.S. |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**Applicant's residence last five years. List present address first.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | United States | Feb | 2004 | Present Time | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|
| Viking Yacht Company, New Gretna, NJ 08224 | Mechanic | Jun | 1997 | Present Time | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

This form is submitted in connection with an application for:
- [ ] Naturalization
- [ ] Other (Specify):
- [X] Status as Permanent Resident

Signature of Applicant [signature] Date

If your native alphabet is in other than Roman letters, write your name in your native alphabet below:

**Penalties: Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.**

**Applicant: Print your name and Alien Registration Number in the box outlined by heavy border below.**

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| Sanchez | Jose | Santos | A [redacted] |

[redacted]

[redacted] EC [redacted]

VISAS

3

REPÚBLICA DE EL SALVADOR

Pasaporte / Passport



Tipo / Type: P

Código País/Country code: SLV

[redacted]

Nombres / Given Names: JOSE SANTOS

Apellidos / Surname: SANCHEZ

Nacionalidad / Nationality: Salvadoreña

[redacted]

Sexo / Sex: M

Lugar de nacimiento / Place of birth: MORAZAN EL SALVADOR(SLV)

Fecha expedición / Date of issue: 18 Mayo / May 2012

[redacted] Booklet Number:

Fecha de expiración / Date of expiry: 18 Mayo / May 2017

Autoridad emisora / Issuing authority: (RREE) Elizabeth, USA



[redacted]LVSANCHEZ<<JOSE<SANTOS<<<<<<<<<<<<<<<<<<<<

[redacted]2<<<<<<72

[redacted]


VISAS
5
VISAS
AEROPUERTO INTERNACIONAL EL SALVADOR
MIGRACIÓN CA-4
20 DIC. 2013
Cód
Días
4
PAROLED
Until Jan 10, 2015
Purpose:
[redacted] TPS [redacted]
Jan 11, 2014 Hou 1495
(Date) (Location) (Officer)
U.S. DEPARTMENT OF HOMELAND SECURITY

AtlantiCare
CLINICAL LABORATORY

ARMC City Campus

[redacted]

Chairman: Bruno Dantas, M.D.
Medical Director: William Todd, M.D
Department of Laboratories

| | | | |
|---|---|---|---|
| **Patient:** | SANCHEZ, JOSE | | |
| **DOB/Age/Sex:** | [redacted] 51 years Male | **Ordering:** | [redacted] MD, [redacted] |
| **MRN:** | [redacted] | **Copy to:** | N/A |
| **ACC#:** | [redacted] | | |
| **Location:** | AC RZSC | | N/A |
| | | | N/A |
| | | | N/A |
| | | | N/A, N/A N/A |

## Serology/Immuno

[redacted]

[redacted]

| | | | |
|---|---|---|---|
| **Patient:** | **SANCHEZ, JOSE** | | |
| **DOB/Age/Sex:** | [redacted] 51 years Male | | |
| **MRN:** | [redacted] | | |
| **ACC#:** | [redacted] | **Ordering:** | [redacted] |
| **Location:** | AC RZSC | **Copy to:** | N/A |

## Serology/Immuno

[redacted]

[redacted]

# Report of Medical Examination and Vaccination Record

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS Form I-693**
OMB No. 1615-0033
Expires 01/31/2015

▶ **START HERE - Type or print in CAPITAL letters** ***(Use black ink)***

**Part 1. Information About You** *(To be completed by the person requesting a medical examination, not the civil surgeon)*

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name |
|---|---|---|
| Sanchez | Jose | Santos |

**Home Address:** Street Number and Name [redacted] Apt. Number [redacted] Gender: ☒ Male ☐ Female

City [redacted] State [redacted] Zip Code [redacted] Phone Number [redacted]

| Date of Birth (mm/dd/yyyy) | Place of Birth (City/Town/Village) | Country of Birth | A-Number (if any) |
|---|---|---|---|
| [redacted] | CACAOPERA Morazan | El Salvador | A-[redacted] |

**Applicant's Certification**

I certify under penalty of perjury under United States law that I am the person who is identified in **Part 1** of this Form I-693, Report of Medical Examination and Vaccination Record, and that the information in **Part 1** of this form is true to the best of my knowledge. I understand the purpose of this medical exam, and I authorize the required tests and procedures to be completed. If it is determined that I willfully misrepresented a material fact or provided false/altered information or documents with regard to my medical exam, I understand that any immigration benefit I derived from this medical exam may be revoked, that I may be removed from the United States, and that I may be subject to civil or criminal penalties.

**Signature - Do not sign or date this form until instructed to do so by the civil surgeon** — **Date of Signature** *(mm/dd/yyyy)* 05/08/2014

**To be completed by civil surgeon:** Form of applicant ID presented *(e.g., passport, driver's license)*: USA EMPLOYMENT AUTHORIZATION CARD

**ID Number:** [redacted]

**Part 2. Summary of Medical Examination** *(To be completed by the civil surgeon)*

**Summary of Overall Findings:** ☒ No Class A or Class B Condition ☐ Class B Conditions *(see Civil Surgeon Worksheet, sections 1-4)* ☐ Class A Conditions *(see Civil Surgeon Worksheet, sections 1-3)*

**Date of First Examination** *(mm/dd/yyyy)*: 05/02/2014

**Date(s) of Follow-up Examination(s) below if required:**
**Date of Exam** *(mm/dd/yyyy)* ____ **Date of Exam** *(mm/dd/yyyy)* ____ **Date of Exam** *(mm/dd/yyyy)* ____

**Part 3. Civil Surgeon's Certification** *(Do not sign form or have the applicant sign in Part 1 until all health follow-up requirements have been met)*

I certify under penalty of perjury under United States law that: I am a civil surgeon designated to examine applicants seeking certain immigration benefits in the U.S. OR a physician who qualifies under a blanket designation specified by policy or law; I have a currently valid and unrestricted license to practice medicine in the state where I am performing medical examinations unless otherwise exempted; I performed this examination of the person identified in Part 1 of this Form I-693, after having made every reasonable effort to verify that the person whom I examined is in fact the person identified in Part 1; that I performed the examination in accordance with the Centers for Disease Control and Prevention's *Technical Instructions*, and all supplemental information or updates; and that all information provided by me on this form is true and correct to the best of my knowledge, and belief.

**Type or Print Full Name** *(First, Middle, Last)*: [redacted]

***(Health Departments MUST place their official stamp or seal here)***

**Address** *(Street Number and Name, City, State, and Zip Code)*: [redacted]

**Name of Medical Practice, Facility, or Health Department**: [redacted]

**Signature** [redacted]

**Daytime Phone Number** ( [redacted] **E-Mail**

**Date Signed** *(mm/dd/yyyy)*: 05/08/2014

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name | A-Number *(if any)* |
|---|---|---|---|
| SANCHEZ | JOSE | SANTOS | [redacted] |

## CIVIL SURGEON WORKSHEET

*(To be completed by the civil surgeon, according to the* Technical Instructions *at* *http://www.cdc.gov/immigrantrefugeehealth/exams/ti/civil/technical-instructions-civil-surgeons.html)*

### 1. Communicable Diseases of Public Health Significance

[redacted]

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name | A-Number *(if any)* |
|---|---|---|---|
| SANCHEZ | JOSE | SANTOS | [redacted] |

## CIVIL SURGEON WORKSHEET *(Continued)*

[redacted]

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name | [redacted]mber *(if any)* |
|---|---|---|---|
| SANCHEZ | JOSE | SANTOS | [redacted] |

## CIVIL SURGEON WORKSHEET *(Continued)*

[redacted]

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name | A-Number *(if any)* |
| --- | --- | --- | --- |
| SANCHEZ | JOSE | SANTOS | [redacted] |

[redacted]

STATE OF NEW JERSEY

# CERTIFICATE OF BIRTH

NAME OF CHILD

[redacted]

DATE OF BIRTH
[redacted]

TIME OF BIRTH
[redacted]

SEX
*MALE*

MAIDEN NAME OF MOTHER
*SONIA GONZALEZ*

NAME OF FATHER
*JOSE S. SANCHEZ*

PLACE OF BIRTH
[redacted]

COUNTY OF BIRTH
**ATLANTIC**

DATE ISSUED:
*April 27, 2007*

FILE NUMBER
[redacted]

DATE FILED WITH REGISTRAR: *December 19, 2001*

AMENDED DATE:
*N/A*

ISSUED BY:
*CITY OF ATLANTIC CITY*
*BUREAU OF VITAL STATISTICS*
*DENISE WORTHY, REGISTRAR*

This is to certify that the above is correctly copied from a record on file in my office.

*Certified copy not valid unless the raised Great Seal of the State of New Jersey or the seal of the issuing municipality or county, is affixed hereon.*

Joseph A. Komosinski

Joseph A. Komosinski, State Registrar
Bureau of Vital Statistics

REG-42A

THIS DOCUMENT CONTAINS A UNIQUE STATE OF NJ WATERMARK

HOLD TO LIGHT TO VIEW WATERMARK

THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES TO DETER FRAUD; VOID IF ALTERED

EL INFRASCRITO ALCALDE MUNICIPAL,

[illegible] y partidas - de nacimientos que esta Alcaldía llevó el año 2001,se encuentra la que literalmente dice: " " " " " " " " " " " " " " " " " " " " " " " " " " " " " "

Partida Número trescientos diecisiete.-De conformidad a los artículod cincuenta y seis y cincuenta y siete de la Ley Transitoria para el Registro del - Estado Familiar y en cumplimiento al acuerdo Municipal número uno de fecha - veinte de julio del corriente año,se repone dicho asiento así:Partida Número Trescientos diecisiete.- JOSE SANTOS,nació el día [redacted] - [redacted], en el Cantón Ocotillo de esta jurisdicción,hijo de María Secundina Sánchez,de oficios domésticos,de este origen y domicilio y Nacionalidad Salvadoreña.-Dió estos datos la madre del inscrito y exhibió su Cédula de Identidad Personal Número [redacted] - [redacted],expedida en Corinto.- Y firma.-Cacaopera,a treinta - de julio del dos mil uno.- J.G.A.C._ D.P.CH.P.- Srio.- " " " " " " " " " " " " " " " " " " " " " " " " " " " " RUBRICADAS.- " " " " " " " " " " " " " " " " " " "

Es conforme con su original con el cual se confrontó.- Y para efectos legales,se expide la presente en la Alcaldía Municipal de la Ciudad de Cacaopera a treinta de agosto del dos mil cuatro.-Enmendados- Sánchez- Vale.-

JOSE DEL [illegible] CANALES,
ALCALDE MUNICIPAL.

DAYSI ARMIDA PEREZ DE CHAVEZ,
SECRETARIA MUNICIPAL.-

MARIA ESPERANZA RIVERA,
ENC. DEL REG. DEL ST.FAM.-

[redacted]

The Undersigned Town Hall,

CERTIFIES: That on page 152 of the book of replacements of books and certificates of birth in that this town carried in the year 2001, it is found what literally says: """""""""""""""""""""""""""""""""""""""""""
Certificate Number three hundred and seventeen.-In conformity with the articles fifty six and fifty seven of the Transient Law of this Registry of Family Status and in compliance with the Municipal agreement number one of the date twentieth of July of the current year, what says the following: Certificate Number Three hundred and Seventeen.- JOSE SANTOS, born on the twenty-ninth day of august of one thousand nine hundred and sixty-two, in the Canton Ocotillo of this jurisdiction, son of Maria Secundina Sanchez, housewife, native and domiciled here and of Salvadoran nationality. These facts were given by the mother of the undersigned who exhibited her Identity Card Number zero three zero one zero ninety and six thousand one hundred thirteen, issued in Corinto. And signed. Cacaopera, on the thirtieth of July of two thousand and one. J.G.A.C._D.P.CH.P. Srio. """"""""""""""""""""""""""""""""""""""""""""""
""""""""""""""""""""""""""""""INITIALLED""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""
This conforms as the original and was confronted. And for the facts of the law, it was issued presently in the Town Hall of the City of Cacopera on the thirtieth of August of two thousand and four. Amended. Sanchez-Vale.

| | | |
|---|---|---|
| [seal]<br>[signature]<br>Daysi Armida Perez, | [seal]<br>[signature]<br>Jose Gel Roueta Canales | [seal]<br>[signature]<br>Maria Estellana Rivera |
| Municipal Secretary | Mayor | Chief of Civil Registry |

## CERTIFICATE OF TRANSLATION

I, Zachary Abraham Kohn, certify that this translation is true and accurate and that I am competent to translate from Spanish to English.

05/27/2014
**DATE**

[signature]
**Zachary Abraham Kohn**

STATE OF NEW JERSEY

F0000086628

# CERTIFICATE OF MARRIAGE

Name of Groom *(First, Middle, Last)*: JOSE SANTOS SANCHEZ

Maiden Name of Bride *(First, Middle, Last)*: SONIA GONZALEZ

Date of Marriage *(Month/Day/Year)*: OCTOBER 31, 2006

Place of Marriage *(City/County)*: ATLANTIC CITY, ATLANTIC

File Number: N/A

Date Filed: 11/1/06

*Date Amended* *(if applicable)*: N/A

Date Issued: 11/16/06

Issued By: CITY OF ATLANTIC CITY, BUREAU OF VITAL STATISTICS

DENISE WORTHY, CMR

This is to certify that the above is correctly copied from a record on file in my office.

*Certified copy not valid unless the raised Great Seal of the State of New Jersey or the seal of the issuing municipality or county, is affixed hereon.*

Joseph A. Komosinski, State Registrar
Bureau of Vital Statistics

REG-42F

THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES TO DETER FRAUD; VOID IF ALTERED

P.

# JAIME WINTHUYSEN APARISI & ASSOCIATES, L.L.C.

[redacted]

www.aparisi.com

**Jaime Winthuysen Aparisi***
*Admitted in Maryland & DC
jaime@aparisi.com

**Zachary Abraham Kohn*****
***Admitted in Maryland
zachary@aparisi.com

**Yusuf R. Ahmad****
**Admitted in Virginia
yusuf@aparisi.com

May 29, 2014

**VIA USPS**
USCIS
PO Box 660867
Dallas, TX 75266

**APPLICATION TO ADJUST STATUS**

**Primary Applicant: Jose Santos SANCHEZ – [redacted]**
**Derivative Applicant: Sonia GONZALEZ – [redacted]**

Dear Madam/Sir:

Enclosed please find the following documents for filing:

**Forms for Primary Applicant: Jose Santos Sanchez**

1. Form G-28, Notice of Entry of Appearance;
2. Copy of I-140 Approval Notice;
3. Form I-485, Application to Adjust Status;
4. $1070 fee and 2 photos;
5. Form G-325A;
6. Copy of applicant's birth certificate with translation;
7. Copy of applicant's passport with entry stamp;
8. Copy of applicant's I-94 Record Number;
9. Copy of applicant's current EAD card;
10. Copy of Certificate of Marriage;
11. Copy of Certificate of Birth for applicant's son;
12. Copy of paycheck stubs for the applicant;
13. 2013 Federal Income Tax Return and W-2 for applicant;
14. 2012 Federal Income Tax Return and W-2 for applicant;
15. 2011 Federal Income Tax Return and W-2 for applicant;
16. Sealed Medical Exam;

**Forms for Derivative Applicant: Sonia Gonzalez**

17. Form G-28, Notice of Entry of Appearance;

[redacted]

18. Form I-485, Application to Adjust Status;
19. $1070 fee and 2 photos;
20. Form G-325A;
21. Copy of applicant's birth certificate with translation;
22. Copy of applicant's passport with entry stamp;
23. Copy of applicant's current EAD card; and
24. Sealed Medical Exam.

Thank you for your time and prompt attention to this matter.

Sincerely,

Jaime Winthuysen Aparisi

[redacted]

U.S. Customs and Border Protection
*Securing America's Borders*

OMB No. 1651-0111
Expiration Date: 11/30/2014

## Most Recent I-94

**Admission (I-94) Record Number:** [redacted]

**Most Recent Date of Entry: 2014 January 11**

**Class of Admission: DA**

**Admit Until Date: 2015 January 10**

**Details provided on the I-94 Information form:**

| | |
|---|---|
| Last/Surname: | SANCHEZ |
| First (Given) Name: | JOSE SANTOS |
| Birth Date: | [redacted] |
| Passport Number: | [redacted] |
| Country of Issuance: | El Salvador |

Get Travel History

- Effective April 26, 2013, DHS began automating the admission process. An alien law fully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP w ebsite constitutes a law ful record of admission. See 8 CFR § 1.4(d).
- If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along w ith any additional required documents requested by that employer or agency.
- Note: For security reasons, w e recommend that you close your brow ser after you have finished retrieving your I-94 number.

For inquiries or questions regarding your I-94, please click here.

Accessibility | Privacy Policy

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-512L, Authorization for Parole of an Alien Into the United States**

| (Family Name) | (Given Name) | (Middle Initial) | Date Issued November 26, 2013 |
|---|---|---|---|
| SANCHEZ, JOSE S | | | A# [redacted] |

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| [redacted] | EL SALVADOR | | | |

| U.S. Address (Apt number and/or in care of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|
| [redacted] | | | | |

**TRAVEL AUTHORIZATION:** Presentation of the original of this document authorizes a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act (INA) for bringing an alien who does not have a visa.

**PAROLE:** The named bearer of this authorization has been granted Temporary Protected Status (TPS) pursuant to Section 244 of the INA. The named bearer departed the United States temporarily and intends to return to the United States to resume his or her TPS. Presentation of the original of this document prior to November 26, 2014 allows a Customs and Border Protection (CBP) Inspector at a port-of-entry to parole the named bearer, whose photograph appears hereon, into the United States based upon urgent humanitarian reasons or significant public benefit. **This authorization is valid for multiple applications for parole into the United States during the validity period noted above.** Each parole period shall not exceed one year from the date of parole at the port-of-entry.

[X] Approved

[ ] Conditions/comments:

**NOTICE - READ BEFORE YOU TRAVEL ABROAD**

**Parole is not admission into the United States.** Presentation of this authorization will allow a CBP Inspector at a port-of-entry to parole you into the United States, which will allow you to resume your TPS. Parole is not an "admission," so even after your parole you will remain an "applicant for admission." If you are found inadmissible, you will need to apply and qualify for a waiver of inadmissibility. If your waiver application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act.

**Parole into the United States is not guaranteed.** In all cases, you are still subject to immigration inspection at a port-of-entry to determine whether you are eligible to come into the United States via the terms of this document. Even if you have previously been granted parole, the Department of Homeland Security retains discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States.

**Travel Warning Regarding Unlawful Presence.** If you have been unlawfully present in the United States, you may want to ask an immigration attorney or a representative at an immigrant assistance organization accredited by the Board of Immigration Appeals (BIA) whether leaving the United States would make you inadmissible and therefore ineligible for adjustment of status. Under section 212(a)(9)(B)(i) of the Act, aliens who depart the United States after being unlawfully present in the United States for certain periods may become subject to new or additional grounds of inadmissibility because of their travel abroad. If you were unlawfully present in the United States for more than 180 days after April 1, 1997, you may be found inadmissible when you return to the United States. If you were unlawfully present in the United States for more than 180 days but less than one year after April 1, 1997 and then departed voluntarily before the start of removal proceedings, you are inadmissible for three years. If you were unlawfully present for one year or more after April 1, 1997 and then departed, you are inadmissible for ten years. **Obtaining advance authorization for parole will not relieve you of inadmissibility under 212(a)(9)(B)(i).**

**Inadmissibility in general.** If you have concerns about admissibility and waivers you should contact an immigration attorney or an immigrant assistance organization accredited by the BIA before making foreign travel plans.

Mark Hazuda

Nebraska Service Center
850 S. Street
Lincoln, NE 68501
(Authorizing Office)

**Parole Stamp**



[redacted]


UNITED STATES OF AMERICA
EMPLOYMENT AUTHORIZATION CARD
[redacted]
Surname
SANCHEZ
Given Name
JOSE S
USCIS# [redacted]
Category
A12
Card# [redacted]
Country of Birth
El Salvador
Terms and Conditions
None
[redacted]
Sex
M
Valid From: 09/10/13
Card Expires: 03/09/15
NOT VALID FOR REENTRY TO U.S.

[redacted]

| Company Name | Viking Yacht Company Inc. | Processed By Aspire Payroll Plus |
|---|---|---|

[redacted]

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/21/2014 | Federal | Single | 0 | |
| SSN No. | | Home Dept. No. | 16 | End Date | 04/27/2014 | (W) NJ | Single | 0 | |
| Check No. | 2062422 | Net Pay | $ 646.82 | Check Date | 05/01/2014 | (R) | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | |
| DD #1 | Checking | [redacted] | [redacted] | $ 646.82 | DD #3 | | | | |
| DD #2 | | | | | DD #4 | | | | |
| DD Leftover Chk | | | | | | | | | |
| Memos | includes 401k ReClass | | | | | | | | |

| | Current Earnings | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 582.67 | 10,936.72 | Federal WH | 130.94 | 1,741.29 | 42-401(k) Plan | 100.42 | 465.50 |
| 16 | OverTime Pay | 28.1550 | 9.00 | 253.40 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 61.14 | 795.80 | 45-CAFE- Medical | 15.00 | 240.00 |
| | | | | | OverTime Pay | 71.00 | 1,999.06 | Medicare | 14.29 | 186.11 | 46-CAFE- Dental | 3.00 | 48.00 |
| | | | | | | | | NJ: State WH | 23.50 | 299.63 | M1-MATCH - 401 | 50.21 | 232.75 |
| | | | | | | | | NJ: State SDI | 3.82 | 49.89 | | | |
| | | | | | | | | NJ: State FLI | 1.00 | 13.10 | | | |
| | | | | | | | | NJ: EE SUI | 3.84 | 50.19 | | | |
| | | | | | | | | NJ: EE WF | 0.43 | 5.60 | | | |
| | | Employee Totals | 49.00 | 1,004.20 | Total YTD: | 663.67 | 13,123.48 | | 238.96 | 3,141.61 | | 168.63 | 986.25 |

Viking

Viking Yacht Company Inc.
[redacted]

| Check Date | Reference No. |
|---|---|
| 05/01/2014 | 2062422 |

Payee Jose S. Sanchez

$ $646.82

# Direct Deposit Voucher

*Non-Negotiable*

*Non-Negotiable*

*Non-Negotiable*

[redacted]

| Company Name | Viking Yacht Company Inc. | Processed By Aspire Payroll Plus |
|---|---|---|

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Employee No. | [redacted] | Division No. | 1 | Start Date | 03/31/2014 | Federal | Single | 0 |
| SSN No. | ****** [redacted] | Home Dept. No. | 16 | End Date | 04/06/2014 | (W) NJ | Single | 0 |
| Check No. | [redacted] | Net Pay | [redacted] | Check Date | 04/10/2014 | (R) | | |
| Sick Hours | | Vacation Hours | [redacted] | Personal Hours | | Balances | | |
| DD #1 | Checking | *****[redacted] | [redacted] | $ 646.81 | DD #3 | | | |
| DD #2 | | | | | DD #4 | | | |
| DD Leftover Chk | | | | | | | | |
| Memos | | | | | | | | |

| | Current Earnings | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 462.67 | 8,684.32 | Federal WH | 130.94 | 1,405.48 | 42-401(k) Plan | 100.42 | 189.58 |
| 16 | OverTime Pay | 28.1550 | 9.00 | 253.40 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 61.14 | 628.07 | 45-CAFE- Medical | 15.00 | 195.00 |
| | | | | | OverTime Pay | 53.00 | 1,492.26 | Medicare | 14.30 | 146.89 | 46-CAFE- Dental | 3.00 | 39.00 |
| | | | | | | | | NJ: State WH | 23.50 | 243.05 | M1-MATCH - 401 | 50.21 | 94.79 |
| | | | | | | | | NJ: State SDI | 3.82 | 39.40 | | | |
| | | | | | | | | NJ: State FLI | 1.00 | 10.35 | | | |
| | | | | | | | | NJ: EE SUI | 3.84 | 39.64 | | | |
| | | | | | | | | NJ: EE WF | 0.43 | 4.42 | | | |
| | Employee Totals | | 49.00 | 1,004.20 | Total YTD: | 525.67 | 10,364.28 | | 238.97 | 2,517.30 | | 168.63 | 518.37 |

Viking Yacht Company Inc.
[redacted]

| Check Date | Reference No. |
|---|---|
| 04/10/2014 | 2061320 |

Payee Jose S. Sanchez $ $646.81

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

[redacted]

| Company Name | Viking Yacht Company Inc. | | | | | | | Processed By Aspire Payroll Plus |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | NJ |
| | | | | | | | | d % |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/07/2014 | Federal | Single | 0 |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/13/2014 | (W) NJ | Single | 0 |
| Check No. | [redacted] | Net Pay | $ 586.60 | Check Date | 04/17/2014 | (R) | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | |
| DD #1 | Checking | *****[redacted] | *****[redacted] | $ 586.60 | DD #3 | | | |
| DD #2 | | | | | DD #4 | | | |
| DD Leftover Chk | | | | | | | | |
| Memos | | | | | | | | |

| Current Earnings | | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 502.67 | 9,435.12 | Federal WH | 105.60 | 1,511.08 | 42-401(k) Plan | 89.16 | 278.74 |
| 16 | OverTime Pay | 28.1550 | 5.00 | 140.78 | 13-Vacation Prior Y. | 10.00 | 187.70 | OASDI | 54.17 | 682.24 | 45-CAFE- Medical | 15.00 | 210.00 |
| | | | | | OverTime Pay | 58.00 | 1,633.04 | Medicare | 12.67 | 159.56 | 46-CAFE- Dental | 3.00 | 42.00 |
| | | | | | | | | NJ: State WH | 17.31 | 260.36 | M1-MATCH - 401 | 44.58 | 139.37 |
| | | | | | | | | NJ: State SDI | 3.39 | 42.79 | | | |
| | | | | | | | | NJ: State FLI | 0.89 | 11.24 | | | |
| | | | | | | | | NJ: EE SUI | 3.41 | 43.05 | | | |
| | | | | | | | | NJ: EE WF | 0.38 | 4.80 | | | |
| | | Employee Totals | 45.00 | 891.58 | Total YTD: | 570.67 | 11,255.86 | | 197.82 | 2,715.12 | | 151.74 | 670.11 |

Viking Yacht Company Inc.
[redacted]

| Check Date | Reference No. |
|---|---|
| 04/17/2014 | 2061648 |

Payee Jose S. Sanchez $ $586.60

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

201407S6W8930 2901497 041129 29 E638530 060514 08:03 060414 Employment-660867

| Company Name | Viking Yacht Company Inc. | | | | | | Processed By Aspire Payroll Plus |
|---|---|---|---|---|---|---|---|
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/14/2014 | Federal | Single | 0 |
| SSN No. | ******[redacted] | Home Dept. No. | 16 | End Date | 04/20/2014 | (W) NJ | Single | 0 |
| Check No. | [redacted] | Net Pay | $ 571.55 | Check Date | 04/24/2014 | (R) | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | |
| DD #1 | Checking | ******[redacted] | ********[redacted] | $ 571.55 | DD #3 | | | |
| DD #2 | | | | | DD #4 | | | |
| DD Leftover Chk | | | | | | | | |
| Memos | | | | | | | | |

| Dept. | Current Earnings: Pay Desc | Rate | Hours | Curr Amt | Year-to Date Earnings: Pay Desc | Hours | YTD Amt | Taxes: Tax Desc | Curr Amt | YTD Amt | Deductions / Memos: Ded Desc | Curr Amt | YTD Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 542.67 | 10,185.92 | Federal WH | 99.27 | 1,610.35 | 42-401(k) Plan | 86.34 | 365.08 |
| 16 | OverTime Pay | 28.1550 | 4.00 | 112.62 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 52.42 | 734.66 | 45-CAFE- Medical | 15.00 | 225.00 |
| | | | | | OverTime Pay | 62.00 | 1,745.66 | Medicare | 12.26 | 171.82 | 46-CAFE- Dental | 3.00 | 45.00 |
| | | | | | | | | NJ: State WH | 15.77 | 276.13 | M1-MATCH - 401 | 43.17 | 182.54 |
| | | | | | | | | NJ: State SDI | 3.28 | 46.07 | | | |
| | | | | | | | | NJ: State FLI | 0.86 | 12.10 | | | |
| | | | | | | | | NJ: EE SUI | 3.30 | 46.35 | | | |
| | | | | | | | | NJ: EE WF | 0.37 | 5.17 | | | |
| | Employee Totals | | 44.00 | 863.42 | Total YTD: | 614.67 | 12,119.28 | | 187.53 | 2,902.65 | | 147.51 | 817.62 |

Viking Yacht Company Inc.

Viking

[redacted]

| Check Date | Reference No. |
|---|---|
| 04/24/2014 | 2062089 |

Payee Jose S. Sanchez

$ $571.55

# Direct Deposit Voucher

*Non-Negotiable*

*Non-Negotiable*

*Non-Negotiable*

[redacted]

Form **1040** Department of the Treasury - Internal Revenue Service (99)
# U.S. Individual Income Tax Return 2013

OMB No. 1545-0074 | IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2013, or other tax year beginning , 2013, ending , 20 | See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| **If a joint return, spouse's first name and initial** | **Last name** | **Spouse's social security number** |
| SONIA | GONZALEZ | [redacted] |

Home address (number and street) [redacted] Apt. no. [redacted]

▲ Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). [redacted] [redacted]

Foreign postal code

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

## Filing Status
Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

## Exemptions

6a ☒ **Yourself.** If someone can claim you as a dependent, **do not** check box 6a
b ☒ **Spouse**

Boxes checked on 6a and 6b: 2
No. of children on 6c who:
• lived with you: 3
• did not live with you due to divorce or separation (see instructions)
Dependents on 6c not entered above
Add numbers on lines above ▶ 5

c **Dependents:**

| (1) First name | Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) Chk if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|---|
| [redacted] | SANCHEZ GONZALEZ | [redacted] | Son | ☒ |
| | SANCHEZ GONZALEZ | | Son | ☐ |
| | SANCHEZ GONZALEZ | | Son | ☐ |
| | | | | ☐ |

If more than four dependents, see instructions and check here ▶☐

d Total number of exemptions claimed

## Income

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

| Line | Description | | | Line | Amount |
|---|---|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | | 7 | 72,285 |
| 8a | Taxable interest. Attach Schedule B if required | | | 8a | |
| b | Tax-exempt interest. Do not include on line 8a | 8b | | | |
| 9a | Ordinary dividends. Attach Schedule B if required | | | 9a | |
| b | Qualified dividends | 9b | | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | | | 10 | |
| 11 | Alimony received | | | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | | | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | | | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | | | 14 | |
| 15a | IRA distributions | 15a | b Taxable amount | 15b | |
| 16a | Pensions and annuities | 16a | b Taxable amount | 16b | 1,873 |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | | | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | | | 18 | |
| 19 | Unemployment compensation | | | 19 | |
| 20a | Social security benefits | 20a | b Taxable amount | 20b | |
| 21 | Other income | | | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | | | 22 | 74,158 |

## Adjusted Gross Income

| Line | Description | Line | Amount | Line | Amount |
|---|---|---|---|---|---|
| 23 | Educator expenses | 23 | | | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | | | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | | | |
| 26 | Moving expenses. Attach Form 3903 | 26 | | | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | | | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | | | |
| 29 | Self-employed health insurance deduction | 29 | | | |
| 30 | Penalty on early withdrawal of savings | 30 | | | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | | | |
| 32 | IRA deduction | 32 | | | |
| 33 | Student loan interest deduction | 33 | | | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | | | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | | | |
| 36 | Add lines 23 through 35 | | | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | | | 37 | 74,158 |

[redacted]

Pr

| Section | Line | Description | Ref | Amount | Ref | Amount |
|---|---|---|---|---|---|---|
| | | | | | | 74,158 |
| Credits | 39a | Check if: ☐ You were born before January 2, 1949, ☐ Blind. ☐ Spouse was born before January 2, 1949, ☐ Blind. Total boxes checked ▶ 39a ☐ | | | | |
| Standard Deduction for - • People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions. • All others: Single or Married filing separately, $6,100; Married filing jointly or Qualifying widow(er), $12,200; Head of household, $8,950 | b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | | | |
| | 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | | | 40 | 12,200 |
| | 41 | Subtract line 40 from line 38 | | | 41 | 61,958 |
| | 42 | Exemptions. If line 38 is $150,000 or less, multiply $3,900 by the number on line 6d. Otherwise, see instructions | | | 42 | 19,500 |
| | 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | | 43 | 42,458 |
| | 44 | Tax (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ | | | 44 | 5,479 |
| | 45 | Alternative minimum tax (see instructions). Attach Form 6251 | | | 45 | |
| | 46 | Add lines 44 and 45 ▶ | | | 46 | 5,479 |
| | 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | | |
| | 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 500 | | |
| | 49 | Education credits from Form 8863, line 19 | 49 | | | |
| | 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | | |
| | 51 | Child tax credit. Attach Schedule 8812, if required | 51 | 1,000 | | |
| | 52 | Residential energy credits. Attach Form 5695 | 52 | | | |
| | 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | | | |
| | 54 | Add lines 47 through 53. These are your total credits | | | 54 | 1,500 |
| | 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | | | 55 | 3,979 |
| Other Taxes | 56 | Self-employment tax. Attach Schedule SE | | | 56 | |
| | 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | | | 57 | |
| | 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required NO | | | 58 | 187 |
| | 59a | Household employment taxes from Schedule H | | | 59a | |
| | b | First-time homebuyer credit repayment. Attach Form 5405 if required | | | 59b | |
| | 60 | Taxes from: a ☐ Form 8959 b ☐ Form 8960 c ☐ Instructions; enter code(s) | | | 60 | |
| | 61 | Add lines 55 through 60. This is your total tax ▶ | | | 61 | 4,166 |
| Payments | 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 10,030 | | |
| If you have a qualifying child, attach Schedule EIC. | 63 | 2013 estimated tax payments and amount applied from 2012 return | 63 | | | |
| | 64a | Earned income credit (EIC) | 64a | | | |
| | b | Nontaxable combat pay election 64b | | | | |
| | 65 | Additional child tax credit. Attach Schedule 8812 | 65 | | | |
| | 66 | American opportunity credit from Form 8863, line 8 | 66 | | | |
| | 67 | Reserved | 67 | | | |
| | 68 | Amount paid with request for extension to file | 68 | | | |
| | 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | | |
| | 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | | |
| | 71 | Credits from Form: a ☐ 2439 b ☐ Reserved c ☐ 8885 d ☐ | 71 | | | |
| | 72 | Add lines 62, 63, 64a, and 65 through 71. These are your total payments ▶ | | | 72 | 10,030 |
| Refund | 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you overpaid | | | 73 | 5,864 |
| | 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | | | 74a | 5,864 |
| Direct deposit? See instructions. | ▶ b | Routing number X X X X X X X X X ▶ c Type: ☐ Checking ☐ Savings | | | | |
| | ▶ d | Account number X X X X X X X X X X X X X X X X X | | | | |
| | 75 | Amount of line 73 you want applied to your 2014 estimated tax ▶ | 75 | | | |
| Amount You Owe | 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | | | 76 | |
| | 77 | Estimated tax penalty (see instructions) | 77 | | | |

**Third Party Designee**

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. ☒ No

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

| Your signature | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.) |

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| [redacted] | | 04-30-2014 | | [redacted] |

Firm's name ▶ [redacted] Firm's EIN ▶ [redacted]

Firm's address ▶ [redacted] Phone no. [redacted]

EEA

Form **2441**

Department of the Treasury Internal Revenue Service (99)

# Child and Dependent Care Expenses

▶ Attach to Form 1040, Form 1040A, or Form 1040NR.
▶ Information about Form 2441 and its separate instructions is at www.irs.gov/form2441.

OMB No. 1545-0074

**2013**

Attachment Sequence No. **21**

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ

Your social security number: [redacted]

**Part I** **Persons or Organizations Who Provided the Care -** You **must** complete this part.

(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | [redacted]4 | 2,500 |
| | | | |

Did you receive dependent care benefits? — No ▶ Complete only Part II below. — Yes ▶ Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a, or Form 1040NR, line 58a.

**Part II** **Credit for Child and Dependent Care Expenses**

2 Information about your **qualifying person(s).** If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2013 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | SANCHEZ GONZALEZ | [redacted] | 2,500 |
| | | | |

3 Add the amounts in column (c) of line 2. **Do not** enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 . . . . . **3** 2,500

4 Enter your **earned income.** See instructions . . . . . **4** 44,934

5 If married filing jointly, enter your spouse's earned income (if you or your spouse was a student or was disabled, see the instructions); **all others,** enter the amount from line 4 . . . . . **5** 27,351

6 Enter the **smallest** of line 3, 4, or 5 . . . . . **6** 2,500

7 Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37 . . . . . **7** 74,158

8 Enter on line 8 the decimal amount shown below that applies to the amount on line 7

| If line 7 is: Over | But not over | Decimal amount is | If line 7 is: Over | But not over | Decimal amount is |
|---|---|---|---|---|---|
| $0 | 15,000 | .35 | $29,000 | 31,000 | .27 |
| 15,000 | 17,000 | .34 | 31,000 | 33,000 | .26 |
| 17,000 | 19,000 | .33 | 33,000 | 35,000 | .25 |
| 19,000 | 21,000 | .32 | 35,000 | 37,000 | .24 |
| 21,000 | 23,000 | .31 | 37,000 | 39,000 | .23 |
| 23,000 | 25,000 | .30 | 39,000 | 41,000 | .22 |
| 25,000 | 27,000 | .29 | 41,000 | 43,000 | .21 |
| 27,000 | 29,000 | .28 | 43,000 | No limit | .20 |

**8** X.20

9 Multiply line 6 by the decimal amount on line 8. If you paid 2012 expenses in 2013, see the instructions . . . . . **9** 500

10 Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions . . . . . **10** 5,479

11 **Credit for child and dependent care expenses.** Enter the **smaller** of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 . . . . . **11** 500

**For Paperwork Reduction Act Notice, see your tax return instructions.** Form **2441** (2013)

EEA

[redacted]

Form **1040X** (Rev. December 2013)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

OMB No. 1545-0074

▶ Information about Form 1040X and its separate instructions is at www.irs.gov/form1040x.

**This return is for calendar year** [X] 2013 [ ] 2012 [ ] 2011 [ ] 2010

**Other year.** Enter one: calendar year or fiscal year (month and year ended):

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. | Your phone number |
| [redacted] | [redacted] | |

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
[redacted] [redacted]

| Foreign country name | Foreign province/state/county | Foreign postal code |
|---|---|---|
| | | |

**Amended return filing status.** You must check one box even if you are not changing your filing status.
**Caution.** In general, you cannot change your filing status from joint to separate returns after the due date.

[ ] Single [X] Married filing jointly [ ] Married filing separately
[ ] Qualifying widow(er) [ ] Head of household (If the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | Line | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | 44,934 | 29,224 | 74,158 |
| 2 Itemized deductions or standard deduction | 2 | 8,950 | 3,250 | 12,200 |
| 3 Subtract line 2 from line 1 | 3 | 35,984 | 25,974 | 61,958 |
| 4 Exemptions. **If changing, complete Part I on page 2 and enter the amount from line 28** | 4 | 7,800 | 11,700 | 19,500 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 28,184 | 14,274 | 42,458 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax (see instructions): TABLES | 6 | 3,589 | 1,890 | 5,479 |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | 1,500 | | 1,500 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 2,089 | 1,890 | 3,979 |
| 9 Other taxes | 9 | | 187 | 187 |
| 10 Total tax. Add lines 8 and 9 | 10 | 2,089 | 2,077 | 4,166 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (**If changing**, see instructions) | 11 | 6,565 | 3,465 | 10,030 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Refundable credits from Schedule(s) [ ] 8812 or [ ] M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [ ] 8812 (2010 or 2011) [ ] 8839 [ ] 8863 [ ] 8885 or [ ] other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 10,030 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 6,896 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 3,134 |
| 19 **Amount you owe.** If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,032 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount **overpaid** on this return | 20 | | | |
| 21 Amount of line 20 you want **refunded to you** | 21 | | | |
| 22 Amount of line 20 you want **applied to your (enter year):** estimated tax 22 | | | | |

**Complete and sign this form on Page 2.**

**For Paperwork Reduction Act Notice, see instructions.**
EEA

Form **1040X** (Rev. 12-2013)

[redacted]

Part I Exemptions

Complete this part **only** if you are increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23 Yourself and spouse. **Caution.** If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 Other dependents | 26 | | | |
| 27 Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending. Enter the result here and on line 4 on page 1 of this form | 28 | 7,800 | 11,700 | 19,500 |

29 List **ALL** dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | Son | X |
| | | | Son | |
| | | | Son | |
| | | | | |

**Part II Presidential Election Campaign Fund**

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Part III** **Explanation of changes.** In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

I AM AMEDING THIS TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS TO FILING MARRIED JOINTLY I APOLOGIZED FOR THE INCONVENIENT THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER

## Sign Here

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ Your signature | Date | ▶ Spouse's signature. If a joint return, both must sign. | Date

**Paid Preparer's Use Only**

▶ Preparer's signature | 04-30-2014 Date | [redacted] Firm's name (or yours if self-employed)

[redacted] Print/type preparer's name | [redacted] Firm's address and ZIP code

[redacted] PTIN | ☐ Check if self-employed | [redacted] Phone number | [redacted] EIN

For forms and publications, visit IRS.gov.

EEA

Form 1040X

201

| | |
|---|---|
| 44933.86 | 6564.68 |
| 44933.86 | 651.55 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| Employer's name, address, and ZIP code<br>Viking Yacht Company Inc.<br>[redacted] | |
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a DD 5300.00 |
| | 12b |
| 13 Statutory employee / Retirement plan / Third-party sick pay | 12c |
| | 12d |
| 14<br>CAFE- Medical 390.00<br>CAFE- Dental 78.00<br>NJ DI/HC/WD 131.32<br>NJ DI 111.23 | Employee's SSN<br>[redacted]<br>Employer ID number (EIN)<br>[redacted]<br>Control number [redacted] |
| Jose S Sanchez<br>[redacted]<br>Employee's name, address, and ZIP code | |

| 15 St. | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|---|
| NJ | [redacted] | 45401.86 | 1082.68 |

| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|
| | | |

**Form W-2 Wage and Tax Statement 2013**
**Copy C—For EMPLOYEE'S RECORDS.**
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. 38-2000800
OMB No. 1545-0008
Department of the Treasury – Internal Revenue Service

## ...ctions for Employee

**Box 6.** This amount includes the 1.45% Medicare tax withheld on all Medicare wages and tips shown in box 5, as well as the 0.9% Additional Medicare Tax on any of those Medicare wages and tips above $200,000.

**Box 8.** This amount is **not** included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

You must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report at least the allocated tip amount unless you can prove a smaller amount with adequate records. If you have records that show the actual amount of tips you received, report that amount even if it is more or less than the allocated tips. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount. This box should not be used if you had a deferral and a distribution in the same calendar year. If this happens and you are or will be age 62 by the end of the calendar year, your employer should file a Form SSA-131 with the Social Security Administration and give you a copy.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $17,500 ($12,000 if you only have SIMPLE plans; $20,500 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $17,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2013, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

A—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

B—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

C—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

D—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

E—Elective deferrals under a section 403(b) salary reduction agreement

F—Elective deferrals under a section 408(k)(6) salary reduction SEP

G—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

H—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

J—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

K—20% excise tax on excess golden parachute payments. See "Other Taxes" in the Form 1040 instructions.

L—Substantiated employee business expense reimbursements (nontaxable)

M—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

N—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

P—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

Q—Nontaxable ... pay. See the instructions for Form 1040 or Form 1040A for details on reporting this ...

... your Archer MSA. Report on Form 8853, Archer MSAs and ...

... plan (not ...

... Adoption Expenses, to compute ...

V—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

W—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y—Deferrals under a section 409A nonqualified deferred compensation plan

Z—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Other Taxes" in the Form 1040 instructions.

AA—Designated Roth contributions under a section 401(k) plan

BB—Designated Roth contributions under a section 403(b) plan

DD—Cost of employer-sponsored health coverage. **The amount reported with Code DD is not taxable.**

EE—Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Box. 14.** Employers may use this box to report information such as state disability insurance taxes withheld, union dues, uniform payments, health insurance premiums deducted, nontaxable income, educational assistance payments, or a member of the clergy's parsonage allowance and utilities. Railroad employers use this box to report RRTA compensation, Tier I tax, Tier II tax, Medicare tax and Additional Medicare Tax.

**Note.** Keep **Copy C** of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help **protect your social security benefits,** keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.

## Notice to Employee

**Do you have to file?** Refer to the Form 1040 instructions to determine if you are required to file a tax return. Even if you do not have to file a tax return, you may be eligible for a refund if box 2 shows an amount or if you are eligible for any credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2013 if your adjusted gross income (AGI) is less than a certain amount. The amount of the credit is based on income and family size. Workers without children could qualify for a smaller credit. You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than the specified amount for 2013 or if income is earned for services provided while you were an inmate at a penal institution. For 2013 income limits and more information, visit www.irs.gov/eitc. Also see Pub. 596, Earned Income Credit. **Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.**

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. Be sure to get your copies of Form W-2c from your employer for all corrections made so you may file them with your tax return. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at www.socialsecurity.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in box 12, using code DD, of the cost of employer-sponsored health coverage is for your information only. **The amount reported with code DD is not taxable.**

**Credit for excess taxes.** If you had more than one employer in 2013 and more than $7,049.40 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,709.20 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

[redacted]

Form 1040 Department of the Treasury—Internal Revenue Service (99)
# U.S. Individual Income Tax Return 2012

OMB No. 1545-0074 | IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2012, or other tax year beginning , 2012, ending , 20 | See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |

Home address (number and street). [redacted] Apt. no. [redacted]

Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). [redacted]

Foreign country name | Foreign province/state/county | Foreign postal code

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

## Filing Status

Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

## Exemptions

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse

Boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) Chk if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | ☒ |
| [redacted] | [redacted] | Son | ☐ |
| [redacted] | [redacted] | Son | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here ▶☐

No. of children on 6c who:
- lived with you: 3
- did not live with you due to divorce or separation (see instructions): 

Dependents on 6c not entered above: 

d Total number of exemptions claimed — Add numbers on lines above ▶ 5

## Income

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| Line | Description | | Line | Amount |
|---|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | 7 | 61,630 |
| 8a | **Taxable** interest. Attach Schedule B if required | | 8a | |
| b | **Tax-exempt** interest. **Do not** include on line 8a | 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | | 9a | |
| b | Qualified dividends | 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | | 10 | |
| 11 | Alimony received | | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | | 14 | |
| 15a | IRA distributions 15a | b Taxable amount | 15b | |
| 16a | Pensions and annuities 16a | b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | | 18 | |
| 19 | Unemployment compensation | | 19 | 5,203 |
| 20a | Social security benefits 20a | b Taxable amount | 20b | |
| 21 | Other income | | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | | 22 | 66,833 |

## Adjusted Gross Income

| Line | Description | Line | Amount | | |
|---|---|---|---|---|---|
| 23 | Educator expenses | 23 | | | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | | | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | | | |
| 26 | Moving expenses. Attach Form 3903 | 26 | | | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | | | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | | | |
| 29 | Self-employed health insurance deduction | 29 | | | |
| 30 | Penalty on early withdrawal of savings | 30 | | | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | | | |
| 32 | IRA deduction | 32 | | | |
| 33 | Student loan interest deduction | 33 | | | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | | | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | | | |
| 36 | Add lines 23 through 35 | | | 36 | |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | | | 37 | 66,833 |

For Disclosure
EEA

[redacted]

66,833

## Credits

**Standard Deduction for -**
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $5,950

Married filing jointly or Qualifying widow(er), $11,900

Head of household, $8,700

| Line | Description | Inner line | Inner amount | Line | Amount |
|---|---|---|---|---|---|
| 39a | Check if: ☐ You were born before January 2, 1948, ☐ Blind. ☐ Spouse was born before January 2, 1948, ☐ Blind. } Total boxes checked ▶ 39a ☐ | | | | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | | | |
| 40 | **Itemized deductions** (from Schedule A) or your **standard deduction** (see left margin) | | | 40 | 11,900 |
| 41 | Subtract line 40 from line 38 | | | 41 | 54,933 |
| 42 | **Exemptions.** Multiply $3,800 by the number on line 6d | | | 42 | 19,000 |
| 43 | **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | | 43 | 35,933 |
| 44 | **Tax** (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ 962 election | | | 44 | 4,519 |
| 45 | **Alternative minimum tax** (see instructions). Attach Form 6251 | | | 45 | |
| 46 | Add lines 44 and 45 ▶ | | | 46 | 4,519 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 400 | | |
| 49 | Education credits from Form 8863, line 19 | 49 | | | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | | |
| 51 | Child tax credit. Attach Schedule 8812, if required | 51 | 1,000 | | |
| 52 | Residential energy credit. Attach Form 5695 | 52 | | | |
| 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | | | |
| 54 | Add lines 47 through 53. These are your **total credits** | | | 54 | 1,400 |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | | | 55 | 3,119 |

## Other Taxes

| Line | Description | Line | Amount |
|---|---|---|---|
| 56 | Self-employment tax. Attach Schedule SE | 56 | |
| 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| 59 a | Household employment taxes from Schedule H | 59a | |
| b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| 60 | Other taxes. Enter code(s) from instructions | 60 | |
| 61 | Add lines 55 through 60. This is your **total tax** ▶ | 61 | 3,119 |

## Payments

If you have a qualifying child, attach Schedule EIC.

| Line | Description | Inner line | Inner amount | Line | Amount |
|---|---|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 8,291 | | FORM 1099 |
| 63 | 2012 estimated tax payments and amount applied from 2011 return | 63 | | | |
| 64a | **Earned income credit (EIC)** | 64a | | | |
| b | Nontaxable combat pay election 64b | | | | |
| 65 | Additional child tax credit. Attach Schedule 8812 | 65 | | | |
| 66 | American opportunity credit from Form 8863, line 8 | 66 | | | |
| 67 | Reserved | 67 | | | |
| 68 | Amount paid with request for extension to file | 68 | | | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | | |
| 71 | Credits from Form: a ☐ 2439 b ☐ Reserved c ☐ 8801 d ☐ 8885 | 71 | | | |
| 72 | Add lines 62, 63, 64a, and 65 through 71. These are your **total payments** ▶ | | | 72 | 8,291 |

## Refund

| Line | Description | Line | Amount |
|---|---|---|---|
| 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you **overpaid** | 73 | 5,172 |
| 74a | Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ | 74a | 5,172 |
| b | Routing number XXXXXXXXX ▶ c Type: ☐ Checking ☐ Savings | | |
| d | Account number XXXXXXXXXXXXXXXXX | | |
| 75 | Amount of line 73 you want **applied to your 2013 estimated tax** ▶ 75 | | |

Direct deposit? See instructions.

## Amount You Owe

| Line | Description | Line | Amount |
|---|---|---|---|
| 76 | **Amount you owe.** Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| 77 | Estimated tax penalty (see instructions) 77 | | |

## Third Party Designee

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ **Yes.** Complete below. ☒ **No**

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

Your signature | Date | Your occupation | Daytime phone number

Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.)

## Paid Preparer Use Only

Preparer's signature | Date 04-30-2014 | Check ☐ if self-employed | PTIN [redacted]

Print/Type preparer's name [redacted]

Firm's name ▶ [redacted] Firm's EIN ▶ [redacted]

Firm's address ▶ [redacted] Phone no. [redacted]

EEA

[redacted]

Form **1040X** (Rev. December 2012)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

OMB No. 1545-0074

▶ Information about Form 1040X and its separate instructions is at www.irs.gov/form1040X.

**This return is for calendar year** ☒ 2012 ☐ 2011 ☐ 2010 ☐ 2009

**Other year.** Enter one: calendar year or fiscal year (month and year ended):

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |

Home address (number and street). If you have a P.O. box, see instructions. [redacted] Apt. no. [redacted] Your phone number

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). [redacted] [redacted]

Foreign country name | Foreign province/state/country | Foreign postal code

**Amended return filing status.** You must check one box even if you are not changing your filing status.
**Caution.** In general, you cannot change your filing status from joint to separate returns after the due date.

☐ Single ☒ Married filing jointly ☐ Married filing separately
☐ Qualifying widow(er) ☐ Head of household (if the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ ☐ | 1 | 36,697 | 30,136 | 66,833 |
| 2 Itemized deductions or standard deduction | 2 | 8,700 | 3,200 | 11,900 |
| 3 Subtract line 2 from line 1 | 3 | 27,997 | 26,936 | 54,933 |
| 4 Exemptions. **If changing, complete Part I on page 2 and enter the amount from line 30** | 4 | 7,600 | 11,400 | 19,000 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 20,397 | 15,536 | 35,933 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax: TABLES | 6 | 2,436 | 2,083 | 4,519 |
| 7 Credits. If general business credit carryback is included, check here ▶ ☐ | 7 | 1,480 | (80) | 1,400 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 956 | 2,163 | 3,119 |
| 9 Other taxes | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 956 | 2,163 | 3,119 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (**if changing**, see instructions) | 11 | 4,892 | 3,399 | 8,291 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | 39 | (39) | |
| 14 Refundable credits from Schedule(s) ☐ 8812 or ☐ M or Form(s) ☐ 2439 ☐ 4136 ☐ 5405 ☐ 8801 ☐ 8812 (2009-2011) ☐ 8839 ☐ 8863 ☐ 8885 or ☐ other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 8,291 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 6,371 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 1,920 |
| 19 **Amount you owe.** If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,199 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount **overpaid** on this return | 20 | | | |
| 21 Amount of line 20 you want **refunded to you** | 21 | | | |
| 22 Amount of line 20 you want **applied to your (enter year):** estimated tax | 22 | | | |

**Complete and sign this form on Page 2.**

**For Paperwork Reduction Act Notice, see instructions.** Form **1040X** (Rev. 12-2012)
EEA

[redacted]

Complete this part only if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by a Midwestern disaster in 2009.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23 Yourself and spouse. Caution. If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 Other dependents | 26 | | | |
| 27 Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending | 28 | 7,600 | 11,400 | 19,000 |
| 29 If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 6 for 2009 | 29 | | | |
| 30 Add lines 28 and 29. Enter the result here & on line 4 on page 1 of this form | 30 | 7,600 | 11,400 | 19,000 |

31 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name / Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | | Son | X |
| | | Son | |
| | | Son | |
| | | | |

**Part II Presidential Election Campaign Fund**

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Part III Explanation of changes.** In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

I AM AMENDING MY TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS TO MARRIED FILING JOINTLY I APOLOGIZED FOR THE INCONVENIENT AND THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER.

## Sign Here

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ Your signature | Date | ▶ Spouse's signature. If a joint return, both must sign. | Date

**Paid Preparer's Use Only**

▶ Preparer's signature | 04-30-2014 Date | ATLANTIC GENERAL SERVICES Firm's name (or yours if self-employed)

[redacted] Print/type preparer's name | [redacted] Firm's address and ZIP code

[redacted] ☐ Check if self-employed | [redacted] Phone number | [redacted] EIN



[redacted]

Form **2441** | ▶ Attach to Form 1040, Form 1040A, or Form 1040NR. ▶ Information about Form 2441 and its separate instructions is at www.irs.gov/form2441. | -0074 **2012** Attachment Sequence No. **21**

Department of the Treasury Internal Revenue Service (99)

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ

Your social security number: [redacted]

**Part I** **Persons or Organizations Who Provided the Care** - You must complete this part.
(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] Y, [redacted] | [redacted] | 2,000 |
| | | | |

Did you receive dependent care benefits? — No ▶ Complete only Part II below. — Yes ▶ Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a, or Form 1040NR, line 58a.

**Part II** **Credit for Child and Dependent Care Expenses**

2 Information about your **qualifying person(s).** If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2012 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | 2,000 |
| | | | |

| | | | |
|---|---|---|---|
| 3 | Add the amounts in column (c) of line 2. **Do not** enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 | 3 | 2,000 |
| 4 | Enter your **earned income.** See instructions | 4 | 31,494 |
| 5 | If married filing jointly, enter your spouse's earned income (if your spouse was a student or was disabled, see the instructions); **all others,** enter the amount from line 4 | 5 | 30,136 |
| 6 | Enter the **smallest** of line 3, 4, or 5 | 6 | 2,000 |
| 7 | Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37 — 7: 66,833 | | |
| 8 | Enter on line 8 the decimal amount shown below that applies to the amount on line 7 | 8 | X.20 |

If line 7 is:

| Over — But not over | Decimal amount is | Over — But not over | Decimal amount is |
|---|---|---|---|
| $0 - 15,000 | .35 | $29,000 - 31,000 | .27 |
| 15,000 - 17,000 | .34 | 31,000 - 33,000 | .26 |
| 17,000 - 19,000 | .33 | 33,000 - 35,000 | .25 |
| 19,000 - 21,000 | .32 | 35,000 - 37,000 | .24 |
| 21,000 - 23,000 | .31 | 37,000 - 39,000 | .23 |
| 23,000 - 25,000 | .30 | 39,000 - 41,000 | .22 |
| 25,000 - 27,000 | .29 | 41,000 - 43,000 | .21 |
| 27,000 - 29,000 | .28 | 43,000 - No limit | .20 |

| | | | |
|---|---|---|---|
| 9 | Multiply line 6 by the decimal amount on line 8. If you paid 2011 expenses in 2012, see the instructions | 9 | 400 |
| 10 | Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions — 10: 4,519 | | |
| 11 | **Credit for child and dependent care expenses.** Enter the **smaller** of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 | 11 | 400 |

**For Paperwork Reduction Act Notice, see your tax return instructions.** Form **2441** (2012)

EEA

[redacted]

| | |
|---|---|
| 31493.82<br>1 Wages, tips, other comp. | 4375.31<br>2 Fed. income tax withheld |
| 31493.82<br>5 Medicare wages and tips | 456.66<br>6 Medicare tax withheld |
| Employer's name, address, and ZIP code<br>Viking Yacht Company Inc.<br>[redacted] | |
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a |
| 13 Statutory employee / Retirement plan / Third-party sick pay | 12b |
| | 12c |
| | 12d |
| 14<br>NJ UI/HC/WD 128.71<br>NJ DI 60.63<br>NJ FLI 24.20 | Employee's SSN<br>[redacted]<br>Employer ID number (EIN)<br>[redacted]<br>Control number [redacted] |
| Jose S Sanchez<br>[redacted]<br>Employee's name, address, and ZIP code | |

| 15 St / Employer's state ID number | 16 State wages, tips, etc | 17 State income tax |
|---|---|---|
| NJ [redacted] | 31493.82 | 660.50 |

| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|
| | | |

**Form W-2** Wage and Tax Statement **2012**

Copy C—For EMPLOYEE'S RECORDS.

This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. 38-3099803

OMB No. 1545-0008

Department of the Treasury – Internal Revenue Service

## …ctions for Employee

… Enter this amount on the wages line of your tax return.

… report tips on your tax return, see your Form 1040 instructions.

Unless you have records that show you did not receive the amount reported in box 8 as allocated tips, you must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report the allocated tip amount. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $17,000 ($11,500 if you only have SIMPLE plans; $20,000 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $17,000. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2012, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a makeup pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

A—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

B—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

C—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

D—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

E—Elective deferrals under a section 403(b) salary reduction agreement

F—Elective deferrals under a section 408(k)(6) salary reduction SEP

G—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

H—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

J—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

K—20% excise tax on excess golden parachute payments. See "Other Taxes" in the Form 1040 instructions.

L—Substantiated employee business expense reimbursements (nontaxable)

M—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

N—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

P—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

Q—Nontax… pay. See the instructions for Form 1040 or Form 1040A for details on reporting this…

R—Empl… contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Te… Insurance Contracts.

… 408(p) SIMPLE plan (not … box 1)

T—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

V—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

W—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y—Deferrals under a section 409A nonqualified deferred compensation plan

Z—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Other Taxes" in the Form 1040 instructions.

AA—Designated Roth contributions under a section 401(k) plan

BB—Designated Roth contributions under a section 403(b) plan

DD—Cost of employer-sponsored health coverage. **The amount reported with Code DD is not taxable.**

EE—Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Note.** Keep **Copy C** of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help **protect your social security benefits,** keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2012 if (a) you do not have a qualifying child and you earned less than $13,980 ($19,190 if married filing jointly), (b) you have one qualifying child and you earned less than $36,920 ($42,130 if married filing jointly), (c) you have two qualifying children and you earned less than $41,952 ($47,162 if married filing jointly), or (d) you have three or more qualifying children and you earned less than $45,060 ($50,270 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,200, or if income is earned for services provided while you were an inmate at a penal institution. **Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.**

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at www.socialsecurity.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in Box 12, using Code DD, of the cost of employer-sponsored health coverage is for your information only. **The amount reported with Code DD is not taxable.**

**Credit for excess taxes.** If you had more than one employer in 2012 and more than $4,624.20 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,102.90 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

[redacted]

Form 1040 U.S. Individual Income Tax Return 2011 | OMB No. 1545-0074 | IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2011, or other tax year beginning , 2011, ending , 20 — See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |

Home address (number and street). If you have [redacted] Apt. no. [redacted]

Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).

[redacted]

Foreign country name | Foreign province/county | Foreign postal code

**Presidential Election Campaign** Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

**Filing Status** (Check only one box.)

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

**Exemptions**

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse
Boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ☐ if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | | | ☒ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here ▶ ☐

No. of children on 6c who: ● lived with you 3; ● did not live with you due to divorce or separation (see instructions) ___; Dependents on 6c not entered above ___

d Total number of exemptions claimed — Add numbers on lines above ▶ 5

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 64,766 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a — 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends — 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions — 15a — b Taxable amount | 15b | |
| 16a | Pensions and annuities — 16a — b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | 2,327 |
| 20a | Social security benefits — 20a — b Taxable amount | 20b | |
| 21 | Other income | 21 | |
| 22 | Combine the amounts in the far right col for lines 7 through 21. This is your **total income** ▶ | 22 | 67,093 |

**Adjusted Gross Income**

| Line | Description | | Amount |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37 | 67,093 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions. EEA Form 1040 (2011)

[redacted]

67,093

## Credits

39a Check if: { You were born before January 2, 1947, ☐ Blind. } Total boxes checked ▶ 39a ☐
Spouse was born before January 2, 1947, ☐ Blind.

b If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐

**Standard Deduction for -**
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $5,800

Married filing jointly or Qualifying widow(er), $11,600

Head of household, $8,500

| Line | Description | Line | Amount | Line | Amount |
|---|---|---|---|---|---|
| 40 | **Itemized deductions** (from Schedule A) or your **standard deduction** (see left margin) | | | 40 | 11,600 |
| 41 | Subtract line 40 from line 38 | | | 41 | 55,493 |
| 42 | **Exemptions.** Multiply $3,700 by the number on line 6d | | | 42 | 18,500 |
| 43 | **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | | 43 | 36,993 |
| 44 | Tax (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ 962 election | | | 44 | 4,696 |
| 45 | **Alternative minimum tax** (see instructions). Attach Form 6251 | | | 45 | |
| 46 | Add lines 44 and 45 ▶ | | | 46 | 4,696 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 400 | | |
| 49 | Education credits from Form 8863, line 23 | 49 | | | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | | |
| 51 | Child tax credit (see instructions) | 51 | 1,000 | | |
| 52 | Residential energy credits. Attach Form 5695 | 52 | | | |
| 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | | | |
| 54 | Add lines 47 through 53. These are your **total credits** | | | 54 | 1,400 |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | | | 55 | 3,296 |

## Other Taxes

| Line | Description | Line | Amount |
|---|---|---|---|
| 56 | Self-employment tax. Attach Schedule SE | 56 | |
| 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| 59a | Household employment taxes from Schedule H | 59a | |
| b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| 60 | Other taxes. Enter code(s) from instructions | 60 | |
| 61 | Add lines 55 through 60. This is your **total tax** ▶ | 61 | 3,296 |

## Payments

If you have a qualifying child, attach Schedule EIC.

| Line | Description | Line | Amount | Line | Amount |
|---|---|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 6,263 | | FORM 1099 |
| 63 | 2011 estimated tax payments and amount applied from 2010 return | 63 | | | |
| 64a | **Earned income credit (EIC)** | 64a | | | |
| b | Nontaxable combat pay election 64b | | | | |
| 65 | Additional child tax credit. Attach Form 8812 | 65 | | | |
| 66 | American opportunity credit from Form 8863, line 14 | 66 | | | |
| 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | | | |
| 68 | Amount paid with request for extension to file | 68 | | | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | | |
| 71 | Credits from Form: a ☐ 2439 b ☐ 8839 c ☐ 8801 d ☐ 8885 | 71 | | | |
| 72 | Add lines 62, 63, 64a, and 65 through 71. These are your **total payments** ▶ | | | 72 | 6,263 |

## Refund

| Line | Description | Line | Amount |
|---|---|---|---|
| 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you **overpaid** | 73 | 2,967 |
| 74a | Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ | 74a | 2,967 |
| b | Routing number X X X X X X X X X ▶ c Type: ☐ Checking ☐ Savings | | |
| d | Account number X X X X X X X X X X X X X X X X X | | |
| 75 | Amount of line 73 you want applied to your 2012 estimated tax ▶ 75 | | |

Direct deposit? See instructions.

## Amount You Owe

| Line | Description | Line | Amount |
|---|---|---|---|
| 76 | **Amount you owe.** Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| 77 | Estimated tax penalty (see instructions) 77 | | |

## Third Party Designee

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. ☒ No

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

Your signature | Date | Your occupation | Daytime phone number

Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.)

## Paid Preparer Use Only

Preparer's signature | Date 04-30-2014 | Check ☐ if self-employed | PTIN [redacted]

Print/Type preparer's name [redacted]

Firm's name ▶ Firm's EIN ▶ [redacted]

Firm's address ▶ Phone no. [redacted]

EEA

[redacted]

Form **2441** Department of the Treasury Internal Revenue Service (99)

**Child and Dependent Care Expenses**

▶ Attach to Form 1040, Form 1040A, or Form 1040NR.

▶ See separate instructions.

OMB No. 1545-0074

**2011**

Attachment Sequence No. **21**

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ

Your social security number: [redacted]

**Part I — Persons or Organizations Who Provided the Care –** You must complete this part.

(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| [redacted] | | | 2,000 |
| | | | |

Did you receive dependent care benefits? — No → Complete only Part II below. — Yes → Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a, or Form 1040NR, line 58a.

**Part II — Credit for Child and Dependent Care Expenses**

2 Information about your **qualifying person(s).** If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2011 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | | | 2,000 |
| | | | |

3 Add the amounts in column (c) of line 2. **Do not** enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 . . . . . **3** 2,000

4 Enter your **earned income.** See instructions . . . . . **4** 37,999

5 If married filing jointly, enter your spouse's earned income (if your spouse was a student or was disabled, see the instructions); **all others,** enter the amount from line 4 . . . . . **5** 26,767

6 Enter the **smallest** of line 3, 4, or 5 . . . . . **6** 2,000

7 Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37 . . . . . **7** 67,093

8 Enter on line 8 the decimal amount shown below that applies to the amount on line 7

| If line 7 is: Over | But not over | Decimal amount is | If line 7 is: Over | But not over | Decimal amount is |
|---|---|---|---|---|---|
| $0 | 15,000 | .35 | $29,000 | 31,000 | .27 |
| 15,000 | 17,000 | .34 | 31,000 | 33,000 | .26 |
| 17,000 | 19,000 | .33 | 33,000 | 35,000 | .25 |
| 19,000 | 21,000 | .32 | 35,000 | 37,000 | .24 |
| 21,000 | 23,000 | .31 | 37,000 | 39,000 | .23 |
| 23,000 | 25,000 | .30 | 39,000 | 41,000 | .22 |
| 25,000 | 27,000 | .29 | 41,000 | 43,000 | .21 |
| 27,000 | 29,000 | .28 | 43,000 | No limit | .20 |

**8** X. 20

9 Multiply line 6 by the decimal amount on line 8. If you paid 2010 expenses in 2011, see the instructions . . . . . **9** 400

10 Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions . . . . . **10** 4,696

11 **Credit for child and dependent care expenses.** Enter the smaller of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 . . . . . **11** 400

**For Paperwork Reduction Act Notice, see your tax return instructions.** EEA Form **2441** (2011)

[redacted]

Form **1040X**

(Rev. December 2011)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0074

**This return is for calendar year** [X] 2011 [ ] 2010 [ ] 2009 [ ] 2008

**Other year.** Enter one: calendar year or fiscal year (month and year ended):

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |

Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. [redacted] | Your phone number

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).

[redacted] [redacted]

Foreign country name | Foreign province/county | Foreign postal code

**Amended return filing status. You must** check one box even if you are not changing your filing status.
**Caution.** You cannot change your filing status from joint to separate returns after the due date.

[ ] Single [X] Married filing jointly [ ] Married filing separately
[ ] Qualifying widow(er) [ ] Head of household (if the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | 38,280 | 28,813 | 67,093 |
| 2 Itemized deductions or standard deduction | 2 | 8,500 | 3,100 | 11,600 |
| 3 Subtract line 2 from line 1 | 3 | 29,780 | 25,713 | 55,493 |
| 4 Exemptions. **If changing, complete Part I on page 2 and enter the amount from line 30** | 4 | 7,400 | 11,100 | 18,500 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 22,380 | 14,613 | 36,993 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax: TABLES | 6 | 2,749 | 1,947 | 4,696 |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | 1,460 | (60) | 1,400 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 1,289 | 2,007 | 3,296 |
| 9 Other taxes | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 1,289 | 2,007 | 3,296 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (**if changing**, see instructions) | 11 | 4,166 | 2,097 | 6,263 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Refundable credits from [ ] Schedule M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [ ] 8812 [ ] 8839 [ ] 8863 [ ] 8885 or [ ] other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 6,263 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 4,051 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 2,212 |
| 19 **Amount you owe.** If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,084 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount **overpaid** on this return | 20 | | | |
| 21 Amount of line 20 you want **refunded to you** | 21 | | | |
| 22 Amount of line 20 you want **applied to your (enter year):** estimated tax | 22 | | | |

**Complete and sign this form on Page 2.**

For Paperwork Reduction Act Notice, see instructions. EEA Form **1040X** (Rev. 12-2011)

[redacted] [redacted]

Complete this part only if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by a Midwestern disaster in 2008 or 2009.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23 Yourself and spouse. **Caution.** If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 Other dependents | 26 | | | |
| 27 Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending | 28 | 7,400 | 11,100 | 18,500 |
| 29 If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 2 for 2008, or line 6 for 2009 | 29 | | | |
| 30 Add lines 28 and 29. Enter the result here & on line 4 on page 1 of this form | 30 | 7,400 | 11,100 | 18,500 |

31 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|---|
| [redacted] | | | | X |
| | | | | |
| | | | | |
| | | | | |

**Part II Presidential Election Campaign Fund**

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Part III Explanation of changes.** In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

I AM AMENDING THIS TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS TO MARRIED FILING JOINTLY I APOLOGIZED FOR THE INCONVENIENT AND THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER.

**Sign Here**

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ Your signature — Date — ▶ Spouse's signature. If a joint return, both must sign. — Date

**Paid Preparer's Use Only**

▶ Preparer's signature — 04-30-2014 Date [redacted]

[redacted]

PTIN — Phone number — EIN



[redacted]

## Instructions for Employee

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 8.** This amount is **not** included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

Unless you have records that show you did not receive the amount reported in box 8 as allocated tips, you must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report the allocated tip amount. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $16,500 ($11,500 if you only have SIMPLE plans; $19,500 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $16,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2011, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

A--Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

B--Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

C--Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

D--Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

E--Elective deferrals under a section 403(b) salary reduction agreement

F--Elective deferrals under a section 408(k)(6) salary reduction SEP

G--Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

H--Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

J--Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

K--20% excise tax on excess golden parachute payments. See "Total Tax" in the Form 1040 instructions.

L--Substantiated employee business expense reimbursements (nontaxable)

M--Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

N--Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

P--Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

Q--Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

R--Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

S--Employee salary reduction contributions under a section 408(p) SIMPLE (not included in box 1)

T--Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

V--Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

W--Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y--Deferrals under a section 409A nonqualified deferred compensation plan

Z--Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Total Tax" in the Form 1040 instructions.

AA--Designated Roth contributions under a section 401(k) plan

BB--Designated Roth contributions under a section 403(b) plan

DD--Cost of employer-sponsored health coverage. **The amount reported with Code DD is not taxable.**

EE--Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Note.** Keep **Copy C** of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help **protect your social security benefits,** keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year. Compare the Social Security wages and the Medicare wages to the information shown on your annual (for workers over 25) Social Security Statement.

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2011 if (a) you do not have a qualifying child and you earned less than $13,660 ($18,740 if married filing jointly), (b) you have one qualifying child and you earned less than $36,052 ($41,132 if married filing jointly), (c) you have two qualifying children and you earned less than $40,964 ($46,044 if married filing jointly), or (d) you have three or more qualifying children and you earned less than $43,998 ($49,078 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,150. **Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.**

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at www.socialsecurity.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in Box 12, using Code DD, of the cost of employer-sponsored health coverage is for your information only. **The amount reported with Code DD is not taxable.**

**Credit for excess taxes.** If you had more than one employer in 2011 and more than $4,485.90 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,088.80 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

**Form W-2 Wage and Tax Statement 2011**
**Copy C--For EMPLOYEE'S RECORDS.**
OMB No. 1545-0008
Department of the Treasury -- Internal Revenue Service 36-2089803
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

| | | | | |
|---|---|---|---|---|
| Employer's name, address, and ZIP code<br>Viking Yacht Company Inc.<br>[redacted] | | | 1 Wages, tips, other comp.<br>35281.10 | 2 Fed income tax withheld<br>3988.37 |
| | | | 3 Social security wages<br>35281.10 | 4 Soc. sec. tax withheld<br>1481.81 |
| Control number [redacted] | Employer EIN [redacted] | | 5 Medicare wages and tips<br>35281.10 | 6 Medicare tax withheld<br>511.58 |
| Jose S Sanchez<br>[redacted] | | | 7 Social security tips | 8 Allocated tips |
| | | | 9 | 10 Dependent care benefits |
| Employee's name, address, and ZIP code | | | 11 Nonqualified plans | 12a |
| 15 St. / Employer's state ID number<br>NJ [redacted] | 16 State wages, tips, etc.<br>35281.10 | 17 State income tax<br>664.34 | | 12b |
| | | | 13 Statutory employee / Retirement plan / Third-party sick pay | 12c |
| | | | | 12d |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | 14 NJ UI/HC/WD 125.87 NJ FLI 17.71<br>NJ DI 148.01 | |
| | | | Employee's SSN [redacted] | |

[redacted]

[redacted] M.D.
[redacted] M.D.
HEALTH MED ASSOCIATES, P.C.
[redacted], NJ [redacted]
(609) [redacted]

-84-

*Department of*
*Homeland Security*
*U.S Citizenship And*
*Immigrations Services*

SANCHEZ, JOSE S

HEALTH MED ASSOCIATES, INC.
[redacted] AVE.
[redacted] N.J. [redacted]
(609) [redacted]

# Notice of Entry of Appearance as Attorney or Accredited Representative

**Department of Homeland Security**

**DHS Form G-28**
OMB No. 1615-0105
Expires 02/29/2016

## Part 1. Information About Attorney or Accredited Representative

Name and Address of Attorney or Accredited Representative

1.a. Family Name (*Last Name*): Aparisi

1.b. Given Name (*First Name*): Jaime

1.c. Middle Name: Winthuysen

2. Name of Law Firm or Recognized Organization: Jaime Winthuysen Aparisi & Associates, LLC

3. Name of Law Student or Law Graduate:

4. State Bar Number: [redacted]

5.a. Street Number: [redacted]

5.b. Street Name: [redacted]

5.c. Apt. ☐ Ste. ☒ Flr. ☐ [redacted]

5.d. City or Town: [redacted]

5.e. State: [redacted] 5.f. Zip Code: [redacted]

5.g. Postal Code:

5.h. Province:

5.i. Country: United States

6. Daytime Phone Number: [redacted]

7. E-Mail Address of Attorney or Accredited Representative: [redacted]

## Part 2. Eligibility Information For Attorney or Accredited Representative

(Check applicable items(s) below)

1. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following State(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia.

1.a. Maryland & D.C. Court of Appeals

1.b. I (*choose one*) ☒ *am not* ☐ *am* subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law. (If you are subject to any order(s), explain fully in the space below.)

1.b.1.

2. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals pursuant to 8 CFR 292.2. Provide the name of the organization and the expiration date of accreditation.

2.a. Name of Recognized Organization

2.b. Date Accreditation expires (*mm/dd/yyyy*) ►

3. ☐ I am associated with

3.a.

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request. If you check this item, also complete **number 1 (1.a. - 1.b.1.) or number 2 (2.a. - 2.b.) in Part 2** (*whichever is appropriate*).

4. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2)(iv).

**Part 3. Notice of Appearance as Attorney or Accredited Representative**

**This appearance relates to immigration matters before (select one):**

1. [X] USCIS - List the form number(s)

1.a. I-485

2. [ ] ICE - List the specific matter in which appearance is entered

2.a.

3. [ ] CBP - List the specific matter in which appearance is entered

3.a.

**I hereby enter my appearance as attorney or accredited representative at the request of:**

4. **Select only one:** [X] Applicant [ ] Petitioner [ ] Respondent (ICE, CBP)

**Name of Applicant, Petitioner, or Respondent**

5.a. Family Name *(Last Name)* Sanchez

5.b. Given Name *(First Name)* Jose

5.c. Middle Name Santos

5.d. Name of Company or Organization, if applicable

**NOTE:** Provide the mailing address of Petitioner, Applicant or Respondent and not the address of the attorney or accredited representative, **except when a safe mailing address is permitted** on an application or petition filed with Form G-28.

6.a. Street Number and Name [redacted]

6.b. Apt. [X] Ste. [ ] Flr. [ ] [redacted]

6.c. City or Town [redacted]

6.d. State [redacted] 6.e. Zip Code [redacted]

7. Provide A-Number and/or Receipt Number

[redacted]

Pursuant to the Privacy Act of 1974 and DHS policy, I hereby consent to the disclosure to the named Attorney or Accredited Representative of any record pertaining to me that appears in any system of records of USCIS, ICE, or CBP.

8.a. Signature of Applicant, Petitioner, or Respondent

8.b. Date *(mm/dd/yyyy)* ►

**Part 4. Signature of Attorney or Accredited Representative**

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1. Signature of Attorney or Accredited Representative

2. Signature of Law Student or Law Graduate

3. Date *(mm/dd/yyyy)* ►

**Part 5. Additional Information**

1.



[redacted]

## Certification of Documents

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form G-24**
Internal Use

# United States of America

**Department of Homeland Security**

**U.S. Citizenship and Immigration Services**

03/07/2017
Date *(mm/dd/yyyy)*

## Certification of Documents

(Originals or Copies thereof)

**BY VIRTUE OF** the authority vested in me by Title 8, Code of Federal Regulations, Part 103 of the Immigration and Nationality Act (INA), and Title IV, Subtitle E, Section 451 and Section 456 of the Homeland Security Act of 2002,

**I HEREBY CERTIFY** that the annexed documents are originals, or copies thereof, from the records of U.S. Citizenship and Immigration Service, Department of Homeland Security, which the Secretary is the legal custodian by virtue of Section 103 of the Immigration and Nationality Act. These documents relate to:

Subject: Sonia Gonzalez

Also known as (aka):

File and/or Certificate Number: [redacted]

Number of Pages Copied: 45

**Annotations**

(Signature of Authorized Person)

Gareth Canaan, Section Chief
(Print Name and Title of Authorized Person)

Nebraska Service Center
(Office of Authorized Person)

February 8, 2017

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

SONIA GONZALEZ
[redacted]
US

[redacted]

[redacted]

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

## DECISION

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

INA 203(d) states, in pertinent part:

> A spouse or child as defined in subparagraph (A), (B), (C), (D), or (E) of section 101(b)(1) shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a), (b), or (c), be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent.

The record establishes that your adjustment application is dependent on the application of Jose Santos Sanchez, your spouse, also filed on June 7, 2014. The record in that matter establishes that your spouse's adjustment application has been denied. Therefore, there is no basis on which to grant accompanying or following-to-join status to a dependent spouse or child.

In *Matter of Tanahan,* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. Because that establishment has not been made here, your application must be, and hereby is, denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under "Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC) at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

February 8, 2017

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOCIATE
[redacted]
US

[redacted]

[redacted]

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

INA 203(d) states, in pertinent part:

> A spouse or child as defined in subparagraph (A), (B), (C), (D), or (E) of section 101(b)(1) shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a), (b), or (c), be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent.

The record establishes that your adjustment application is dependent on the application of Jose Santos Sanchez, your spouse, also filed on June 7, 2014. The record in that matter establishes that your spouse's adjustment application has been denied. Therefore, there is no basis on which to grant accompanying or following-to-join status to a dependent spouse or child.

In *Matter of Tanahan,* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. Because that establishment has not been made here, your application must be, and hereby is, denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under "Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC)

at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

November 7, 2016

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

[redacted]

[redacted]

SONIA GONZALEZ
[redacted]
US

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

On June 7, 2014 you filed Form I-485, Application to Register Permanent Residence or Adjust Status. USCIS denied your application on March 11, 2015. USCIS now moves to reopen the matter.

After a complete review of the record of proceeding, USCIS has decided that your application should be reopened, and restored to pending status.

ORDER: IT IS ORDERED that the application be reopened and restored to pending status.

You filed your adjustment application as a derivative spouse. A final decision regarding your application will be made once a decision is made on the adjustment application filed by your spouse.

You are eligible to apply for an Employment Authorization Document (EAD) or an advance parole (travel) document based on the pending status of your Form I-485. Please inform USCIS promptly if you have a change of address. Information on EADs, advance parole documents, address changes, immigration Forms, and other resources are available online at the official USCIS website, www.uscis.gov.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

November 7, 2016

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]
US

[redacted]

[redacted]

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

On June 7, 2014 you filed Form I-485, Application to Register Permanent Residence or Adjust Status. USCIS denied your application on March 11, 2015. USCIS now moves to reopen the matter.

After a complete review of the record of proceeding, USCIS has decided that your application should be reopened, and restored to pending status.

ORDER: IT IS ORDERED that the application be reopened and restored to pending status.

You filed your adjustment application as a derivative spouse. A final decision regarding your application will be made once a decision is made on the adjustment application filed by your spouse.

You are eligible to apply for an Employment Authorization Document (EAD) or an advance parole (travel) document based on the pending status of your Form I-485. Please inform USCIS promptly if you have a change of address. Information on EADs, advance parole documents, address changes, immigration Forms, and other resources are available online at the official USCIS website, www.uscis.gov.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

March 5, 2015

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

[redacted]

[redacted]

SONIA GONZALEZ
[redacted]
US

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

INA 203(d) states, in pertinent part:

> A spouse or child as defined in subparagraph (A), (B), (C), (D), or (E) of section 101(b)(1) shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a), (b), or (c), be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent.

The record establishes that your adjustment application is dependent on the application of Jose Sanchez, your spouse, also filed on June 4, 2014. The record in that matter establishes that your spouse's adjustment application has been denied. Therefore, there is no basis on which to grant accompanying or following-to-join status to a dependent spouse or child.

In addition, INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states in pertinent part that adjustment of status shall not be applicable to…

> (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through

no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; ...

(7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or

(8) any alien who was employed while the alien was an unauthorized alien.

Accordingly, Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part that aliens restricted from adjusting status includes:

(6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a legal status since entry into the United States ...

(9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and

(10) Any alien who was ever employed in the United States without authorization of the Service.

In your response to USCIS' request for additional evidence, received on February 20, 2015, you suggested that any alien who has been accorded temporary protected status (TPS) could have all of the above bars to his or her adjustment of status removed merely by leaving the United States for a moment and then being paroled back in. You wrote that USCIS' statement that "TPS is not a nonimmigrant status" is in error and you cited INA 244(f)(4) as basis for your assertion. However, a careful reading of that statute finds that it does not confer a nonimmigrant status upon every holder of TPS but rather states that for purposes of adjustment of status such an alien "shall be *considered* as being in, and maintaining, lawful status as a nonimmigrant." (Emphasis added.) 8 CFR Part 214(a) lists the nonimmigrant classes and TPS is not one of them.

Clarification is provided by 8 CFR Part 212.5(e)(2)(ii) which states that "an alien who is granted parole into the United States after . . . 1986 for other than the specific purpose of applying for adjustment of status under section 245A of the Act shall not be permitted to avail him or herself of the privilege of adjustment thereunder." This regulation goes on to state that "failure to abide by this provision through making such an application will subject the alien to termination of parole status and institution of proceedings."

Given that by statute the parole of an alien shall not be regarded as an admission of the alien, the record indicates that you have never been admitted into the United States. It indicates that while you have lived in the United States for many years, you have never done so in what the regulations recognize as a lawful nonimmigrant status. It indicates that you have worked in the United States, in the aggregate, for over ten months without employment authorization. Finally, because the record establishes that in August of 2011 you were paroled into the United States only for TPS, 8 CFR Part 212.5(e)(2)(ii), *supra*, specifically bars you from the privilege of adjustment under INA 245.

It is noted that one requirement for the relief provided under INA 245(k) is evidence of a lawful admission into the United States, and you have acknowledged that you are not eligible for benefits under INA 245(i). The evidence thus makes no indication that either of these sections of law are

applicable in your case.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of the above, it must be concluded that such an establishment has not been made in this case and therefore your application must be, and hereby is, denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under "Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC) at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

March 5, 2015

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]
US

[redacted]

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

[redacted]

**DECISION**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

INA 203(d) states, in pertinent part:

> A spouse or child as defined in subparagraph (A), (B), (C), (D), or (E) of section 101(b)(1) shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a), (b), or (c), be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent.

The record establishes that your adjustment application is dependent on the application of Jose Sanchez, your spouse, also filed on June 4, 2014. The record in that matter establishes that your spouse's adjustment application has been denied. Therefore, there is no basis on which to grant accompanying or following-to-join status to a dependent spouse or child.

In addition, INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states in pertinent part that adjustment of status shall not be applicable to…

> (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date

of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; ...

> (7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or
>
> (8) any alien who was employed while the alien was an unauthorized alien.

Accordingly, Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part that aliens restricted from adjusting status includes:

> (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a legal status since entry into the United States ...
>
> (9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and
>
> (10) Any alien who was ever employed in the United States without authorization of the Service.

In your response to USCIS' request for additional evidence, received on February 20, 2015, you suggested that any alien who has been accorded temporary protected status (TPS) could have all of the above bars to his or her adjustment of status removed merely by leaving the United States for a moment and then being paroled back in. You wrote that USCIS' statement that "TPS is not a nonimmigrant status" is in error and you cited INA 244(f)(4) as basis for your assertion. However, a careful reading of that statute finds that it does not confer a nonimmigrant status upon every holder of TPS but rather states that for purposes of adjustment of status such an alien "shall be *considered* as being in, and maintaining, lawful status as a nonimmigrant." (Emphasis added.) 8 CFR Part 214(a) lists the nonimmigrant classes and TPS is not one of them.

Clarification is provided by 8 CFR Part 212.5(e)(2)(ii) which states that "an alien who is granted parole into the United States after . . . 1986 for other than the specific purpose of applying for adjustment of status under section 245A of the Act shall not be permitted to avail him or herself of the privilege of adjustment thereunder." This regulation goes on to state that "failure to abide by this provision through making such an application will subject the alien to termination of parole status and institution of proceedings."

Given that by statute the parole of an alien shall not be regarded as an admission of the alien, the record indicates that you have never been admitted into the United States. It indicates that while you have lived in the United States for many years, you have never done so in what the regulations recognize as a lawful nonimmigrant status. It indicates that you have worked in the United States, in the aggregate, for over ten months without employment authorization. Finally, because the record establishes that in August of 2011 you were paroled into the United States only for TPS, 8 CFR Part 212.5(e)(2)(ii), *supra*, specifically bars you from the privilege of adjustment under INA 245.

It is noted that one requirement for the relief provided under INA 245(k) is evidence of a lawful admission into the United States, and you have acknowledged that you are not eligible for benefits

under INA 245(i). The evidence thus makes no indication that either of these sections of law are applicable in your case.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of the above, it must be concluded that such an establishment has not been made in this case and therefore your application must be, and hereby is, denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under "Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC) at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

495

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

November 28, 2014

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
[redacted]
US

[redacted]

[redacted]

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

**REQUEST FOR EVIDENCE**

The documentation submitted is not sufficient to warrant favorable consideration of your petition/application.

**See Letter for Details**
**Your response must be received in this office by February 20, 2015**

Your case is being held in this office pending your response. Within this period you may:

1. Submit all of the evidence requested;
2. Submit some or none of the evidence requested and ask for a decision based upon the record; or
3. Withdraw the application or petition. (It is noted if you request the application or petition be withdrawn, the filing fee cannot be refunded.)

You must submit all of the evidence at one time. Submission of only part of the evidence requested will be considered a request for a decision based on the record. No extension of the period allowed to submit evidence will be granted. If the evidence submitted does not establish that your case was approvable at the time it was filed, it can be denied.

If you do not respond to this request within the time allowed, your case will be considered abandoned and denied. Evidence received in this office after the due date may not be considered.

If you submit a document in any language other than English, it must be accompanied by a full **complete** English translation. The translator must certify the translation is accurate and he or she is competent to translate. Note: You must submit the requested foreign language document along with the translation.

FEB 20 2015 3317

1) Please submit a fully completed Form G-325A. The form which you submitted reported neither your last address abroad nor your last employment abroad.

2) Please submit a copy of your marriage certificate.

3) Are you eligible for the benefits of INA section 245(i)? __________ If so, please submit evidence of this.

4) Were you ever inspected and admitted into the United States? _____________ If so, please submit evidence of this. (By statute, being paroled into the United States is not regarded as an admission.)

5) Please submit evidence which establishes that on the filing date of your application you were in a lawful nonimmigrant status. (TPS is not a nonimmigrant status.)

6) Please submit evidence of your employment authorization from September 9, 2003 until December 3, 2002; from March 9, 2005 until May 17, 2005; from September 9, 2006 until December 5, 2006; and from September 30, 2007 until October 24, 2007.

7) Have you ever been in a lawful nonimmigrant status? ___________ (Again, TPS is not a nonimmigrant status.) If so, please report the dates that you held such status and submit evidence of this.

**PLACE THIS ENTIRE LETTER ON TOP OF YOUR RESPONSE. SUBMISSION OF EVIDENCE WITHOUT THIS LETTER WILL DELAY PROCESSING OF YOUR CASE AND MAY RESULT IN A DENIAL. PLEASE USE THE ENCLOSED ENVELOPE TO MAIL THE ADDITIONAL EVIDENCE REQUESTED BACK TO THIS OFFICE.**

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

# JAIME WINTHUYSEN APARISI & ASSOCIATES, L.L.C.

[redacted]

www.aparisi.com

**Jaime Winthuysen Aparisi***
*Admitted in Maryland & DC
jaime@aparisi.com

**Yusuf R. Ahmad****
**Admitted in Virginia
yusuf@aparisi.com

**Zachary Abraham Kohn*****
***Admitted in Maryland
zachary@aparisi.com


February 19, 2015

**VIA FEDERAL EXPRESS**
USCIS Nebraska Service Center
850 S. Street
Lincoln, NE 68508

**REQUEST FOR EVIDENCE**

**RE: Sonia Gonzalez –** [redacted]

Per the enclosed USCIS Request For Evidence, the applicant named above responds as follows. The responses below are numbered according to the corresponding request made by USCIS.

1) Enclosed please find a fully completed Form G-325A.

2) Enclosed please find a copy of applicant's marriage certificate.

3, 4, 5, 6 & 7) The applicant is not eligible for benefits under INA § 245(i) but is eligible to adjust pursuant to INA § 245(a) as she was paroled into the United States on August 18, 2011 and INA § 245(a) states "an alien who was inspected and admitted *or paroled* into the United States." As the applicant was paroled he is eligible for adjustment pursuant to INA § 245(a).

The Request for Evidence erroneously states that TPS is not a nonimmigrant status and requests that applicant submit evidence of being in a lawful nonimmigrant status. For purposes of adjustment of status, the applicant is in a lawful nonimmigrant status as INA § 244(f)(4) states that one of the benefits of TPS is that:

> (4) for purposes of adjustment of status under section 245 and change of status under section 248, the alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant.

Therefore, applicant is currently in a lawful nonimmigrant status for purposes of adjustment of status. In addition, pursuant to INA §245(k), applicant's employment history should only be considered since her last entry of August 18, 2011. As applicant

has maintained TPS and had employment authorization since his last entry she is eligible to adjust status pursuant to INA § 245(a).

Thank you for your time and prompt attention to this matter.

Sincerely,

Jaime Winthuysen Aparisi

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | ☐ Male ☒ Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| Gonzalez | Sonia | | Female | [redacted] | El Salvador | A [redacted] |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security # (if any) |
|---|---|---|
| N/A | San Miguel El Salvador | [redacted] |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | N/A | N/A | | | |
| Mother (Maiden Name) | Gonzalez | Santos | [redacted]? | San Miguel, El Salvador | San Miguel. El Salvador |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| Sanchez | Jose | [redacted] | Cacaopera, El Salvador | 10/31/2006 | Atlantic City. NJ, U.S. |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**Applicant's residence last five years. List present address first.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | United States | Feb | 2004 | Present Time | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| Tecometal | San Miguel | | El Salvador | 03 | 1968 | 03 | 1998 |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|
| Borgata Casino, Atlantic City, New Jersey | Housekeeper | Jun | 2003 | Present Time | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| | | | | | |
|---|---|---|---|---|---|
| Minesteria de Salud Publica, El Salvador | Orderly | | 1980 | | 1987 |

This form is submitted in connection with an application for:
☐ Naturalization ☐ Other (Specify):
☒ Status as Permanent Resident

**Signature of Applicant** S Gonzalez **Date**

If your native alphabet is in other than Roman letters, write your name in your native alphabet below:

**Penalties: Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.**

**Applicant: Print your name and Alien Registration Number in the box outlined by heavy border below.**

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| Gonzalez | Sonia | | A [redacted] |

Form G-325A (Rev. 02/07/13)Y

STATE OF NEW JERSEY

F0000086628

# CERTIFICATE OF MARRIAGE

Name of Groom *(First, Middle, Last)*: JOSE SANTOS SANCHEZ

Maiden Name of Bride *(First, Middle, Last)*: SONIA GONZALEZ

Date of Marriage *(Month/Day/Year)*: OCTOBER 31, 2006

Place of Marriage *(City/County)*: ATLANTIC CITY, ATLANTIC

File Number: N/A

Date Filed: 11/1/06

*Date Amended (if applicable)*: N/A

Date Issued: 11/16/06

Issued By: CITY OF ATLANTIC CITY, BUREAU OF VITAL STATISTICS

DENISE WORTHY, CMR

This is to certify that the above is correctly copied from a record on file in my office.

*Certified copy not valid unless the raised Great Seal of the State of New Jersey or the seal of the issuing municipality or county, is affixed hereon.*

REG-42F
JAN 04

Joseph A. Komosinski

Joseph A. Komosinski, State Registrar
Bureau of Vital Statistics

SECURITY FEATURES TO DETER FRAUD; VOID IF ALTERED

Department of Homeland Security
U.S. Citizenship and Immigration Services

**of an Alien Into the United States**

| (Family Name) | (Given Name) | (Middle Initial) | Date Issued |
|---|---|---|---|
| | | | **June 20, 2011** |
| **GONZALEZ, SONIA** | | | A# [redacted] [redacted] |

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| [redacted] | **EL SALVADOR** | | | |

| U.S. Address (Apt number and/or in care of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|
| [redacted] | | | | |

**TRAVEL AUTHORIZATION:** Presentation of the original of this document authorizes a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act (INA) for bringing an alien who does not have a visa.

**PAROLE:** The named bearer of this authorization has been granted Temporary Protected Status (TPS) pursuant to Section 244 of the INA. The named bearer departed the United States temporarily and intends to return to the United States to resume his or her TPS. Presentation of the original of this document prior to **March 09, 2012** allows a Customs and Border Protection (CBP) Inspector at a port-of-entry to parole the named bearer, whose photograph appears hereon, into the United States based upon urgent humanitarian reasons or significant public benefit. **This authorization is valid for multiple applications for parole into the United States during the validity period noted above.** Each parole period shall not exceed one year from the date of parole at the port-of-entry.

**X** Approved

Conditions/comments:

**NOTICE - READ BEFORE YOU TRAVEL ABROAD**

**Parole is not admission into the United States.** Presentation of this authorization will allow a CBP Inspector at a port-of-entry to parole you into the United States, which will allow you to resume your TPS. Parole is not an "admission," so even after your parole you will remain an "applicant for admission." If you are found inadmissible, you will need to apply and qualify for a waiver of inadmissibility. If your waiver application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act.

**Parole into the United States is not guaranteed**. In all cases, you are still subject to immigration inspection at a port-of-entry to determine whether you are eligible to come into the United States via the terms of this document. Even if you have previously been granted parole, the Department of Homeland Security retains discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States.

**Travel Warning Regarding Unlawful Presence.** If you have been unlawfully present in the United States, you may want to ask an immigration attorney or a representative at an immigrant assistance organization accredited by the Board of Immigration Appeals (BIA) whether leaving the United States would make you inadmissible and therefore ineligible for adjustment of status. Under section 212(a)(9)(B)(i) of the Act, aliens who depart the United States after being unlawfully present in the United States for certain periods may become subject to new or additional grounds of inadmissibility because of their travel abroad. If you were unlawfully present in the United States for more than 180 days after April 1, 1997, you may be found inadmissible when you return to the United States. If you were unlawfully present in the United States for more than 180 days but less than one year after April 1, 1997 and then departed voluntarily before the start of removal proceedings, you are inadmissible for three years. If you were unlawfully present for one year or more after April 1, 1997 and then departed, you are inadmissible for ten years. **Obtaining advance authorization for parole will not relieve you of inadmissibility under 212(a)(9)(B)(i).**

**Inadmissibility in general.** If you have concerns about admissibility and waivers you should contact an immigration attorney or an immigrant assistance organization accredited by the BIA before making foreign travel plans.

DMRenaud

Daniel M. Renaud

NO ACTION REQUIRED

Vermont Service Center
75 Lower Welden Street
St. Albans, Vermont 05479-0001

(Authorizing Office)

**Parole Stamp**



DEPARTMENT OF HOMELAND SECURITY
PAROLED
Until 09 MAR 2012
Purpose TPS
08-18-11 HOU 1725
36503
U.S. DEPARTMENT OF HOMELAND SECURITY

Form I-512L (Rev. 08/31/05)Y

▶▶▶ Pull to open.

FedEx Express

202 1
16.00
2644
02 20

Your Label(s)

2/19/2015

From: [redacted]
Jaime A[redacted]
ATTORNEY AT LAW
8630 FENTON STREET, SUITE 832

SILVER SPRING, MD 20910

Origin ID: NHKA

FedEx Express

E

Ship Date: 19FEB15
ActWgt: 1.0 LB
CAD: 101147689/INET3610

Delivery Address Bar Code

SHIP TO: (800) 375-5283 BILL SENDER
Nebraska Service Center
USCIS
850 S ST

LINCOLN, NE 68508

Ref # Jose Santos Sanchez
Invoice #
PO #
Dept #

RKE②

FRI - 20 FEB AA
STANDARD OVERNIGHT

TRK# 7729 5193 2644
0201

XX LNKA

68508
NE-US
OMA

◀ Insert shipping document here.

-20-

OMB No. 1615-0023; Expires 06/30/15

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-485, Application to Register Permanent Residence or Adjust Status

**START HERE - Type or Print** (Use black ink)

**For USCIS Use Only**

## Part 1. Information About You

| Family Name *(Last Name)* | Given Name *(First Name)* | Middle Name |
|---|---|---|
| Gonzalez | Sonia | |

Address - Street Number and Name: [redacted] Apt. No.: [redacted]

C/O *(in care of)*:

City: [redacted] State: [redacted] ZIP Code: [redacted]

Date of Birth *(mm/dd/yyyy)*: [redacted]
Country of Birth: El Salvador

Country of Citizenship/Nationality: El Salvador
U.S. Social Security No. *(if any)*: [redacted]
A-Number *(if any)*: [redacted]

Date of Last Arrival *(mm/dd/yyyy)*: 08/18/2011
I-94 Number:

Current USCIS Status: TPS
Expires on *(mm/dd/yyyy)*: 03/09/2015

## Part 2. Application Type *(Check one)*

**I am applying for an adjustment to permanent resident status because:**

a. [X] An immigrant petition giving me an immediately available immigrant visa number that has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

per record

b. [ ] My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. [ ] I entered as a K-1 fiancé(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate.)

d. [ ] I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. [ ] I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

f. [ ] I am the husband, wife, or minor unmarried child of a Cuban described above in (e), and I am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

g. [ ] I have continuously resided in the United States since before January 1, 1972.

h. [ ] Other basis of eligibility. Explain (for example, I was admitted as a refugee, my status has not been terminated, and I have been physically present in the United States for 1 year after admission). If additional space is needed, see **Page 3** of the instructions.

PA: 940355 [illegible]

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:** *(Check one)*

i. [ ] I am a native or citizen of Cuba and meet the description in (e) above.

j. [ ] I am the husband, wife, or minor unmarried child of a Cuban and meet the description in (f) above.

---

**For USCIS Use Only**

Returned | Receipt

Resubmitted

Reloc Sent

Reloc Rec'd

Applicant Interviewed

APP I485
06/04/2014

**Section of Law**
- [ ] Sec. 209(a), INA
- [ ] Sec. 209(b), INA
- [ ] Sec. 13, Act of 9/11/57
- [X] Sec. 245, INA
- [ ] Sec. 249, INA
- [ ] Sec. 1 Act of 11/2/66
- [ ] Sec. 2 Act of 11/2/66
- [ ] Other

2-19-02
N
991

**Country Chargeable**
El Salvador

**Eligibility Under Sec. 245**
- [ ] Approved Visa Petition
- [X] Dependent of Principal Alien
- [ ] Special Immigrant
- [ ] Other

**Preference** E39

**Action Block**

U.S. Department of Homeland Security
DENIED
MAR 10 2015
Citizenship and Immigration Services

**To be Completed by Attorney or Representative, if any**
[X] Fill in box if Form G-28 is attached to represent the applicant.

VOLAG No

ATTY State License No.
012323

Form I-485 (Rev. 06/20/13) Y

[redacted]

## Part 3. Processing Information

**A.** City/Town/Village of Birth: San Miguel

Current Occupation: Housekeeper

Your Mother's First Name: Santos

Your Father's First Name: N/A

Give your name exactly as it appears on your Form I-94, Arrival-Departure Record:

Place of Last Entry Into the United States *(City/State)*: Houston, Texas

In what status did you last enter? *(Visitor, student, exchange visitor, crewman, temporary worker, without inspection, etc.)*: TPS - Advance Parole

Were you inspected by a U.S. Immigration Officer? Yes [X] No [ ]

Nonimmigrant Visa Number: N/A

Consulate Where Visa Was Issued:

Date Visa Issued *(mm/dd/yyyy)*:

Gender: [ ] Male [X] Female

Marital Status: [X] Married [ ] Single [ ] Divorced [ ] Widowed

Have you ever applied for permanent resident status in the U.S.? [ ] Yes *(If "Yes" give date and place of filing and final disposition.)* [X] No

**B.** List your present spouse and all of your children (include adult sons and daughters). (If you have none, write "None." If additional space is needed, see **Page 3** of the instructions.)

| Family Name *(Last Name)* | Given Name *(First Name)* | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| Sanchez | Jose | S | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Spouse | 094-035-150 | Yes [X] No [ ] |
| **Family Name *(Last, Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| Sanchez Gonzalez | Henry | G | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last, Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| Sanchez Gonzalez | Arexs | A | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last, Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| Sanchez Gonzalez | Luis | J | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last, Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| [redacted] | [redacted] | | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| United States | Son | | Yes [ ] No [X] |

## Part 3. Processing Information *(Continued)*

C. List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include **any military service** in this part. If none, write "None." Include the name of each organization, location, nature, and dates of membership. If additional space is needed, attach a separate sheet of paper. Continuation pages must be submitted according to the guidelines provided on **Page 3** of the instructions under **General Instructions.**

| Name of Organization | Location and Nature | Date of Membership From | Date of Membership To |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Answer the following questions. (If your answer is **"Yes"** to any question, explain on a separate piece of paper. Continuation pages must be submitted according to the guidelines provided on **Page 3** of the instructions under **General Instructions**. Information about documentation that must be include with your application is also provide in this section.) Answering **"Yes"** does not necessarily mean that you are not entitled to adjust status or register for permanent residence.

1. Have you **EVER**, in or outside the United States:
   - a. Knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? Yes ☐ No ☒
   - b. Been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? Yes ☐ No ☒
   - c. Been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency, or similar action? Yes ☐ No ☒
   - d. Exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? Yes ☐ No ☒
2. Have you received public assistance in the United States from any source, including the U.S. Government or any State, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? Yes ☐ No ☒
3. Have you **EVER**:
   - a. Within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? Yes ☐ No ☒
   - b. Engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? Yes ☐ No ☒
   - c. Knowingly encouraged, induced, assisted, abetted, or aided any alien to try to enter the United States illegally? Yes ☐ No ☒
   - d. Illicitly trafficked in any controlled substance, or knowingly assisted, abetted, or colluded in the illicit trafficking of any controlled substance? Yes ☐ No ☒
4. Have you **EVER** engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity? Yes ☐ No ☒



[redacted]

## Part 3. Processing Information *(Continued)*

17. Have you **EVER** assisted or participated in selling or providing weapons to any person who to your knowledge used them against another person, or in transporting weapons to any person who to your knowledge used them against another person? Yes ☐ No ☒

18. Have you **EVER** received any type of military, paramilitary, or weapons training? Yes ☐ No ☒

## Part 4. Accommodations for Individuals With Disabilities and/or Impairments *(See Page 7 of the instructions before completing this section.)*

Are you requesting an accommodation because of your disability(ies) and/or impairment(s)? Yes ☐ No ☒

If you answered "Yes," check any applicable box:

☐ **a.** I am deaf or hard of hearing and request the following accommodation(s) (if requesting a sign-language interpreter, indicate which language (e.g., American Sign Language)):

☐ **b.** I am blind or sight-impaired and request the following accommodation(s):

☐ **c.** I have another type of disability and/or impairment (describe the nature of your disability(ies) and/or impairment(s) and accommodation(s) you are requesting):

## Part 5. Signature *(Read the information on penalties on **Page 8** of the instructions before completing this section. You must file this application while in the United States.)*

### Your Registration With U.S. Citizenship and Immigration Services

"I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (INA), as an alien who has been or will be in the United States for more than 30 days, I am required to register with U.S. Citizenship and Immigration Services (USCIS). I understand and acknowledge that, under section 265 of the INA, I am required to provide USCIS with my current address and written notice of any change of address within 10 days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested, and removed from the United States."

### Selective Service Registration

**The following applies to you if you are a male at least 18 years of age, but not yet 26 years of age, who is required to register with the Selective Service System:** "I understand that my filing Form I-485 with U.S. Citizenship and Immigration Services (USCIS) authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth, and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached 26 years of age."



[redacted]

## Part 5. Signature *(Continued)*

### Applicant's Statement *(Check one)*

☐ I can read and understand English, and I have read and understand each and every question and instruction on this form, as well as my answer to each question.

☒ Each and every question and instruction on this form, as well as my answer to each question, has been read to me in the Spanish language, a language in which I am fluent, by the person named in **Interpreter's Statement and Signature.** I understand each and every question and instruction on this form, as well as my answer to each question.

I certify, under penalty of perjury under the laws of the United States of America, that the information provided with this application is all true and correct. I certify also that I have not withheld any information that would affect the outcome of this application.

I authorize the release of any information from my records that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| **Signature** *(Applicant)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Daytime Phone Number *(include area code)* |
|---|---|---|---|
| SGonzalez | Sonia Gonzalez | 06/02/14 | [redacted] |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested benefit, and this application may be denied.*

### Interpreter's Statement and Signature

I certify that I am fluent in English and the below-mentioned language.

**Language Used** *(language in which applicant is fluent)*

Spanish

I further certify that I have read each and every question and instruction on this form, as well as the answer to each question, to this applicant in the above-mentioned language, and the applicant has understood each and every instruction and question on the form, as well as the answer to each question.

| **Signature** *(Interpreter)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Zachary Kohn | 06/02/2014 | [redacted] |

## Part 6. Signature of Person Preparing Form, If Other Than Above

**I declare that I prepared this application at the request of the above applicant, and it is based on all information of which I have knowledge.**

| **Signature** | Print Your Full Name | Date *(mm/dd/yyyy)* | Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Jaime Winthuysen Aparisi | 06/02/14 | [redacted] |

Firm Name and Address

Jaime Winthuysen Aparisi & Associates, LLC
[redacted]

E-Mail Address *(if any)*

[redacted]



[redacted]

Department of Homeland Securit
U.S. Citizenship and Immigration Serv

# I-797, Notice of Action

THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE I140 IMMIGRANT PETITION FOR ALIEN WORKER |
|---|---|---|
| RECEIPT DATE September 19, 2006 | PRIORITY DATE February 19, 2002 | PETITIONER VIKING YACHTS INC |
| NOTICE DATE July 23, 2007 | PAGE 1 of 1 | BENEFICIARY [redacted] SANCHEZ, JOSE S. |

[redacted]

Notice Type: Approval Notice
Section: Skilled Worker or Professional, Sec.203(b)(3)(A)(i) or (ii)

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. The information submitted with the petition shows that the person for whom you are petitioning is not eligible to file an adjustment of status application at this time.

Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where the person for whom you are petitioning lives.

Until the person for whom you are petitioning files an adjustment application, or application for an immigrant visa, this approved petition will be stored in this office. If the person for whom you are petitioning decides to apply for an immigrant visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. CITIZENSHIP & IMMIG SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
Customer Service Telephone: 800-375-5283

[redacted] Form I-797 (Rev. 01/31/05) N

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0008; Expires 02/28/2015

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | ☐ Male ☒ Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| Gonzalez | Sonia | | Female | [redacted] | El Salvador | A [redacted] |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security # (if any) |
|---|---|---|
| N/A | San Miguel El Salvador | [redacted] |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | N/A | N/A | | | |
| Mother (Maiden Name) | Gonzalez | Santos | [redacted] | San Miguel, El Salvador | San Miguel, El Salvador |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| Sanchez | Jose | [redacted] | Cacaopera (See Addendum 1) | 10/31/2006 | Atlantic City, NJ, U.S. |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**Applicant's residence last five years. List present address first.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | United States | Feb | 2004 | Present Time | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|
| Borgata Casino, Atlantic City, New Jersey | Housekeeper | Jun | 2003 | Present Time | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| This form is submitted in connection with an application for: | Signature of Applicant | Date |
|---|---|---|
| ☐ Naturalization ☐ Other (Specify): ☒ Status as Permanent Resident | [signature] | |

If your native alphabet is in other than Roman letters, write your name in your native alphabet below.

**Penalties: Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.**

**Applicant: Print your name and Alien Registration Number in the box outlined by heavy border below.**

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| Gonzalez | Sonia | | A [redacted] |

Form G-325A (Rev. 02/07/13)Y

[redacted]




3



# REPÚBLICA DE EL SALVADOR

Pasaporte / Passport

Tipo / Type: P

Código País/Country code: SLV

Pasaporte No / Passport No: [redacted]

Nombres / Given Names: SONIA

Apellidos / Surname: GONZALEZ

Nacionalidad / Nationality: Salvadoreña

Fecha de Nacimiento / Date of Birth: [redacted]

Sexo / Sex: F

Lugar de nacimiento / Place of birth: SAN MIGUEL

EL SALVADOR(SLV)

Fecha expedición / Date of issue: 13 Mayo / May 2011

Número de Libreta / Booklet Number: [redacted]

Fecha de expiración / Date of expiry: 13 Mayo / May 2016

Autoridad emisora / Issuing authority: (RREE) Elizabeth, USA



P<SLVGONZALEZ<<SONIA<<<<<<<<<<<<<<<<<<<<<<<<<<<

[redacted]


U.S. DEPARTMENT OF HOMELAND SECURITY
PAROLED
Until 09 MAR 2012
Purpose TPS
36503
08-18-11 HOU 725
(Date) (Location) (Officer)
U.S. DEPARTMENT OF HOMELAND SECURITY
VISAS
19
VISAS
18

[redacted]


VISAS
5
VISAS
AEROPUERTO INTERNACIONAL DE EL SALVADOR
ENTRADA
16 JUL. 2011
DGME
EL SALVADOR
4

[redacted]

AtlantiCare
CLINICAL LABORATORY

ARMC City Campus

Atlantic City, NJ 08401
Chairman: Bruno Dantas, M.D.
Medical Director: William Todd, M.D
Department of Laboratories

**Patient:** GONZALEZ, SONIA
**DOB/Age/Sex:** [redacted] 46 years Female
**MRN:** [redacted]
**ACC#:** [redacted]
**Location:** AC RZSC

**Ordering:** [redacted] MD, [redacted]
**Copy to:** N/A

N/A
N/A
N/A
N/A, N/A N/A

[redacted]

**Patient:** GONZALEZ, SONIA
**DOB/Age/Sex:** [redacted] 46 years Female
**MRN:** [redacted]
**ACC#:** [redacted]
**Location:** AC RZSC

**Ordering:** [redacted] MD, [redacted]
**Copy to:** N/A

[redacted]

# Report of Medical Examination and Vaccination Record

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-693**
OMB No. 1615-0033
Expires 01/31/2015

► **START HERE - Type or print in CAPITAL letters** (*Use black ink*)

**Part 1. Information About You** *(To be completed by the person requesting a medical examination, not the civil surgeon)*

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name |
|---|---|---|
| Gonzalez | Sonia | |

| Home Address: Street Number and Name | Apt. Number | Gender: |
|---|---|---|
| [redacted] | [redacted] | ☐ Male ☒ Female |

| City | State | Zip Code | Phone Number |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

| Date of Birth | Place of Birth (City/Town/Village) | Country of Birth | A-Number (if any) |
|---|---|---|---|
| [redacted] | SAN MIGUEL / EL | SALVADOR | A-[redacted] |

**Applicant's Certification**

I certify under penalty of perjury under United States law that I am the person who is identified in **Part 1** of this Form I-693, Report of Medical Examination and Vaccination Record, and that the information in **Part 1** of this form is true to the best of my knowledge. I understand the purpose of this medical exam, and I authorize the required tests and procedures to be completed. If it is determined that I willfully misrepresented a material fact or provided false/altered information or documents with regard to my medical exam, I understand that any immigration benefit I derived from this medical exam may be revoked, that I may be removed from the United States, and that I may be subject to civil or criminal penalties.

| Signature - Do not sign or date this form until instructed to do so by the civil surgeon | Date of Signature (mm/dd/yyyy) |
|---|---|
| [signature] | 05/08/2014 |

| To be completed by civil surgeon: Form of applicant ID presented (e.g., passport, driver's license) | ID Number |
|---|---|
| USA EMPLOYMENT AUTHORIZATION CARD | [redacted] |

**Part 2. Summary of Medical Examination** *(To be completed by the civil surgeon)*

[redacted]

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name | A-Number *(if any)* |
|---|---|---|---|
| GONZALEZ | SONIA | | [redacted] |

## CIVIL SURGEON WORKSHEET

*(To be completed by the civil surgeon, according to the* Technical Instructions *at* *http://www.cdc.gov/immigrantrefugeehealth/exams/ti/civil/technical-instructions-civil-surgeons.html)*

[redacted]

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name | A-Number *(if any)* |
|---|---|---|---|
| GONZALEZ | SONIA | | [redacted] |

## CIVIL SURGEON WORKSHEET *(Continued)*

[redacted]

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name | A-Number *(if any)* |
|---|---|---|---|
| GONZALEZ | SONIA | | [redacted] |

## CIVIL SURGEON WORKSHEET *(Continued)*

[redacted]

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name | A-Number *(if any)* |
|---|---|---|---|
| GONZALEZ | SONIA | | [redacted] |

## VACCINATION RECORD

[redacted]

**Alcaldía Municipal de San Miguel**

2a. Calle Ote. y 2a. Av. Norte, San Miguel, El Salvador, C. A. Teléfonos 2661-0515, 2661-6412, 2661-6413

MUY NOBLE Y LEAL CIUDAD DE SAN MIGUEL
1530 1944

Una alcaldía *eficiente*

REGISTRO DEL ESTADO FAMILIAR ALCALDIA MUNICIPAL DE SAN MIGUEL REPUBLICA DE EL SALVADOR EN LA AMERICA CENTRAL El Salvador, C.A.

EL INFRASCRITO JEFE DEL REGISTRO DEL ESTADO FAMILIAR DE LA ALCALDIA MUNICIPAL DE SAN MIGUEL, CERTIFICA: *Que a página 68,* **Tomo 5° ILEGITIMOS del Libro de Partidas de Nacimientos, que esta** *Alcaldía llevó durante el* [redacted] *se encuentra la que literalmente dice: Partida número ciento treinta y tres.-* SONIA GONZALEZ, *sexo femenino, nació a las dos horas y cinco minutos del día* [redacted]*, en el Cantón Miraflores de esta jurisdicción, siendo hija de Santos González, originaria de esta ciudad, vecina de esta misma, residente en el expresado Cantón, de oficios domésticos, y de nacionalidad salvadoreña.- Dio estos datos Filemón González, quien manifiesta ser tío de la recién nacida, exhibió su Cédula de Identidad Personal número* [redacted]*, expedida por las Autoridades Municipales de esta ciudad, y no sabiendo firmar lo hace a su ruego Irma Alicia Machuca, juntamente con el Jefe del Registro Civil. San Miguel, a* [redacted]*.- Gmo. V. Mazzini.- Irma A. Machuca.-* **"""RUBRICADAS""" ES CONFORME: *Con su original con la cual se confronto y para los usos que convenga la parte interesada se expide la presente en la Oficina del Registro del Estado Familiar. San Miguel, a treinta de Noviembre del año dos mil siete.-***

CIERRE DE PARTIDA
REGISTRO DEL ESTADO FAMILIAR
ALCALDIA MUNICIPAL DE SAN MIGUEL

*Ref. 7*
*Raúl Portillo*
*Confrontada por: Sonia Rodríguez*

REGISTRO DEL ESTADO FAMILIAR ALCALDIA MUNICIPAL DE SAN MIGUEL REPUBLICA DE EL SALVADOR EN LA AMERICA CENTRAL El Salvador, C.A.

Lic. [signature] Meza Melgar
SUB-JEFE DEL REGISTRO DEL ESTADO FAMILIAR
ALCALDIA MUNICIPAL DE SAN MIGUEL

[redacted]

**Town Hall of San Miguel**

2a Calle Ote. and 2a Av. Norte, San Miguel, El Salvador, C.A.
Telephones 2661-0515, 2661-6412, 2661-6413

[seal] [seal]

*An efficient town hall*

***THE UNDERSIGNED CHIEF OF THE FAMILY REGISTRY OF THE TOWN HALL OF SAN MIGUEL, CERTIFIES: That on page 68, Volume 5 ILLEGITIMATE book of Birth Certificates, that this Town Hall carried during the year of 1968, it is found what literally says:*** *Birth certificate number one hundred and thirty three.- **SONIA GONZALEZ**, female, born on the second hour and five minutes of the fourteen day of the current month and year, in the Canton Miraflores of this jurisdiction, being the daughter of Santos Gonzalez, native this city, neighbor of the same, resident of the expressed Canton, housewife, and of Salvadoran nationality.- These facts were given by Filemon Gonzalez, who manifests being the uncle of the recently born, who exhibited his Personal Identification Number three hundred eighty thousand sixty six, issued by the Municipal Authorities of this city, and not knowing how to sign makes request that Irma Alicia Machucha, joint with the Chief of the Civil Registry. San Miguel, twenty-seventh of March of one thousand nine hundred and sixty-eight.-Gmo. V. Mazzini.-Irma A. Machuca-* ***"SIGNED" THIS CONFORMS: AS the original which was confronted and for the uses of interested parties was issued presently at the Office of Family registry. San Miguel, on the thirtieth of November in the year two thousand and seven.***

**Ref. 7**
**Raul Portillo**
**Confronted by: Sonia Rodriguez**

**[seal]**
**[signature]**
**Sub-Chief of the Family Registry**
**Town Hall of San Miguel**

## CERTIFICATE OF TRANSLATION

I, Zachary Abraham Kohn, certify that this translation is true and accurate and that I am competent to translate from Spanish to English.

05/23/2014
**DATE**

**Zachary Abraham Kohn**

[redacted]


UNITED STATES OF AMERICA
EMPLOYMENT AUTHORIZATION CARD
Surname
GONZALEZ
Given Name
SONIA
USCIS# Category Card#
[redacted] A12 [redacted]
El Salvador
Terms and Conditions
None
Sex
[redacted]
Valid From: 09/10/13
Card Expires: 03/09/15
NOT VALID FOR REENTRY TO U.S.

[redacted]

[redacted] M.D.
[redacted] M.D.
HEALTH MED ASSOCIATES, P.C.
[redacted] NJ [redacted]
(609) [redacted]

-41-

*Department of*
*Homeland Security*
*U.S Citizenship And*
*Immigrations Services*

GONZALEZ, SONIA

HEALTH MED ASSOCIATES, P.C.
[redacted]
(609) [redacted]

**DHS Form G-28**
OMB No. 1615-0105
Expires 02/29/2016

# Notice of Entry of Appearance as Attorney or Accredited Representative

**Department of Homeland Security**

## Part 1. Information About Attorney or Accredited Representative

Name and Address of Attorney or Accredited Representative

1.a. Family Name *(Last Name)* Aparisi

1.b. Given Name *(First Name)* Jaime

1.c. Middle Name Winthuysen

2. Name of Law Firm or Recognized Organization
Jaime Winthuysen Aparisi & Associates, LLC

3. Name of Law Student or Law Graduate

4. State Bar Number [redacted]

5.a. Street Number [redacted]

5.b. Street Name [redacted]

5.c. Apt. ☐ Ste. ☒ Flr. ☐ [redacted]

5.d. City or Town [redacted]

5.e. State [redacted] 5.f. Zip Code [redacted]

5.g. Postal Code

5.h. Province

5.i. Country
United States

6. Daytime Phone Number ( [redacted]

7. E-Mail Address of Attorney or Accredited Representative
[redacted]

## Part 2. Eligibility Information For Attorney or Accredited Representative

(Check applicable items(s) below)

1. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following State(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia.

1.a. Maryland & D.C. Court of Appeals

1.b. I *(choose one)* ☒ *am not* ☐ *am* subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law. (If you are subject to any order(s), explain fully in the space below.)

1.b.1.

2. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals pursuant to 8 CFR 292.2. Provide the name of the organization and the expiration date of accreditation.

2.a. Name of Recognized Organization

2.b. Date Accreditation expires *(mm/dd/yyyy)* ►

3. ☐ I am associated with

3.a.

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request. If you check this item, also complete **number 1 (1.a. - 1.b.1.) or number 2 (2.a. - 2.b.) in Part 2** *(whichever is appropriate)*.

4. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2)(iv).

## Part 3. Notice of Appearance as Attorney or Accredited Representative

**This appearance relates to immigration matters before (select one):**

1. [X] USCIS - List the form number(s)

1.a. I-485

2. [ ] ICE - List the specific matter in which appearance is entered

2.a.

3. [ ] CBP - List the specific matter in which appearance is entered

3.a.

**I hereby enter my appearance as attorney or accredited representative at the request of:**

4. **Select only one:** [X] Applicant [ ] Petitioner [ ] Respondent (ICE, CBP)

**Name of Applicant, Petitioner, or Respondent**

5.a. Family Name *(Last Name)* Gonzalez

5.b. Given Name *(First Name)* Sonia

5.c. Middle Name

5.d. Name of Company or Organization, if applicable

**NOTE:** Provide the mailing address of Petitioner, Applicant,or Respondent and not the address of the attorney or accredited representative, except when a safe mailing address is permitted on an application or petition filed with Form G-28.

6.a. Street Number and Name [redacted]

6.b. Apt. [X] Ste. [ ] Flr. [ ] [redacted]

6.c. City or Town [redacted]

6.d. State [redacted] 6.e. Zip Code [redacted]

7. Provide A-Number and/or Receipt Number

[redacted]

Pursuant to the Privacy Act of 1974 and DHS policy, I hereby consent to the disclosure to the named Attorney or Accredited Representative of any record pertaining to me that appears in any system of records of USCIS, ICE, or CBP.

8.a. Signature of Applicant, Petitioner, or Respondent

8.b. Date *(mm/dd/yyyy)* ►

## Part 4. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1. Signature of Attorney or Accredited Representative

2. Signature of Law Student or Law Graduate

3. Date *(mm/dd/yyyy)* ►

## Part 5. Additional Information

1.



[redacted]

UNITED STATES POSTAL SERVICE® Click-N-Ship®

P

usps.com
$5.05
US POSTAGE
Flat Rate Env
9405 5036 9930 0308 5399 73 0050 5001 0107 5266
Commercial Base Pricing
06/02/14 Mailed from 20910 062S0000001301

PRIORITY MAIL 2-DAY™

JAIME W APARISI
APARISI ATTORNEY AT LAW
[redacted]
Expected Delivery Date: 06/04/2014

0006

B090

I596340
D347095

SHIP TO:
USCIS
PO BOX 660867
DALLAS TX 75266-0867

USPS TRACKING #

9405 5036 9930 0308 5399 73

Electronic Rate Approved #038555749

## Instructions

1. Each Click-N-Ship® label is unique. Labels are to be used as printed and used only once. DO NOT PHOTO COPY OR ALTER LABEL.
2. Place your label so it does not wrap around the edge of the package.
3. Adhere your label to the package. A self-adhesive label is recommended. If tape or glue is used, DO NOT TAPE OVER BARCODE. Be sure all edges are secure.
4. To mail your package with PC Postage®, you may schedule a Package Pickup online, hand to your letter carrier, take to a Post Office™, or drop in a USPS collection box.
5. Mail your package on the "Ship Date" you selected when creating this label.

## Click-N-Ship® Label Record

USPS TRACKING # :
9405 5036 9930 0308 5399 73

| | | | |
|---|---|---|---|
| Trans. #: | 300539625 | Priority Mail® Postage: | $5.05 |
| Print Date: | 06/02/2014 | Total: | $5.05 |
| Ship Date: | 06/02/2014 | | |
| Expected Delivery Date: | 06/04/2014 | | |

From: JAIME W APARISI
APARISI ATTORNEY AT LAW
[redacted]

To: USCIS
PO BOX 660867
DALLAS TX 75266-0867

* Commercial Base Pricing Priority Mail rates apply. There is no fee for USPS Tracking™ service on Priority Mail service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

UNITED STATES POSTAL SERVICE® *Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking™ page at usps.com*

Michael J. DeBenedictis, Esq.
**DeBenedictis & DeBenedictis LLC**
20 Brace Road
Suite 350
Haddonfield, NJ 08034
T: (856) 795-2101

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **Jose Santos SANCHEZ,**<br>**Sonia GONZALEZ,**<br>**Plaintiffs** | : | **Case No.** |
| **v.** | : | |
| **Jeh Johnson, Secretary,**<br>**Department of Homeland Security** | : | |
| **Leon Rodriguez, Director**<br>**U.S. Citizenship and**<br>**Immigration Services** | : | **PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY JUDGMENT** |
| **Mark J. Hazuda,**<br>**Field Office Director,**<br>**U.S. Citizenship and Immigration**<br>**Services, Lincoln, NE** | : | |
| **John Thompson,**<br>**District Director,**<br>**U.S. Citizenship and Immigration**<br>**Services, Newark, NJ** | : | |
| **Defendants.** | : | |

Plaintiffs, Jose Sanchez and Sonia Gonzalez, by and through counsel, Jaime Winthuysen Aparisi, hereby request this Court to review the Defendants' unlawful denial of Mr. Sanchez's

application to be adjusted to the status of a Lawful Permanent Resident. This Petition and Complaint requests the Court to direct Defendants to grant the underlying application. In support of this Complaint, Plaintiffs state as follows:

## PARTIES

1. Plaintiff, Jose Santos Sanchez (A#[redacted]), is an applicant for Lawful Permanent Resident status in the United States. Mr. Sanchez currently resides at 145 S. Rhode Island Avenue, Apartment 702, Atlantic City, New Jersey 08401. Mr. Sanchez currently has Temporary Protected Status in the United States. On March 5, 2015 the Defendants denied Mr. Sanchez's application for Lawful Permanent Residence (Form I-485).

2. Plaintiff, Sonia Gonzalez (A#[redacted]), is the wife of plaintiff Jose Santos Sanchez is a derivative application for Lawful Permanent Resident in the United States. She and Mr. Sanchez were married on October 31, 2006 and have children together. Mrs. Gonzales currently has Temporary Protective Status in the United States. On March 5, 2015, the Defendants denied Mrs. Gonzalez's application for Lawful Permanent Residence (Form I-485).

3. Defendant/Respondent Jeh Johnson, Secretary, Department of Homeland Security, is empowered with the implementation of benefits and services pursuant to the Immigration and Nationality Act (INA), 8 U.S.C. § 1101, et. seq. He is sued in his official capacity.

4. Defendant/Respondent Leon Rodriguez is the Director of U.S. Citizenship and Immigration Services (USCIS) and the senior officer of that agency. He is charged under 8 U.S.C. § 1103(c) with all responsibilities delegated to him by the Secretary of the

Department of Homeland Security and authority in the administration of the U.S. Citizenship and Immigration Services and the Act. He is sued in his official capacity.

5. Defendant/Respondent Mark J. Hazuda, Field Office Director, U.S. Citizenship and Immigration Services, Lincoln, Nebraska is the designee of Defendants Johnson and Rodriguez, empowered with implementing benefits and services under the INA in this district. As such, he is the individual with supervisory responsibility over the adjudication and action on Plaintiffs' petition and application at issue here. He is sued in his official capacity.

6. Defendant/Respondent John Thompson, District Director, U.S. Citizenship and Immigration Services, Newark, New Jersey is the designee of Defendants Johnson and Rodriguez, empowered with implementing benefits and services under the INA in this district. As such, he is the individual with supervisory responsibility over the adjudication and action on Plaintiffs' petition and application at issue here. He is sued in his official capacity.

## JURISDICTION

7. This Court has jurisdiction over this matter. This jurisdiction is provided for by the INA (8 U.S.C. §1101, et. seq.), and the Administrative Procedures Act (APA) (5 U.S.C. §701 et. seq.) under federal question jurisdiction (28 U.S.C. §1331). In addition, this Petition is filed as a request for a Writ of Mandamus under 28 U.S.C. §1361 because the Plaintiffs are owed a duty from the Defendants to provide for a lawful and proper adjudication of the application for permanent residence that comports with the laws of the United States. The current decision is based on an erroneous finding of law that Mr. Sanchez and Mrs.

Gonzalez are not statutorily eligible for adjustment of status under INA §245 and §244(f).

8. All subsequent government action and inaction has flowed from these basic errors.

9. The finding that Mr. Sanchez and Mrs. Gonzalez, individuals who have received Temporary Protective Status (TPS) as citizens of El Salvador, are not eligible for adjustment of status is on conflict with federal law and agency policy statements.

10. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (action to compel an officer of the United States to perform his duties or to redress the deprivation of rights, privileges, and immunities secured to the Plaintiffs by the jurisdictional statutes, and to compel the Defendants to perform a duty that they owe to the Plaintiffs.

11. Jurisdiction is also conferred by 5 U.S.C. §§ 701-706 (Administrative Procedure Act)("APA"), the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. and the Due Process clause of the Fifth Amendment and the right to Equal Protection under the 14th Amendment of the Constitution of the United States.

12. The APA violations provide the jurisdictional basis upon which the Court may make a Declaratory Judgment under 28 U.S.C. §2201.

13. To the extent that the Government's actions in this matter are not supported by substantial justification, attorneys' fees are appropriate. The Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 (the "EAJA"), provides for the award of costs and attorney's fees to a prevailing party in litigation against the United States or one of its agencies. The EAJA has been invoked to justify the award of attorney fees and costs in immigration cases. See, e.g., *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154 (1990); accord *Dabone v. Thornburgh*, 734 F.Supp. 195

(E.D. PA 1990) and *Harriott v. Ashcroft*, 277 F. Supp. 2d 538, 545-46 (E.D.Pa. 2003).

**VENUE**

14. Venue properly lies in the District of New Jersey. Respondent USCIS conducts business in Newark, New Jersey. The Defendants reside in Atlantic City, New Jersey. The Defendants would be interviewed in New Jersey and the ultimate decision on their application would be made in New Jersey.

**EXHAUSTION OF REMEDIES**

15. Administrative remedies have been exhausted. The Plaintiffs have filed all of the required applications and evidence for the USCIS to adjudicate their case. Adjudication in this case is in error. No administrative appeal exists to challenge the underlying denial of the I-485 and the determination of inadmissibility.

16. There is no administrative alternative and the Plaintiffs have no other option but to file the instant complaint to compel agency action or to have this Court assume jurisdiction over the matter to review an unlawful determination that will otherwise escape review.

17. The relevant administrative documents are included as Exhibits 1-4 hereto.

**STATEMENT OF THE CASE AND FACTS**

18. Mr. Sanchez is a native and citizen of El Salvador. He first entered the U.S. in 1997 without inspection. In 2001 he was granted Temporary Protected Status (TPS) and he has maintained that status from that date to the present day. Mrs. Gonzalez is also a native and citizen of El Salvador. She first entered the U.S. in 1998. In 2001 she was granted TPS and has maintained that status from that date to the present day. Mr. Sanchez and Mrs. Gonzales were married on October 31, 2006. On June 4, 2014 Plaintiffs an

application for lawful permanent residence based on an approved I-140 petition, of which Mr. Sanchez was a beneficiary of. Mrs. Gonzalez was a derivate applicant as a result of her spousal relationship. See Exhibit 1 (Respondent's I-485 filing dated May 24, 2014) and Exhibit. 2 (Receipts for I-485 filing).

19. On November 28, 2014 the USCIS issued requests for additional evidence to address Mr. Sanchez's and Mrs. Gonzalez's eligibility for adjustment of status. On February 19, 2015 the Plaintiffs responded, submitting the evidence requested by USCIS and stating their eligibility to adjust status under INA §244(f)[1]. See Exhibit 3 (February 19, 2015 response to RFE).

20. On March 5, 2015, USCIS issued decisions denying both Mr. Sanchez's and Mrs. Gonzalez's application for adjustment of status. No appeal is possible from a denied I-485. USCIS did not issue a Notice of Intent to Deny which would have given the Plaintiffs an opportunity to respond to the reasons for denial.

21. As a challenge to a standard application for benefits based on an erroneous application of the law, this matter is squarely under the jurisdiction of this Court under the APA. *Pinho v. Gonzalez*, 432 F.3d 193, 204 (3rd Cir. 2005).

22. The underlying decision in this matter is incorrect as a matter of law. The USCIS has improperly interpreted the plain language of the statute.

23. In regards to the legal error, the Agency decision contravenes a Circuit Court precedent decision. (A copy of the decision is attached as Exhibit 4). The plain language of the statute is as follows:

INA sec. 244(f) - **Benefits and status during period of**

---

[1] 8 U.S.C. §1254a(f)

> **temporary protected status. During a period in which an alien is granted temporary protected status under this section-**
> ...
> **(4) for purposes of adjustment of status under section 245 and change of status under section 248, the alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant.**

24. As a TPS grantee in lawful nonimmigrant status after filing a lawful application and having an interview and/or review with an immigration officer, plaintiffs should be considered to be "admitted." Again, this comports with the plain language of the statute. The INA at sec. 101(a)(13)[2] defines "admission" as "the lawful entry into the United States after inspection and authorization by an immigration officer." The interpretation apparently espoused by the Agency - which does not directly analyze the plain language of any part of the INA relating to TPS - is that the TPS application, review and interview process cannot constitute an "admission." However, the definition of "admission" does not require the inspection and authorization to be made at a particular point - such as a port of entry. It does not limit the type of immigration officers empowered to provide the inspection and authorization that constitute a lawful admission. Further, by referencing back to INA sec. 244(f)(4), the plain language of the INA provides that the final result of a TPS grant is an "authorization" to be in lawful status, as that word is used in INA sec. 101(a)(13). In other words, even an individual whose original entry was unlawful is accorded the lawful nonimmigrant status of TPS and - for the specific purpose of adjustment under INA sec. 245 - is considered to be lawfully in the United States. An individual's original entry is irrelevant because the subsequent TPS status provides the "lawful entry" referred to in INA sec. 101(a)(13).

---

[2] 8 U.S.C. §1101(a)(13).

25. For these reasons, we continue to respectfully assert that the plain language of the INA - specifically sections 101(a)(13); 244(f)(4) and 245(a)[3] - provides that Plaintiffs should be considered to be inspected and admitted or paroled into the United States as that term is set forth in INA sec. 245(a).

26. In their denial of plaintiffs' applications USCIS relies on a regulation - 8 CFR 214(a) and a confusing interpretation of INA 244(f)(4). Plaintiffs respectfully assert that, as interpreted by the USCIS, 8 CFR 214(a) is *ultra vires* and contradicts the plain language of the statute at sec. 245(a), 244(f)(4) and 101(a)(13). The Agency misreads this regulation as providing authority for its interpretation that TPS status is not a valid status from which an individual may be considered to be inspected and admitted into the United States. The Agency also confusingly asserts that the INA does not confer nonimmigrant status upon every holder of TPS but rather such an "alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant" for purposes of adjustment of status. The Agency seems to ignore the fact the applicants are both applying for adjustment of status and the INA states that should be considered to be admitted in lawful status.

27. In their denial of the applications USCIS relies on 8 CFR 212.5(e)(2)(ii) in holding that plaintiffs are not eligible for adjustment of status. Plaintiffs respectfully assert that, as interpreted by the Agency, 8 CFR 214(a) is *ultra vires* and contradicts the plain language of the statute at sec. 245(a), 244(f)(4) and 101(a)(13). The Agency's interpretation of this regulation as stated in the denial directly contradicts the plain language INA 245(a).

28. Finally, USCIS is incorrect in holding that INA 245(k) does not apply because there was no lawful admission. As previously stated, an Agency grant of TPS constitutes as an

---

[3] 8 U.S.C. §1254(a).

admission for INA 245 and therefore, INA 245(k) would apply to both applicants.

29. The Agency's approach in this matter violates Due Process and Equal Protection. The denial with no opportunity to appeal does not provide a proper and substantive review of the Agency action. It would be pointless to request reopening or reconsideration to the same Agency personnel who incorrectly interpreted the INA and denied Plaintiffs' applications.

30. Mr. Sanchez and Mrs. Gonzalez merit the right to have their applications for adjustment of status made in manner that comports with U.S. laws. The current decision violates Constitutional and statutory rights. At a minimum, the plaintiffs' deserve the opportunity to renew the application with an immigration judge. If the Court determines that administrative review by an immigration judge is inappropriate, it should review the decisions for legal error.

**CAUSES OF ACTION**
**COUNT I**
**Administrative Procedures Act**
**Violation under 5 U.S.C. 706(2)(A) and (B)**
**with Respect to I I-485 and related applications**

31. Paragraphs 1 through 29 are repeated and reasserted as if fully set forth herein.

32. Defendants' denial of the I-485 application is in violation of the law, because it was a categorical denial based on an unlawful interpretation of statutory language. As such, the underlying determination of inadmissibility is in error. The denial was not based on "...good and sufficient cause..." as required by 8 U.S.C. §1155.

33. Defendants similarly failed to consider any of the Plaintiff's legal arguments in his I-485 application relating to the eligibility of an individual with TPS to obtain Lawful

Permanent Resident status through adjustment of status.

34. Determination of *eligibility* for the adjustment of status-unlike the *granting* of adjustment itself-is a purely legal question and does not implicate agency discretion. *Pinho v. Gonzalez*, 432 F.3d 193, 204 (3rd Cir. 2005).

35. The Government decision which follows an erroneous interpretation of the TPS provisions is in error as a matter of law.

36. Mr. Sanchez's approved visa petition is and was proper and sufficient foundation for Mr. Sanchez's and his wife's adjustment of status application. The Government's actions are in violation of the APA because the denials are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" and are "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. §706(2)(A) and (B).

**COUNT II**
**Due Process Violation**
**with Respect to I-485 and related applications**

37. Paragraphs 1 through 35 are repeated and reasserted as if fully set forth herein.

38. Defendants' refusal to provide for a further review of the denied application violates Due Process.

39. Defendant's failure to give the plaintiffs meaningful opportunity to challenge the basis of the denial of the I-485 violated their substantive Due Process rights. It effectively is an abuse of discretion via a refusal to recognize the existence of discretion. *See*, *U.S. ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (U.S. Supreme Court reversed and remanded an INS District Director's decision on the grounds that he had not actually exercised discretion).

**COUNT III - Request for Attorney's Fees under EAJA**
**28 U.S.C. 2412(d) and 5 U.S.C. 504 et seq.**

40. Paragraphs 1 through 38 are repeated and reasserted as if fully set forth herein.

41. The denial of plaintiffs' applications for adjustment of status was not substantially justified, as it was not based on a proper and lawful determination of admissibility.

42. Award of attorney's fees in this case is warranted, as the Defendants' position has no basis in fact or law.

WHEREFORE, for all of the above stated reasons, Plaintiffs respectfully request this Court to Order the following relief:

(a) Declare that the denial of the I-485 to be in violation of the law, provide for proper adjudication of the adjustment of status application and/or declare that Plaintiff is eligible for an adjustment of status (or equivalent) as a matter of law, tougher with any other such relief deemed proper; and

(b) Grant Plaintiffs costs and attorney's fees pursuant to the Equal Access to Justice Act (EAJA) or other applicable provisions of law as the Court may deem proper, together with any other such relief deemed proper.

Respectfully submitted,
**DeBenedictis & DeBenedictis LLC**

By: ______________________
Michael J. DeBenedictis, Esq.
20 Brace Road,
Suite 350
Cherry Hill, NJ 08034
T: (856) 795-2101

January 28, 2015

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **Jose Santos SANCHEZ,** | **:** | |
| **Sonia GONZALEZ,** | **:** | |
| **Plaintiffs** | **:** | **Case No.** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **Jeh Johnson, Secretary,** | **:** | |
| **Department of Homeland Security** | **:** | |
| **et. al** | **:** | |
| **Defendants** | **:** | |

**EXHIBIT LIST**

1. Plaintiffs' I-485 filings received by USCIS on June 4, 2014

2. Receipt(s) I-485 filings

3. February 19, 2015 Response to RFE

4. March 5, 2015 Decision/Denial of I-485 Adjustment of Status

**JAIME WINTHUYSEN APARISI & ASSOCIATES, L.L.C.**
8630 Fenton Street, Suite 932, Silver Spring, Maryland 20910
(301) 562-1416 FAX (301) 562-1417
www.aparisi.com

**Jaime Winthuysen Aparisi***
*Admitted in Maryland & DC
jaime@aparisi.com

**Yusuf R. Ahmad****
**Admitted in Virginia
yusuf@aparisi.com

**Zachary Abraham Kohn*****
***Admitted in Maryland
zachary@aparisi.com

May 29, 2014

**VIA USPS**
USCIS
PO Box 660867
Dallas, TX 75266

**APPLICATION TO ADJUST STATUS**

**Primary Applicant: Jose Santos SANCHEZ –** [redacted]
**Derivative Applicant: Sonia GONZALEZ –** [redacted]

Dear Madam/Sir:

Enclosed please find the following documents for filing:

**Forms for Primary Applicant: Jose Santos Sanchez**

1. Form G-28, Notice of Entry of Appearance;
2. Copy of I-140 Approval Notice;
3. Form I-485, Application to Adjust Status;
4. $1070 fee and 2 photos;
5. Form G-325A;
6. Copy of applicant's birth certificate with translation;
7. Copy of applicant's passport with entry stamp;
8. Copy of applicant's I-94 Record Number;
9. Copy of applicant's current EAD card;
10. Copy of Certificate of Marriage;
11. Copy of Certificate of Birth for applicant's son;
12. Copy of paycheck stubs for the applicant;
13. 2013 Federal Income Tax Return and W-2 for applicant;
14. 2012 Federal Income Tax Return and W-2 for applicant;
15. 2011 Federal Income Tax Return and W-2 for applicant;
16. Sealed Medical Exam;

**Forms for Derivative Applicant: Sonia Gonzalez**

17. Form G-28, Notice of Entry of Appearance;

18. Form I-485, Application to Adjust Status;
19. $1070 fee and 2 photos;
20. Form G-325A;
21. Copy of applicant's birth certificate with translation;
22. Copy of applicant's passport with entry stamp;
23. Copy of applicant's current EAD card; and
24. Sealed Medical Exam.

Thank you for your time and prompt attention to this matter.

Sincerely,

Jaime Winthuysen Aparisi

# Notice of Entry of Appearance as Attorney or Accredited Representative

Department of Homeland Security

DHS Form G-28
OMB No. 1615-0105
Expires 02/29/2016

## Part 1. Information About Attorney or Accredited Representative

Name and Address of Attorney or Accredited Representative

1.a. Family Name (*Last Name*): Aparisi

1.b. Given Name (*First Name*): Jaime

1.c. Middle Name: Winthuysen

2. Name of Law Firm or Recognized Organization: Jaime Winthuysen Aparisi & Associates, LLC

3. Name of Law Student or Law Graduate:

4. State Bar Number: 012323

5.a. Street Number: 8630

5.b. Street Name: Fenton Street

5.c. Apt. ☐ Ste. ☒ Flr. ☐ 932

5.d. City or Town: Silver Spring

5.e. State: MD 5.f. Zip Code: 20910

5.g. Postal Code:

5.h. Province:

5.i. Country: United States

6. Daytime Phone Number (301) 562-1416

7. E-Mail Address of Attorney or Accredited Representative: jaime@aparisi.com

## Part 2. Eligibility Information For Attorney or Accredited Representative

(Check applicable items(s) below)

1. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following State(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia.

1.a. Maryland & D.C. Court of Appeals

1.b. I (*choose one*) ☒ *am not* ☐ *am* subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law. (If you are subject to any order(s), explain fully in the space below.)

1.b.1.

2. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals pursuant to 8 CFR 292.2. Provide the name of the organization and the expiration date of accreditation.

2.a. Name of Recognized Organization

2.b. Date Accreditation expires (*mm/dd/yyyy*) ►

3. ☐ I am associated with

3.a.

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request. If you check this item, also complete number 1 (1.a. - 1.b.1.) or number 2 (2.a. - 2.b.) in Part 2 (*whichever is appropriate*).

4. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2)(iv).

**Part 3. Notice of Appearance as Attorney or Accredited Representative**

This appearance relates to immigration matters before (select one):

1. [X] USCIS - List the form number(s)

1.a. I-485

2. [ ] ICE - List the specific matter in which appearance is entered

2.a.

3. [ ] CBP - List the specific matter in which appearance is entered

3.a.

I hereby enter my appearance as attorney or accredited representative at the request of:

4. Select only one: [X] Applicant [ ] Petitioner [ ] Respondent (ICE, CBP)

Name of Applicant, Petitioner, or Respondent

5.a. Family Name (Last Name): Sanchez

5.b. Given Name (First Name): Jose

5.c. Middle Name: Santos

5.d. Name of Company or Organization, if applicable

NOTE: Provide the mailing address of Petitioner, Applicant, or Respondent and not the address of the attorney or accredited representative, except when a safe mailing address is permitted on an application or petition filed with Form G-28.

6.a. Street Number and Name: 145 S Rhode Island Ave.

6.b. Apt. [X] Ste. [ ] Flr. [ ] 702

6.c. City or Town: Atlantic City

6.d. State: NJ 6.e. Zip Code: 08401

7. Provide A-Number and/or Receipt Number

[redacted]

Pursuant to the Privacy Act of 1974 and DHS policy, I hereby consent to the disclosure to the named Attorney or Accredited Representative of any record pertaining to me that appears in any system of records of USCIS, ICE, or CBP.

8.a. Signature of Applicant, Petitioner, or Respondent

8.b. Date (mm/dd/yyyy) ►

**Part 4. Signature of Attorney or Accredited Representative**

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1. Signature of Attorney or Accredited Representative

2. Signature of Law Student or Law Graduate

3. Date (mm/dd/yyyy) ►

**Part 5. Additional Information**

1.

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797, Notice of Action

THE UNITED STATES OF AMERICA

| | | | |
|---|---|---|---|
| RECEIPT NUMBER<br>LIN-06-267-52631 | | CASE TYPE I140<br>IMMIGRANT PETITION FOR ALIEN WORKER | |
| RECEIPT DATE<br>September 19, 2006 | PRIORITY DATE<br>February 19, 2002 | PETITIONER<br>VIKING YACHTS INC | |
| NOTICE DATE<br>July 23, 2007 | PAGE<br>1 of 1 | BENEFICIARY [redacted]<br>SANCHEZ, JOSE S. | |

TAHIR MELLA ESQUIRE
LAW OFFICES OF TAHIR MELLA
1814 CALLOWHILL STREET FIRST FLOOR
PHILADELPHIA PA 19130

Notice Type: Approval Notice
Section: Skilled Worker or Professional, Sec.203(b)(3)(A)(i) or (ii)

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. The information submitted with the petition shows that the person for whom you are petitioning is not eligible to file an adjustment of status application at this time.

Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where the person for whom you are petitioning lives.

Until the person for whom you are petitioning files an adjustment application, or application for an immigrant visa, this approved petition will be stored in this office. If the person for whom you are petitioning decides to apply for an immigrant visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

NEBRASKA SERVICE CENTER
U. S. CITIZENSHIP & IMMIG SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
Customer Service Telephone: 800-375-5283.

Form I-797 (Rev. 01/31/05) N

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0023; Expires 06/30/15

# Form I-485, Application to Register Permanent Residence or Adjust Status

START HERE - Type or Print (Use black ink)

## Part 1. Information About You

Family Name *(Last Name)*: Sanchez
Given Name *(First Name)*: Jose
Middle Name: Santos
Address - Street Number and Name: 145 S Rhode Island Ave.
Apt. No.: 702
C/O *(in care of)*:
City: Atlantic City
State: NJ
ZIP Code: 08401
Date of Birth *(mm/dd/yyyy)*: [redacted]
Country of Birth: El Salvador
Country of Citizenship/Nationality: El Salvador
U.S. Social Security No. *(if any)*: [redacted]
A-Number *(if any)*: [redacted]
Date of Last Arrival *(mm/dd/yyyy)*: 01/11/2014
I-94 Number: 16862731530
Current USCIS Status: TPS
Expires on *(mm/dd/yyyy)*: 01/10/2015

## Part 2. Application Type *(Check one)*

I am applying for an adjustment to permanent resident status because:

a. [X] An immigrant petition giving me an immediately available immigrant visa number that has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. [ ] My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. [ ] I entered as a K-1 fiancé(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate.)

d. [ ] I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. [ ] I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

f. [ ] I am the husband, wife, or minor unmarried child of a Cuban described above in (e), and I am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

g. [ ] I have continuously resided in the United States since before January 1, 1972.

h. [ ] Other basis of eligibility. Explain (for example, I was admitted as a refugee, my status has not been terminated, and I have been physically present in the United States for 1 year after admission). If additional space is needed, see Page 3 of the instructions. ______

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and: *(Check one)*

i. [ ] I am a native or citizen of Cuba and meet the description in (e) above.

j. [ ] I am the husband, wife, or minor unmarried child of a Cuban and meet the description in (f) above.

**For USCIS Use Only**

| Returned | Receipt |
|---|---|
| Resubmitted | |
| Reloc Sent | |
| Reloc Rec'd | |
| Applicant Interviewed | |

Section of Law
- [ ] Sec. 209(a), INA
- [ ] Sec. 209(b), INA
- [ ] Sec. 13, Act of 9/11/57
- [ ] Sec. 245, INA
- [ ] Sec. 249, INA
- [ ] Sec. 1 Act of 11/2/66
- [ ] Sec. 2 Act of 11/2/66
- [ ] Other ______

Country Chargeable

Eligibility Under Sec. 245
- [ ] Approved Visa Petition
- [ ] Dependent of Principal Alien
- [ ] Special Immigrant
- [ ] Other ______

Preference

Action Block

To be Completed by *Attorney or Representative*, if any
[X] Fill in box if Form G-28 is attached to represent the applicant.

VOLAG No

ATTY State License No.
012323

Form I-485 (Rev. 06/20/13) Y

## Part 3. Processing Information

**A.** City/Town/Village of Birth: Cacaopera

Current Occupation: Mechanic

Your Mother's First Name: Maria

Your Father's First Name: N/A

Give your name exactly as it appears on your Form I-94, Arrival-Departure Record: Jose Santos Sanchez

Place of Last Entry Into the United States *(City/State)*: Houston, Texas

In what status did you last enter? *(Visitor, student, exchange visitor, crewman, temporary worker, without inspection, etc.)*: TPS - Advance Parole

Were you inspected by a U.S. Immigration Officer? Yes [X] No [ ]

Nonimmigrant Visa Number: N/A

Consulate Where Visa Was Issued: N/A

Date Visa Issued *(mm/dd/yyyy)*: N/A

Gender: [X] Male [ ] Female

Marital Status: [X] Married [ ] Single [ ] Divorced [ ] Widowed

Have you ever applied for permanent resident status in the U.S.? [ ] Yes *(If "Yes" give date and place of filing and final disposition.)* [X] No

**B.** List your present spouse and all of your children (inc[redacted] daughters). (If you have none, write "None." If additional space is needed, see Page 3 of the instructions.)

| Family Name *(Last Name)* | Given Name *(First Name)* | Middle Initial | Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|
| Gonzalez | Sonia | | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Spouse | [redacted] | Yes [X] No [ ] |
| **Family Name *(Last Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| [redacted] | [redacted] | G | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| [redacted] | [redacted] | A | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| [redacted] | [redacted] | J | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| El Salvador | Son | | Yes [ ] No [X] |
| **Family Name *(Last Name)*** | **Given Name *(First Name)*** | **Middle Initial** | **Date of Birth *(mm/dd/yyyy)*** |
| [redacted] | [redacted] | | [redacted] |
| **Country of Birth** | **Relationship** | **A-Number *(if any)*** | **Applying with you?** |
| United States | Son | | Yes [ ] No [X] |

**Part 3. Processing Information** *(Continued)*

C. List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include any military service in this part. If none, write "None." Include the name of each organization, location, nature, and dates of membership. If additional space is needed, attach a separate sheet of paper. Continuation pages must be submitted according to the guidelines provided on Page 3 of the instructions under General Instructions.

| Name of Organization | Location and Nature | Date of Membership From | Date of Membership To |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Answer the following questions. (If your answer is "Yes" to any question, explain on a separate piece of paper. Continuation pages must be submitted according to the guidelines provided on Page 3 of the instructions under General Instructions. Information about documentation that must be include with your application is also provide in this section.) Answering "Yes" does not necessarily mean that you are not entitled to adjust status or register for permanent residence.

1. Have you EVER, in or outside the United States:

   a. Knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? Yes ☐ No ☒

   b. Been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? Yes ☐ No ☒

   c. Been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency, or similar action? Yes ☐ No ☒

   d. Exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? Yes ☐ No ☒

2. Have you received public assistance in the United States from any source, including the U.S. Government or any State, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? Yes ☐ No ☒

3. Have you EVER:

   a. Within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? Yes ☐ No ☒

   b. Engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? Yes ☐ No ☒

   c. Knowingly encouraged, induced, assisted, abetted, or aided any alien to try to enter the United States illegally? Yes ☐ No ☒

   d. Illicitly trafficked in any controlled substance, or knowingly assisted, abetted, or colluded in the illicit trafficking of any controlled substance? Yes ☐ No ☒

4. Have you EVER engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity? Yes ☐ No ☒

**Part 3. Processing Information** *(Continued)*

5. Do you intend to engage in the United States in:
   a. Espionage? Yes [ ] No [X]
   b. Any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence, or other unlawful means? Yes [ ] No [X]
   c. Any activity to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information? Yes [ ] No [X]

6. Have you EVER been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? Yes [ ] No [X]

7. Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist, or otherwise participate in the persecution of any person because of race, religion, national origin, or political opinion? Yes [ ] No [X]

8. Have you EVER been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal, or rescission proceedings? Yes [ ] No [X]

9. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act (INA) for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States, or any immigration benefit? Yes [ ] No [X]

10. Have you EVER left the United States to avoid being drafted into the U.S. Armed Forces? Yes [ ] No [X]

11. Have you EVER been a J nonimmigrant exchange visitor who was subject to the 2-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver? Yes [ ] No [X]

12. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child? Yes [ ] No [X]

13. Do you plan to practice polygamy in the United States? Yes [ ] No [X]

14. Have you EVER ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following:
   a. Acts involving torture or genocide? Yes [ ] No [X]
   b. Killing any person? Yes [ ] No [X]
   c. Intentionally and severely injuring any person? Yes [ ] No [X]
   d. Engaging in any kind of sexual contact or relations with any person who was being forced or threatened? Yes [ ] No [X]
   e. Limiting or denying any person's ability to exercise religious beliefs? Yes [ ] No [X]

15. Have you EVER:
   a. Served in, been a member of, assisted in, or participated in any military unit, paramilitary unit, police unit, self-defense unit, vigilante unit, rebel group, guerrilla group, militia, or insurgent organization? Yes [X] No [ ]
   b. Served in any prison, jail, prison camp, detention facility, labor camp, or any other situation that involved detaining persons? Yes [ ] No [X]

16. Have you EVER been a member of, assisted in, or participated in any group, unit, or organization of any kind in which you or other persons used any type of weapon against any person or threatened to do so? Yes [ ] No [X]

**Part 3. Processing Information** *(Continued)*

17. Have you EVER assisted or participated in selling or providing weapons to any person who to your knowledge used them against another person, or in transporting weapons to any person who to your knowledge used them against another person? Yes ☐ No ☒

18. Have you EVER received any type of military, paramilitary, or weapons training? Yes ☒ No ☐

**Part 4. Accommodations for Individuals With Disabilities and/or Impairments** *(See Page 7 of the instructions before completing this section.)*

Are you requesting an accommodation because of your disability(ies) and/or impairment(s)? Yes ☐ No ☒

If you answered "Yes," check any applicable box:

☐ a. I am deaf or hard of hearing and request the following accommodation(s) (if requesting a sign-language interpreter, indicate which language (e.g., American Sign Language)):

☐ b. I am blind or sight-impaired and request the following accommodation(s):

☐ c. I have another type of disability and/or impairment (describe the nature of your disability(ies) and/or impairment(s) and accommodation(s) you are requesting):

**Part 5. Signature** *(Read the information on penalties on Page 8 of the instructions before completing this section. You must file this application while in the United States.)*

**Your Registration With U.S. Citizenship and Immigration Services**

"I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (INA), as an alien who has been or will be in the United States for more than 30 days, I am required to register with U.S. Citizenship and Immigration Services (USCIS). I understand and acknowledge that, under section 265 of the INA, I am required to provide USCIS with my current address and written notice of any change of address within 10 days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested, and removed from the United States."

**Selective Service Registration**

**The following applies to you if you are a male at least 18 years of age, but not yet 26 years of age, who is required to register with the Selective Service System:** "I understand that my filing Form I-485 with U.S. Citizenship and Immigration Services (USCIS) authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth, and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached 26 years of age."

**Part 5. Signature** *(Continued)*

**Applicant's Statement** *(Check one)*

☐ I can read and understand English, and I have read and understand each and every question and instruction on this form, as well as my answer to each question.

☒ Each and every question and instruction on this form, as well as my answer to each question, has been read to me in the Spanish language, a language in which I am fluent, by the person named in **Interpreter's Statement and Signature.** I understand each and every question and instruction on this form, as well as my answer to each question.

I certify, under penalty of perjury under the laws of the United States of America, that the information provided with this application is all true and correct. I certify also that I have not withheld any information that would affect the outcome of this application.

I authorize the release of any information from my records that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| Signature *(Applicant)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Daytime Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Jose Santos Sanchez | 06/02/14 | [redacted] |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested benefit, and this application may be denied.*

**Interpreter's Statement and Signature**

I certify that I am fluent in English and the below-mentioned language.

**Language Used** *(language in which applicant is fluent)*

Spanish

I further certify that I have read each and every question and instruction on this form, as well as the answer to each question, to this applicant in the above-mentioned language, and the applicant has understood each and every instruction and question on the form, as well as the answer to each question.

| Signature *(Interpreter)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Zachary Kohn | 06/02/2014 | [redacted] |

**Part 6. Signature of Person Preparing Form, If Other Than Above**

**I declare that I prepared this application at the request of the above applicant, and it is based on all information of which I have knowledge.**

| Signature | Print Your Full Name | Date *(mm/dd/yyyy)* | Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Jaime Winthuysen Aparisi | 06/02/14 | [redacted] |

Firm Name and Address

Jaime Winthuysen Aparisi & Associates, LLC
8630 Fenton Street, Suite 932
Silver Spring, MD 20910

E-Mail Address *(if any)*

jaime@aparisi.com

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0008; Expires 02/28/2015

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | ☒ Male ☐ Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| Sanchez | Jose | Santos | | [redacted] | El Salvador | A [redacted] |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security # (if any) |
|---|---|---|
| N/A | Cacaopera El Salvador | [redacted] |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | N/A | | | | |
| Mother (Maiden Name) | Sanchez | Maria | | Cacaopera, El Salvador | San Miguel, El Salvador |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| Gonzalez | Sonia | [redacted] | San Miguel El Salvador | 10/31/2006 | Atlantic City, NJ, U.S. |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**Applicant's residence last five years. List present address first.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| 145 S Rhode Island Ave., #702 | Atlantic City | NJ | United States | Feb | 2004 | Present Time | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|
| Viking Yacht Company, New Gretna, NJ 08224 | Mechanic | Jun | 1997 | Present Time | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

This form is submitted in connection with an application for:
☐ Naturalization ☐ Other (Specify):
☒ Status as Permanent Resident

Signature of Applicant — Date

If your native alphabet is in other than Roman letters, write your name in your native alphabet below:

**Penalties: Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.**

**Applicant: Print your name and Alien Registration Number in the box outlined by heavy border below.**

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| Sanchez | Jose | Santos | A[redacted] |

Form G-325A (Rev. 02/07/13)Y

EL INFRASCRITO ALCALDE MUNICIPAL,

CERTIFICA:Que a la página 152 del libro de reposición de libros y partidas - de nacimientos que esta Alcaldía llevó el año 2001,se encuentra la que literalmente dice: " " " " " " " " " " " " " " " " " " " " " " " " " " " " " "

Partida Número trescientos diecisiete.-De conformidad a los artículod cincuenta y seis y cincuenta y siete de la Ley Transitoria para el Registro del - Estado Familiar y en cumplimiento al acuerdo Municipal número uno de fecha - veinte de julio del corriente año,se repone dicho asiento así:Partida Número Trescientos diecisiete.- JOSE SANTOS,nació el día veintinueve de agosto de - mil.novecientos sesenta y dos, en el Cantón Ocotillo de esta jurisdicción,hijo de María Secundina Sánchez,de oficios domésticos,de este origen y domicilio y Nacionalidad Salvadoreña.-Dió estos datos la madre del inscrito y exhibió su Cédula de Identidad Personal Número cero tres cero uno cero noventa - y seis mil ciento trece,expedida en Corinto.- Y firma.-Cacaopera,a treinta - de julio del dos mil uno.- J.G.A.C._ D.P.CH.P.- Srio.- " " " " " " " " " " " " " " " " " " " " " " " " " " " RUBRICADAS.- " " " " " " " " " " " " " " " " " "

Es conforme con su original con el cual se confrontó.- Y para efectos legales,se expide la presente en la Alcaldía Municipal de la Ciudad de Cacaopera a treinta de agosto del dos mil cuatro.-Enmendados- Sánchez- Vale.-

SECRETARIA MUNICIPAL DE CACAOPERA. Depto. de Morazán El Salvador, C.A.

ALCALDIA MUNICIPAL DE CACAOPERA Depto. de Morazán El Salvador, C.A.

JOSE DEL AGUETA CANALES,
ALCALDE MUNICIPAL.

DAYSI ARMIDA PEREZ DE CHAVEZ,
SECRETARIA MUNICIPAL.-

ENCARGADO DEL REGISTRO DEL ESTADO FAMILIAR Alcaldía Municipal Cacaopera Depto. de Morazán

MARIA ESPERANZA RIVERA,
ENC. DEL REG. DEL EST.FAM.-

The Undersigned Town Hall,
CERTIFIES: That on page 152 of the book of replacements of books and certificates of birth in that this town carried in the year 2001, it is found what literally says: """""""""""""""""""""""""""""""""""""""""""""" Certificate Number three hundred and seventeen.-In conformity with the articles fifty six and fifty seven of the Transient Law of this Registry of Family Status and in compliance with the Municipal agreement number one of the date twentieth of July of the current year, what says the following: Certificate Number Three hundred and Seventeen.- JOSE SANTOS, born on the twenty-ninth day of august of one thousand nine hundred and sixty-two, in the Canton Ocotillo of this jurisdiction, son of Maria Secundina Sanchez, housewife, native and domiciled here and of Salvadoran nationality. These facts were given by the mother of the undersigned who exhibited her Identity Card Number zero three zero one zero ninety and six thousand one hundred thirteen, issued in Corinto. And signed. Cacaopera, on the thirtieth of July of two thousand and one. J.G.A.C._D.P.CH.P. Srio. """""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""INITIALLED"""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""
This conforms as the original and was confronted. And for the facts of the law, it was issued presently in the Town Hall of the City of Cacopera on the thirtieth of August of two thousand and four. Amended. Sanchez-Vale.

| | | |
|---|---|---|
| [seal]<br>[signature]<br>Daysi Armida Perez,<br><br>Municipal Secretary | [seal]<br>[signature]<br>Jose Gel Roueta Canales<br><br>Mayor | [seal]<br>[signature]<br>Maria Estellana Rivera<br><br>Chief of Civil Registry |

## CERTIFICATE OF TRANSLATION

I, Zachary Abraham Kohn, certify that this translation is true and accurate and that I am competent to translate from Spanish to English.

05/27/2014
DATE

Zachary Abraham Kohn




3

REPÚBLICA DE EL SALVADOR

Pasaporte / Passport



Tipo / Type: P

Código País/Country code: SLV

Pasaporte No / Passport No: [redacted]

Nombres / Given Names: JOSE SANTOS

Apellidos / Surname: SANCHEZ

Nacionalidad / Nationality: Salvadoreña

Fecha de Nacimiento / Date of Birth: 29 Ago / Aug 1962

Sexo / Sex: M

Lugar de nacimiento / Place of birth: MORAZAN EL SALVADOR(SLV)

Fecha expedición / Date of issue: 18 Mayo / May 2012

Número de Libreta / Booklet Number: [redacted]

Fecha de expiración / Date of expiry: 18 Mayo / May 2017

Autoridad emisora / Issuing authority: (RREE) Elizabeth, USA



P<SLVSANCHEZ<<JOSE<SANTOS<<<<<<<<<<<<<<<<<<<

[redacted]


MIGRACION CA-4
20 DIC. 2013
PAROLED
U.S. DEPARTMENT OF HOMELAND SECURITY
VISAS
VISAS

U.S. Customs and Border Protection
Securing America's Borders

OMB No. 1651-0111
Expiration Date: 11/30/2014

## Most Recent I-94

**Admission (I-94) Record Number: 16862731530**

**Most Recent Date of Entry: 2014 January 11**

**Class of Admission: DA**

**Admit Until Date: 2015 January 10**

**Details provided on the I-94 Information form:**

| | |
|---|---|
| Last/Surname: | SANCHEZ |
| First (Given) Name: | JOSE SANTOS |
| Birth Date: | [redacted] |
| Passport Number: | [redacted] |
| Country of Issuance: | El Salvador |

Get Travel History

▶ Effective April 26, 2013, DHS began automating the admission process. An alien lawfully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP website constitutes a lawful record of admission. See 8 CFR § 1.4(d).

▶ If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along with any additional required documents requested by that employer or agency.

▶ Note: For security reasons, we recommend that you close your browser after you have finished retrieving your I-94 number.

For inquiries or questions regarding your I-94, please click here.

Accessibility | Privacy Policy

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-512L, Authorization for Parole of an Alien Into the United States

| (Family Name) | (Given Name) | (Middle Initial) | Date Issued |
|---|---|---|---|
| SANCHEZ, JOSE S | | | November 26, 2013 |
| | | | A# [redacted] LIN1380017452 |

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| [redacted] | EL SALVADOR | | | |

| U.S. Address (Apt number and/or in care of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|
| 145 S RHODE ISLAND AVENUE 702, | | ATLANTIC CITY | NJ | 08401 |

**TRAVEL AUTHORIZATION:** Presentation of the original of this document authorizes a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act (INA) for bringing an alien who does not have a visa.

**PAROLE:** The named bearer of this authorization has been granted Temporary Protected Status (TPS) pursuant to Section 244 of the INA. The named bearer departed the United States temporarily and intends to return to the United States to resume his or her TPS. Presentation of the original of this document prior to November 26, 2014 allows a Customs and Border Protection (CBP) Inspector at a port-of-entry to parole the named bearer, whose photograph appears hereon, into the United States based upon urgent humanitarian reasons or significant public benefit. This authorization is valid for multiple applications for parole into the United States during the validity period noted above. Each parole period shall not exceed one year from the date of parole at the port-of-entry.

[X] Approved

[ ] Conditions/comments:

**NOTICE - READ BEFORE YOU TRAVEL ABROAD**

**Parole is not admission into the United States.** Presentation of this authorization will allow a CBP Inspector at a port-of-entry to parole you into the United States, which will allow you to resume your TPS. Parole is not an "admission," so even after your parole you will remain an "applicant for admission." If you are found inadmissible, you will need to apply and qualify for a waiver of inadmissibility. If your waiver application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act.

**Parole into the United States is not guaranteed.** In all cases, you are still subject to immigration inspection at a port-of-entry to determine whether you are eligible to come into the United States via the terms of this document. Even if you have previously been granted parole, the Department of Homeland Security retains discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States.

**Travel Warning Regarding Unlawful Presence.** If you have been unlawfully present in the United States, you may want to ask an immigration attorney or a representative at an immigrant assistance organization accredited by the Board of Immigration Appeals (BIA) whether leaving the United States would make you inadmissible and therefore ineligible for adjustment of status. Under section 212(a)(9)(B)(i) of the Act, aliens who depart the United States after being unlawfully present in the United States for certain periods may become subject to new or additional grounds of inadmissibility because of their travel abroad. If you were unlawfully present in the United States for more than 180 days after April 1, 1997, you may be found inadmissible when you return to the United States. If you were unlawfully present in the United States for more than 180 days but less than one year after April 1, 1997 and then departed voluntarily before the start of removal proceedings, you are inadmissible for three years. If you were unlawfully present for one year or more after April 1, 1997 and then departed, you are inadmissible for ten years. Obtaining advance authorization for parole will not relieve you of inadmissibility under 212(a)(9)(B)(i).

**Inadmissibility in general.** If you have concerns about admissibility and waivers you should contact an immigration attorney or an immigrant assistance organization accredited by the BIA before making foreign travel plans.

Mark Hazuda

Nebraska Service Center
850 S. Street
Lincoln, NE 68501
(Authorizing Office)



Parole Stamp

Form I-512L (Rev. 08/31/05)Y


UNITED STATES OF AMERICA
EMPLOYMENT AUTHORIZATION CARD
Surname
SANCHEZ
Given Name
JOSE S
USCIS#
[redacted]
Category
Card#
A12
EAC1380030691
Country of Birth
El Salvador
Terms and Conditions
None
Date of Birth
Sex
[redacted]
M
Valid From:
09/10/13
Card Expires:
03/09/15
NOT VALID FOR REENTRY TO U.S.

# STATE OF NEW JERSEY

00056018

# CERTIFICATE OF BIRTH

NAME OF CHILD

*JEFFREY SANCHEZ-GONZALEZ*

DATE OF BIRTH | TIME OF BIRTH | SEX

[redacted] | *6:02 AM* | *MALE*

MAIDEN NAME OF MOTHER

*SONIA GONZALEZ*

NAME OF FATHER

*JOSE S. SANCHEZ*

PLACE OF BIRTH | COUNTY OF BIRTH

ATLANTIC CITY | ATLANTIC

DATE ISSUED: | FILE NUMBER

*April 27, 2007* | *...091*

DATE FILED WITH REGISTRAR: *December 19, 2001* | AMENDED DATE: *N/A*

ISSUED BY:
*CITY OF ATLANTIC CITY*
*BUREAU OF VITAL STATISTICS*
*DENISE WORTHY, REGISTRAR*

This is to certify that the above is correctly copied from a record on file in my office.

*Certified copy not valid unless the raised Great Seal of the State of New Jersey or the seal of the issuing municipality or county, is affixed hereon.*

Joseph A. Komosinski, State Registrar
Bureau of Vital Statistics

REG-42A
JULY 04

THIS DOCUMENT CONTAINS A UNIQUE SAFETY ... WATERMARK

HOLD TO LIGHT TO VIEW WATERMARK

THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES TO DETER FRAUD. VOID IF ALTERED.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Company Name | Viking Yacht Company Inc. | | | | | | | | | Processed By Aspire Payroll Plus |
| Employee Name | Jose S. Sanchez | | | | | | | | State for UCI | NJ |
| Company No. | 1001 | Payroll No. | 300 | Pay Frequency | Weekly | | Tax Status | Deps | Xtr/Fxd Flat | Xtr/Fxd % |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/21/2014 | Federal | Single | 0 | | |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/27/2014 | (W) NJ | Single | 0 | | |
| Check No. | 2062422 | Net Pay | $ 646.82 | Check Date | 05/01/2014 | (R) | | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | | |
| DD #1 | Checking | ******0339 | ******3801 | $ 646.82 | DD #3 | | | | | |
| DD #2 | | | | | DD #4 | | | | | |
| DD Leftover Chk | | | | | | | | | | |
| Memos | includes 401k ReClass | | | | | | | | | |

| | Current Earnings | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 502.67 | 10,936.72 | Federal WH | 130.94 | 1,741.29 | 42-401(k) Plan | 100.42 | 465.50 |
| 16 | OverTime Pay | 28.1550 | 9.00 | 253.40 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 61.14 | 795.80 | 45-CAFE- Medical | 15.00 | 240.00 |
| | | | | | OverTime Pay | 71.00 | 1,999.06 | Medicare | 14.29 | 186.11 | 46-CAFE- Dental | 3.00 | 48.00 |
| | | | | | | | | NJ: State WH | 23.50 | 299.63 | M1-MATCH - 401 | 50.21 | 232.75 |
| | | | | | | | | NJ: State SDI | 3.82 | 49.89 | | | |
| | | | | | | | | NJ: State FLI | 1.00 | 13.10 | | | |
| | | | | | | | | NJ: EE SUI | 3.84 | 50.19 | | | |
| | | | | | | | | NJ: EE WF | 0.43 | 5.60 | | | |
| | | Employee Totals | 49.00 | 1,004.20 | Total YTD: | 663.67 | 13,123.48 | | 238.96 | 3,141.61 | | 168.63 | 986.25 |

Viking Yacht Company Inc.
5738 Route 9 and Garden State Parkway
New Gretna, NJ 08224

| Check Date | Reference No. |
|---|---|
| 05/01/2014 | 2062422 |

Payee Jose S. Sanchez

$ $646.82

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Company Name | Viking Yacht Company Inc. | | | | | | | | Processed By Aspire Payroll Plus |
| Employee Name | Jose S. Sanchez | | | | | | | State for UCI | NJ |
| Company No. | 1001 | Payroll No. | 296 | Pay Frequency | Weekly | | Tax Status | Deps | Xtr/Fxd Flat | Xtr/Fxd % |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 03/31/2014 | Federal | Single | 0 | | |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/06/2014 | (W) NJ | Single | 0 | | |
| Check No. | 2061320 | Net Pay | $ 646.81 | Check Date | 04/10/2014 | (R) | | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | | |
| DD #1 | Checking | ******0339 | ******3801 | $ 646.81 | DD #3 | | | | | |
| DD #2 | | | | | DD #4 | | | | | |
| DD Leftover Chk | | | | | | | | | | |
| Memos | | | | | | | | | | |

| | Current Earnings | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 462.67 | 8,684.32 | Federal WH | 130.94 | 1,405.48 | 42-401(k) Plan | 100.42 | 189.58 |
| 16 | OverTime Pay | 28.1550 | 9.00 | 253.40 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 61.14 | 628.07 | 45-CAFE- Medical | 15.00 | 195.00 |
| | | | | | OverTime Pay | 53.00 | 1,492.26 | Medicare | 14.30 | 146.89 | 46-CAFE- Dental | 3.00 | 39.00 |
| | | | | | | | | NJ: State WH | 23.50 | 243.05 | MT-MATCH - 401 | 50.21 | 94.79 |
| | | | | | | | | NJ: State SDI | 3.82 | 39.40 | | | |
| | | | | | | | | NJ: State FLI | 1.00 | 10.35 | | | |
| | | | | | | | | NJ: EE SUI | 3.84 | 39.64 | | | |
| | | | | | | | | NJ: EE WF | 0.43 | 4.42 | | | |
| | Employee Totals | | 49.00 | 1,004.20 | Total YTD: | 525.67 | 10,364.28 | | 238.97 | 2,517.30 | | 168.63 | 518.37 |

Viking Yacht Company Inc.
5738 Route 9 and Garden State Parkway
New Gretna, NJ 08224

| Check Date | Reference No. |
|---|---|
| 04/10/2014 | 2061320 |

Payee Jose S. Sanchez

$ $646.81

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

Processed By Aspire Payroll Plus

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Company Name | Viking Yacht Company Inc. | | | | | | | | | |
| Employee Name | Jose S. Sanchez | | | | | | | | State for UCI | NJ |
| Company No. | 1001 | Payroll No. | 298 | Pay Frequency | Weekly | | Tax Status | Deps | Xtr/Fxd Flat | Xtr/Fxd % |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/07/2014 | Federal | Single | 0 | | |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/13/2014 | (W) NJ | Single | 0 | | |
| Check No. | 2061648 | Net Pay | $ 586.60 | Check Date | 04/17/2014 | (R) | | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | | |
| DD #1 | Checking | ******0339 | ****3601 | $ 586.60 | DD #3 | | | | | |
| DD #2 | | | | | DD #4 | | | | | |
| DD Leftover Chk | | | | | | | | | | |
| Memos | | | | | | | | | | |

| Current Earnings | | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 502.67 | 9,435.12 | Federal WH | 105.60 | 1,511.08 | 42-401(k) Plan | 89.16 | 278.74 |
| 16 | OverTime Pay | 28.1550 | 5.00 | 140.78 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 54.17 | 682.24 | 45-CAFE-Medical | 15.00 | 210.00 |
| | | | | | OverTime Pay | 58.00 | 1,633.04 | Medicare | 12.67 | 159.56 | 46-CAFE-Dental | 3.00 | 42.00 |
| | | | | | | | | NJ: State WH | 17.31 | 260.36 | M1-MATCH-401 | 44.58 | 139.37 |
| | | | | | | | | NJ: State SDI | 3.39 | 42.79 | | | |
| | | | | | | | | NJ: State FLI | 0.69 | 11.24 | | | |
| | | | | | | | | NJ: EE SUI | 3.41 | 43.05 | | | |
| | | | | | | | | NJ: EE WF | 0.38 | 4.80 | | | |
| | Employee Totals | | 45.00 | 891.58 | Total YTD: | 570.67 | 11,255.86 | | 197.82 | 2,715.12 | | 151.74 | 670.11 |

Viking Yacht Company Inc.
5738 Route 9 and Garden State Parkway
New Gretna, NJ 08224

| Check Date | Reference No. |
|---|---|
| 04/17/2014 | 2061648 |

Payee Jose S. Sanchez $ $586.60

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Company Name | Viking Yacht Company Inc. | | | | | | | | | |
| Employee Name | Jose S. Sanchez | | | | | | | | | Processed By Aspire Payroll Plus |
| | | | | | | | | | State for UCI | NJ |
| Company No. | 1001 | Payroll No. | 299 | Pay Frequency | Weekly | | Tax Status | Deps | Xtr/Fxd Flat | Xtr/Fxd % |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/14/2014 | Federal | Single | 0 | | |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/20/2014 | (W) NJ | Single | 0 | | |
| Check No. | 2062089 | Net Pay | $ 571.55 | Check Date | 04/24/2014 | (R) | | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | | |
| DD #1 | Checking | ******0339 | ******3301 | $ 571.55 | DD #3 | | | | | |
| DD #2 | | | | | DD #4 | | | | | |
| DD Leftover Chk | | | | | | | | | | |
| Memos | | | | | | | | | | |

| | Current Earnings | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 542.67 | 10,185.92 | Federal WH | 99.27 | 1,610.35 | 42-401(k) Plan | 86.34 | 365.08 |
| 16 | OverTime Pay | 28.1550 | 4.00 | 112.62 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 52.42 | 734.66 | 45-CAFE-Medical | 15.00 | 225.00 |
| | | | | | OverTime Pay | 62.00 | 1,745.66 | Medicare | 12.26 | 171.82 | 46-CAFE-Dental | 3.00 | 45.00 |
| | | | | | | | | NJ: State WH | 15.77 | 276.13 | M1-MATCH - 401 | 43.17 | 182.54 |
| | | | | | | | | NJ: State SDI | 3.28 | 46.07 | | | |
| | | | | | | | | NJ: State FLI | 0.86 | 12.10 | | | |
| | | | | | | | | NJ: EE SUI | 3.30 | 46.35 | | | |
| | | | | | | | | NJ: EE WF | 0.37 | 5.17 | | | |
| | Employee Totals | | 44.00 | 863.42 | Total YTD: | 614.67 | 12,119.28 | | 187.53 | 2,902.65 | | 147.51 | 817.62 |

Viking Yacht Company Inc.
5738 Route 9 and Garden State Parkway
New Gretna, NJ 08224

| Check Date | Reference No. |
|---|---|
| 04/24/2014 | 2062089 |

Payee Jose S. Sanchez

$ $571.55

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

# Form 1040 Department of the Treasury - Internal Revenue Service (99) U.S. Individual Income Tax Return 2013

OMB No. 1545-0074 | IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2013, or other tax year beginning , 2013, ending , 20 | See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |

Home address (number and street). 145 S RHODE ISLAND AVE — Apt. no. 702

Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). Atlantic City NJ 08401

Foreign country name | Foreign province/state/county | Foreign postal code

**Presidential Election Campaign** Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

## Filing Status

Check only one box.

1 ☐ Single
2 [X] Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

## Exemptions

6a [X] Yourself. If someone can claim you as a dependent, do not check box 6a — Boxes checked on 6a and 6b: 2
b [X] Spouse
c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) Chk if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | X |
| [redacted] | [redacted] | Son | ☐ |
| [redacted] | [redacted] | Son | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here ▶☐

No. of children on 6c who: • lived with you 3; • did not live with you due to divorce or separation (see instructions); Dependents on 6c not entered above

d Total number of exemptions claimed — Add numbers on lines above ▶ 5

## Income

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 72,285 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a — 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends — 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions 15a — b Taxable amount | 15b | |
| 16a | Pensions and annuities 16a — b Taxable amount | 16b | 1,873 |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits 20a — b Taxable amount | 20b | |
| 21 | Other income | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 74,158 |

## Adjusted Gross Income

| Line | Description | | Amount |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | 74,158 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions. Form 1040 (2013)

EEA

Form 1040 (2013) JOSE S SANCHEZ & SONIA GONZALEZ [redacted] Page 2

## Tax and Credits

Standard Deduction for -
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $6,100

Married filing jointly or Qualifying widow(er), $12,200

Head of household, $8,950

| Line | Description | | | | Amount |
|---|---|---|---|---|---|
| 38 | Amount from line 37 (adjusted gross income) | | | 38 | 74,158 |
| 39a | Check if: ☐ You were born before January 2, 1949, ☐ Blind. ☐ Spouse was born before January 2, 1949, ☐ Blind. } Total boxes checked ▶ 39a ☐ | | | | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | | | 40 | 12,200 |
| 41 | Subtract line 40 from line 38 | | | 41 | 61,958 |
| 42 | Exemptions. If line 38 is $150,000 or less, multiply $3,900 by the number on line 6d. Otherwise, see instructions | | | 42 | 19,500 |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | | 43 | 42,458 |
| 44 | Tax (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ | | | 44 | 5,479 |
| 45 | Alternative minimum tax (see instructions). Attach Form 6251 | | | 45 | |
| 46 | Add lines 44 and 45 ▶ | | | 46 | 5,479 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 500 | | |
| 49 | Education credits from Form 8863, line 19 | 49 | | | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | | |
| 51 | Child tax credit. Attach Schedule 8812, if required | 51 | 1,000 | | |
| 52 | Residential energy credits. Attach Form 5695 | 52 | | | |
| 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | | | |
| 54 | Add lines 47 through 53. These are your total credits | | | 54 | 1,500 |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | | | 55 | 3,979 |

## Other Taxes

| Line | Description | | | | Amount |
|---|---|---|---|---|---|
| 56 | Self-employment tax. Attach Schedule SE | | | 56 | |
| 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | | | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required NO | | | 58 | 187 |
| 59a | Household employment taxes from Schedule H | | | 59a | |
| b | First-time homebuyer credit repayment. Attach Form 5405 if required | | | 59b | |
| 60 | Taxes from: a ☐ Form 8959 b ☐ Form 8960 c ☐ Instructions; enter code(s) | | | 60 | |
| 61 | Add lines 55 through 60. This is your total tax ▶ | | | 61 | 4,166 |

## Payments

If you have a qualifying child, attach Schedule EIC.

| Line | Description | | | | Amount |
|---|---|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 10,030 | | |
| 63 | 2013 estimated tax payments and amount applied from 2012 return | 63 | | | |
| 64a | Earned income credit (EIC) | 64a | | | |
| b | Nontaxable combat pay election 64b | | | | |
| 65 | Additional child tax credit. Attach Schedule 8812 | 65 | | | |
| 66 | American opportunity credit from Form 8863, line 8 | 66 | | | |
| 67 | Reserved | 67 | | | |
| 68 | Amount paid with request for extension to file | 68 | | | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | | |
| 71 | Credits from Form: a ☐ 2439 b ☐ Reserved c ☐ 8885 d ☐ | 71 | | | |
| 72 | Add lines 62, 63, 64a, and 65 through 71. These are your total payments ▶ | | | 72 | 10,030 |

## Refund

| Line | Description | | | | Amount |
|---|---|---|---|---|---|
| 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you overpaid | | | 73 | 5,864 |
| 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | | | 74a | 5,864 |
| ▶ b | Routing number X X X X X X X X X ▶ c Type: ☐ Checking ☐ Savings | | | | |
| ▶ d | Account number X X X X X X X X X X X X X X X X X | | | | |
| 75 | Amount of line 73 you want applied to your 2014 estimated tax ▶ | 75 | | | |

Direct deposit? See instructions.

## Amount You Owe

| Line | Description | | | | Amount |
|---|---|---|---|---|---|
| 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | | | 76 | |
| 77 | Estimated tax penalty (see instructions) | 77 | | | |

## Third Party Designee

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. ☒ No

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

| Your signature | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.) |

## Paid Preparer Use Only

| | | | |
|---|---|---|---|
| Preparer's signature | Date 04-30-2014 | Check ☐ if self-employed | PTIN P00997299 |
| Print/Type preparer's name Sandra Davila | | | |
| Firm's name ▶ ATLANTIC GENERAL SERVICES | | Firm's EIN ▶ [redacted] | |
| Firm's address ▶ 3117 Atlantic Ave Atlantic City, NJ 08401 | | Phone no. 609-344-4343 | |

EEA Form 1040 (2013)

Form **2441**
Department of the Treasury
Internal Revenue Service (99)

# Child and Dependent Care Expenses

▶ Attach to Form 1040, Form 1040A, or Form 1040NR.
▶ Information about Form 2441 and its separate instructions is at www.irs.gov/form2441.

OMB No. 1545-0074
**2013**
Attachment Sequence No. 21

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ
Your social security number: [redacted]

## Part I Persons or Organizations Who Provided the Care - You must complete this part.

(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| ESTEPHANIE TAMBI | 4532 ATLANTIC AVE<br>Ventnor City, NJ<br>08406 | [redacted] | 2,500 |
| | | | |

Did you receive dependent care benefits?
- No ▶ Complete only Part II below.
- Yes ▶ Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a, or Form 1040NR, line 58a.

## Part II Credit for Child and Dependent Care Expenses

2 Information about your qualifying person(s). If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2013 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | | [redacted] | 2,500 |
| | | | |

3 Add the amounts in column (c) of line 2. Do not enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 . . . . . **3** 2,500

4 Enter your earned income. See instructions . . . . . **4** 44,934

5 If married filing jointly, enter your spouse's earned income (if you or your spouse was a student or was disabled, see the instructions); all others, enter the amount from line 4 . . . . . **5** 27,351

6 Enter the smallest of line 3, 4, or 5 . . . . . **6** 2,500

7 Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37 . . . . . **7** 74,158

8 Enter on line 8 the decimal amount shown below that applies to the amount on line 7

| If line 7 is: Over | But not over | Decimal amount is | If line 7 is: Over | But not over | Decimal amount is |
|---|---|---|---|---|---|
| $0 | 15,000 | .35 | $29,000 | 31,000 | .27 |
| 15,000 | 17,000 | .34 | 31,000 | 33,000 | .26 |
| 17,000 | 19,000 | .33 | 33,000 | 35,000 | .25 |
| 19,000 | 21,000 | .32 | 35,000 | 37,000 | .24 |
| 21,000 | 23,000 | .31 | 37,000 | 39,000 | .23 |
| 23,000 | 25,000 | .30 | 39,000 | 41,000 | .22 |
| 25,000 | 27,000 | .29 | 41,000 | 43,000 | .21 |
| 27,000 | 29,000 | .28 | 43,000 | No limit | .20 |

**8** X.20

9 Multiply line 6 by the decimal amount on line 8. If you paid 2012 expenses in 2013, see the instructions . . . . . **9** 500

10 Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions . . . . . **10** 5,479

11 **Credit for child and dependent care expenses.** Enter the smaller of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 . . . . . **11** 500

**For Paperwork Reduction Act Notice, see your tax return instructions.** Form 2441 (2013)

EEA

Form **1040X** (Rev. December 2013)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ Information about Form 1040X and its separate instructions is at www.irs.gov/form1040x.

OMB No. 1545-0074

This return is for calendar year [X] 2013 [ ] 2012 [ ] 2011 [ ] 2010

Other year. Enter one: calendar year or fiscal year (month and year ended):

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. | Your phone number |
| 145 S RHODE ISLAND AVE | 702 | |
| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). | | |
| Atlantic City NJ 08401 | | |
| Foreign country name | Foreign province/state/county | Foreign postal code |

Amended return filing status. You must check one box even if you are not changing your filing status.
Caution. In general, you cannot change your filing status from joint to separate returns after the due date.

[ ] Single [X] Married filing jointly [ ] Married filing separately
[ ] Qualifying widow(er) [ ] Head of household (If the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | Line | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | 44,934 | 29,224 | 74,158 |
| 2 Itemized deductions or standard deduction | 2 | 8,950 | 3,250 | 12,200 |
| 3 Subtract line 2 from line 1 | 3 | 35,984 | 25,974 | 61,958 |
| 4 Exemptions. If changing, complete Part I on page 2 and enter the amount from line 28 | 4 | 7,800 | 11,700 | 19,500 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 28,184 | 14,274 | 42,458 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax (see instructions): TABLES | 6 | 3,589 | 1,890 | 5,479 |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | 1,500 | | 1,500 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 2,089 | 1,890 | 3,979 |
| 9 Other taxes | 9 | | 187 | 187 |
| 10 Total tax. Add lines 8 and 9 | 10 | 2,089 | 2,077 | 4,166 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (if changing, see instructions) | 11 | 6,565 | 3,465 | 10,030 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Refundable credits from Schedule(s) [ ] 8812 or [ ] M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [ ] 8812 (2010 or 2011) [ ] 8839 [ ] 8863 [ ] 8885 or [ ] other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 10,030 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 6,896 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 3,134 |
| 19 Amount you owe. If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,032 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount overpaid on this return | 20 | | | |
| 21 Amount of line 20 you want refunded to you | 21 | | | |
| 22 Amount of line 20 you want applied to your (enter year): estimated tax | 22 | | | |

Complete and sign this form on Page 2.

For Paperwork Reduction Act Notice, see instructions. Form 1040X (Rev. 12-2013)
EEA

Form 1040X (Rev. 12-2013) Page 2

**Part I** Exemptions

Complete this part only if you are increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23 Yourself and spouse. Caution. If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 Other dependents | 26 | | | |
| 27 Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending. Enter the result here and on line 4 on page 1 of this form | 28 | 7,800 | 11,700 | 19,500 |

29 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | X |
| | [redacted] | Son | |
| | [redacted] | Son | |
| | | | |

**Part II** Presidential Election Campaign Fund

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Part III** Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.

► Attach any supporting documents and new or changed forms and schedules.

I AM AMEDING THIS TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS TO FILING MARRIED JOINTLY I APOLOGIZED FOR THE INCONVENIENT THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER

## Sign Here

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

► ______ Your signature | Date | ► ______ Spouse's signature. If a joint return, both must sign. | Date

Paid Preparer's Use Only

► ______ Preparer's signature | 04-30-2014 Date | ATLANTIC GENERAL SERVICES Firm's name (or yours if self-employed)

Sandra Davila
Print/type preparer's name

3117 Atlantic Ave
Atlantic City, NJ 08401
Firm's address and ZIP code

P00997299 PTIN | ☐ Check if self-employed | 609-344-4343 Phone number | [redacted] EIN

For forms and publications, visit IRS.gov.
EEA

Form 1040X (Rev. 12-2013)

| | |
|---|---|
| 44933.86<br>1 Wages, tips, other comp. | 6564.68<br>2 Fed. income tax withheld |
| 44933.86<br>3 Social security wages | 2785.90<br>4 Soc. sec. tax withheld |
| 44933.86<br>5 Medicare wages and tips | 651.55<br>6 Medicare tax withheld |

Employer's name, address, and ZIP code
Viking Yacht Company Inc.
5738 Route 9 and Garden State Park
New Gretna NJ 08224

| | | | |
|---|---|---|---|
| 7 Social security tips | | 8 Allocated tips | |
| 9 | | 10 Dependent care benefits | |
| 11 Nonqualified plans | | 12a DD | 5300.00 |
| | | 12b | |
| 13 Statutory employee / Retirement plan / Third-party sick pay | | 12c | |
| | | 12d | |
| 14 | | Employee's SSN | [redacted] |
| CAFE- Medical | 390.00 | Employer ID number (EIN) | [redacted] |
| CAFE- Dental | 78.00 | | |
| NJ UI/HC/WD | 131.32 | | |
| NJ DI | 111.23 | Control number | 001001007691456 |

Jose S Sanchez
145 S Rhode Island Ave - Unit 70
Atlantic City NJ 08401

Employee's name, address, and ZIP code

| 15 St. | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|---|
| NJ | [redacted] | 45401.86 | 1082.68 |

| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|
| | | |

**Form W-2** Wage and Tax Statement **2013**
Copy C—For EMPLOYEE'S RECORDS.
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. 33-2095000
OMB No. 1545-0008
Department of the Treasury—Internal Revenue Service

## Instructions for Employee

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 5.** This amount may be required to be entered on Form 8959. See Form 1040 instructions to determine if you are required to complete Form 8959.

**Box 6.** This amount includes the 1.45% Medicare Tax withheld on all Medicare wages and tips shown in box 5, as well as the 0.9% Additional Medicare Tax on any of those Medicare wages and tips above $200,000.

**Box 8.** This amount is **not** included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

You must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report at least the allocated tip amount unless you can prove a smaller amount with adequate records. If you have records that show the actual amount of tips you received, report that amount even if it is more or less than the allocated tips. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount. This box should not be used if you had a deferral and a distribution in the same calendar year. If this happens and you are or will be age 62 by the end of the calendar year, your employer should file a Form SSA-131 with the Social Security Administration and give you a copy.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $17,500 ($12,000 if you only have SIMPLE plans; $20,500 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $17,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2013, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a makeup pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

A—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

B—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

C—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

D—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

E—Elective deferrals under a section 403(b) salary reduction agreement

F—Elective deferrals under a section 408(k)(6) salary reduction SEP

G—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

H—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

J—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

K—20% excise tax on excess golden parachute payments. See "Other Taxes" in the Form 1040 instructions.

L—Substantiated employee business expense reimbursements (nontaxable)

M—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

N—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

P—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

Q—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

R—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

S—Employee salary reduction contributions under a section 408(p) SIMPLE plan (not included in box 1)

T—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

V—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

W—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y—Deferrals under a section 409A nonqualified deferred compensation plan

Z—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Other Taxes" in the Form 1040 instructions.

AA—Designated Roth contributions under a section 401(k) plan

BB—Designated Roth contributions under a section 403(b) plan

DD—Cost of employer-sponsored health coverage. The amount reported with Code DD is not taxable.

EE—Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Box 14.** Employers may use this box to report information such as state disability insurance taxes withheld, union dues, uniform payments, health insurance premiums deducted, nontaxable income, educational assistance payments, or a member of the clergy's parsonage allowance and utilities. Railroad employers use this box to report RRTA compensation, Tier I tax, Tier II tax, Medicare tax and Additional Medicare Tax.

**Note.** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help protect your social security benefits, keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.

## Notice to Employee

**Do you have to file?** Refer to the Form 1040 instructions to determine if you are required to file a tax return. Even if you do not have to file a tax return, you may be eligible for a refund if box 2 shows an amount or if you are eligible for any credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2013 if your adjusted gross income (AGI) is less than a certain amount. The amount of the credit is based on income and family size. Workers without children could qualify for a smaller credit. You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than the specified amount for 2013 or if income is earned for services provided while you were an inmate at a penal institution. For 2013 income limits and more information, visit www.irs.gov/eitc. Also see Pub. 596, Earned Income Credit.

Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. Be sure to get your copies of Form W-2c from your employer for all corrections made so you may file them with your tax return. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at www.socialsecurity.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in box 12, using code DD, of the cost of employer-sponsored health coverage is for your information only. The amount reported with code DD is not taxable.

**Credit for excess taxes.** If you had more than one employer in 2013 and more than $7,049.40 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,709.20 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

Form **1040** Department of the Treasury - Internal Revenue Service (99)
**U.S. Individual Income Tax Return** **2012** OMB No. 1545-0074 IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2012, or other tax year beginning , 2012, ending , 20 — See separate instructions.

| | | |
|---|---|---|
| Your first name and initial: JOSE S | Last name: SANCHEZ | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: SONIA | Last name: GONZALEZ | Spouse's social security number: [redacted] |
| Home address (number and street): 145 S RHODE ISLAND AVE | Apt. no.: 702 | Make sure the SSN(s) above and on line 6c are correct. |
| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions): Atlantic City NJ 08401 | | **Presidential Election Campaign** Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse |
| Foreign country name | Foreign province/state/county | Foreign postal code |

## Filing Status

Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

## Exemptions

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse
Boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) Chk if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | ☒ |
| | [redacted] | Son | ☐ |
| | [redacted] | Son | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here ▶☐

No. of children on 6c who: • lived with you: 3
• did not live with you due to divorce or separation (see instructions):
Dependents on 6c not entered above:

d Total number of exemptions claimed — Add numbers on lines above ▶ 5

## Income

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 61,630 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a — 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends — 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions — 15a — b Taxable amount | 15b | |
| 16a | Pensions and annuities — 16a — b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | 5,203 |
| 20a | Social security benefits — 20a — b Taxable amount | 20b | |
| 21 | Other income | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 66,833 |

## Adjusted Gross Income

| Line | Description | | Amount |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | 66,833 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions. Form 1040 (2012)
EEA

Form 1040 (2012) JOSE S SANCHEZ & SONIA GONZALEZ [redacted] Page 2

**Tax and Credits**

Standard Deduction for -
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $5,950

Married filing jointly or Qualifying widow(er), $11,900

Head of household, $8,700

| Line | Description | | Amount |
|---|---|---|---|
| 38 | Amount from line 37 (adjusted gross income) | 38 | 66,833 |
| 39a | Check if: ☐ You were born before January 2, 1948, ☐ Blind. ☐ Spouse was born before January 2, 1948, ☐ Blind. Total boxes checked ▶ 39a | | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 11,900 |
| 41 | Subtract line 40 from line 38 | 41 | 54,933 |
| 42 | Exemptions. Multiply $3,800 by the number on line 6d | 42 | 19,000 |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 35,933 |
| 44 | Tax (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ 962 election | 44 | 4,519 |
| 45 | Alternative minimum tax (see instructions). Attach Form 6251 | 45 | |
| 46 | Add lines 44 and 45 ▶ | 46 | 4,519 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 400 |
| 49 | Education credits from Form 8863, line 19 | 49 | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | |
| 51 | Child tax credit. Attach Schedule 8812, if required | 51 | 1,000 |
| 52 | Residential energy credit. Attach Form 5695 | 52 | |
| 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | |
| 54 | Add lines 47 through 53. These are your total credits | 54 | 1,400 |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | 55 | 3,119 |

**Other Taxes**

| Line | Description | | Amount |
|---|---|---|---|
| 56 | Self-employment tax. Attach Schedule SE | 56 | |
| 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| 59a | Household employment taxes from Schedule H | 59a | |
| b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| 60 | Other taxes. Enter code(s) from instructions | 60 | |
| 61 | Add lines 55 through 60. This is your total tax ▶ | 61 | 3,119 |

**Payments**

If you have a qualifying child, attach Schedule EIC.

| Line | Description | | Amount | | |
|---|---|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 8,291 | | FORM 1099 |
| 63 | 2012 estimated tax payments and amount applied from 2011 return | 63 | | | |
| 64a | Earned income credit (EIC) | 64a | | | |
| b | Nontaxable combat pay election 64b | | | | |
| 65 | Additional child tax credit. Attach Schedule 8812 | 65 | | | |
| 66 | American opportunity credit from Form 8863, line 8 | 66 | | | |
| 67 | Reserved | 67 | | | |
| 68 | Amount paid with request for extension to file | 68 | | | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | | |
| 71 | Credits from Form: a ☐ 2439 b ☐ Reserved c ☐ 8801 d ☐ 8885 | 71 | | | |
| 72 | Add lines 62, 63, 64a, and 65 through 71. These are your total payments ▶ | | | 72 | 8,291 |

**Refund**

| Line | Description | | Amount |
|---|---|---|---|
| 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you overpaid | 73 | 5,172 |
| 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | 5,172 |
| ▶ b | Routing number X X X X X X X X X ▶ c Type: ☐ Checking ☐ Savings | | |
| ▶ d | Account number X X X X X X X X X X X X X X X X X | | |
| 75 | Amount of line 73 you want applied to your 2013 estimated tax ▶ 75 | | |

Direct deposit? See instructions.

**Amount You Owe**

| Line | Description | | Amount |
|---|---|---|---|
| 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| 77 | Estimated tax penalty (see instructions) 77 | | |

**Third Party Designee**

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. ☒ No

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

| Your signature | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.) |

**Paid Preparer Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature | Date 04-30-2014 | Check ☐ if self-employed | PTIN P00997299 |
| Print/Type preparer's name Sandra Davila | | | |
| Firm's name ▶ ATLANTIC GENERAL SERVICES | | Firm's EIN ▶ [redacted] | |
| Firm's address ▶ 3117 Atlantic Ave Atlantic City, NJ 08401 | | Phone no. 609-344-4343 | |

EEA

Form 1040 (2012)

Form **1040X** (Rev. December 2012)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ Information about Form 1040X and its separate instructions is at www.irs.gov/form1040X.

OMB No. 1545-0074

This return is for calendar year [X] 2012 [ ] 2011 [ ] 2010 [ ] 2009

Other year. Enter one: calendar year or fiscal year (month and year ended):

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. | Your phone number |
| 145 S RHODE ISLAND AVE | 702 | |

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).

Atlantic City NJ 08401

| Foreign country name | Foreign province/state/country | Foreign postal code |
|---|---|---|
| | | |

**Amended return filing status.** You must check one box even if you are not changing your filing status.
Caution. In general, you cannot change your filing status from joint to separate returns after the due date.

[ ] Single [X] Married filing jointly [ ] Married filing separately
[ ] Qualifying widow(er) [ ] Head of household (if the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | 36,697 | 30,136 | 66,833 |
| 2 Itemized deductions or standard deduction | 2 | 8,700 | 3,200 | 11,900 |
| 3 Subtract line 2 from line 1 | 3 | 27,997 | 26,936 | 54,933 |
| 4 Exemptions. If changing, complete Part I on page 2 and enter the amount from line 30 | 4 | 7,600 | 11,400 | 19,000 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 20,397 | 15,536 | 35,933 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax: TABLES | 6 | 2,436 | 2,083 | 4,519 |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | 1,480 | (80) | 1,400 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 956 | 2,163 | 3,119 |
| 9 Other taxes | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 956 | 2,163 | 3,119 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (if changing, see instructions) | 11 | 4,892 | 3,399 | 8,291 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | 39 | (39) | |
| 14 Refundable credits from Schedule(s) [ ] 8812 or [ ] M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [ ] 8812 (2009-2011) [ ] 8839 [ ] 8863 [ ] 8885 or [ ] other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 8,291 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 6,371 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 1,920 |
| 19 Amount you owe. If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,199 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount overpaid on this return | 20 | | | |
| 21 Amount of line 20 you want refunded to you | 21 | | | |
| 22 Amount of line 20 you want applied to your (enter year): estimated tax | 22 | | | |

**Complete and sign this form on Page 2.**

For Paperwork Reduction Act Notice, see instructions. Form 1040X (Rev. 12-2012)
EEA

Form 1040X (Rev. 12-2012) Page **2**

## Part I Exemptions

Complete this part only if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by a Midwestern disaster in 2009.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23 Yourself and spouse. Caution. If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 Other dependents | 26 | | | |
| 27 Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending | 28 | 7,600 | 11,400 | 19,000 |
| 29 If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 6 for 2009 | 29 | | | |
| 30 Add lines 28 and 29. Enter the result here & on line 4 on page 1 of this form | 30 | 7,600 | 11,400 | 19,000 |

31 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|---|
| [redacted] | | [redacted] | Son | X |
| | | [redacted] | Son | |
| | | [redacted] | Son | |
| | | | | |

## Part II Presidential Election Campaign Fund

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

## Part III Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

I AM AMENDING MY TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS.TO MARRIED FILING JOINTLY I APOLOGIZED FOR THE INCONVENIENT AND THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER.

## Sign Here

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ ______ Your signature | Date | ▶ ______ Spouse's signature. If a joint return, both must sign. | Date

Paid Preparer's Use Only

▶ ______ Preparer's signature | 04-30-2014 Date | ATLANTIC GENERAL SERVICES Firm's name (or yours if self-employed)

Sandra Davila
Print/type preparer's name

3117 Atlantic Ave
Atlantic City, NJ 08401
Firm's address and ZIP code

P00997299
PTIN

☐ Check if self-employed

609-344-4343
Phone number

[redacted]
EIN

For forms and publications, visit IRS.gov. Form 1040X (Rev. 12-2012)

EEA

Form **2441**

Department of the Treasury
Internal Revenue Service (99)

# Child and Dependent Care Expenses

▶ Attach to Form 1040, Form 1040A, or Form 1040NR.
▶ Information about Form 2441 and its separate instructions is at www.irs.gov/form2441.

OMB No. 1545-0074

**2012**

Attachment Sequence No. 21

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ

Your social security number: [redacted]

**Part I** Persons or Organizations Who Provided the Care – You must complete this part.
(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| ESTEPHANIE TAMBI | 4532 ATLANTIC AVE Ventnor City, NJ 08406 | [redacted]4 | 2,000 |
| | | | |

Did you receive dependent care benefits?
No ▶ Complete only Part II below.
Yes ▶ Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a, or Form 1040NR, line 58a.

**Part II** Credit for Child and Dependent Care Expenses

2 Information about your qualifying person(s). If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2012 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | | [redacted] | 2,000 |
| | | | |

| Line | Description | | Amount |
|---|---|---|---|
| 3 | Add the amounts in column (c) of line 2. Do not enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 | 3 | 2,000 |
| 4 | Enter your earned income. See instructions | 4 | 31,494 |
| 5 | If married filing jointly, enter your spouse's earned income (if your spouse was a student or was disabled, see the instructions); all others, enter the amount from line 4 | 5 | 30,136 |
| 6 | Enter the smallest of line 3, 4, or 5 | 6 | 2,000 |
| 7 | Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37 — 7: 66,833 | | |
| 8 | Enter on line 8 the decimal amount shown below that applies to the amount on line 7 | 8 | X.20 |

| If line 7 is: Over | But not over | Decimal amount is | If line 7 is: Over | But not over | Decimal amount is |
|---|---|---|---|---|---|
| $0 | 15,000 | .35 | $29,000 | 31,000 | .27 |
| 15,000 | 17,000 | .34 | 31,000 | 33,000 | .26 |
| 17,000 | 19,000 | .33 | 33,000 | 35,000 | .25 |
| 19,000 | 21,000 | .32 | 35,000 | 37,000 | .24 |
| 21,000 | 23,000 | .31 | 37,000 | 39,000 | .23 |
| 23,000 | 25,000 | .30 | 39,000 | 41,000 | .22 |
| 25,000 | 27,000 | .29 | 41,000 | 43,000 | .21 |
| 27,000 | 29,000 | .28 | 43,000 | No limit | .20 |

| Line | Description | | Amount |
|---|---|---|---|
| 9 | Multiply line 6 by the decimal amount on line 8. If you paid 2011 expenses in 2012, see the instructions | 9 | 400 |
| 10 | Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions — 10: 4,519 | | |
| 11 | Credit for child and dependent care expenses. Enter the smaller of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 | 11 | 400 |

For Paperwork Reduction Act Notice, see your tax return instructions. Form 2441 (2012)

EEA

| | |
|---|---|
| 1 Wages, tips, other comp. 31493.82 | 2 Fed. income tax withheld 4375.31 |
| 3 Social security wages 31493.82 | 4 Soc. sec. tax withheld 1322.74 |
| 5 Medicare wages and tips 31493.82 | 6 Medicare tax withheld 456.66 |

Employer's name, address, and ZIP code
Viking Yacht Company Inc.
5738 Route 9 and Garden State Park
New Gretna NJ 08224

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a |
| | 12b |
| 13 Statutory employee / Retirement plan / Third-party sick pay | 12c |
| | 12d |
| 14 NJ UI/HC/WD 128.71; NJ DI 60.63; NJ FLI 24.20 | Employee's SSN [redacted] |
| | Employer ID number (EIN) [redacted] |
| | Control number 001001007691412 |

Jose S Sanchez
145 S Rhode Island Ave - Unit 70
Atlantic City NJ 08401

Employee's name, address, and ZIP code

| 15 St. Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| NJ [redacted] | 31493.82 | 660.50 |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

**Form W-2** Wage and Tax Statement **2012**
Copy C—For EMPLOYEE'S RECORDS.
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. 35203003
OMB No. 1545-0008
Department of the Treasury—Internal Revenue Service

## Instructions for Employee

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 8.** This amount is not included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

Unless you have records that show you did not receive the amount reported in box 8 as allocated tips, you must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report the allocated tip amount. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $17,000 ($11,500 if you only have SIMPLE plans; $20,000 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $17,000. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2012, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

A—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

B—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

C—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

D—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

E—Elective deferrals under a section 403(b) salary reduction agreement

F—Elective deferrals under a section 408(k)(6) salary reduction SEP

G—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

H—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

J—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

K—20% excise tax on excess golden parachute payments. See "Other Taxes" in the Form 1040 instructions.

L—Substantiated employee business expense reimbursements (nontaxable)

M—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

N—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

P—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

Q—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

R—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

S—Employee salary reduction contributions under a section 408(p) SIMPLE plan (not included in box 1)

T—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

V—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

W—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y—Deferrals under a section 409A nonqualified deferred compensation plan

Z—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Other Taxes" in the Form 1040 instructions.

AA—Designated Roth contributions under a section 401(k) plan

BB—Designated Roth contributions under a section 403(b) plan

DD—Cost of employer-sponsored health coverage. The amount reported with Code DD is not taxable.

EE—Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Note.** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help protect your social security benefits, keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2012 if (a) you do not have a qualifying child and you earned less than $13,980 ($19,190 if married filing jointly), (b) you have one qualifying child and you earned less than $36,920 ($42,130 if married filing jointly), (c) you have two qualifying children and you earned less than $41,952 ($47,162 if married filing jointly), or (d) you have three or more qualifying children and you earned less than $45,060 ($50,270 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,200, or if income is earned for services provided while you were an inmate at a penal institution. Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at www.socialsecurity.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in Box 12, using Code DD, of the cost of employer-sponsored health coverage is for your information only. The amount reported with Code DD is not taxable.

**Credit for excess taxes.** If you had more than one employer in 2012 and more than $4,624.20 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,192.00 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

Form **1040** Department of the Treasury - Internal Revenue Service (99)

# U.S. Individual Income Tax Return 2011

OMB No. 1545-0074 | IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2011, or other tax year beginning , 2011, ending , 20 | See separate instructions.

| Field | Value |
|---|---|
| Your first name and initial | JOSE S |
| Last name | SANCHEZ |
| Your social security number | [redacted] |
| If a joint return, spouse's first name and initial | SONIA |
| Last name | GONZALEZ |
| Spouse's social security number | [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. | 145 S RHODE ISLAND AVE |
| Apt. no. | 702 |
| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). | Atlantic City NJ 08401 |
| Foreign country name | |
| Foreign province/county | |
| Foreign postal code | |

Make sure the SSN(s) above and on line 6c are correct.

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

## Filing Status

Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

## Exemptions

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse

Boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | ☒ |
| | [redacted] | Son | ☐ |
| | [redacted] | Son | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here ▶ ☐

No. of children on 6c who: • lived with you: 3
• did not live with you due to divorce or separation (see instructions):
Dependents on 6c not entered above:

d Total number of exemptions claimed — Add numbers on lines above ▶ 5

## Income

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 64,766 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a — 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends — 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions — 15a; b Taxable amount | 15b | |
| 16a | Pensions and annuities — 16a; b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | 2,327 |
| 20a | Social security benefits — 20a; b Taxable amount | 20b | |
| 21 | Other income | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 67,093 |

## Adjusted Gross Income

| Line | Description | | Amount |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | 67,093 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions. EEA Form 1040 (2011)

Form 1040 (2011) JOSE S SANCHEZ & SONIA GONZALEZ [redacted] Page 2

## Tax and Credits

| Line | Description | Box | Amount |
|---|---|---|---|
| 38 | Amount from line 37 (adjusted gross income) | 38 | 67,093 |
| 39a | Check if: ☐ You were born before January 2, 1947, ☐ Blind. ☐ Spouse was born before January 2, 1947, ☐ Blind. Total boxes checked ▶ 39a | | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 11,600 |
| 41 | Subtract line 40 from line 38 | 41 | 55,493 |
| 42 | Exemptions. Multiply $3,700 by the number on line 6d | 42 | 18,500 |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 36,993 |
| 44 | Tax (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ 962 election | 44 | 4,696 |
| 45 | Alternative minimum tax (see instructions). Attach Form 6251 | 45 | |
| 46 | Add lines 44 and 45 ▶ | 46 | 4,696 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 400 |
| 49 | Education credits from Form 8863, line 23 | 49 | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | |
| 51 | Child tax credit (see instructions) | 51 | 1,000 |
| 52 | Residential energy credits. Attach Form 5695 | 52 | |
| 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | |
| 54 | Add lines 47 through 53. These are your total credits | 54 | 1,400 |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | 55 | 3,296 |

Standard Deduction for -
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $5,800

Married filing jointly or Qualifying widow(er), $11,600

Head of household, $8,500

## Other Taxes

| Line | Description | Box | Amount |
|---|---|---|---|
| 56 | Self-employment tax. Attach Schedule SE | 56 | |
| 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| 59a | Household employment taxes from Schedule H | 59a | |
| b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| 60 | Other taxes. Enter code(s) from instructions | 60 | |
| 61 | Add lines 55 through 60. This is your total tax ▶ | 61 | 3,296 |

## Payments

If you have a qualifying child, attach Schedule EIC.

| Line | Description | Box | Amount |
|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 6,263 FORM 1099 |
| 63 | 2011 estimated tax payments and amount applied from 2010 return | 63 | |
| 64a | Earned income credit (EIC) | 64a | |
| b | Nontaxable combat pay election | 64b | |
| 65 | Additional child tax credit. Attach Form 8812 | 65 | |
| 66 | American opportunity credit from Form 8863, line 14 | 66 | |
| 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | |
| 68 | Amount paid with request for extension to file | 68 | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | |
| 71 | Credits from Form: a ☐ 2439 b ☐ 8839 c ☐ 8801 d ☐ 8885 | 71 | |
| 72 | Add lines 62, 63, 64a, and 65 through 71. These are your total payments ▶ | 72 | 6,263 |

## Refund

| Line | Description | Box | Amount |
|---|---|---|---|
| 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you overpaid | 73 | 2,967 |
| 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | 2,967 |
| ▶ b | Routing number X X X X X X X X X ▶ c Type: ☐ Checking ☐ Savings | | |
| ▶ d | Account number X X X X X X X X X X X X X X X X X | | |
| 75 | Amount of line 73 you want applied to your 2012 estimated tax ▶ | 75 | |

Direct deposit? See instructions.

## Amount You Owe

| Line | Description | Box | Amount |
|---|---|---|---|
| 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| 77 | Estimated tax penalty (see instructions) | 77 | |

## Third Party Designee

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. ☒ No

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

Your signature | Date | Your occupation | Daytime phone number

Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.)

## Paid Preparer Use Only

Preparer's signature | Date 04-30-2014 | Check ☐ if self-employed | PTIN [redacted]

Print/Type preparer's name Sandra Davila

Firm's name ▶ ATLANTIC GENERAL SERVICES | Firm's EIN ▶ [redacted]

Firm's address ▶ 3117 Atlantic Ave Atlantic City, NJ 08401 | Phone no. 609-344-4343

EEA Form 1040 (2011)

Form **2441**

Department of the Treasury
Internal Revenue Service (99)

# Child and Dependent Care Expenses

▶ Attach to Form 1040, Form 1040A, or Form 1040NR.

▶ See separate instructions.

OMB No. 1545-0074

**2011**

Attachment Sequence No. 21

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ

Your social security number: [redacted]

**Part I** **Persons or Organizations Who Provided the Care** – You must complete this part.
(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| ESTEPHANIE TAMBI | 4532 ATLANTIC AVE Ventnor City, NJ 08406 | 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 | 2,000 |
| | | | |

Did you receive dependent care benefits? — No ▶ Complete only Part II below. — Yes ▶ Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a, or Form 1040NR, line 58a.

**Part II** **Credit for Child and Dependent Care Expenses**

2 Information about your qualifying person(s). If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2011 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | | [redacted] | 2,000 |
| | | | |

| | | | |
|---|---|---|---|
| 3 | Add the amounts in column (c) of line 2. Do not enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 | 3 | 2,000 |
| 4 | Enter your earned income. See instructions | 4 | 37,999 |
| 5 | If married filing jointly, enter your spouse's earned income (if your spouse was a student or was disabled, see the instructions); all others, enter the amount from line 4 | 5 | 26,767 |
| 6 | Enter the smallest of line 3, 4, or 5 | 6 | 2,000 |
| 7 | Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37. — 7: 67,093 | | |
| 8 | Enter on line 8 the decimal amount shown below that applies to the amount on line 7 | 8 | X. 20 |

If line 7 is:

| Over | But not over | Decimal amount is | Over | But not over | Decimal amount is |
|---|---|---|---|---|---|
| $0 | 15,000 | .35 | $29,000 | 31,000 | .27 |
| 15,000 | 17,000 | .34 | 31,000 | 33,000 | .26 |
| 17,000 | 19,000 | .33 | 33,000 | 35,000 | .25 |
| 19,000 | 21,000 | .32 | 35,000 | 37,000 | .24 |
| 21,000 | 23,000 | .31 | 37,000 | 39,000 | .23 |
| 23,000 | 25,000 | .30 | 39,000 | 41,000 | .22 |
| 25,000 | 27,000 | .29 | 41,000 | 43,000 | .21 |
| 27,000 | 29,000 | .28 | 43,000 | No limit | .20 |

| | | | |
|---|---|---|---|
| 9 | Multiply line 6 by the decimal amount on line 8. If you paid 2010 expenses in 2011, see the instructions | 9 | 400 |
| 10 | Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions — 10: 4,696 | | |
| 11 | Credit for child and dependent care expenses. Enter the smaller of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 | 11 | 400 |

For Paperwork Reduction Act Notice, see your tax return instructions. EEA Form 2441 (2011)

Form **1040X** (Rev. December 2011)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0074

This return is for calendar year [X] 2011 [ ] 2010 [ ] 2009 [ ] 2008

Other year. Enter one: calendar year or fiscal year (month and year ended):

| | | |
|---|---|---|
| Your first name and initial: JOSE S | Last name: SANCHEZ | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: SONIA | Last name: GONZALEZ | Spouse's social security number: [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. 702 | Your phone number |
| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). Atlantic City NJ 08401 | | |
| Foreign country name | Foreign province/county | Foreign postal code |

Amended return filing status. You must check one box even if you are not changing your filing status.
Caution. You cannot change your filing status from joint to separate returns after the due date.

[ ] Single [X] Married filing jointly [ ] Married filing separately
[ ] Qualifying widow(er) [ ] Head of household (if the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | Line | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | 38,280 | 28,813 | 67,093 |
| 2 Itemized deductions or standard deduction | 2 | 8,500 | 3,100 | 11,600 |
| 3 Subtract line 2 from line 1 | 3 | 29,780 | 25,713 | 55,493 |
| 4 Exemptions. If changing, complete Part I on page 2 and enter the amount from line 30 | 4 | 7,400 | 11,100 | 18,500 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 22,380 | 14,613 | 36,993 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax: TABLES | 6 | 2,749 | 1,947 | 4,696 |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | 1,460 | (60) | 1,400 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 1,289 | 2,007 | 3,296 |
| 9 Other taxes | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 1,289 | 2,007 | 3,296 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (if changing, see instructions) | 11 | 4,166 | 2,097 | 6,263 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Refundable credits from [ ] Schedule M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [ ] 8812 [ ] 8839 [ ] 8863 [ ] 8885 or [ ] other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 6,263 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 4,051 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 2,212 |
| 19 Amount you owe. If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,084 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount overpaid on this return | 20 | | | |
| 21 Amount of line 20 you want refunded to you | 21 | | | |
| 22 Amount of line 20 you want applied to your (enter year): estimated tax | 22 | | | |

Complete and sign this form on Page 2.

Form 1040X (Rev. 12-2011) Page 2

**Part I Exemptions**

Complete this part only if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by a Midwestern disaster in 2008 or 2009.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23 Yourself and spouse. Caution. If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 Other dependents | 26 | | | |
| 27 Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending | 28 | 7,400 | 11,100 | 18,500 |
| 29 If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 2 for 2008, or line 6 for 2009 | 29 | | | |
| 30 Add lines 28 and 29. Enter the result here & on line 4 on page 1 of this form | 30 | 7,400 | 11,100 | 18,500 |

31 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name / Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | | Son | X |
| | | Son | |
| | | Son | |
| | | | |

**Part II Presidential Election Campaign Fund**

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Part III Explanation of changes.** In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

I AM AMENDING THIS TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS TO MARRIED FILING JOINTLY I APOLOGIZED FOR THE INCONVENIENT AND THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER.

**Sign Here**

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ Your signature | Date | ▶ Spouse's signature. If a joint return, both must sign. | Date

**Paid Preparer's Use Only**

▶ Preparer's signature | 04-30-2014 Date | ATLANTIC GENERAL SERVICES Firm's name (or yours if self-employed)

Sandra Davila
Print/type preparer's name

3117 Atlantic Ave
Atlantic City, NJ 08401
Firm's address and ZIP code

P00997299
PTIN

☐ Check if self-employed

609-344-4343
Phone number

[redacted]
EIN

# Instructions for Employee

# Notice to Employee

## Form W-2 Wage and Tax Statement 2011

Copy C—For EMPLOYEE'S RECORDS. OMB No. 1545-0008

Department of the Treasury — Internal Revenue Service

| | | | |
|---|---|---|---|
| Employer's name, address, and ZIP code: Viking Yacht Company Inc. 5738 Route 9 and Garden State Park New Gretna NJ 08224 | | 1 Wages, tips, other comp. 35281.10 | 2 Fed. income tax withheld 3988.37 |
| | | 3 Social security wages 35281.10 | 4 Soc. sec. tax withheld 1481.81 |
| | | 5 Medicare wages and tips 35281.10 | 6 Medicare tax withheld 511.58 |
| Control number 001001007691423 | Employer EIN [redacted] | 7 Social security tips | 8 Allocated tips |
| Jose S Sanchez 145 S Rhode Island Ave - Unit 70 Atlantic City NJ 08401 | | 9 | 10 Dependent care benefits |
| Employee's name, address, and ZIP code | | 11 Nonqualified plans | 12a |
| | | | 12b |
| | | 13 Statutory employee / Retirement plan / Third-party sick pay | 12c |
| | | | 12d |

| 15 St. Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| [redacted]000 | 35281.10 | 664.34 |

| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|
| | | |

14 NJ UI/HC/WD 125.07 NJ FLI 17.71
NJ DI 148.01

Employee's SSN [redacted]

# Notice of Entry of Appearance as Attorney or Accredited Representative

Department of Homeland Security

DHS Form G-28
OMB No. 1615-0105
Expires 02/29/2016

## Part 1. Information About Attorney or Accredited Representative

Name and Address of Attorney or Accredited Representative

1.a. Family Name (Last Name): Aparisi

1.b. Given Name (First Name): Jaime

1.c. Middle Name: Winthuysen

2. Name of Law Firm or Recognized Organization: Jaime Winthuysen Aparisi & Associates, LLC

3. Name of Law Student or Law Graduate:

4. State Bar Number: 012323

5.a. Street Number: 8630

5.b. Street Name: Fenton Street

5.c. Apt. ☐ Ste. ☒ Flr. ☐ 932

5.d. City or Town: Silver Spring

5.e. State: MD 5.f. Zip Code: 20910

5.g. Postal Code:

5.h. Province:

5.i. Country: United States

6. Daytime Phone Number (301) 562-1416

7. E-Mail Address of Attorney or Accredited Representative: jaime@aparisi.com

## Part 2. Eligibility Information For Attorney or Accredited Representative

(Check applicable items(s) below)

1. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following State(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia.

1.a. Maryland & D.C. Court of Appeals

1.b. I *(choose one)* ☒ *am not* ☐ *am* subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law. (If you are subject to any order(s), explain fully in the space below.)

1.b.1.

2. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals pursuant to 8 CFR 292.2. Provide the name of the organization and the expiration date of accreditation.

2.a. Name of Recognized Organization

2.b. Date Accreditation expires *(mm/dd/yyyy)* ►

3. ☐ I am associated with

3.a.

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request. If you check this item, also complete number 1 (1.a. - 1.b.1.) or number 2 (2.a. - 2.b.) in Part 2 *(whichever is appropriate)*.

4. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2)(iv).

## Part 3. Notice of Appearance as Attorney or Accredited Representative

This appearance relates to immigration matters before (select one):

1. [X] USCIS - List the form number(s)

1.a. I-485

2. [ ] ICE - List the specific matter in which appearance is entered

2.a.

3. [ ] CBP - List the specific matter in which appearance is entered

3.a.

I hereby enter my appearance as attorney or accredited representative at the request of:

4. Select only one: [X] Applicant [ ] Petitioner [ ] Respondent (ICE, CBP)

**Name of Applicant, Petitioner, or Respondent**

5.a. Family Name *(Last Name)* Gonzalez

5.b. Given Name *(First Name)* Sonia

5.c. Middle Name

5.d. Name of Company or Organization, if applicable

NOTE: Provide the mailing address of Petitioner, Applicant, or Respondent and not the address of the attorney or accredited representative, except when a safe mailing address is permitted on an application or petition filed with Form G-28.

6.a. Street Number and Name 145 S Rhode Island Ave.

6.b. Apt. [X] Ste. [ ] Flr. [ ] 702

6.c. City or Town Atlantic City

6.d. State NJ 6.e. Zip Code 08401

7. Provide A-Number and/or Receipt Number

[redacted]

Pursuant to the Privacy Act of 1974 and DHS policy, I hereby consent to the disclosure to the named Attorney or Accredited Representative of any record pertaining to me that appears in any system of records of USCIS, ICE, or CBP.

8.a. Signature of Applicant, Petitioner, or Respondent

8.b. Date *(mm/dd/yyyy)* ►

## Part 4. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1. Signature of Attorney or Accredited Representative

2. Signature of Law Student or Law Graduate

3. Date *(mm/dd/yyyy)* ►

## Part 5. Additional Information

1.

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-797, Notice of Action

THE UNITED STATES OF AMERICA

| | |
|---|---|
| RECEIPT NUMBER<br>[redacted]31 | CASE TYPE I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
| RECEIPT DATE<br>September 19, 2006 / PRIORITY DATE<br>February 19, 2002 | PETITIONER<br>VIKING YACHTS INC |
| NOTICE DATE<br>July 23, 2007 / PAGE<br>1 of 1 | BENEFICIARY [redacted]<br>SANCHEZ, JOSE S. |

TAHIR MELLA ESQUIRE
LAW OFFICES OF TAHIR MELLA
1814 CALLOWHILL STREET FIRST FLOOR
PHILADELPHIA PA 19130

Notice Type: Approval Notice
Section: Skilled Worker or Professional, Sec.203(b)(3)(A)(i) or (ii)

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. The information submitted with the petition shows that the person for whom you are petitioning is not eligible to file an adjustment of status application at this time.

Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where the person for whom you are petitioning lives.

Until the person for whom you are petitioning files an adjustment application, or application for an immigrant visa, this approved petition will be stored in this office. If the person for whom you are petitioning decides to apply for an immigrant visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

NEBRASKA SERVICE CENTER
U. S. CITIZENSHIP & IMMIG SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
Customer Service Telephone: 800-375-5283

Form I-797 (Rev. 01/31/05) N

OMB No. 1615-0023; Expires 06/30/15

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Form I-485, Application to Register Permanent Residence or Adjust Status

START HERE - Type or Print (Use black ink)

For USCIS Use Only

| Returned | Receipt |
|---|---|
| Resubmitted | |
| Reloc Sent | |
| Reloc Rec'd | |
| Applicant Interviewed | |

## Part 1. Information About You

| Family Name *(Last Name)* | Given Name *(First Name)* | Middle Name |
|---|---|---|
| Gonzalez | Sonia | |

Address - Street Number and Name: 145 S Rhode Island Ave.
Apt. No.: 702

C/O *(in care of)*:

| City | State | ZIP Code |
|---|---|---|
| Atlantic City | NJ | 08401 |

| Date of Birth *(mm/dd/yyyy)* | Country of Birth |
|---|---|
| [redacted] | El Salvador |

| Country of Citizenship/Nationality | U.S. Social Security No. *(if any)* | A-Number *(if any)* |
|---|---|---|
| El Salvador | [redacted] | [redacted] |

| Date of Last Arrival *(mm/dd/yyyy)* | I-94 Number |
|---|---|
| 08/18/2011 | |

| Current USCIS Status | Expires on *(mm/dd/yyyy)* |
|---|---|
| TPS | 03/09/2015 |

## Part 2. Application Type *(Check one)*

**I am applying for an adjustment to permanent resident status because:**

a. ☒ An immigrant petition giving me an immediately available immigrant visa number that has been approved. (Attach a copy of the approval notice, or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. ☐ I entered as a K-1 fiancé(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate.)

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described above in (e), and I am residing with that person, and was admitted or paroled into the United States after January 1, 1959, and thereafter have been physically present in the United States for at least 1 year.

g. ☐ I have continuously resided in the United States since before January 1, 1972.

h. ☐ Other basis of eligibility. Explain (for example, I was admitted as a refugee, my status has not been terminated, and I have been physically present in the United States for 1 year after admission). If additional space is needed, see Page 3 of the instructions. ____

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the United States as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:** *(Check one)*

i. ☐ I am a native or citizen of Cuba and meet the description in (e) above.

j. ☐ I am the husband, wife, or minor unmarried child of a Cuban and meet the description in (f) above.

**Section of Law**
- ☐ Sec. 209(a), INA
- ☐ Sec. 209(b), INA
- ☐ Sec. 13, Act of 9/11/57
- ☐ Sec. 245, INA
- ☐ Sec. 249, INA
- ☐ Sec. 1 Act of 11/2/66
- ☐ Sec. 2 Act of 11/2/66
- ☐ Other ____

**Country Chargeable**

**Eligibility Under Sec. 245**
- ☐ Approved Visa Petition
- ☐ Dependent of Principal Alien
- ☐ Special Immigrant
- ☐ Other ____

**Preference**

**Action Block**

To be Completed by *Attorney or Representative*, if any
☒ Fill in box if Form G-28 is attached to represent the applicant.

VOLAG No

ATTY State License No.
012323

Form I-485 (Rev. 06/20/13) Y

## Part 3. Processing Information

**A.** City/Town/Village of Birth: San Miguel

Current Occupation: Housekeeper

Your Mother's First Name: Santos

Your Father's First Name: N/A

Give your name exactly as it appears on your Form I-94, Arrival-Departure Record:

Place of Last Entry Into the United States *(City/State)*: Housfon, Texas

In what status did you last enter? *(Visitor, student, exchange visitor, crewman, temporary worker, without inspection, etc.)*: TPS - Advance Parole

Were you inspected by a U.S. Immigration Officer? Yes [X] No [ ]

Nonimmigrant Visa Number: N/A

Consulate Where Visa Was Issued:

Date Visa Issued *(mm/dd/yyyy)*:

Gender: [ ] Male [X] Female

Marital Status: [X] Married [ ] Single [ ] Divorced [ ] Widowed

Have you ever applied for permanent resident status in the U.S.? [ ] Yes *(If "Yes" give date and place of filing and final disposition.)* [X] No

**B.** List your present spouse and all of your children (include adult sons and daughters). (If you have none, write "None." If additional space is needed, see Page 3 of the instructions.)

| Family Name *(Last, Name)* | Given Name *(First Name)* | Middle Initial | Date of Birth *(mm/dd/yyyy)* | Country of Birth | Relationship | A-Number *(if any)* | Applying with you? |
|---|---|---|---|---|---|---|---|
| Sanchez | Jose | S | [redacted] | El Salvador | Spouse | [redacted] | Yes [X] No [ ] |
| [redacted] | [redacted] | G | [redacted] | El Salvador | Son | | Yes [ ] No [X] |
| [redacted] | [redacted] | A | [redacted] | El Salvador | Son | | Yes [ ] No [X] |
| [redacted] | [redacted] | J | [redacted] | El Salvador | Son | | Yes [ ] No [X] |
| [redacted] | [redacted] | | [redacted] | United States | Son | | Yes [ ] No [X] |

## Part 3. Processing Information *(Continued)*

C. List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include any military service in this part. If none, write "None." Include the name of each organization, location, nature, and dates of membership. If additional space is needed, attach a separate sheet of paper. Continuation pages must be submitted according to the guidelines provided on Page 3 of the instructions under General Instructions.

| Name of Organization | Location and Nature | Date of Membership From | Date of Membership To |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Answer the following questions. (If your answer is "Yes" to any question, explain on a separate piece of paper. Continuation pages must be submitted according to the guidelines provided on Page 3 of the instructions under General Instructions. Information about documentation that must be include with your application is also provide in this section.) Answering "Yes" does not necessarily mean that you are not entitled to adjust status or register for permanent residence.

1. Have you EVER, in or outside the United States:
   a. Knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? Yes ☐ No ☒
   b. Been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? Yes ☐ No ☒
   c. Been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency, or similar action? Yes ☐ No ☒
   d. Exercised diplomatic immunity to avoid prosecution for a criminal offense in the United States? Yes ☐ No ☒
2. Have you received public assistance in the United States from any source, including the U.S. Government or any State, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? Yes ☐ No ☒
3. Have you EVER:
   a. Within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? Yes ☐ No ☒
   b. Engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? Yes ☐ No ☒
   c. Knowingly encouraged, induced, assisted, abetted, or aided any alien to try to enter the United States illegally? Yes ☐ No ☒
   d. Illicitly trafficked in any controlled substance, or knowingly assisted, abetted, or colluded in the illicit trafficking of any controlled substance? Yes ☐ No ☒
4. Have you EVER engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity? Yes ☐ No ☒

## Part 3. Processing Information *(Continued)*

5. Do you intend to engage in the United States in:
   a. Espionage? Yes [ ] No [X]
   b. Any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence, or other unlawful means? Yes [ ] No [X]
   c. Any activity to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information? Yes [ ] No [X]

6. Have you EVER been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? Yes [ ] No [X]

7. Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist, or otherwise participate in the persecution of any person because of race, religion, national origin, or political opinion? Yes [ ] No [X]

8. Have you EVER been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal, or rescission proceedings? Yes [ ] No [X]

9. Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act (INA) for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States, or any immigration benefit? Yes [ ] No [X]

10. Have you EVER left the United States to avoid being drafted into the U.S. Armed Forces? Yes [ ] No [X]

11. Have you EVER been a J nonimmigrant exchange visitor who was subject to the 2-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver? Yes [ ] No [X]

12. Are you now withholding custody of a U.S. citizen child outside the United States from a person granted custody of the child? Yes [ ] No [X]

13. Do you plan to practice polygamy in the United States? Yes [ ] No [X]

14. Have you EVER ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following:
   a. Acts involving torture or genocide? Yes [ ] No [X]
   b. Killing any person? Yes [ ] No [X]
   c. Intentionally and severely injuring any person? Yes [ ] No [X]
   d. Engaging in any kind of sexual contact or relations with any person who was being forced or threatened? Yes [ ] No [X]
   e. Limiting or denying any person's ability to exercise religious beliefs? Yes [ ] No [X]

15. Have you EVER:
   a. Served in, been a member of, assisted in, or participated in any military unit, paramilitary unit, police unit, self-defense unit, vigilante unit, rebel group, guerrilla group, militia, or insurgent organization? Yes [ ] No [X]
   b. Served in any prison, jail, prison camp, detention facility, labor camp, or any other situation that involved detaining persons? Yes [ ] No [X]

16. Have you EVER been a member of, assisted in, or participated in any group, unit, or organization of any kind in which you or other persons used any type of weapon against any person or threatened to do so? Yes [ ] No [X]

## Part 3. Processing Information *(Continued)*

17. Have you EVER assisted or participated in selling or providing weapons to any person who to your knowledge used them against another person, or in transporting weapons to any person who to your knowledge used them against another person? Yes ☐ No ☒

18. Have you EVER received any type of military, paramilitary, or weapons training? Yes ☐ No ☒

## Part 4. Accommodations for Individuals With Disabilities and/or Impairments *(See Page 7 of the instructions before completing this section.)*

Are you requesting an accommodation because of your disability(ies) and/or impairment(s)? Yes ☐ No ☒

If you answered "Yes," check any applicable box:

☐ a. I am deaf or hard of hearing and request the following accommodation(s) (if requesting a sign-language interpreter, indicate which language (e.g., American Sign Language)):

☐ b. I am blind or sight-impaired and request the following accommodation(s):

☐ c. I have another type of disability and/or impairment (describe the nature of your disability(ies) and/or impairment(s) and accommodation(s) you are requesting):

## Part 5. Signature *(Read the information on penalties on Page 8 of the instructions before completing this section. You must file this application while in the United States.)*

### Your Registration With U.S. Citizenship and Immigration Services

"I understand and acknowledge that, under section 262 of the Immigration and Nationality Act (INA), as an alien who has been or will be in the United States for more than 30 days, I am required to register with U.S. Citizenship and Immigration Services (USCIS). I understand and acknowledge that, under section 265 of the INA, I am required to provide USCIS with my current address and written notice of any change of address within 10 days of the change. I understand and acknowledge that USCIS will use the most recent address that I provide to USCIS, on any form containing these acknowledgements, for all purposes, including the service of a Notice to Appear should it be necessary for USCIS to initiate removal proceedings against me. I understand and acknowledge that if I change my address without providing written notice to USCIS, I will be held responsible for any communications sent to me at the most recent address that I provided to USCIS. I further understand and acknowledge that, if removal proceedings are initiated against me and I fail to attend any hearing, including an initial hearing based on service of the Notice to Appear at the most recent address that I provided to USCIS or as otherwise provided by law, I may be ordered removed in my absence, arrested, and removed from the United States."

### Selective Service Registration

The following applies to you if you are a male at least 18 years of age, but not yet 26 years of age, who is required to register with the Selective Service System: "I understand that my filing Form I-485 with U.S. Citizenship and Immigration Services (USCIS) authorizes USCIS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon USCIS acceptance of my application, I authorize USCIS to transmit to the Selective Service System my name, current address, Social Security Number, date of birth, and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, USCIS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached 26 years of age."

**Part 5. Signature** *(Continued)*

**Applicant's Statement** *(Check one)*

☐ I can read and understand English, and I have read and understand each and every question and instruction on this form, as well as my answer to each question.

☒ Each and every question and instruction on this form, as well as my answer to each question, has been read to me in the Spanish language, a language in which I am fluent, by the person named in **Interpreter's Statement and Signature.** I understand each and every question and instruction on this form, as well as my answer to each question.

I certify, under penalty of perjury under the laws of the United States of America, that the information provided with this application is all true and correct. I certify also that I have not withheld any information that would affect the outcome of this application.

I authorize the release of any information from my records that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

| Signature *(Applicant)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Daytime Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Sonia Gonzalez | 06/02/14 | 609 385-0312 |

NOTE: *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested benefit, and this application may be denied.*

**Interpreter's Statement and Signature**

I certify that I am fluent in English and the below-mentioned language.

Language Used *(language in which applicant is fluent)*
Spanish

I further certify that I have read each and every question and instruction on this form, as well as the answer to each question, to this applicant in the above-mentioned language, and the applicant has understood each and every instruction and question on the form, as well as the answer to each question.

| Signature *(Interpreter)* | Print Your Full Name | Date *(mm/dd/yyyy)* | Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Zachary Kohn | 06/02/2014 | 301-562-1416 |

**Part 6. Signature of Person Preparing Form, If Other Than Above**

I declare that I prepared this application at the request of the above applicant, and it is based on all information of which I have knowledge.

| Signature | Print Your Full Name | Date *(mm/dd/yyyy)* | Phone Number *(include area code)* |
|---|---|---|---|
| [signature] | Jaime Winthuysen Aparisi | 06/02/14 | 301-562-1416 |

Firm Name and Address
Jaime Winthuysen Aparisi & Associates, LLC
8630 Fenton Street, Suite 932
Silver Spring, MD 20910

E-Mail Address *(if any)*
jaime@aparisi.com

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0008; Expires 02/28/2015

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | ☐ Male ☒ Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| Gonzalez | Sonia | | | [redacted] | El Salvador | [redacted] |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security # (if any) |
|---|---|---|
| N/A | San Miguel El Salvador | [redacted] |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | N/A | N/A | | | |
| Mother (Maiden Name) | Gonzalez | Santos | [redacted] | San Miguel, El Salvador | San Miguel, El Salvador |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| Sanchez | Jose | [redacted] | Cacaopera (See Addendum 1) | 10/31/2006 | Atlantic City, NJ, U.S. |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**Applicant's residence last five years. List present address first.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| 145 S Rhode Island Ave., #702 | Atlantic City | NJ | United States | Feb | 2004 | Present Time | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|
| Borgata Casino, Atlantic City, New Jersey | Housekeeper | Jun | 2003 | Present Time | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

This form is submitted in connection with an application for:
☐ Naturalization ☐ Other (Specify):
☒ Status as Permanent Resident

Signature of Applicant

Date

If your native alphabet is in other than Roman letters, write your name in your native alphabet below:

**Penalties: Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.**

**Applicant: Print your name and Alien Registration Number in the box outlined by heavy border below.**

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| Gonzalez | Sonia | | A [redacted] |

Form G-325A (Rev. 02/07/13)Y

# Alcaldía Municipal de San Miguel

2a. Calle Ote. y 2a. Av. Norte, San Miguel, El Salvador, C. A. Teléfonos 2661-0515, 2661-6412, 2661-6413

MUY NOBLE Y LEAL CIUDAD DE SAN MIGUEL 1530 1944

Una alcaldía eficiente

REGISTRO DEL ESTADO FAMILIAR ALCALDIA MUNICIPAL DE SAN MIGUEL REPUBLICA DE EL SALVADOR EN LA AMERICA CENTRAL El Salvador, C.A.

EL INFRASCRITO JEFE DEL REGISTRO DEL ESTADO FAMILIAR DE LA ALCALDIA MUNICIPAL DE SAN MIGUEL, CERTIFICA: Que a página 68, Tomo 5° ILEGITIMOS del Libro de Partidas de Nacimientos, que esta Alcaldía llevó durante el año de 1968, se encuentra la que literalmente dice: Partida número ciento treinta y tres.- SONIA GONZALEZ, sexo femenino, nació a las dos horas y cinco minutos del día catorce de los corrientes, en el Cantón Miraflores de esta jurisdicción, siendo hija de Santos González, originaria de esta ciudad, vecina de esta misma, residente en el expresado Cantón, de oficios domésticos, y de nacionalidad salvadoreña.- Dio estos datos Filemón González, quien manifiesta ser tío de la recién nacida, exhibió su Cédula de Identidad Personal número trescientos ochenta mil setenta y seis, expedida por las Autoridades Municipales de esta ciudad, y no sabiendo firmar lo hace a su ruego Irma Alicia Machuca, juntamente con el Jefe del Registro Civil. San Miguel, a veinte y siete de marzo de mil novecientos sesenta y ocho.- Gmo. V. Mazzini.- Irma A. Machuca.- """"RUBRICADAS"""" ES CONFORME: Con su original con la cual se confronto y para los usos que convenga la parte interesada se expide la presente en la Oficina del Registro del Estado Familiar. San Miguel, a treinta de Noviembre del año dos mil siete.-

CIERRE DE PARTIDA
REGISTRO DEL ESTADO FAMILIAR
ALCALDIA MUNICIPAL DE SAN MIGUEL

Ref. 7
Raúl Portillo
Confrontada por: Sonia Rodríguez

REGISTRO DEL ESTADO FAMILIAR ALCALDIA MUNICIPAL DE SAN MIGUEL REPUBLICA DE EL SALVADOR EN LA AMERICA CENTRAL El Salvador, C.A.

Lic. [signature] Mena Melgar
SUB-JEFE DEL REGISTRO DEL ESTADO FAMILIAR
ALCALDIA MUNICIPAL DE SAN MIGUEL

Town Hall of San Miguel

2a Calle Ote. and 2a Av. Norte, San Miguel, El Salvador, C.A.
Telephones 2661-0515, 2661-6412, 2661-6413

[seal]

[seal]

*An efficient town hall*

***THE UNDERSIGNED CHIEF OF THE FAMILY REGISTRY OF THE TOWN HALL OF SAN MIGUEL, CERTIFIES:*** *That on page 68, Volume 5 ILLEGITIMATE book of Birth Certificates, that this Town Hall carried during the year of 1968, it is found what literally says: Birth certificate number one hundred and thirty three.- SONIA GONZALEZ, female, born on the second hour and five minutes of the fourteen day of the current month and year, in the Canton Miraflores of this jurisdiction, being the daughter of Santos Gonzalez, native this city, neighbor of the same, resident of the expressed Canton, housewife, and of Salvadoran nationality.- These facts were given by Filemon Gonzalez, who manifests being the uncle of the recently born, who exhibited his Personal Identification Number three hundred eighty thousand sixty six, issued by the Municipal Authorities of this city, and not knowing how to sign makes request that Irma Alicia Machucha, joint with the Chief of the Civil Registry. San Miguel, twenty-seventh of March of one thousand nine hundred and sixty-eight.-Gmo. V. Mazzini.-Irma A. Machuca- "SIGNED" THIS CONFORMS: AS the original which was confronted and for the uses of interested parties was issued presently at the Office of Family registry. San Miguel, on the thirtieth of November in the year two thousand and seven.*

Ref. 7
Raul Portillo
Confronted by: Sonia Rodriguez

[seal]
[signature]
Sub-Chief of the Family Registry
Town Hall of San Miguel

## CERTIFICATE OF TRANSLATION

I, Zachary Abraham Kohn, certify that this translation is true and accurate and that I am competent to translate from Spanish to English.

05/23/2014
DATE

Zachary Abraham Kohn





REPÚBLICA DE EL SALVADOR

Pasaporte / Passport





Tipo / Type: P

Código País/Country code: SLV

Pasaporte No / Passport No: [redacted]

Nombres / Given Names: SONIA

Apellidos / Surname: GONZALEZ

Nacionalidad / Nationality: Salvadoreña

Fecha de Nacimiento / Date of Birth: [redacted]

Sexo / Sex: F

Lugar de nacimiento / Place of birth: SAN MIGUEL

EL SALVADOR(SLV)

Fecha expedición / Date of issue: 13 Mayo / May 2011

Número de Libreta / Booklet Number: [redacted]



Fecha de expiración / Date of expiry: 13 Mayo / May 2016

Autoridad emisora / Issuing authority: (RREE) Elizabeth, USA

P<SLVGONZALEZ<<SONIA<<<<<<<<<<<<<<<<<<<<<<<<<

[redacted]<<<<<90


U.S. DEPARTMENT OF HOMELAND SECURITY
PAROLED
Until 09 MAR 2012
Purpose TPS
08-18-11 HOU 1725
(Date) (Location) (Officer)
U.S. DEPARTMENT OF HOMELAND SECURITY
VISAS


VISAS
5
VISAS
AEROPUERTO INTERNACIONAL DE EL SALVADOR
ENTRADA
D
G
M
E
EL SALVADOR
4


UNITED STATES OF AMERICA
EMPLOYMENT AUTHORIZATION CARD
Surname
GONZALEZ
Given Name
SONIA
USCIS#
Category
Card#
[redacted]
EAC1380030708
Country of Birth
El Salvador
Terms and Conditions
None
Date of Birth
Sex
[redacted]
Valid From:
09/10/13
Card Expires:
03/09/15
NOT VALID FOR REENTRY TO U.S.

STATE OF NEW JERSEY

F0000006628

# CERTIFICATE OF MARRIAGE

VOID

Name of Groom *(First, Middle, Last)*: JOSE SANTOS SANCHEZ

Maiden Name of Bride *(First, Middle, Last)*: SONIA GONZALEZ

Date of Marriage *(Month/Day/Year)*: OCTOBER 31, 2006

Place of Marriage *(City/County)*: ATLANTIC CITY, ATLANTIC

File Number: N/A

Date Filed: 11/1/06

*Date Amended (if applicable)*: N/A

Date Issued: 11/16/06

Issued By: CITY OF ATLANTIC CITY, BUREAU OF VITAL STATISTICS

DENISE WORTHY, CMR

This is to certify that the above is correctly copied from a record on file in my office.

*Certified copy not valid unless the raised Great Seal of the State of New Jersey or the seal of the issuing municipality or county, is affixed hereon.*

Joseph A. Komosinski, State Registrar
Bureau of Vital Statistics

REG-42F
JAN 04

THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES TO DETER FRAUD. VOID IF ALTERED

STATE OF NEW JERSEY

# CERTIFICATE OF BIRTH

NAME OF CHILD
*JEFFREY SANCHEZ-GONZALEZ*

| DATE OF BIRTH | TIME OF BIRTH | SEX |
|---|---|---|
| [redacted] | 6:02 AM | MALE |

MAIDEN NAME OF MOTHER
*SONIA GONZALEZ*

NAME OF FATHER
*JOSE S. SANCHEZ*

| PLACE OF BIRTH | COUNTY OF BIRTH |
|---|---|
| ATLANTIC CITY | ATLANTIC |

| DATE ISSUED: | FILE NUMBER |
|---|---|
| April 27, 2007 | 51091 |

DATE FILED WITH REGISTRAR *December 19, 2001* AMENDED DATE *N/A*

ISSUED BY
*CITY OF ATLANTIC CITY*
*BUREAU OF VITAL STATISTICS*
*DENISE WORTHY, REGISTRAR*

This is to certify that the above is correctly copied from a record on file in my office.

*Certified copy not valid unless the raised Great Seal of the State of New Jersey or the seal of the issuing municipality or county, is affixed hereon.*

Joseph A. Komosinski, State Registrar
Bureau of Vital Statistics

REG-42A
JULY 04

THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES TO DETER FRAUD - VOID IF ALTERED
THIS DOCUMENT CONTAINS A UNIQUE STATE OF NEW WATERMARK
HOLD TO LIGHT TO VIEW WATERMARK

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Company Name | Viking Yacht Company Inc. | | | | | | | | Processed By Aspire Payroll Plus | |
| Employee Name | Jose S. Sanchez | | | | | | | | State for UCI | NJ |
| Company No. | 1001 | Payroll No. | 300 | Pay Frequency | Weekly | | Tax Status | Deps | Xtr/Fxd Flat | Xtr/Fxd % |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/21/2014 | Federal | Single | 0 | | |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/27/2014 | (W) NJ | Single | 0 | | |
| Check No. | 2062422 | Net Pay | $ 646.82 | Check Date | 05/01/2014 | (R) | | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | | |
| DD #1 | Checking | ******0339 | ******3801 | $ 646.82 | DD #3 | | | | | |
| DD #2 | | | | | DD #4 | | | | | |
| DD Leftover Chk | | | | | | | | | | |
| Memos | Includes 401k ReClass | | | | | | | | | |

| | Current Earnings | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 582.67 | 10,936.72 | Federal WH | 130.94 | 1,741.29 | 42-401(k) Plan | 100.42 | 465.50 |
| 16 | OverTime Pay | 28.1550 | 9.00 | 253.40 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 61.14 | 795.80 | 45-CAFE- Medical | 15.00 | 240.00 |
| | | | | | OverTime Pay | 71.00 | 1,999.06 | Medicare | 14.29 | 186.11 | 46-CAFE- Dental | 3.00 | 48.00 |
| | | | | | | | | NJ: State WH | 23.50 | 299.63 | M1-MATCH - 401 | 50.21 | 232.75 |
| | | | | | | | | NJ: State SDI | 3.82 | 49.89 | | | |
| | | | | | | | | NJ: State FLI | 1.00 | 13.10 | | | |
| | | | | | | | | NJ: EE SUI | 3.84 | 50.19 | | | |
| | | | | | | | | NJ: EE WF | 0.43 | 5.60 | | | |
| | | Employee Totals | 49.00 | 1,004.20 | Total YTD: | 663.67 | 13,123.48 | | 238.96 | 3,141.61 | | 168.63 | 986.25 |

Viking Yacht Company Inc.
5738 Route 9 and Garden State Parkway
New Gretna, NJ 08224

| Check Date | Reference No. |
|---|---|
| 05/01/2014 | 2062422 |

Payee Jose S. Sanchez

$ $646.82

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Company Name | Viking Yacht Company Inc. | | | | | | | | | Processed By Aspire Payroll Plus |
| Employee Name | Jose S. Sanchez | | | | | | | | State for UCI | NJ |
| Company No. | 1001 | Payroll No. | 296 | Pay Frequency | Weekly | | Tax Status | Deps | Xtr/Fxd Flat | Xtr/Fxd % |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 03/31/2014 | Federal | Single | 0 | | |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/06/2014 | (W) NJ | Single | 0 | | |
| Check No. | 2061320 | Net Pay | $ 646.81 | Check Date | 04/10/2014 | (R) | | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | | |
| DD #1 | Checking | ******0339 | ******3801 | $ 646.81 | | DD #3 | | | | |
| DD #2 | | | | | | DD #4 | | | | |
| DD Leftover Chk | | | | | | | | | | |
| Memos | | | | | | | | | | |

| Current Earnings | | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt. | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 462.67 | 8,684.32 | Federal WH | 130.94 | 1,405.48 | 42-401(k) Plan | 100.42 | 189.58 |
| 16 | OverTime Pay | 28.1550 | 9.00 | 253.40 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 61.14 | 628.07 | 45-CAFE-Medical | 15.00 | 195.00 |
| | | | | | OverTime Pay | 53.00 | 1,492.26 | Medicare | 14.30 | 146.89 | 46-CAFE-Dental | 3.00 | 39.00 |
| | | | | | | | | NJ: State WH | 23.50 | 243.05 | M1-MATCH-401 | 50.21 | 94.79 |
| | | | | | | | | NJ: State SDI | 3.82 | 39.40 | | | |
| | | | | | | | | NJ: State FLI | 1.00 | 10.35 | | | |
| | | | | | | | | NJ: EE SUI | 3.84 | 39.64 | | | |
| | | | | | | | | NJ: EE WF | 0.43 | 4.42 | | | |
| | Employee Totals | | 49.00 | 1,004.20 | Total YTD: | 525.67 | 10,364.28 | | 238.97 | 2,517.30 | | 168.63 | 518.37 |

Viking Yacht Company Inc.
5738 Route 9 and Garden State Parkway
New Gretna, NJ 08224

| Check Date | Reference No. |
|---|---|
| 04/10/2014 | 2061320 |

Payee Jose S. Sanchez $ $646.81

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

Processed By Aspire Payroll Plus

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Company Name | Viking Yacht Company Inc. | | | | | | | | | | |
| Employee Name | Jose S. Sanchez | | | | | | | | | State for UCI | NJ |
| Company No. | 1001 | Payroll No. | 298 | Pay Frequency | Weekly | | Tax Status | Deps | Xtr/Fxd Flat | Xtr/Fxd % | |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/07/2014 | Federal | Single | 0 | | | |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/13/2014 | (W) NJ | Single | 0 | | | |
| Check No. | 2061648 | Net Pay | $ 586.60 | Check Date | 04/17/2014 | (R) | | | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | | | |
| DD #1 | Checking | ******0339 | ******3801 | $ 586.60 | DD #3 | | | | | | |
| DD #2 | | | | | DD #4 | | | | | | |
| DD Leftover Chk | | | | | | | | | | | |
| Memos | | | | | | | | | | | |

| Current Earnings | | | | | Year to Date Earnings | | | Taxes | | | Deductions/Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | O-Regular Pay | 18.7700 | 40.00 | 750.80 | O-Regular Pay | 502.67 | 9,435.12 | Federal WH | 105.60 | 1,511.08 | 42-401(k) Plan | 89.16 | 278.74 |
| 16 | OverTime Pay | 28.1550 | 5.00 | 140.78 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 54.17 | 682.24 | 45-CAFE-Medical | 15.00 | 210.00 |
| | | | | | OverTime Pay | 58.00 | 1,633.04 | Medicare | 12.67 | 159.56 | 46-CAFE-Dental | 3.00 | 42.00 |
| | | | | | | | | NJ: State WH | 17.31 | 260.36 | MI-MATCH - 401 | 44.58 | 139.37 |
| | | | | | | | | NJ: State SDI | 3.39 | 42.79 | | | |
| | | | | | | | | NJ: State FLI | 0.89 | 11.24 | | | |
| | | | | | | | | NJ: EE SUI | 3.41 | 43.05 | | | |
| | | | | | | | | NJ: EE WF | 0.38 | 4.80 | | | |
| | Employee Totals | | 45.00 | 891.58 | Total YTD: | 570.67 | 11,255.86 | | 197.82 | 2,715.12 | | 151.74 | 670.1 |

Viking Yacht Company Inc.
5738 Route 9 and Garden State Parkway
New Gretna, NJ 08224

| Check Date | Reference No. |
|---|---|
| 04/17/2014 | 2061648 |

Payee Jose S. Sanchez

$ $586.60

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

| Company Name | Viking Yacht Company Inc. | | | | | | | | Processed By Aspire Payroll Plus | |
|---|---|---|---|---|---|---|---|---|---|---|
| Employee Name | Jose S. Sanchez | | | | | | | | State for UCI | NJ |
| Company No. | 1001 | Payroll No. | 299 | Pay Frequency | Weekly | | Tax Status | Deps | Xtr/Fxd Flat | Xtr/Fxd % |
| Employee No. | [redacted] | Division No. | 1 | Start Date | 04/14/2014 | Federal | Single | 0 | | |
| SSN No. | [redacted] | Home Dept. No. | 16 | End Date | 04/20/2014 | (W) NJ | Single | 0 | | |
| Check No. | 2062089 | Net Pay | $ 571.55 | Check Date | 04/24/2014 | (R) | | | | |
| Sick Hours | | Vacation Hours | | Personal Hours | | Balances | | | | |
| DD #1 | Checking | ******0339 | ******3801 | $ 571.55 | DD #3 | | | | | |
| DD #2 | | | | | DD #4 | | | | | |
| DD Leftover Chk | | | | | | | | | | |
| Memos | | | | | | | | | | |

| | Current Earnings | | | | Year to Date Earnings | | | Taxes | | | Deductions / Memos | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dept. | Pay Desc | Rate | Hours | Curr Amt | Pay Desc | Hours | YTD Amt | Tax Desc | Curr Amt | YTD Amt | Ded Desc | Curr Amt | YTD Amt |
| 16 | 0-Regular Pay | 18.7700 | 40.00 | 750.80 | 0-Regular Pay | 542.67 | 10,185.92 | Federal WH | 99.27 | 1,610.35 | 42-401(k) Plan | 86.34 | 365.08 |
| 16 | OverTime Pay | 28.1550 | 4.00 | 112.62 | 13-Vacation Prior Y | 10.00 | 187.70 | OASDI | 52.42 | 734.66 | 45-CAFE-Medical | 15.00 | 225.00 |
| | | | | | OverTime Pay | 62.00 | 1,745.66 | Medicare | 12.26 | 171.82 | 46-CAFE-Dental | 3.00 | 45.00 |
| | | | | | | | | NJ: State WH | 15.77 | 276.13 | M1-MATCH-401 | 43.17 | 182.54 |
| | | | | | | | | NJ: State SDI | 3.28 | 46.07 | | | |
| | | | | | | | | NJ: State FLI | 0.86 | 12.10 | | | |
| | | | | | | | | NJ: EE SUI | 3.30 | 46.35 | | | |
| | | | | | | | | NJ: EE WF | 0.37 | 5.17 | | | |
| | Employee Totals | | 44.00 | 863.42 | Total YTD: | 614.67 | 12,119.28 | | 187.53 | 2,902.65 | | 147.51 | 817.62 |

Viking Yacht Company Inc.
5738 Route 9 and Garden State Parkway
New Gretna, NJ 08224

| Check Date | Reference No. |
|---|---|
| 04/24/2014 | 2062089 |

Payee Jose S. Sanchez $ $571.55

# Direct Deposit Voucher

*Non-Negotiable* *Non-Negotiable*

*Non-Negotiable*

# Form 1040 Department of the Treasury - Internal Revenue Service (99) U.S. Individual Income Tax Return 2013

OMB No. 1545-0074 | IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2013, or other tax year beginning , 2013, ending , 20 | See separate instructions.

| | | |
|---|---|---|
| Your first name and initial: JOSE S | Last name: SANCHEZ | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: SONIA | Last name: GONZALEZ | Spouse's social security number: [redacted] |
| Home address (number and street): 145 S RHODE ISLAND AVE | Apt. no.: 702 | Make sure the SSN(s) above and on line 6c are correct. |
| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions): Atlantic City NJ 08401 | | **Presidential Election Campaign** Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse |
| Foreign country name | Foreign province/state/county | Foreign postal code |

## Filing Status

Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

## Exemptions

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse

Boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | ☒ |
| [redacted] | [redacted] | Son | ☐ |
| [redacted] | [redacted] | Son | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here ▶ ☐

No. of children on 6c who: • lived with you: 3
• did not live with you due to divorce or separation (see instructions):
Dependents on 6c not entered above:

d Total number of exemptions claimed — Add numbers on lines above ▶ 5

## Income

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 72,285 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a — 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends — 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions — 15a; b Taxable amount | 15b | |
| 16a | Pensions and annuities — 16a; b Taxable amount | 16b | 1,873 |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits — 20a; b Taxable amount | 20b | |
| 21 | Other income | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 74,158 |

## Adjusted Gross Income

| Line | Description | | Amount | | |
|---|---|---|---|---|---|
| 23 | Educator expenses | 23 | | | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | | | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | | | |
| 26 | Moving expenses. Attach Form 3903 | 26 | | | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | | | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | | | |
| 29 | Self-employed health insurance deduction | 29 | | | |
| 30 | Penalty on early withdrawal of savings | 30 | | | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | | | |
| 32 | IRA deduction | 32 | | | |
| 33 | Student loan interest deduction | 33 | | | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | | | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | | | |
| 36 | Add lines 23 through 35 | | | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | | | 37 | 74,158 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions. Form 1040 (2013)

EEA

Form 1040 (2013) JOSE S SANCHEZ & SONIA GONZALEZ [redacted] Page 2

## Tax and Credits

**Standard Deduction for -**
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $6,100

Married filing jointly or Qualifying widow(er), $12,200

Head of household, $8,950

| Line | Description | Inner line | Inner amount | Line | Amount |
|---|---|---|---|---|---|
| 38 | Amount from line 37 (adjusted gross income) | | | 38 | 74,158 |
| 39a | Check if: ☐ You were born before January 2, 1949, ☐ Blind. ☐ Spouse was born before January 2, 1949, ☐ Blind. } Total boxes checked ▶ 39a ☐ | | | | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | | | 40 | 12,200 |
| 41 | Subtract line 40 from line 38 | | | 41 | 61,958 |
| 42 | Exemptions. If line 38 is $150,000 or less, multiply $3,900 by the number on line 6d. Otherwise, see instructions | | | 42 | 19,500 |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | | 43 | 42,458 |
| 44 | Tax (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ | | | 44 | 5,479 |
| 45 | Alternative minimum tax (see instructions). Attach Form 6251 | | | 45 | |
| 46 | Add lines 44 and 45 ▶ | | | 46 | 5,479 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 500 | | |
| 49 | Education credits from Form 8863, line 19 | 49 | | | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | | |
| 51 | Child tax credit. Attach Schedule 8812, if required | 51 | 1,000 | | |
| 52 | Residential energy credits. Attach Form 5695 | 52 | | | |
| 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | | | |
| 54 | Add lines 47 through 53. These are your total credits | | | 54 | 1,500 |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | | | 55 | 3,979 |

## Other Taxes

| Line | Description | Line | Amount |
|---|---|---|---|
| 56 | Self-employment tax. Attach Schedule SE | 56 | |
| 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required NO | 58 | 187 |
| 59a | Household employment taxes from Schedule H | 59a | |
| b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| 60 | Taxes from: a ☐ Form 8959 b ☐ Form 8960 c ☐ Instructions; enter code(s) | 60 | |
| 61 | Add lines 55 through 60. This is your total tax ▶ | 61 | 4,166 |

## Payments

If you have a qualifying child, attach Schedule EIC.

| Line | Description | Inner line | Inner amount | Line | Amount |
|---|---|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 10,030 | | |
| 63 | 2013 estimated tax payments and amount applied from 2012 return | 63 | | | |
| 64a | Earned income credit (EIC) | 64a | | | |
| b | Nontaxable combat pay election 64b | | | | |
| 65 | Additional child tax credit. Attach Schedule 8812 | 65 | | | |
| 66 | American opportunity credit from Form 8863, line 8 | 66 | | | |
| 67 | Reserved | 67 | | | |
| 68 | Amount paid with request for extension to file | 68 | | | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | | |
| 71 | Credits from Form: a ☐ 2439 b ☐ Reserved c ☐ 8885 d ☐ | 71 | | | |
| 72 | Add lines 62, 63, 64a, and 65 through 71. These are your total payments ▶ | | | 72 | 10,030 |

## Refund

| Line | Description | Line | Amount |
|---|---|---|---|
| 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you overpaid | 73 | 5,864 |
| 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | 5,864 |
| b | Routing number X X X X X X X X X ▶ c Type: ☐ Checking ☐ Savings | | |
| d | Account number X X X X X X X X X X X X X X X X X | | |
| 75 | Amount of line 73 you want applied to your 2014 estimated tax ▶ 75 | | |

Direct deposit? See instructions.

## Amount You Owe

| Line | Description | Line | Amount |
|---|---|---|---|
| 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| 77 | Estimated tax penalty (see instructions) 77 | | |

## Third Party Designee

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. ☒ No

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

Your signature | Date | Your occupation | Daytime phone number

Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.)

## Paid Preparer Use Only

Preparer's signature | Date 04-30-2014 | Check ☐ if self-employed | PTIN P00997299

Print/Type preparer's name Sandra Davila

Firm's name ▶ ATLANTIC GENERAL SERVICES | Firm's EIN ▶ [redacted]

Firm's address ▶ 3117 Atlantic Ave Atlantic City, NJ 08401 | Phone no. 609-344-4343

EEA Form 1040 (2013)

Form **2441**

Department of the Treasury
Internal Revenue Service (99)

# Child and Dependent Care Expenses

► Attach to Form 1040, Form 1040A, or Form 1040NR.
► Information about Form 2441 and its separate instructions is at www.irs.gov/form2441.

OMB No. 1545-0074
**2013**
Attachment Sequence No. 21

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ

Your social security number: [redacted]

**Part I** Persons or Organizations Who Provided the Care - You must complete this part.
(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| ESTEPHANIE TAMBI | 4532 ATLANTIC AVE Ventnor City, NJ 08406 | [redacted]4 | 2,500 |
| | | | |

Did you receive dependent care benefits?
No ► Complete only Part II below.
Yes ► Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a; or Form 1040NR, line 58a.

**Part II** Credit for Child and Dependent Care Expenses

2 Information about your qualifying person(s). If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2013 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | | [redacted] | 2,500 |
| | | | |

3 Add the amounts in column (c) of line 2. Do not enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 . . . . . **3** 2,500

4 Enter your earned income. See instructions . . . . . **4** 44,934

5 If married filing jointly, enter your spouse's earned income (if you or your spouse was a student or was disabled, see the instructions); all others, enter the amount from line 4 . . . . . **5** 27,351

6 Enter the smallest of line 3, 4, or 5 . . . . . **6** 2,500

7 Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37 . . . . . **7** 74,158

8 Enter on line 8 the decimal amount shown below that applies to the amount on line 7

| If line 7 is: Over | But not over | Decimal amount is | If line 7 is: Over | But not over | Decimal amount is |
|---|---|---|---|---|---|
| $0 | 15,000 | .35 | $29,000 | 31,000 | .27 |
| 15,000 | 17,000 | .34 | 31,000 | 33,000 | .26 |
| 17,000 | 19,000 | .33 | 33,000 | 35,000 | .25 |
| 19,000 | 21,000 | .32 | 35,000 | 37,000 | .24 |
| 21,000 | 23,000 | .31 | 37,000 | 39,000 | .23 |
| 23,000 | 25,000 | .30 | 39,000 | 41,000 | .22 |
| 25,000 | 27,000 | .29 | 41,000 | 43,000 | .21 |
| 27,000 | 29,000 | .28 | 43,000 | No limit | .20 |

**8** X.20

9 Multiply line 6 by the decimal amount on line 8. If you paid 2012 expenses in 2013, see the instructions . . . . . **9** 500

10 Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions . . . . . **10** 5,479

11 Credit for child and dependent care expenses. Enter the smaller of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 . . . . . **11** 500

**For Paperwork Reduction Act Notice, see your tax return instructions.**

EEA

Form 2441 (2013)

Form 1040X (Rev. December 2013)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ Information about Form 1040X and its separate instructions is at www.irs.gov/form1040x.

OMB No. 1545-0074

This return is for calendar year [X] 2013 [ ] 2012 [ ] 2011 [ ] 2010

Other year. Enter one: calendar year or fiscal year (month and year ended):

| | | |
|---|---|---|
| Your first name and initial: JOSE S | Last name: SANCHEZ | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: SONIA | Last name: GONZALEZ | Spouse's social security number: [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions.: 145 S RHODE ISLAND AVE | Apt. no.: 702 | Your phone number |
| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).: Atlantic City NJ 08401 | | |
| Foreign country name | Foreign province/state/county | Foreign postal code |

Amended return filing status. You must check one box even if you are not changing your filing status.
Caution. In general, you cannot change your filing status from joint to separate returns after the due date.

[ ] Single [X] Married filing jointly [ ] Married filing separately
[ ] Qualifying widow(er) [ ] Head of household (If the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | 44,934 | 29,224 | 74,158 |
| 2 Itemized deductions or standard deduction | 2 | 8,950 | 3,250 | 12,200 |
| 3 Subtract line 2 from line 1 | 3 | 35,984 | 25,974 | 61,958 |
| 4 Exemptions. If changing, complete Part I on page 2 and enter the amount from line 28 | 4 | 7,800 | 11,700 | 19,500 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 28,184 | 14,274 | 42,458 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax (see instructions): TABLES | 6 | 3,589 | 1,890 | 5,479 |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | 1,500 | | 1,500 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 2,089 | 1,890 | 3,979 |
| 9 Other taxes | 9 | | 187 | 187 |
| 10 Total tax. Add lines 8 and 9 | 10 | 2,089 | 2,077 | 4,166 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (if changing, see instructions) | 11 | 6,565 | 3,465 | 10,030 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Refundable credits from Schedule(s) [ ] 8812 or [ ] M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [ ] 8812 (2010 or 2011) [ ] 8839 [ ] 8863 [ ] 8885 or [ ] other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 10,030 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 6,896 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 3,134 |
| 19 Amount you owe. If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,032 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount overpaid on this return | 20 | | | |
| 21 Amount of line 20 you want refunded to you | 21 | | | |
| 22 Amount of line 20 you want applied to your (enter year): estimated tax 22 | | | | |

Complete and sign this form on Page 2.

For Paperwork Reduction Act Notice, see instructions.
EEA

Form 1040X (Rev. 12-2013)

Form 1040X (Rev. 12-2013) Page 2

## Part I Exemptions

Complete this part only if you are increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23 Yourself and spouse. Caution. If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 Other dependents | 26 | | | |
| 27 Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending. Enter the result here and on line 4 on page 1 of this form | 28 | 7,800 | 11,700 | 19,500 |

29 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|---|
| [redacted] | | [redacted] | Son | X |
| | | [redacted] | Son | |
| | | [redacted] | Son | |
| | | | | |

## Part II Presidential Election Campaign Fund

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

## Part III Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

I AM AMEDING THIS TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS TO FILING MARRIED JOINTLY I APOLOGIZED FOR THE INCONVENIENT THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER

**Sign Here**

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ Your signature | Date | ▶ Spouse's signature. If a joint return, both must sign. | Date

**Paid Preparer's Use Only**

▶ Preparer's signature | 04-30-2014 Date | ATLANTIC GENERAL SERVICES Firm's name (or yours if self-employed)

Sandra Davila Print/type preparer's name | 3117 Atlantic Ave Atlantic City, NJ 08401 Firm's address and ZIP code

P00997299 PTIN | ☐ Check if self-employed | 609-344-4343 Phone number | [redacted] EIN

For forms and publications, visit IRS.gov.
EEA

Form 1040X (Rev. 12-2013)

| | |
|---|---|
| 1 Wages, tips, other comp. 44933.86 | 2 Fed. income tax withheld 6564.68 |
| 3 Social security wages 44933.86 | 4 Soc. sec. tax withheld 2785.90 |
| 5 Medicare wages and tips 44933.86 | 6 Medicare tax withheld 651.55 |
| Employer's name, address, and ZIP code<br>Viking Yacht Company Inc.<br>5738 Route 9 and Garden State Park<br>New Gretna NJ 08224 | |
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a DD 5300.00 |
| | 12b |
| 13 Statutory employee / Retirement plan / Third-party sick pay | 12c |
| | 12d |
| 14<br>CAFE- Medical 390.00<br>CAFE- Dental 78.00<br>NJ UI/HC/WD 131.32<br>NJ DI 111.23 | Employee's SSN [redacted]<br>Employer ID number (EIN) [redacted]<br>Control number 001001007691456 |
| Jose S Sanchez<br>145 S Rhode Island Ave - Unit 70<br>Atlantic City NJ 08401<br>Employee's name, address, and ZIP code | |

| 15 St. Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| NJ [redacted] | 45401.86 | 1082.68 |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
| | | |

**Form W-2 Wage and Tax Statement 2013**
**Copy C—For EMPLOYEE'S RECORDS.**
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. 38-2079003
OMB No. 1545-0008
Department of the Treasury—Internal Revenue Service

## Instructions for Employee

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 5.** This amount may be required to be entered on Form 8959. See Form 1040 instructions to determine if you are required to complete Form 8959.

**Box 6.** This amount includes the 1.45% Medicare Tax withheld on all Medicare wages and tips shown in box 5, as well as the 0.9% Additional Medicare Tax on any of those Medicare wages and tips above $200,000.

**Box 8.** This amount is not included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

You must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report at least the allocated tip amount unless you can prove a smaller amount with adequate records. If you have records that show the actual amount of tips you received, report that amount even if it is more or less than the allocated tips. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount. This box should not be used if you had a deferral and a distribution in the same calendar year. If this happens and you are or will be age 62 by the end of the calendar year, your employer should file a Form SSA-131 with the Social Security Administration and give you a copy.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $17,500 ($12,000 if you only have SIMPLE plans; $20,500 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $17,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2013, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

A—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

B—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

C—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

D—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

E—Elective deferrals under a section 403(b) salary reduction agreement

F—Elective deferrals under a section 408(k)(6) salary reduction SEP

G—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

H—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

J—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

K—20% excise tax on excess golden parachute payments. See "Other Taxes" in the Form 1040 instructions.

L—Substantiated employee business expense reimbursements (nontaxable)

M—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

N—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

P—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

Q—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

R—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

S—Employee salary reduction contributions under a section 408(p) SIMPLE plan (not included in box 1)

T—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

V—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

W—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y—Deferrals under a section 409A nonqualified deferred compensation plan

Z—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Other Taxes" in the Form 1040 instructions.

AA—Designated Roth contributions under a section 401(k) plan

BB—Designated Roth contributions under a section 403(b) plan

DD—Cost of employer-sponsored health coverage. The amount reported with Code DD is not taxable.

EE—Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Box 14.** Employers may use this box to report information such as state disability insurance taxes withheld, union dues, uniform payments, health insurance premiums deducted, nontaxable income, educational assistance payments, or a member of the clergy's parsonage allowance and utilities. Railroad employers use this box to report RRTA compensation, Tier I tax, Tier II tax, Medicare tax and Additional Medicare Tax.

**Note.** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help protect your social security benefits, keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.

## Notice to Employee

**Do you have to file?** Refer to the Form 1040 instructions to determine if you are required to file a tax return. Even if you do not have to file a tax return, you may be eligible for a refund if box 2 shows an amount or if you are eligible for any credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2013 if your adjusted gross income (AGI) is less than a certain amount. The amount of the credit is based on income and family size. Workers without children could qualify for a smaller credit. You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than the specified amount for 2013 or if income is earned for services provided while you were an inmate at a penal institution. For 2013 income limits and more information, visit www.irs.gov/eitc. Also see Pub. 596, Earned Income Credit. Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. Be sure to get your copies of Form W-2c from your employer for all corrections made so you may file them with your tax return. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at www.socialsecurity.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in box 12, using code DD, of the cost of employer-sponsored health coverage is for your information only. The amount reported with code DD is not taxable.

**Credit for excess taxes.** If you had more than one employer in 2013 and more than $7,049.40 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,709.20 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

Form **1040** Department of the Treasury - Internal Revenue Service (99)
**U.S. Individual Income Tax Return** **2012** OMB No. 1545-0074 IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2012, or other tax year beginning , 2012, ending , 20 — See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |

Home address (number and street). 145 S RHODE ISLAND AVE — Apt. no. 702

Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
Atlantic City NJ 08401

Foreign country name — Foreign province/state/county — Foreign postal code

Presidential Election Campaign: Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

## Filing Status
Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

## Exemptions
6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse
Boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) Chk if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | ☒ |
| | [redacted] | Son | ☐ |
| | [redacted] | Son | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here ▶ ☐

No. of children on 6c who: lived with you: 3; did not live with you due to divorce or separation (see instructions): ___
Dependents on 6c not entered above: ___
d Total number of exemptions claimed — Add numbers on lines above ▶ 5

## Income
Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.
If you did not get a W-2, see instructions.
Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 61,630 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a — 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends — 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions — 15a — b Taxable amount | 15b | |
| 16a | Pensions and annuities — 16a — b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | 5,203 |
| 20a | Social security benefits — 20a — b Taxable amount | 20b | |
| 21 | Other income | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 66,833 |

## Adjusted Gross Income

| Line | Description | | Amount |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | 66,833 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.
EEA Form 1040 (2012)

Form 1040 (2012) JOSE S SANCHEZ & SONIA GONZALEZ [redacted] Page 2

## Tax and Credits

Standard Deduction for -
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $5,950

Married filing jointly or Qualifying widow(er), $11,900

Head of household, $8,700

| Line | Description | | Amount |
|---|---|---|---|
| 38 | Amount from line 37 (adjusted gross income) | 38 | 66,833 |
| 39a | Check if: ☐ You were born before January 2, 1948, ☐ Blind. ☐ Spouse was born before January 2, 1948, ☐ Blind. Total boxes checked ▶ 39a ☐ | | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 11,900 |
| 41 | Subtract line 40 from line 38 | 41 | 54,933 |
| 42 | Exemptions. Multiply $3,800 by the number on line 6d | 42 | 19,000 |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 35,933 |
| 44 | Tax (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ 962 election | 44 | 4,519 |
| 45 | Alternative minimum tax (see instructions). Attach Form 6251 | 45 | |
| 46 | Add lines 44 and 45 ▶ | 46 | 4,519 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 400 |
| 49 | Education credits from Form 8863, line 19 | 49 | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | |
| 51 | Child tax credit. Attach Schedule 8812, if required | 51 | 1,000 |
| 52 | Residential energy credit. Attach Form 5695 | 52 | |
| 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | |
| 54 | Add lines 47 through 53. These are your total credits | 54 | 1,400 |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | 55 | 3,119 |

## Other Taxes

| Line | Description | | Amount |
|---|---|---|---|
| 56 | Self-employment tax. Attach Schedule SE | 56 | |
| 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| 59a | Household employment taxes from Schedule H | 59a | |
| b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| 60 | Other taxes. Enter code(s) from instructions | 60 | |
| 61 | Add lines 55 through 60. This is your total tax ▶ | 61 | 3,119 |

## Payments

If you have a qualifying child, attach Schedule EIC.

| Line | Description | | Amount |
|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 8,291 FORM 1099 |
| 63 | 2012 estimated tax payments and amount applied from 2011 return | 63 | |
| 64a | Earned income credit (EIC) | 64a | |
| b | Nontaxable combat pay election 64b | | |
| 65 | Additional child tax credit. Attach Schedule 8812 | 65 | |
| 66 | American opportunity credit from Form 8863, line 8 | 66 | |
| 67 | Reserved | 67 | |
| 68 | Amount paid with request for extension to file | 68 | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | |
| 71 | Credits from Form: a ☐ 2439 b ☐ Reserved c ☐ 8801 d ☐ 8885 | 71 | |
| 72 | Add lines 62, 63, 64a, and 65 through 71. These are your total payments ▶ | 72 | 8,291 |

## Refund

Direct deposit? See instructions.

| Line | Description | | Amount |
|---|---|---|---|
| 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you overpaid | 73 | 5,172 |
| 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | 5,172 |
| ▶ b | Routing number XXXXXXXXX ▶ c Type: ☐ Checking ☐ Savings | | |
| ▶ d | Account number XXXXXXXXXXXXXXXXX | | |
| 75 | Amount of line 73 you want applied to your 2013 estimated tax ▶ 75 | | |

## Amount You Owe

| Line | Description | | Amount |
|---|---|---|---|
| 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| 77 | Estimated tax penalty (see instructions) 77 | | |

## Third Party Designee

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. [X] No

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

Your signature | Date | Your occupation | Daytime phone number

Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.)

## Paid Preparer Use Only

Preparer's signature | Date 04-30-2014 | Check ☐ if self-employed | PTIN P00997299

Print/Type preparer's name Sandra Davila

Firm's name ▶ ATLANTIC GENERAL SERVICES | Firm's EIN ▶ [redacted]

Firm's address ▶ 3117 Atlantic Ave
Atlantic City, NJ 08401 | Phone no. 609-344-4343

EEA Form 1040 (2012)

Form **1040X** (Rev. December 2012)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ Information about Form 1040X and its separate instructions is at www.irs.gov/form1040X.

OMB No. 1545-0074

This return is for calendar year [X] 2012 [ ] 2011 [ ] 2010 [ ] 2009

Other year. Enter one: calendar year ______ or fiscal year (month and year ended):

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. | Your phone number |
| 145 S RHODE ISLAND AVE | 702 | |

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).

Atlantic City NJ 08401

| Foreign country name | Foreign province/state/country | Foreign postal code |
|---|---|---|
| | | |

**Amended return filing status.** You must check one box even if you are not changing your filing status.
**Caution.** In general, you cannot change your filing status from joint to separate returns after the due date.

[ ] Single [X] Married filing jointly [ ] Married filing separately
[ ] Qualifying widow(er) [ ] Head of household (if the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | Line | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | 36,697 | 30,136 | 66,833 |
| 2 Itemized deductions or standard deduction | 2 | 8,700 | 3,200 | 11,900 |
| 3 Subtract line 2 from line 1 | 3 | 27,997 | 26,936 | 54,933 |
| 4 Exemptions. If changing, complete Part I on page 2 and enter the amount from line 30 | 4 | 7,600 | 11,400 | 19,000 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 20,397 | 15,536 | 35,933 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax: TABLES | 6 | 2,436 | 2,083 | 4,519 |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | 1,480 | (80) | 1,400 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 956 | 2,163 | 3,119 |
| 9 Other taxes | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 956 | 2,163 | 3,119 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (If changing, see instructions) | 11 | 4,892 | 3,399 | 8,291 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | 39 | (39) | |
| 14 Refundable credits from Schedule(s) [ ] 8812 or [ ] M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [ ] 8812 (2009-2011) [ ] 8839 [ ] 8863 [ ] 8885 or [ ] other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 8,291 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 6,371 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 1,920 |
| 19 Amount you owe. If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,199 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount overpaid on this return | 20 | | | |
| 21 Amount of line 20 you want refunded to you | 21 | | | |
| 22 Amount of line 20 you want applied to your (enter year): estimated tax | 22 | | | |

Complete and sign this form on Page 2.

For Paperwork Reduction Act Notice, see instructions.
EEA

Form 1040X (Rev. 12-2012)

Form 1040X (Rev. 12-2012) Page 2

**Part I** Exemptions

Complete this part only if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by a Midwestern disaster in 2009.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23 Yourself and spouse. Caution. If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 Other dependents | 26 | | | |
| 27 Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending | 28 | 7,600 | 11,400 | 19,000 |
| 29 If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 6 for 2009 | 29 | | | |
| 30 Add lines 28 and 29. Enter the result here & on line 4 on page 1 of this form | 30 | 7,600 | 11,400 | 19,000 |

31 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | X |
| | [redacted] | Son | |
| | [redacted] | Son | |
| | | | |

**Part II** Presidential Election Campaign Fund

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Part III** Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

I AM AMENDING MY TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS TO MARRIED FILING JOINTLY I APOLOGIZED FOR THE INCONVENIENT AND THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER.

## Sign Here

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ ______ Your signature | Date | ▶ ______ Spouse's signature. If a joint return, both must sign. | Date

Paid Preparer's Use Only

▶ ______ Preparer's signature | 04-30-2014 Date | ATLANTIC GENERAL SERVICES Firm's name (or yours if self-employed)

Sandra Davila Print/type preparer's name | 3117 Atlantic Ave Atlantic City, NJ 08401 Firm's address and ZIP code

P00997299 PTIN | ☐ Check if self-employed | 609-344-4343 Phone number | [redacted] EIN

For forms and publications, visit IRS.gov.

EEA

Form 1040X (Rev. 12-2012)

Form **2441**

Department of the Treasury
Internal Revenue Service (99)

# Child and Dependent Care Expenses

▶ Attach to Form 1040, Form 1040A, or Form 1040NR.
▶ Information about Form 2441 and its separate instructions is at www.irs.gov/form2441.

OMB No. 1545-0074
**2012**
Attachment Sequence No. 21

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ

Your social security number: [redacted]

**Part I** Persons or Organizations Who Provided the Care – You must complete this part.
(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| ESTEPHANIE TAMBI | 4532 ATLANTIC AVE Ventnor City, NJ 08406 | [redacted] | 2,000 |
| | | | |

Did you receive dependent care benefits?
No → Complete only Part II below.
Yes → Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a, or Form 1040NR, line 58a.

**Part II** Credit for Child and Dependent Care Expenses

2 Information about your qualifying person(s). If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2012 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | [redacted] | | 2,000 |
| | | | |

3 Add the amounts in column (c) of line 2. Do not enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 . . . **3** 2,000

4 Enter your earned income. See instructions . . . **4** 31,494

5 If married filing jointly, enter your spouse's earned income (if your spouse was a student or was disabled, see the instructions); all others, enter the amount from line 4 . . . **5** 30,136

6 Enter the smallest of line 3, 4, or 5 . . . **6** 2,000

7 Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37 . . . **7** 66,833

8 Enter on line 8 the decimal amount shown below that applies to the amount on line 7

| If line 7 is: Over | But not over | Decimal amount is | If line 7 is: Over | But not over | Decimal amount is |
|---|---|---|---|---|---|
| $0 | 15,000 | .35 | $29,000 | 31,000 | .27 |
| 15,000 | 17,000 | .34 | 31,000 | 33,000 | .26 |
| 17,000 | 19,000 | .33 | 33,000 | 35,000 | .25 |
| 19,000 | 21,000 | .32 | 35,000 | 37,000 | .24 |
| 21,000 | 23,000 | .31 | 37,000 | 39,000 | .23 |
| 23,000 | 25,000 | .30 | 39,000 | 41,000 | .22 |
| 25,000 | 27,000 | .29 | 41,000 | 43,000 | .21 |
| 27,000 | 29,000 | .28 | 43,000 | No limit | .20 |

**8** X.20

9 Multiply line 6 by the decimal amount on line 8. If you paid 2011 expenses in 2012, see the instructions . . . **9** 400

10 Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions . . . **10** 4,519

11 **Credit for child and dependent care expenses.** Enter the smaller of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 . . . **11** 400

**For Paperwork Reduction Act Notice, see your tax return instructions.** Form **2441** (2012)

EEA

| | |
|---|---|
| 31493.82 | 4375.31 |
| 1 Wages, tips, other comp. | 2 Fed. income tax withheld |
| 31493.82 | 1322.74 |
| 3 Social security wages | 4 Soc. sec. tax withheld |
| 31493.82 | 456.66 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |

Employer's name, address, and ZIP code
Viking Yacht Company Inc.
5738 Route 9 and Garden State Park
New Gretna NJ 08224

| | |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a |
| | 12b |
| 13 Statutory employee / Retirement plan / Third-party sick pay | 12c |
| | 12d |
| 14 | Employee's SSN [redacted] |
| NJ UI/HC/WD 128.71 | |
| NJ DI 60.63 | Employer ID number (EIN) |
| NJ FLI 24.20 | [redacted] |
| | Control number 001001007691412 |

Jose S Sanchez
145 S Rhode Island Ave - Unit 70
Atlantic City NJ 08401

Employee's name, address, and ZIP code

| 15 St. Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|
| NJ [redacted] | 31493.82 | 660.50 |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

**Form W-2 Wage and Tax Statement 2012**
Copy C—For EMPLOYEE'S RECORDS.
OMB No. 1545-0008
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. 30-2009003
Department of the Treasury – Internal Revenue Service

## Instructions for Employee

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 8.** This amount is not included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

Unless you have records that show you did not receive the amount reported in box 8 as allocated tips, you must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report the allocated tip amount. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $17,000 ($11,500 if you only have SIMPLE plans; $20,000 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $17,000. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2012, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

A—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

B—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Other Taxes" in the Form 1040 instructions.

C—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

D—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

E—Elective deferrals under a section 403(b) salary reduction agreement

F—Elective deferrals under a section 408(k)(6) salary reduction SEP

G—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

H—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

J—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

K—20% excise tax on excess golden parachute payments. See "Other Taxes" in the Form 1040 instructions.

L—Substantiated employee business expense reimbursements (nontaxable)

M—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

N—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Other Taxes" in the Form 1040 instructions.

P—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

Q—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

R—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

S—Employee salary reduction contributions under a section 408(p) SIMPLE plan (not included in box 1)

T—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

V—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

W—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y—Deferrals under a section 409A nonqualified deferred compensation plan

Z—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Other Taxes" in the Form 1040 instructions.

AA—Designated Roth contributions under a section 401(k) plan

BB—Designated Roth contributions under a section 403(b) plan

DD—Cost of employer-sponsored health coverage. The amount reported with Code DD is not taxable.

EE—Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Note.** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help protect your social security benefits, keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year.

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2012 if (a) you do not have a qualifying child and you earned less than $13,980 ($19,190 if married filing jointly), (b) you have one qualifying child and you earned less than $36,920 ($42,130 if married filing jointly), (c) you have two qualifying children and you earned less than $41,952 ($47,162 if married filing jointly), or (d) you have three or more qualifying children and you earned less than $45,060 ($50,270 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,200, or if income is earned for services provided while you were an inmate at a penal institution. Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at www.socialsecurity.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in Box 12, using Code DD, of the cost of employer-sponsored health coverage is for your information only. The amount reported with Code DD is not taxable.

**Credit for excess taxes.** If you had more than one employer in 2012 and more than $4,624.20 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,572.00 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

Form 1040 Department of the Treasury - Internal Revenue Service (99)
# U.S. Individual Income Tax Return 2011
OMB No. 1545-0074 | IRS Use Only-Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2011, or other tax year beginning , 2011, ending , 20 | See separate instructions.

| | | |
|---|---|---|
| Your first name and initial: JOSE S | Last name: SANCHEZ | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: SONIA | Last name: GONZALEZ | Spouse's social security number: [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. 145 S RHODE ISLAND AVE | Apt. no. 702 | Make sure the SSN(s) above and on line 6c are correct. |
| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). Atlantic City NJ 08401 | | Presidential Election Campaign: Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse |
| Foreign country name | Foreign province/county | Foreign postal code |

**Filing Status** (Check only one box.)

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

**Exemptions**

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse
Boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qualifying for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | ☒ |
| | [redacted] | Son | ☐ |
| | [redacted] | Son | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here ▶ ☐

No. of children on 6c who: lived with you: 3; did not live with you due to divorce or separation (see instructions): ___
Dependents on 6c not entered above: ___
Add numbers on lines above ▶ 5

d Total number of exemptions claimed

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 64,766 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions 15a ___ b Taxable amount | 15b | |
| 16a | Pensions and annuities 16a ___ b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | 2,327 |
| 20a | Social security benefits 20a ___ b Taxable amount | 20b | |
| 21 | Other income | 21 | |
| 22 | Combine the amounts in the far right col for lines 7 through 21. This is your total income ▶ | 22 | 67,093 |

**Adjusted Gross Income**

| Line | Description | | Amount |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 ▶ | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | 67,093 |

Form 1040 (2011) JOSE S SANCHEZ & SONIA GONZALEZ [redacted] Page 2

## Tax and Credits

| Line | Description | Sub-box | Sub-amount | Line box | Amount |
|---|---|---|---|---|---|
| 38 | Amount from line 37 (adjusted gross income) | | | 38 | 67,093 |
| 39a | Check if: ☐ You were born before January 2, 1947, ☐ Blind. ☐ Spouse was born before January 2, 1947, ☐ Blind. Total boxes checked ▶ 39a ☐ | | | | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | | | 40 | 11,600 |
| 41 | Subtract line 40 from line 38 | | | 41 | 55,493 |
| 42 | Exemptions. Multiply $3,700 by the number on line 6d | | | 42 | 18,500 |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | | 43 | 36,993 |
| 44 | Tax (see instructions). Check if any from: a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ 962 election | | | 44 | 4,696 |
| 45 | Alternative minimum tax (see instructions). Attach Form 6251 | | | 45 | |
| 46 | Add lines 44 and 45 ▶ | | | 46 | 4,696 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 400 | | |
| 49 | Education credits from Form 8863, line 23 | 49 | | | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | | |
| 51 | Child tax credit (see instructions) | 51 | 1,000 | | |
| 52 | Residential energy credits. Attach Form 5695 | 52 | | | |
| 53 | Other credits from Form: a ☐ 3800 b ☐ 8801 c ☐ | 53 | | | |
| 54 | Add lines 47 through 53. These are your total credits | | | 54 | 1,400 |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | | | 55 | 3,296 |

Standard Deduction for -
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $5,800

Married filing jointly or Qualifying widow(er), $11,600

Head of household, $8,500

## Other Taxes

| Line | Description | Line box | Amount |
|---|---|---|---|
| 56 | Self-employment tax. Attach Schedule SE | 56 | |
| 57 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| 59a | Household employment taxes from Schedule H | 59a | |
| b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| 60 | Other taxes. Enter code(s) from instructions | 60 | |
| 61 | Add lines 55 through 60. This is your total tax ▶ | 61 | 3,296 |

## Payments

| Line | Description | Sub-box | Sub-amount | Line box | Amount |
|---|---|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 6,263 | | FORM 1099 |
| 63 | 2011 estimated tax payments and amount applied from 2010 return | 63 | | | |
| 64a | Earned income credit (EIC) | 64a | | | |
| b | Nontaxable combat pay election 64b | | | | |
| 65 | Additional child tax credit. Attach Form 8812 | 65 | | | |
| 66 | American opportunity credit from Form 8863, line 14 | 66 | | | |
| 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | | | |
| 68 | Amount paid with request for extension to file | 68 | | | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | | |
| 71 | Credits from Form: a ☐ 2439 b ☐ 8839 c ☐ 8801 d ☐ 8885 | 71 | | | |
| 72 | Add lines 62, 63, 64a, and 65 through 71. These are your total payments ▶ | | | 72 | 6,263 |

If you have a qualifying child, attach Schedule EIC.

## Refund

| Line | Description | Line box | Amount |
|---|---|---|---|
| 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you overpaid | 73 | 2,967 |
| 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | 2,967 |
| ▶ b | Routing number XXXXXXXXX ▶ c Type: ☐ Checking ☐ Savings | | |
| ▶ d | Account number XXXXXXXXXXXXXXXXX | | |
| 75 | Amount of line 73 you want applied to your 2012 estimated tax ▶ 75 | | |

Direct deposit? See instructions.

## Amount You Owe

| Line | Description | Line box | Amount |
|---|---|---|---|
| 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| 77 | Estimated tax penalty (see instructions) 77 | | |

## Third Party Designee

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. ☒ No

Designee's name ▶ Phone no. ▶ Personal identification number (PIN) ▶

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

Your signature | Date | Your occupation | Daytime phone number

Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | Identity Protection PIN (see inst.)

## Paid Preparer Use Only

Preparer's signature | Date 04-30-2014 | Check ☐ if self-employed | PTIN P00997299

Print/Type preparer's name: Sandra Davila

Firm's name ▶ ATLANTIC GENERAL SERVICES | Firm's EIN ▶ [redacted]

Firm's address ▶ 3117 Atlantic Ave Atlantic City, NJ 08401 | Phone no. 609-344-4343

EEA Form 1040 (2011)

Form **2441**

Department of the Treasury
Internal Revenue Service (99)

# Child and Dependent Care Expenses

▶ Attach to Form 1040, Form 1040A, or Form 1040NR.

▶ See separate instructions.

OMB No. 1545-0074

**2011**

Attachment Sequence No. 21

Name(s) shown on return: JOSE S SANCHEZ & SONIA GONZALEZ

Your social security number: [redacted]

**Part I** **Persons or Organizations Who Provided the Care** - You must complete this part.
(If you have more than two care providers, see the instructions.)

| 1 (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|
| ESTEPHANIE TAMBI | 4532 ATLANTIC AVE<br>Ventnor City, NJ 08406 | [redacted] | 2,000 |
| | | | |

Did you receive dependent care benefits?
- No ▶ Complete only Part II below.
- Yes ▶ Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. If you do, you cannot file Form 1040A. For details, see the instructions for Form 1040, line 59a, or Form 1040NR, line 58a.

**Part II** **Credit for Child and Dependent Care Expenses**

2 Information about your qualifying person(s). If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name — First | (a) Qualifying person's name — Last | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2011 for the person listed in column (a) |
|---|---|---|---|
| [redacted] | | [redacted] | 2,000 |
| | | | |

3 Add the amounts in column (c) of line 2. Do not enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 31 . . . . . 3 — 2,000

4 Enter your earned income. See instructions . . . . . 4 — 37,999

5 If married filing jointly, enter your spouse's earned income (if your spouse was a student or was disabled, see the instructions); all others, enter the amount from line 4 . . . . . 5 — 26,767

6 Enter the smallest of line 3, 4, or 5 . . . . . 6 — 2,000

7 Enter the amount from Form 1040, line 38; Form 1040A, line 22; or Form 1040NR, line 37 . . . . . 7 — 67,093

8 Enter on line 8 the decimal amount shown below that applies to the amount on line 7

If line 7 is:

| Over | But not over | Decimal amount is | Over | But not over | Decimal amount is |
|---|---|---|---|---|---|
| $0 - 15,000 | | .35 | $29,000 - 31,000 | | .27 |
| 15,000 - 17,000 | | .34 | 31,000 - 33,000 | | .26 |
| 17,000 - 19,000 | | .33 | 33,000 - 35,000 | | .25 |
| 19,000 - 21,000 | | .32 | 35,000 - 37,000 | | .24 |
| 21,000 - 23,000 | | .31 | 37,000 - 39,000 | | .23 |
| 23,000 - 25,000 | | .30 | 39,000 - 41,000 | | .22 |
| 25,000 - 27,000 | | .29 | 41,000 - 43,000 | | .21 |
| 27,000 - 29,000 | | .28 | 43,000 - No limit | | .20 |

8 — X. 20

9 Multiply line 6 by the decimal amount on line 8. If you paid 2010 expenses in 2011, see the instructions . . . . . 9 — 400

10 Tax liability limit. Enter the amount from the Credit Limit Worksheet in the instructions . . . . . 10 — 4,696

11 Credit for child and dependent care expenses. Enter the smaller of line 9 or line 10 here and on Form 1040, line 48; Form 1040A, line 29; or Form 1040NR, line 46 . . . . . 11 — 400

For Paperwork Reduction Act Notice, see your tax return instructions. EEA Form 2441 (2011)

Form **1040X** (Rev. December 2011)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0074

This return is for calendar year [X] 2011 [ ] 2010 [ ] 2009 [ ] 2008

Other year. Enter one: calendar year or fiscal year (month and year ended):

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOSE S | SANCHEZ | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| SONIA | GONZALEZ | [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. 702 | Your phone number |

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).

Atlantic City NJ 08401

| Foreign country name | Foreign province/county | Foreign postal code |
|---|---|---|
| | | |

Amended return filing status. You must check one box even if you are not changing your filing status.
Caution. You cannot change your filing status from joint to separate returns after the due date.

[ ] Single [X] Married filing jointly [ ] Married filing separately
[ ] Qualifying widow(er) [ ] Head of household (if the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | Line | A. Original amount or as previously adjusted (see instructions) | B. Net change - amount of increase or (decrease) - explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ [ ] | 1 | 38,280 | 28,813 | 67,093 |
| 2 Itemized deductions or standard deduction | 2 | 8,500 | 3,100 | 11,600 |
| 3 Subtract line 2 from line 1 | 3 | 29,780 | 25,713 | 55,493 |
| 4 Exemptions. If changing, complete Part I on page 2 and enter the amount from line 30 | 4 | 7,400 | 11,100 | 18,500 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 22,380 | 14,613 | 36,993 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax: TABLES | 6 | 2,749 | 1,947 | 4,696 |
| 7 Credits. If general business credit carryback is included, check here ▶ [ ] | 7 | 1,460 | (60) | 1,400 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 1,289 | 2,007 | 3,296 |
| 9 Other taxes | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 1,289 | 2,007 | 3,296 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (if changing, see instructions) | 11 | 4,166 | 2,097 | 6,263 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Refundable credits from [ ] Schedule M or Form(s) [ ] 2439 [ ] 4136 [ ] 5405 [ ] 8801 [ ] 8812 [ ] 8839 [ ] 8863 [ ] 8885 or [ ] other (specify): | 14 | | | |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 6,263 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 4,051 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 2,212 |
| 19 Amount you owe. If line 10, column C, is more than line 18, enter the difference | 19 | | | 1,084 |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount overpaid on this return | 20 | | | |
| 21 Amount of line 20 you want refunded to you | 21 | | | |
| 22 Amount of line 20 you want applied to your (enter year): estimated tax | 22 | | | |

Complete and sign this form on Page 2.

Form 1040X (Rev. 12-2011) Page 2

**Part I Exemptions**

Complete this part only if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by a Midwestern disaster in 2008 or 2009.

See Form 1040 or Form 1040A instructions and Form 1040X instructions.

| | | Line | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|---|
| 23 | Yourself and spouse. Caution. If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | 1 | 1 | 2 |
| 24 | Your dependent children who lived with you | 24 | 1 | 2 | 3 |
| 25 | Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26 | Other dependents | 26 | | | |
| 27 | Total number of exemptions. Add lines 23 through 26 | 27 | 2 | 3 | 5 |
| 28 | Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending | 28 | 7,400 | 11,100 | 18,500 |
| 29 | If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 2 for 2008, or line 6 for 2009 | 29 | | | |
| 30 | Add lines 28 and 29. Enter the result here & on line 4 on page 1 of this form | 30 | 7,400 | 11,100 | 18,500 |

31 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|
| [redacted] | [redacted] | Son | X |
| | | Son | |
| | | Son | |
| | | | |

**Part II Presidential Election Campaign Fund**

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Part III Explanation of changes.** In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

I AM AMENDING THIS TAX RETURN BECAUSE I WOULD LIKE TO CHANGE MY FILING STATUS TO MARRIED FILING JOINTLY I APOLOGIZED FOR THE INCONVENIENT AND THANK YOU FOR YOUR HELP AND COOPERATION REGARDING THIS MATTER.

**Sign Here**

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ Your signature Date ▶ Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

▶ Preparer's signature

04-30-2014 Date

ATLANTIC GENERAL SERVICES Firm's name (or yours if self-employed)

Sandra Davila Print/type preparer's name

3117 Atlantic Ave Atlantic City, NJ 08401 Firm's address and ZIP code

P00997299 PTIN

☐ Check if self-employed

609-344-4343 Phone number

[redacted] EIN

For forms and publications, visit IRS.gov. EEA Form 1040X (Rev. 12-2011)

## Instructions for Employee

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 8.** This amount is not included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

Unless you have records that show you did not receive the amount reported in box 8 as allocated tips, you must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report the allocated tip amount. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $16,500 ($11,500 if you only have SIMPLE plans; $19,500 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $16,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2011, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

A—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

B—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

C—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

D—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

E—Elective deferrals under a section 403(b) salary reduction agreement

F—Elective deferrals under a section 408(k)(6) salary reduction SEP

G—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

H—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

J—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

K—20% excise tax on excess golden parachute payments. See "Total Tax" in the Form 1040 instructions.

L—Substantiated employee business expense reimbursements (nontaxable)

M—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

N—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

P—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

Q—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

R—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

S—Employee salary reduction contributions under a section 408(p) SIMPLE (not included in box 1)

T—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

V—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

W—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

Y—Deferrals under a section 409A nonqualified deferred compensation plan

Z—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Total Tax" in the Form 1040 instructions.

AA—Designated Roth contributions under a section 401(k) plan

BB—Designated Roth contributions under a section 403(b) plan

DD—Cost of employer-sponsored health coverage. The amount reported with Code DD is not taxable.

EE—Designated Roth contributions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Note.** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help protect your social security benefits, keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year. Compare the Social Security wages and the Medicare wages to the information shown on your annual (for workers over 25) Social Security Statement.

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2011 if (a) you do not have a qualifying child and you earned less than $13,660 ($18,740 if married filing jointly), (b) you have one qualifying child and you earned less than $36,052 ($41,132 if married filing jointly), (c) you have two qualifying children and you earned less than $40,964 ($46,044 if married filing jointly), or (d) you have three or more qualifying children and you earned less than $43,998 ($49,078 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,150. Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at www.socialsecurity.gov.

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in box 12, using Code DD, of the cost of employer-sponsored health coverage is for your information only. The amount reported with Code DD is not taxable.

**Credit for excess taxes.** If you had more than one employer in 2011 and more than $4,485.60 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,088.80 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

**Form W-2 Wage and Tax Statement 2011**
**Copy C—For EMPLOYEE'S RECORDS.**
OMB No. 1545-0008
Department of the Treasury—Internal Revenue Service

This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

| | | |
|---|---|---|
| Employer's name, address, and ZIP code<br>Viking Yacht Company Inc.<br>5738 Route 9 and Garden State Park<br>New Gretna NJ 08224 | 1 Wages, tips, other comp.<br>35281.10 | 2 Fed. income tax withheld<br>3988.37 |
| | 3 Social security wages<br>35281.10 | 4 Soc. sec. tax withheld<br>1481.81 |
| Control number [redacted] Employer EIN [redacted] | 5 Medicare wages and tips<br>35281.10 | 6 Medicare tax withheld<br>511.58 |
| Jose S Sanchez<br>145 S Rhode Island Ave - Unit 70<br>Atlantic City NJ 08401 | 7 Social security tips | 8 Allocated tips |
| | 9 | 10 Dependent care benefits |
| Employee's name, address, and ZIP code | 11 Nonqualified plans | 12a |
| | | 12b |
| | 13 Statutory employee / Retirement plan / Third-party sick pay | 12c |
| | | 12d |
| | 14 NJ UI/HC/WD 125.87 NJ FLI 17.71<br>NJ DI 148.01 | |
| | Employee's SSN [redacted] | |

| 15 St. | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|---|
| [redacted] | [redacted]00 | 35281.10 | 664.34 |

| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|
| | | |

Department of Homeland Security
U.S. Citizenship and Immigration Servic[redacted]

F[redacted] I-797C, Notice of Action

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| | | |
|---|---|---|
| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>June 18, 2014 |
| CASE TYPE<br>I-485, Application to Register Permanent Residence or Adjust Status | | USCIS ALIEN NUMBER<br>[redacted] |
| RECEIPT NUMBER<br>[redacted]7 | RECEIVED DATE<br>June 04, 2014 | PAGE<br>1 of 1 |
| PRIORITY DATE<br>February 19, 2002 | PREFERENCE CLASSIFICATION<br>Employment Based 3rd | DATE OF BIRTH<br>August 29, 1962 |

JOSE S. SANCHEZ
C/O JAIME W. APARISI JAIME WINTHUYSEN APARISI AS
8630 FENTON STREET STE 932
SILVER SPRING, MD 20910

NAME AND MAILING ADDRESS

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $985.00 |
| Biometrics Fee: | $85.00 |
| Total Amount Received: | $1,070.00 |
| Total Balance Due: | $0.00 |

The above application/petition has been received by our office and is in process.

Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

Next Steps:

- USCIS will schedule a biometrics appointment for you to have your biometrics electronically captured at a USCIS Application Support Center (ASC). You will be receiving a biometrics appointment notice by mail with the specific date, time, and place where you will have your fingerprints and/or photographs taken.
- You must wait to receive your biometrics appointment notice before going to the ASC for biometrics processing.
- This notice does not serve as your biometrics appointment notice.

As a reminder, you may request to change employers under INA 204(j) if your Form I-485 Adjustment application has been pending for at least 180 days and your underlying Form I-140 is approved or is still pending. In order to do so, you should supplement the Form I-485 record of proceeding with documentation relating to the new job offer that forms the basis of the INA 204(j) portability request. For more information on how to request to change employers and what information is required to supplement the Form I-485, please visit www.uscis.gov.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call the NCSC TDD at 1-800-767-1833. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

**USCIS Office Address:**

USCIS
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

**USCIS Customer Service Number:**

(800)375-5283
ATTORNEY COPY



Form I-797C Lockbox (LB) 01/02/12 Y

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| | | |
|---|---|---|
| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>June 18, 2014 |
| CASE TYPE<br>I-485, Application to Register Permanent Residence or Adjust Status | | USCIS ALIEN NUMBER<br>[redacted] |
| RECEIPT NUMBER<br>[redacted] | RECEIVED DATE<br>June 04, 2014 | PAGE<br>1 of 1 |
| PRIORITY DATE | PREFERENCE CLASSIFICATION | DATE OF BIRTH<br>March 14, 1968 |

SONIA GONZALEZ
C/O JAIME W. APARISI JAIME WINTHUYSEN APARISI AS
8630 FENTON STREET STE 932
SILVER SPRING, MD 20910

**NAME AND MAILING ADDRESS**

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $985.00 |
| **Biometrics Fee:** | $85.00 |
| **Total Amount Received:** | $1,070.00 |
| **Total Balance Due:** | $0.00 |

The above application/petition has been received by our office and is in process.

Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

Next Steps:

- USCIS will schedule a biometrics appointment for you to have your biometrics electronically captured at a USCIS Application Support Center (ASC). You will be receiving a biometrics appointment notice by mail with the specific date, time, and place where you will have your fingerprints and/or photographs taken.
- You must wait to receive your biometrics appointment notice before going to the ASC for biometrics processing.
- This notice does not serve as your biometrics appointment notice.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

**USCIS Office Address:**
USCIS
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

**USCIS Customer Service Number:**
(800)375-5283
ATTORNEY COPY

**JAIME WINTHUYSEN APARISI & ASSOCIATES, L.L.C.**
8630 Fenton Street, Suite 932, Silver Spring, Maryland 20910
(301) 562-1416 FAX (301) 562-1417
www.aparisi.com

**Jaime Winthuysen Aparisi***
*Admitted in Maryland & DC
jaime@aparisi.com

**Zachary Abraham Kohn*****
***Admitted in Maryland
zachary@aparisi.com

**Yusuf R. Ahmad****
**Admitted in Virginia
yusuf@aparisi.com

February 19, 2015

**VIA FEDERAL EXPRESS**
USCIS Nebraska Service Center
850 S. Street
Lincoln, NE 68508

**REQUEST FOR EVIDENCE**

**RE: Jose Santos Sanchez – [redacted]**

Per the enclosed USCIS Request For Evidence, the applicant named above responds as follows. The responses below are numbered according to the corresponding request made by USCIS.

1) Enclosed please find a fully completed Form G-325A.

2) Enclosed please find a currently dated letter from the intended employer that indicated the proffered position, the date employment began and the proffered wage. The letter also indicates that the terms of the employment-based immigrant visa petition and labor certification continue to exist.

3, 4, 5, 6 & 7) The applicant is not eligible for benefits under INA § 245(i) but is eligible to adjust pursuant to INA § 245(a) as he was paroled into the United States on January 11, 2014 and INA § 245(a) states "an alien who was inspected and admitted *or paroled* into the United States." As the applicant was paroled he is eligible for adjustment pursuant to INA § 245(a).

The Request for Evidence erroneously states that TPS is not a nonimmigrant status and requests that applicant submit evidence of being in a lawful nonimmigrant status. For purposes of adjustment of status, the applicant is in a lawful nonimmigrant status as INA § 244(f)(4) states that one of the benefits of TPS is that:

> (4) for purposes of adjustment of status under section 245 and change of status under section 248, the alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant.

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

November 28, 2014

LIN1490737027

[redacted]

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
8630 FENTON STREET STE 932
SILVER SPRING, MD 20910
US

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

## REQUEST FOR EVIDENCE

The documentation submitted is not sufficient to warrant favorable consideration of your petition/application.

**See Letter for Details**
**Your response must be received in this office by February 20, 2015**

Your case is being held in this office pending your response. Within this period you may:

1. Submit all of the evidence requested;
2. Submit some or none of the evidence requested and ask for a decision based upon the record; or
3. Withdraw the application or petition. (It is noted if you request the application or petition be withdrawn, the filing fee cannot be refunded.)

You must submit all of the evidence at one time. Submission of only part of the evidence requested will be considered a request for a decision based on the record. No extension of the period allowed to submit evidence will be granted. If the evidence submitted does not establish that your case was approvable at the time it was filed, it can be denied.

If you do not respond to this request within the time allowed, your case will be considered abandoned and denied. Evidence received in this office after the due date may not be considered.

If you submit a document in any language other than English, it must be accompanied by a full <u>complete</u> English translation. The translator must certify the translation is accurate and he or she is competent to translate. Note: You must submit the requested foreign language document along with the translation.

1) Please submit a fully completed Form G-325A. The form which you submitted reported neither your last address abroad nor your last employment abroad.

2) Please submit a currently dated letter from your intended permanent employer that indicates your proffered position, the date you began employment and the proffered salary or wage. The letter must indicate whether the terms and conditions of the employment-based immigrant visa petition and labor certification continue to exist.

3) Are you eligible for the benefits of INA section 245(i)? ________ If so, please submit evidence of this including proof that an immigrant visa petition or labor certification application was filed on your behalf on or before April 30, 2001 and proof that you were physically present in the United States on December 21, 2000.

4) Please submit evidence that you were inspected and admitted into the United States. You have submitted evidence that in January of 2014 you were paroled into the United States, but INA section 101(a)(13)(B) and INA section 212(d)(5)(A) specify that the parole of an alien shall not be regarded as an admission of the alien.

5) Please submit evidence which establishes that on the filing date of your application you were in a lawful nonimmigrant status. (TPS is not a nonimmigrant status.) Employment-based adjustment of status is not available to an alien who is not in a lawful nonimmigrant status as of the filing date of his application unless 245(i) eligibility is established.

6) You have indicated that you have been continually employed in the United States since June of 1997. Please submit evidence of your employment authorization from June of 1997 until April 23, 2001, from March 9, 2005 until July 29, 2005, and from September 9, 2006 until November 30, 2007.

7) Have you ever been in a lawful nonimmigrant status? __________ (Again, TPS is not a nonimmigrant status.) If so, please report the dates that you held such status and submit evidence of this.

**PLACE THIS ENTIRE LETTER ON TOP OF YOUR RESPONSE. SUBMISSION OF EVIDENCE WITHOUT THIS LETTER WILL DELAY PROCESSING OF YOUR CASE AND MAY RESULT IN A DENIAL. PLEASE USE THE ENCLOSED ENVELOPE TO MAIL THE ADDITIONAL EVIDENCE REQUESTED BACK TO THIS OFFICE.**

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0008; Expires 02/28/2015

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | Male / Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| Sanchez | Jose | Santos | [X] Male [ ] Female | [redacted] | El Salvador | A [redacted] |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security # (if any) |
|---|---|---|
| N/A | Cacaopera El Salvador | [redacted] |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | N/A | | | | |
| Mother (Maiden Name) | Sanchez | Maria | | Cacaopera, El Salvador | San Miguel, El Salvador |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| Gonzalez | Sonia | [redacted] | San Miguel El Salvador | 10/31/2006 | Atlantic City, NJ, U.S. |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**Applicant's residence last five years. List present address first.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| 145 S Rhode Island Ave., #702 | Atlantic City | NJ | United States | [redacted] | | Present Time | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| Tecomatal | San Miguel | | El Salvador | [redacted] | | 03 | 1995 |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|
| Viking Yacht Company, New Gretna, NJ 08224 | Mechanic | Jun | 1997 | Present Time | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| | | | | | |
|---|---|---|---|---|---|
| Electropura, El Salvador | Chaffeur | | 1980 | | 1985 |

This form is submitted in connection with an application for:
[ ] Naturalization [ ] Other (Specify):
[X] Status as Permanent Resident

Signature of Applicant: (signature) Date:

If your native alphabet is in other than Roman letters, write your name in your native alphabet below:

**Penalties: Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.**

**Applicant: Print your name and Alien Registration Number in the box outlined by heavy border below.**

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| Sanchez | Jose | Santos | A [redacted] |

Form G-325A (Rev. 02/07/13)Y

viking® yacht company

January 23, 2015

To USCIS Officer:

I, Andrew Davala, Vice-President-Human Resources at Viking Yachts, Inc. hereby certify that Mr. Jose Santos-Sanchez Sanchez has been employed by Viking Yachts in the position of Mechanic from June 1997 to the present.

Upon approval of his permanent residence, Viking Yachts will pay Mr. Sanchez the proffered wage of $20.25 per hour in the position of Mechanic. The terms and conditions of the employment-based immigrant visa petition and labor certification continue to exist.

If you have any questions or concerns, I can be reached at (609)-296-4898.

Sincerely,

Andrew L. Davala
Vice President – Human Resources

"ON THE BASS RIVER" P.O. BOX 308 NEW GRETNA, NEW JERSEY 08224 (609) 296-6000
FAX (609) 296-5867

**JAIME WINTHUYSEN APARISI & ASSOCIATES, L.L.C.**
8630 Fenton Street, Suite 932, Silver Spring, Maryland 20910
(301) 562-1416 FAX (301) 562-1417
www.aparisi.com

**Jaime Winthuysen Aparisi***
*Admitted in Maryland & DC
jaime@aparisi.com

**Zachary Abraham Kohn*****
***Admitted in Maryland
zachary@aparisi.com

**Yusuf R. Ahmad****
**Admitted in Virginia
yusuf@aparisi.com

February 19, 2015

**VIA FEDERAL EXPRESS**
USCIS Nebraska Service Center
850 S. Street
Lincoln, NE 68508

**REQUEST FOR EVIDENCE**

**RE: Sonia Gonzalez – [redacted]**

Per the enclosed USCIS Request For Evidence, the applicant named above responds as follows. The responses below are numbered according to the corresponding request made by USCIS.

1) Enclosed please find a fully completed Form G-325A.

2) Enclosed please find a copy of applicant's marriage certificate.

3, 4, 5, 6 & 7) The applicant is not eligible for benefits under INA § 245(i) but is eligible to adjust pursuant to INA § 245(a) as she was paroled into the United States on August 18, 2011 and INA § 245(a) states "an alien who was inspected and admitted *or paroled* into the United States." As the applicant was paroled he is eligible for adjustment pursuant to INA § 245(a).

The Request for Evidence erroneously states that TPS is not a nonimmigrant status and requests that applicant submit evidence of being in a lawful nonimmigrant status. For purposes of adjustment of status, the applicant is in a lawful nonimmigrant status as INA § 244(f)(4) states that one of the benefits of TPS is that:

> (4) for purposes of adjustment of status under section 245 and change of status under section 248, the alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant.

Therefore, applicant is currently in a lawful nonimmigrant status for purposes of adjustment of status. In addition, pursuant to INA §245(k), applicant's employment history should only be considered since her last entry of August 18, 2011. As applicant

has maintained TPS and had employment authorization since his last entry she is eligible to adjust status pursuant to INA § 245(a).

Thank you for your time and prompt attention to this matter.

Sincerely,

Jaime Winthuysen Aparisi

November 28, 2014

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

[redacted]

[redacted]

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
8630 FENTON STREET STE 932
SILVER SPRING, MD 20910
US

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

**REQUEST FOR EVIDENCE**

The documentation submitted is not sufficient to warrant favorable consideration of your petition/application.

**See Letter for Details**
**Your response must be received in this office by February 20, 2015**

Your case is being held in this office pending your response. Within this period you may:

1. Submit all of the evidence requested;
2. Submit some or none of the evidence requested and ask for a decision based upon the record; or
3. Withdraw the application or petition. (It is noted if you request the application or petition be withdrawn, the filing fee cannot be refunded.)

You must submit all of the evidence at one time. Submission of only part of the evidence requested will be considered a request for a decision based on the record. No extension of the period allowed to submit evidence will be granted. If the evidence submitted does not establish that your case was approvable at the time it was filed, it can be denied.

If you do not respond to this request within the time allowed, your case will be considered abandoned and denied. Evidence received in this office after the due date may not be considered.

If you submit a document in any language other than English, it must be accompanied by a full complete English translation. The translator must certify the translation is accurate and he or she is competent to translate. Note: You must submit the requested foreign language document along with the translation.

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0008; Expires 02/28/2015

# G-325A, Biographic Information

| Family Name | First Name | Middle Name | ☐ Male ☒ Female | Date of Birth (mm/dd/yyyy) | Citizenship/Nationality | File Number |
|---|---|---|---|---|---|---|
| Gonzalez | Sonia | | | [redacted] | El Salvador | A [redacted] |

| All Other Names Used (include names by previous marriages) | City and Country of Birth | U.S. Social Security # (if any) |
|---|---|---|
| N/A | San Miguel El Salvador | [redacted] |

| | Family Name | First Name | Date of Birth (mm/dd/yyyy) | City, and Country of Birth (if known) | City and Country of Residence |
|---|---|---|---|---|---|
| Father | N/A | N/A | | | |
| Mother (Maiden Name) | Gonzalez | Santos | [redacted] | San Miguel, El Salvador | San Miguel, El Salvador |

| Current Husband or Wife (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | City and Country of Birth | Date of Marriage | Place of Marriage |
|---|---|---|---|---|---|
| Sanchez | Jose | [redacted] | Cacaopera, El Salvador | 10/31/2006 | Atlantic City, NJ, U.S. |

| Former Husbands or Wives (If none, so state) Family Name (For wife, give maiden name) | First Name | Date of Birth (mm/dd/yyyy) | Date and Place of Marriage | Date and Place of Termination of Marriage |
|---|---|---|---|---|
| None | | | | |
| | | | | |

**Applicant's residence last five years. List present address first.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| 145 S Rhode Island Ave., #702 | Atlantic City | NJ | United States | Feb | 2004 | Present Time | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Applicant's last address outside the United States of more than 1 year.**

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| Tecometal | San Miguel | | El Salvador | 03 | 1968 | 03 | 1998 |

**Applicant's employment last five years. (If none, so state.) List present employment first.**

| Full Name and Address of Employer | Occupation (Specify) | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|
| Borgata Casino, Atlantic City, New Jersey | Housekeeper | Jun | 2003 | Present Time | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Last occupation abroad if not shown above. (Include all information requested above.)**

| | | | | | |
|---|---|---|---|---|---|
| Minesteria de Salud Publica, El Salvador | Orderly | | 1980 | | 1987 |

This form is submitted in connection with an application for:
☐ Naturalization ☐ Other (Specify):
☒ Status as Permanent Resident

Signature of Applicant: [signature] Date:

If your native alphabet is in other than Roman letters, write your name in your native alphabet below:

**Penalties:** Severe penalties are provided by law for knowingly and willfully falsifying or concealing a material fact.

**Applicant:** Print your name and Alien Registration Number in the box outlined by heavy border below.

| Complete This Box (Family Name) | (Given Name) | (Middle Name) | (Alien Registration Number) |
|---|---|---|---|
| Gonzalez | Sonia | | A [redacted] |

Form G-325A (Rev. 02/07/13)Y

STATE OF NEW JERSEY

F0000006620

# CERTIFICATE OF MARRIAGE

VOID

Name of Groom *(First, Middle, Last)*: JOSE SANTOS SANCHEZ

Maiden Name of Bride *(First, Middle, Last)*: SONIA GONZALEZ

Date of Marriage *(Month/Day/Year)*: OCTOBER 31, 2006

Place of Marriage *(City/County)*: ATLANTIC CITY, ATLANTIC

File Number: N/A

Date Filed: 11/1/06

*Date Amended (if applicable)*: N/A

Date Issued: 11/16/06

Issued By: CITY OF ATLANTIC CITY, BUREAU OF VITAL STATISTICS

DENISE WORTHY, CMR

This is to certify that the above is correctly copied from a record on file in my office.

*Certified copy not valid unless the raised Great Seal of the State of New Jersey or the seal of the issuing municipality or county, is affixed hereon.*

Joseph A. Komosinski, State Registrar
Bureau of Vital Statistics

REG-42F
JAN 04

THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES TO DETER FRAUD: VOID IF ALTERED

From: (301) 562-1416
Jaime Aparisi
ATTORNEY AT LAW
8630 FENTON STREET, SUITE 932

SILVER SPRING, MD 20910

Origin ID: NHKA

FedEx Express

E

J151015011403uv

Ship Date: 19FEB15
ActWgt: 1.0 LB
CAD: 101147689/INET3610

Delivery Address Bar Code

SHIP TO: (800) 375-5283 BILL SENDER
Nebraska Service Center
USCIS
850 S ST

LINCOLN, NE 68508

Ref # Jose Santos Sanchez
Invoice #
PO #
Dept #

FRI - 20 FEB AA
STANDARD OVERNIGHT

TRK# 0201 7729 5193 2644

XX LNKA

68508
NE-US
OMA

537J2/D3CE/EE4B

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

March 5, 2015

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
8630 FENTON STREET STE 932
SILVER SPRING, MD 20910
US

LIN1490737027

[redacted]

RE: JOSE SANTOS SANCHEZ
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states in pertinent part that adjustment of status shall not be applicable to...

> (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; ...
>
> (7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or
>
> (8) any alien who was employed while the alien was an unauthorized alien.

Accordingly, Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part that aliens restricted from adjusting status includes:

> (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to

maintain continuously a legal status since entry into the United States ...

> (9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and
>
> (10) Any alien who was ever employed in the United States without authorization of the Service.

In your response to USCIS' request for additional evidence, received on February 20, 2015, you suggested that any alien who has been accorded temporary protected status (TPS) could have all of the above bars to his or her adjustment of status removed merely by leaving the United States for a moment and then being paroled back in. You wrote that USCIS' statement that "TPS is not a nonimmigrant status" is in error and you cited INA 244(f)(4) as basis for your assertion. However, a careful reading of that statute finds that it does not confer a nonimmigrant status upon every holder of TPS but rather states that for purposes of adjustment of status such an alien "shall be *considered* as being in, and maintaining, lawful status as a nonimmigrant." (Emphasis added.) 8 CFR Part 214(a) lists the nonimmigrant classes and TPS is not one of them.

Clarification is provided by 8 CFR Part 212.5(e)(2)(ii) which states that "an alien who is granted parole into the United States after . . . 1986 for other than the specific purpose of applying for adjustment of status under section 245A of the Act shall not be permitted to avail him or herself of the privilege of adjustment thereunder." This regulation goes on to state that "failure to abide by this provision through making such an application will subject the alien to termination of parole status and institution of proceedings."

Given that by statute the parole of an alien shall not be regarded as an admission of the alien, the record indicates that you have never been admitted into the United States. It indicates that while you have lived in the United States for many years, you have never done so in what the regulations recognize as a lawful nonimmigrant status. It indicates that you have worked in the United States, in the aggregate, for over five years without employment authorization. Finally, because the record establishes that in January of 2014 you were paroled into the United States only for TPS, 8 CFR Part 212.5(e)(2)(ii), *supra*, specifically bars you from the privilege of adjustment under INA 245.

It is noted that one requirement for the relief provided under INA 245(k) is evidence of a lawful admission into the United States, and you have acknowledged that you are not eligible for benefits under INA 245(i). The evidence thus makes no indication that either of these sections of law are applicable in your case.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of the above, it must be concluded that such an establishment has not been made in this case and therefore your application must be, and hereby is, denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under

"Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC) at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

March 5, 2015

JAIME WINTHUYSEN APARISI
JAIME WINTHUYSEN APARISI ASSOC
8630 FENTON STREET STE 932
SILVER SPRING, MD 20910
US

LIN1490737028

[redacted]

RE: SONIA GONZALEZ
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status, which you filed on June 4, 2014. The application seeks Employment-Based (EB) adjustment of status to Lawful Permanent Resident (LPR) under section 245 of the Immigration and Nationality Act (INA), as amended.

INA 203(d) states, in pertinent part:

> A spouse or child as defined in subparagraph (A), (B), (C), (D), or (E) of section 101(b)(1) shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a), (b), or (c), be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent.

The record establishes that your adjustment application is dependent on the application of Jose Sanchez, your spouse, also filed on June 4, 2014. The record in that matter establishes that your spouse's adjustment application has been denied. Therefore, there is no basis on which to grant accompanying or following-to-join status to a dependent spouse or child.

In addition, INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states in pertinent part that adjustment of status shall not be applicable to...

> (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date

of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; ...

(7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or

(8) any alien who was employed while the alien was an unauthorized alien.

Accordingly, Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part that aliens restricted from adjusting status includes:

(6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a legal status since entry into the United States ...

(9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and

(10) Any alien who was ever employed in the United States without authorization of the Service.

In your response to USCIS' request for additional evidence, received on February 20, 2015, you suggested that any alien who has been accorded temporary protected status (TPS) could have all of the above bars to his or her adjustment of status removed merely by leaving the United States for a moment and then being paroled back in. You wrote that USCIS' statement that "TPS is not a nonimmigrant status" is in error and you cited INA 244(f)(4) as basis for your assertion. However, a careful reading of that statute finds that it does not confer a nonimmigrant status upon every holder of TPS but rather states that for purposes of adjustment of status such an alien "shall be *considered* as being in, and maintaining, lawful status as a nonimmigrant." (Emphasis added.) 8 CFR Part 214(a) lists the nonimmigrant classes and TPS is not one of them.

Clarification is provided by 8 CFR Part 212.5(e)(2)(ii) which states that "an alien who is granted parole into the United States after . . . 1986 for other than the specific purpose of applying for adjustment of status under section 245A of the Act shall not be permitted to avail him or herself of the privilege of adjustment thereunder." This regulation goes on to state that "failure to abide by this provision through making such an application will subject the alien to termination of parole status and institution of proceedings."

Given that by statute the parole of an alien shall not be regarded as an admission of the alien, the record indicates that you have never been admitted into the United States. It indicates that while you have lived in the United States for many years, you have never done so in what the regulations recognize as a lawful nonimmigrant status. It indicates that you have worked in the United States, in the aggregate, for over ten months without employment authorization. Finally, because the record establishes that in August of 2011 you were paroled into the United States only for TPS, 8 CFR Part 212.5(e)(2)(ii), *supra*, specifically bars you from the privilege of adjustment under INA 245.

It is noted that one requirement for the relief provided under INA 245(k) is evidence of a lawful admission into the United States, and you have acknowledged that you are not eligible for benefits

under INA 245(i). The evidence thus makes no indication that either of these sections of law are applicable in your case.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment. In view of the above, it must be concluded that such an establishment has not been made in this case and therefore your application must be, and hereby is, denied.

USCIS regulations do not provide for an appeal to this decision. However, you may file a motion to reopen or reconsider within thirty days of the date on this decision (33 days if this notice was received by mail). Any motion must be filed using Form I-290B, Notice of Appeal or Motion with the appropriate fee. Blank forms and current fee information are available online at www.uscis.gov under "Forms." Forms are also available by calling the USCIS National Customer Service Center (NCSC) at 1-800-375-5283.

Sincerely,

Mark J. Hazuda
Director
Officer: 0375

**Michael J. DeBenedictis**

| | |
|---|---|
| **From:** | paygovadmin@mail.doc.twai.gov |
| **Sent:** | Thursday, February 04, 2016 12:47 PM |
| **To:** | mjd@debenedictislaw.com |
| **Subject:** | Pay.gov Payment Confirmation: NJD CM ECF |

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or wish to cancel this payment, you will need to contact CM/ECF Helpdesk at 1 (866) 848-6059.

Application Name: NJD CM ECF
Pay.gov Tracking ID: 25PP2OGM
Agency Tracking ID: 0312-6902848

Account Holder Name: DEBENEDICTIS &DEBENEDICTIS Transaction Type: ACH Debit Transaction Amount: $400.00 Payment Date: Feb 5, 2016 Account Type: Business Checking Routing Number: 031201360 Account Number: ************0680

Transaction Date: Feb 4, 2016 12:47:01 PM Total Payments Scheduled: 1
Frequency: OneTime

THIS IS AN AUTOMATED MESSAGE. PLEASE DO NOT REPLY.

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
JEFFREY S. ROBINS
Assistant Director
UBAID ul-HAQ
TRIAL ATTORNEY
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4112
Facsimile: (202) 305-7000
Email: ubaid.ul-haq@usdoj.gov
ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE SANTOS SANCHEZ, SONIA GONZALEZ<br><br>*Plaintiffs*,<br><br>v.<br><br>KIRSTJEN NIELSEN, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | HON. ROBERT B. KUGLER<br><br>Civil Action No.<br>1:16-cv-00651-RBK |

DEFENDANTS' STATEMENT OF
UNDISPUTED MATERIAL FACTS

Under L. Civ. R. 56.1(a), Defendants submit this statement setting forth the undisputed material facts:

1. Plaintiffs Jose Santos Sanchez ("Sanchez") and Sonia Gonzalez ("Gonzalez") (collectively "Plaintiffs"), are natives and citizens of El Salvador. ECF No. 1, Complaint for Petition for Writ of Mandamus and Declaratory Judgment ("Compl.") at 5, ¶ 18.

2. Plaintiffs are a married couple. *Id.*

3. Sanchez entered the United States without inspection and admission or parole in or about 1997; Gonzalez entered the United States without inspection and admission or parole in or about 1998. *Id.*

4. Plaintiffs were granted Temporary Protected Status ("TPS") in 2001. *Id.* Their last entries were via parole; Sanchez was paroled until January 10, 2015, on January 11, 2014. USCIS Certified Administrative Record for Jose Sanchez ("Sanchez CAR") 45. Gonzalez was paroled until March 9, 2012, on August 18, 2011. USCIS Certified Administrative Record for Sonia Gonzalez ("Gonzalez CAR") 29.

5. On June 4, 2014, Plaintiffs filed an Application for Lawful Permanent Residence or Adjust Status ("I-485") based on an approved Immigrant Petition for Alien Worker ("I-140"), of which Sanchez was the beneficiary, and Gonzalez was a derivative beneficiary. Compl. at 5-6, ¶ 18; Sanchez CAR 36-42; Gonzalez CAR 21-26.

6. On November 28, 2014, USCIS issued requests for evidence ("RFE") to address Plaintiffs eligibility for adjustment of status. Sanchez CAR 29-30; Gonzalez CAR 13-14. Plaintiffs responded to USCIS's request on or about February 20, 2015. ECF No. 2, Answer to Complaint for Petition for Writ of Mandamus and Declaratory Judgment ("Answer") at 5, ¶ 19; Sanchez CAR 31-32; Gonzalez CAR 15-16.

7. On March 5, 2015, USCIS denied Plaintiffs' application for adjustment of status.[1] Answer at 5, ¶ 20; Sanchez CAR 26-28; Gonzalez CAR 10-12.

8. On February 5, 2016, Plaintiffs filed the Complaint in this case. *See* Compl. at 1.

9. On November 3 and November 7, 2016, respectively, USCIS issued a decision reopening consideration for Sanchez's and Gonzalez's I-485 applications. Sanchez CAR 21-22; Gonzalez CAR 5-6.

10. On November 4, 2016, USCIS issued a Notice of Intent to Deny ("NOID") both Plaintiffs' I-485 applications. The NOID indicated that Plaintiffs were statutorily ineligible to adjust status under section 245 of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1255). Sanchez CAR 17-20.

11. In the NOID, USCIS noted that Sanchez was employed in the United States for over five years without employment authorization. *Id.* at 17. Further, USCIS noted that Sanchez was likely ineligible for adjustment of status because he had previously entered the United States without inspection and admission. *Id.* USCIS recognized that Sanchez's last entry was on January 11, 2014, and was a parole into the United States; however, neither this parole, nor his TPS would be an admission that would overcome the bar to his adjustment of status at 8 U.S.C. § 1255(c)(2). Sanchez CAR at 17-18. USCIS further indicated that Sanchez had not made a showing sufficient to merit a favorable exercise of agency discretion. *Id.* at 18.

12. On December 5, 2016, Plaintiffs responded to the NOID. *Id.* at 13-14.

13. On February 8, 2017, USCIS issued a decision denying Plaintiffs' I-485 applications. *Id.* at 1-10; Gonzalez CAR 1-4.

[1] USCIS's decision is dated March 5, 2015, however, the I-485 was stamped on March 10, 2015.

14. USCIS denied Sanchez's I-485 because entered the United States without inspection and admission or parole, and had engaged in unauthorized employment exceeding 180 days. Sanchez CAR 3-4. USCIS therefore concluded Sanchez was statutorily ineligible to adjust his status under 8 U.S.C. § 1255(a), and that he was ineligible for a waiver for his unauthorized employment under 8 U.S.C. § 1255(k). Sanchez CAR 3-4.

15. USCIS also denied Gonzalez's derivative application because her I-485 was dependent on Sanchez's approval. Gonzalez CAR 1. USCIS determined that because Sanchez was statutorily ineligible, there was no basis to grant Gonzalez's derivative application under 8 U.S.C. § 1153(d). Gonzalez CAR 1.

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a copy of Defendants' Statement of Undisputed Material Facts by ECF on March 29, 2018, upon the following person:

Michael J. DeBenedictis, Esq.
DeBenedictis & DeBenedictis LLC
20 Brace Road,
Suite 350
Cherry Hill, NJ 08034

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Executed on March 29, 2018

Dated: March 29, 2018

Respectfully submitted,

*/s/ Ubaid ul-Haq*
UBAID ul-HAQ
Trial Attorney
District Court Section
Office of Immigration Litigation
Civil Division
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044-0868
Tel.: (202) 532-4112
Fax: (202) 305-7000
Email: ubaid.ul-haq@usdoj.gov
Attorney for Defendants

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
JEFFREY S. ROBINS
Assistant Director
UBAID ul-HAQ
TRIAL ATTORNEY
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4112
Facsimile: (202) 305-7000
Email: ubaid.ul-haq@usdoj.gov
ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE SANTOS SANCHEZ, SONIA GONZALEZ<br><br>*Plaintiffs*,<br><br>v.<br><br>KIRSTJEN NIELSEN, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | HON. ROBERT B. KUGLER<br><br>Civil Action No.<br>1:16-cv-00651-RBK<br><br>Motion Day, L.R. 7.1(c):<br>Monday, May 7, 2018 |

BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

# Table of Contents

INTRODUCTION .......... 1
STATEMENT OF FACTS .......... 1
STANDARD OF REVIEW .......... 3
I. Fed. R. Civ. P. 12(b)(1) .......... 3
II. Fed. R. Civ. P. 56 .......... 4
STATUTORY BACKGROUND .......... 5
I. Immigration and Nationality Act .......... 5
A. Temporary Protected Status .......... 5
B. Adjustment of Status and Bars to Adjustment .......... 6
C. Waiver of Ineligibility Bars, 8 U.S.C. § 1255(k) .......... 7
II. The Administrative Procedure Act ("APA") .......... 7
ARGUMENT .......... 9
I. Plaintiffs' Mandamus Claim is Moot. .......... 9
II. Plaintiffs Lack a Protected Liberty Interest in Discretionary Adjustment of Status Applications. .......... 9
III. Under the Plain Language of 8 U.S.C. §§ 1255(c) and (k), Sanchez is Ineligible to Adjust his Status because he Failed to Continuously Maintain a Lawful Status and because he was Employed without Authorization. .......... 10
A. By its Plain Terms, 8 U.S.C. § 1255(a)'s "[I]nspection and [A]dmission or [P]arole" Requirement Cannot be Fulfilled by the TPS Statute's "Lawful Status" Benefit. .......... 11
B. The Language and Structure of Section 1255 Support USCIS's Conclusion that "Status" and "Admission" are Distinct Concepts. .......... 13
C. "Admission" Only Occurs at a Port-of-Entry. .......... 15
D. Sanchez's Interpretation of the Statutory Language Conflicts with Other Express Language in 8 U.S.C. §§ 1254a and 1255. .......... 21
E. The TPS Statute Treats TPS Aliens as Nonimmigrants without Formally Recognizing Them as Such. .......... 22
IV. To the Extent the Court Finds the Statute Ambiguous, the Agency's Interpretation of Sections 1255 and 1254a(f)(4) is Owed Deference. .......... 25
A. The Agency's Decision Merits Deference because it is Consistent with Prior Agency Interpretations .......... 25
B. The Agency's Interpretation is Consistent with the Limited Purpose of TPS. .......... 27
C. The Agency's Decision Merits Deference because it is Consistent with the Legislative History of the TPS Statute .......... 28
V. Gonzalez is Ineligible to Adjust her Status. .......... 30
Conclusion .......... 30

# Table of Authorities

## Federal Cases

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) .... 9
*Ameeriar v. INS*, 438 F.2d 1028 (3d Cir. 1971) .... 10
*Bd. of Regents v. Roth*, 408 U.S. 564 (1972) .... 10
*Bettor Racing, Inc. v. Nat'l Indian Gaming Com'n*, 47 F. Supp. 3d 912 (D.S.D. 2014) .... 4
*C.K. v. N.J. Dep't of Health & Human Servs.*, 92 F.3d 171 (3d Cir. 1996) .... 8
*Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004) .... 25
*Cazun v. Att'y Gen. of U.S.*, 856 F.3d 249 (3d Cir. 2017) .... 8, 10, 25
*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) .... 8
*Cleary ex rel. Cleary v. Waldman*, 167 F.3d 801 (3d Cir. 1999) .... 27
*Corley v. United States*, 556 U.S. 303 (2009) .... 21
*De Leon Ochoa v. Att'y Gen. of U.S.*, 622 F.3d 341 (3d Cir. 2010) .... 16, 22, 27, 28
*Donnee v. Holder*, 750 F.3d 951 (1st Cir. 2014) .... 28
*Duron v. Stul*, --- Fed. App'x ---, 2018 WL 878903 (11th Cir. Feb. 14, 2018) .... 13, 20
*Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208 (2009) .... 8
*Erlenbaugh v. U. S.*, 409 U.S. 239 (1972) .... 13
*Flores v. USCIS*, 718 F.3d 548 (6th Cir. 2013) .... 18, 19
*Garcia Martinez v. Johnson, No. 16-cv-325*, 2016 WL 4120446 (D. Md. Aug. 1, 2016) .... 9
*Gomez v. Lynch*, 831 F.3d 652 (5th Cir. 2016) .... 15
*Gould Elec., Inc. v. United States*, 220 F.3d 169 (2000) .... 4
*Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .... 3
*Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287 (3d Cir. 2012) .... 9, 25
*Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479 (3d Cir. 2012) .... passim
*I.N.S. v. Abudu*, 485 U.S. 94 (1988) .... 8
*I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421 (1987) .... 14
*Marquez v. Att'y Gen. of U.S.*, 490 Fed. App'x 481 (3d Cir. 2012) .... 15
*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .... 4
*Medina v. Beers*, 65 F. Supp. 3d 419 (E.D. Pa. 2014) .... 16, 17
*Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) .... 3, 4
*Mudric v. Att'y Gen. of U.S.*, 469 F.3d 94 (3d Cir. 2006) .... 10
*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644 (2006) .... 8
*Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005) .... 8
*Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014) .... 20
*Ramirez v. Brown*, 852 F.3d 954 (9th Cir. 2017) .... 18, 19, 20
*Roberts v. Holder*, 745 F.3d 928 (8th Cir. 2014) .... 17
*Russello v. United States*, 464 U.S. 16 (1983) .... 14
*Sarwar v. Att'y Gen. of U.S.*, 278 Fed. App'x 222 (3d Cir. 2008) .... 14
*SBC, Inc. v. FCC*, 414 F.3d 486 (3d Cir. 2005) .... 8
*Sec'y, U.S. Dep't of Labor v. Am. Future Sys. Inc.*, 873 F.3d 420 (3d Cir. 2017) .... 25
*Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260 (11th Cir. 2011) .... 12, 13, 14, 21
*Skidmore v. Swift & Co.*, 323 U.S. 134 (1944) .... 9
*Taveras v. Att'y Gen. of U.S.*, 731 F.3d 281 (3d Cir. 2013) .... passim
*Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005) .... 10
*U.S. v. Hunte*, 193 F.3d 173 (3d Cir. 1999) .... 21
*U.S. v. Naftalin*, 441 U.S. 768 (1979) .... 14

*Uddin v. Mayorkas*, 862 F. Supp. 2d 391 (E.D. Pa. 2012) .......... 4
*United States v. Reynolds*, 710 F.3d 498 (3d Cir. 2013) .......... 8
*United States v. Santos*, 553 U.S. 507 (2008) .......... 23
*UPMC Mercy v. Sebelius*, 793 F. Supp. 2d 62 (D.C. Cir. 2011) .......... 4
*Young Dong Kim v. Holder*, 737 F.3d 1181 (7th Cir. 2013) .......... 15

Administrative Decisions

*Matter of Alyazji*, 25 I. & N. Dec. 397 (BIA 2011) .......... 19
*Matter of Koljenovic*, 25 I. & N. Dec. 291 (BIA 2010) .......... 17
*Matter of L-K-*, 23 I. & N. Dec. 677 (BIA 2004) .......... 15
*Matter of Rosas-Ramirez*, 22 I. & N. Dec. 616 (BIA 1999) .......... 20, 22
*Matter of Sosa-Ventura*, 25 I. & N. Dec. 391 (BIA 2010) .......... passim
*Matter of V-X-*, 26 I. & N. Dec. 147 (BIA 2013) .......... 18

Statutes

5 U.S.C. § 706(2)(A) .......... 7
6 U.S.C. § 557 .......... 5
8 U.S.C. § 1101(a)(13)(A) .......... 6, 11, 16, 17
8 U.S.C. § 1101(a)(13)(B) .......... 17
8 U.S.C. § 1101(a)(15)(L) .......... 24
8 U.S.C. § 1101(a)(27)(J) .......... 22
8 U.S.C. § 1103(a)(1) .......... 26
8 U.S.C. § 1153(d) .......... 3, 30
8 U.S.C. § 1182 .......... 18, 27
8 U.S.C. § 1182(h) .......... 17
8 U.S.C. § 1184 .......... 19
8 U.S.C. § 1254a(a)(1) .......... 2, 5
8 U.S.C. § 1254a(a)(5) .......... 23, 28
8 U.S.C. § 1254a(b)(1) .......... 5
8 U.S.C. § 1254a(b)(1)(B) .......... 1
8 U.S.C. § 1254a(c)(1)(A) .......... 19, 20
8 U.S.C. § 1254a(c)(2) .......... 5
8 U.S.C. § 1254a(c)(2)(A) .......... 5, 27
8 U.S.C. § 1254a(c)(3)(C) .......... 5
8 U.S.C. § 1254a(c)(5) .......... 15, 17
8 U.S.C. § 1254a(f) .......... 5, 13
8 U.S.C. § 1254a(f)(4) .......... passim
8 U.S.C. § 1254a(h) .......... 21
8 U.S.C. § 1255 .......... 11, 13, 15
8 U.S.C. § 1255(a) .......... passim
8 U.S.C. § 1255(a)(2) .......... 27
8 U.S.C. § 1255(b) .......... 18
8 U.S.C. § 1255(c)(2) .......... passim
8 U.S.C. § 1255(c)(8) .......... 13
8 U.S.C. § 1255(h)(1) .......... 22
8 U.S.C. § 1255(i)(1) .......... 14

8 U.S.C. § 1255(k) ........ 7, 11, 30
8 U.S.C. § 1152(b)(3) ........ 24
8 U.S.C. § 1159(a)(1) ........ 24
8 U.S.C. § 1324a(h)(3) ........ 7
28 U.S.C. § 1361 ........ 9

Rules

Fed. R. Civ. P. 12(b)(1) ........ 3, 4, 30
Fed. R. Civ. P. 25(d) ........ 1
Fed. R. Civ. P. 56 ........ 4
Fed. R. Civ. P. 56(a) ........ 4
Fed R. Civ. P. 56(e) ........ 30

Regulations

8 C.F.R. § 245.1(d)(1) ........ 6
8 C.F.R. § 245.1(d)(3) ........ 6, 12
8 C.F.R. § 1003.1(d)(1) ........ 26

Other Authorities

66 Fed. Reg. 14214-16 (Mar. 1, 2001) ........ 1
81 Fed. Reg. 44645-51 (July 8, 2016) ........ 2
83 Fed. Reg. 2654-60 (Jan. 18, 2018) ........ 2
INS Genco Op. No. 91-27, 1991 WL 1185138 (INS Mar. 4, 1991) ........ 26
INS Genco Op. No. 91-28, 1991 WL 1185138 (INS Mar. 4, 1991) ........ 26
INS Genco Op. No. 93-94, 1993 WL 1504041 (INS Dec. 28, 1993) ........ 26

## INTRODUCTION

Plaintiffs Jose Santos Sanchez ("Sanchez") and Sonia Gonzalez ("Gonzalez," collectively "Plaintiffs"), filed this action against Defendants Kirstjen Nielsen,[1] Secretary of the Department of Homeland Security ("DHS"); L. Francis Cissna,[2] Director of U.S. Citizenship and Immigration Services ("USCIS"); Kris Krandall,[3] Field Office Director for the Lincoln, Nebraska USCIS Field Office; and John Thompson, District Director for the Newark, New Jersey USCIS Field Office (collectively "Defendants" or "USCIS"). Plaintiffs ask this Court to reverse USCIS's denial of their Forms I-485, Applications to Register Permanent Residence or Adjust Status. However, USCIS properly denied Plaintiffs' applications to adjust status because they are statutory ineligible for lawful permanent residency under the Immigration and Nationality Act ("INA"). Accordingly, this Court should grant Defendants' Partial Motions to Dismiss and for Summary Judgment.

## STATEMENT OF FACTS

Plaintiffs are natives and citizens of El Salvador. Defendants' Statement of Undisputed Material Facts ("SMF") at 1, ¶ 1. Plaintiffs both entered the United States without inspection. *Id.* at ¶ 3. Sanchez entered in 1997, and Gonzalez entered in 1998. *Id.* On March 9, 2001, the U.S. Attorney General designated El Salvador under the Temporary Protected Status ("TPS") program after the country experienced three consecutive earthquakes. *See* 8 U.S.C. § 1254a(b)(1)(B); "Designation of El Salvador Under the Temporary Protected Status Program," 66 Fed. Reg. 14214-16 (Mar. 1, 2001). In

[1] On December 6, 2017, Kirstjen Nielsen was sworn in as Secretary of DHS, automatically substituting for former Secretary John F. Kelly as a party. Fed. R. Civ. P. 25(d).

[2] On October 8, 2017, L. Francis Cissna became Director of USCIS, automatically substituting for former Director Leon Rodriguez as a party. Fed. R. Civ. P. 25(d).

[3] In 2017, Kris Crandall became the Acting Field Office Director for the Lincoln, Nebraska Field Office of USCIS, automatically substituting for former Field Office Director Mark Hazuda as a party. Fed. R. Civ. P. 25(d).

2001, Plaintiffs applied for and received TPS under 8 U.S.C. § 1254a(a)(1). SMF at 1, ¶ 4. As TPS beneficiaries, they are temporarily protected from removal and eligible for employment in the United States. 8 U.S.C. § 1254a(a)(1). Since its initial designation, the Attorney General, and thereafter, the Secretary of DHS, have periodically extended TPS eligibility for El Salvadoran nationals. *See* 81 Fed. Reg. 44645-51 (July 8, 2016) (extending El Salvador's TPS designation to March 9, 2018, on July 8, 2016). Plaintiffs have reregistered as needed following their initial registration and have continued to maintain their TPS to date.[4] SMF at 1, ¶ 4. On January 11, 2014, Sanchez was paroled into the United States until January 10, 2015. *Id.* Gonzalez had previously been paroled into the United States on August 18, 2011, until March 9, 2012. *Id.*

On June 4, 2014, Plaintiffs filed their Forms I-485, Applications to Register Permanent Residence or Adjust Status ("I-485") based on an approved Form I-140, Immigrant Petition for Alien Worker. *Id.* Sanchez is the primary beneficiary of the petition, and Gonzalez is a derivative beneficiary. *Id.* On November 28, 2014, USCIS issued Requests for Evidence ("RFE") to substantiate Plaintiffs' eligibility for adjustment of status. *Id.* at 1-2, ¶ 6. Plaintiffs responded to the RFEs on or about February 20, 2015. *Id.* On March 5, 2015, USCIS denied Plaintiffs' I-485 applications. *Id.* at 2, ¶ 7.

After USCIS's initial denial, on February 5, 2016, Plaintiffs filed a Complaint in this Court seeking relief through a Writ of Mandamus and Declaratory Judgment. *Id.* at ¶ 8; *see* Petition for Writ of Mandamus and Complaint for Declaratory Judgment ("Compl."), ECF No. 1. Following the Complaint, USCIS issued decisions reopening Plaintiffs' I-485 applications on November 3 and 7, 2016. SMF at 2, ¶ 9. On November 4, 2016, USCIS issued a Notice of Intent to Deny ("NOID") Sanchez's I-485 application, based on Sanchez's statutory ineligibility to adjust status. SMF at 2, ¶ 10. USCIS cited Sanchez's over five years' of unauthorized employment in the United States, and his

---

[4] On January 18, 2018, the Secretary of DHS terminated El Salvador's TPS designation. *See* 83 Fed. Reg. 2654-60 (Jan. 18, 2018) (terminating El Salvador's TPS designation as of September 9, 2019).

previous entry into the United States without inspection and admission. *Id.* at 2, ¶ 11. While USCIS recognized that Sanchez's last entry into the United States on January 11, 2014, was via a parole into the United States, it found that neither this parole, nor Sanchez's TPS, were properly "admissions" under the INA that would overcome the bar to his adjustment of status at 8 U.S.C. § 1255(c)(2) for unauthorized employment. SMF at 2-3, ¶ 11; Sanchez Certified Administrative Record ("Sanchez CAR") at 11-12. USCIS further indicated that Sanchez's immigration history did not warrant a favorable exercise of the agency's discretion. SMF at 3, ¶ 11.

On December 5, 2016, USCIS received Plaintiffs' response to the NOID. *Id.* at ¶ 12. On February 8, 2017, USCIS denied Plaintiffs' I-485 applications. *Id.* at ¶ 13. USCIS denied Sanchez's I-485 because he entered the United States without inspection and admission or parole, and had engaged in unauthorized employment exceeding 180 days. *Id.* at ¶ 14. USCIS further indicated that an applicant for adjustment of status must establish that he merits a favorable exercise of discretion. *Id.* USCIS subsequently denied Gonzalez's I-485 application as a derivative spouse because her application was dependent on the approval of Sanchez's application. *Id.* at ¶ 15. With Sanchez's application being denied, there was no basis to grant accompanying or following-to-join status to Gonzalez under 8 U.S.C. § 1153(d). *Id.*

## STANDARD OF REVIEW

### I. Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Cuquenan v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting that subject-matter jurisdiction exists, here the Plaintiffs, bears the burden of proof that subject-matter jurisdiction indeed exists. *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the very power of the Court to hear the complaint is at issue. *See Mortenson*, 549 F.2d at 891. Under a facial attack, the movant challenges the legal sufficiency of the claim and the court "only consider[s] the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (2000). In a factual attack, the Court may consider any evidence submitted by the parties that is relevant to the issue of jurisdiction. *Id.*

## II. Fed. R. Civ. P. 56

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party makes such a showing, summary judgment is appropriate if the nonmoving party fails to "to present specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment is the proper mechanism for deciding, as a matter of law, "whether an agency action is supported by the administrative record and consistent with the [Administrative Procedure Act] standard of review." *Bettor Racing, Inc. v. Nat'l Indian Gaming Com'n*, 47 F. Supp. 3d 912, 918 (D.S.D. 2014). However, in record review cases, "'the district judge sits as an appellate tribunal' … [and] 'the usual summary judgment standard does not apply.'" *Uddin v. Mayorkas*, 862 F. Supp. 2d 391, 400 (E.D. Pa. 2012) (quoting *UPMC Mercy v. Sebelius*, 793 F. Supp. 2d 62, 67 (D.C. Cir. 2011)) (internal citations omitted).

## STATUTORY BACKGROUND

### I. Immigration and Nationality Act

#### A. Temporary Protected Status

The Secretary of Homeland Security[5] may designate certain nationals of a foreign state as eligible for TPS in cases of ongoing armed conflict, environmental disaster, or other extraordinary and temporary conditions that prevent safe return. *See* 8 U.S.C. § 1254a(b)(1). If granted TPS, such aliens are not subject to removal "from the United States during the period in which [TPS] is in effect," and these aliens are provided employment authorization during the TPS period. *See* 8 U.S.C. §§ 1254a(a)(1), (2). Aliens must periodically re-register to maintain their TPS. *See* 8 U.S.C. § 1254a(c)(3)(C). Additionally, many grounds of inadmissibility contained within the INA are waived, or may be waived, in order to grant an applicant the humanitarian protection that TPS provides. 8 U.S.C. § 1254a(c)(2)(A). However, the Board of Immigration Appeals ("Board") has determined that such "inadmissibility has been waived for the specific purpose of the TPS statutory scheme … [and] the waiver is a limited one, the purpose of which is to permit certain aliens … to remain in the United States with work authorization, but only for the period of time that TPS is effective." *Matter of Sosa-Ventura*, 25 I. & N. Dec. 391, 393 (BIA 2010); *see* 8 U.S.C. § 1254a(c)(2) (governing a "determination of an alien's admissibility for *purposes of subparagraph* [1254a(c)(1)(A)(iii)]") (emphasis added).

The caveats and benefits of TPS inhere "[d]uring a period in which an alien is granted temporary protected status," 8 U.S.C. § 1254a(f). Relevant here is that "for purposes of adjustment of status under section 1255 of this title and change of status under section 1258 of this title, the alien

[5] As of March 1, 2003, in accordance with section 1517 of title XV of the Homeland Security Act of 2002, Public Law 107-296, 116 Stat. 2135, any reference to the Attorney General in a provision of the INA describing functions transferred from the Department of Justice to DHS "shall be deemed to refer to the Secretary" of Homeland Security. *See* 6 U.S.C. § 557 (codifying the Homeland Security Act of 2002, Title XV, section 1517).

*shall be considered as being in, and maintaining, lawful status as a nonimmigrant.*" 8 U.S.C. § 1254a(f)(4) (emphasis added).

### B. Adjustment of Status and Bars to Adjustment

Section 1255(a) provides, in pertinent part, that:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if:
>
> (1) the alien makes an application for such adjustment,
>
> (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and
>
> (3) an immigrant visa is immediately available to him at the time his application is filed.

The INA has defined "admission" and "admitted" to mean, "with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

Section 1255(c)(2) bars an alien from adjusting status who "continues in or accepts unauthorized employment prior to filing an application for adjustment of status … or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States.[]" An alien who has never been inspected and admitted or paroled is not considered to be in a "lawful immigration status." *See* 8 C.F.R. § 245.1(d)(1) (defining "lawful immigration status"); *cf.* 8 U.S.C. § 1182(a)(6)(A)(i) (charging aliens present without admission or parole as inadmissible under the INA). Unless qualified as an "immediate relative" or part of a designated special immigrant category, an applicant who triggers the bars at 8 U.S.C. § 1255(c)(2) remains ineligible to adjust his status, even if he leaves the United States and returns in a lawful status (such as an alien who reenters the United States via a parole). *See* 8 C.F.R. § 245.1(d)(3) (explaining that departure and subsequent reentry does not erase the bars under section 1255(c)(2)).

Section 1255(c)(8) contains a similar bar for "any alien who was employed while the alien was an unauthorized alien, as defined in section 1324a(h)(3) of [Title 8], or who has otherwise violated the terms of a nonimmigrant visa." An "unauthorized alien" is, with respect to employment, an alien that is not "at that time either (A) an alien lawfully admitted for permanent residence, or (B) authorized to be so employed by this chapter or by the Attorney General." 8 U.S.C. § 1324a(h)(3). This bar endures "regardless of whether it occurred before or after submission of the adjustment application. USCIS places no time restrictions on when unauthorized employment must have occurred, because the INA does not state that the unauthorized employment must have occurred during any particular period of time." USCIS Policy Manual, Vol. 7, Pt. B, Ch. 6, § B.

### C. Waiver of Ineligibility Bars, 8 U.S.C. § 1255(k)

Section 1255(k) operates to waive the bars to adjustment of status at 8 U.S.C. §§ 1255(c)(2), (7) or (8). It provides that:

> An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 1153(b) of this title (or, in the case of an alien who is an immigrant described in section 1101(a)(27)(C) of this title, under section 1153(b)(4) of this title) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if—
>
> (1) the alien, on the date of filing an application for adjustment of status, is present in the United States *pursuant to a lawful admission*;
>
> (2) the alien, subsequent to such *lawful admission* has not, for an aggregate period exceeding 180 days—
>
> (A) failed to maintain, continuously, a lawful status;
> (B) engaged in unauthorized employment; or
> (C) otherwise violated the terms and conditions of the alien's admission.

8 U.S.C. § 1255(k) (emphases added).

## II. The Administrative Procedure Act ("APA")

The APA permits a court to set aside the agency's decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The arbitrary and

capricious standard of review is a narrow and highly deferential standard. *See Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2006). Under this standard, a court presumes the validity of agency action. *See SBC, Inc. v. FCC*, 414 F.3d 486, 496 (3d Cir. 2005). Thus, a court is not empowered to substitute its judgment for that of the agency. *See C.K. v. N.J. Dep't of Health & Human Servs.*, 92 F.3d 171, 181 (3d Cir. 1996). A court may uphold an agency decision if the agency's reasoning may be reasonably discerned. *See United States v. Reynolds*, 710 F.3d 498, 509-10 (3d Cir. 2013).

Review of an agency's interpretation of a statute follows the two-step analysis described in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See Cazun v. Att'y Gen. of U.S.*, 856 F.3d 249, 255 (3d Cir. 2017). A court would "first … discern congressional intent using the plain text and traditional tools of statutory construction … [i]f, however, the statute remains ambiguous, [the court] defer[s] to the agency's reasonable interpretation … even if the interpretation is not what [the court] would otherwise choose."[6] *Cazun*, 856 F.3d at 266 (internal quotation marks and citations omitted). Deference to an agency's interpretation is particularly appropriate in the immigration context, where "executive officials exercise especially sensitive political functions that implicate questions of foreign relations." *I.N.S. v. Abudu*, 485 U.S. 94, 110 (1988).

The agency's interpretation "governs if it is a reasonable interpretation of the statute – not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts." *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208 (2009) (emphasis internal). Where an agency's construction is expressed in a non-precedential opinion, the level of deference due is based on the "thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to

---

[6] It is within the power of an agency to "revis[e] unwise judicial constructions of ambiguous statutes" because "*Chevron*'s premise is that it is for agencies, not courts, to fill statutory gaps." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982-83 (2005).

control." *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 304 (3d Cir. 2012) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

## ARGUMENT

### I. Plaintiffs' Mandamus Claim is Moot.

After this action commenced, USCIS issued a decision denying Plaintiffs' application to adjust status on February 8, 2017. SMF at 3, ¶ 13. Thus, there is no non-discretionary duty remaining for USCIS to perform, and Plaintiffs have already received the relief that a writ of mandamus could compel – adjudication of their adjustment application.

Where USCIS has already adjudicated an alien's application for adjustment of status, a petition for writ of mandamus is considered moot because it fails to present a justiciable case or controversy. *See Garcia Martinez v. Johnson*, No. 16-cv-325, 2016 WL 4120446, at *1 (D. Md. Aug. 1, 2016) ("Garcia-Martinez initiated this case to compel [USCIS] to adjudicate his I-485 application. They have done so. Garcia-Martinez has received the relief sought in the Complaint. This case is therefore moot."); *Chang v. Holder*, No. 09-cv-1983, 2010 U.S. Dist. LEXIS 823, at *3 (D.N.J. Jan. 6, 2010) (ruling a mandamus petition moot where USCIS adjudicated an I-130 application). Accordingly, Plaintiffs' mandamus claim under 28 U.S.C. § 1361, Compl. at 3, ¶ 7, should be dismissed for lack of jurisdiction.[7]

### II. Plaintiffs Lack a Protected Liberty Interest in Discretionary Adjustment of Status Applications.

Plaintiffs improperly allege a substantive due process violation within the denial of their adjustment applications. To state a due process claim under the Fifth Amendment, Plaintiffs must first establish that they have been deprived of a protected interest. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) ("The first inquiry in every due process challenge is whether the plaintiff has been

---

[7] To the extent Plaintiffs deploy 28 U.S.C. § 1361 to compel USCIS to grant their adjustment applications, "[i]t is well established that mandamus jurisdiction does not attach to compel the favorable adjudication of an application." *Barbour v. Holder*, No. 09-3062, 2010 U.S. Dist. LEXIS 64029, at *20 (D.N.J. June 28, 2010) (internal quotation marks and citation omitted).

deprived of a protected interest in 'property' or 'liberty.'"). Plaintiffs must show "a legitimate claim of entitlement" to the interest they claim is protected. *See Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972). Foundationally, "a benefit is not a protected entitlement if government officials may grant or deny it at their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).

Adjustment of status is a discretionary application. *See* 8 U.S.C. § 1255(a) ("The status of an alien … *may* be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence[.]") (emphasis added). Since "[a]djustment of status is [] a matter of administrative grace, not mere statutory availability," Plaintiffs' due process claim fails because they lack a protected interest in adjustment. *Ameeriar v. INS*, 438 F.2d 1028, 1030 (3d Cir. 1971); *see Mudric v. Att'y Gen. of U.S.*, 469 F.3d 94, 98-99 (3d Cir. 2006) (recognizing no constitutional right to discretionary entitlements, such as adjustment of status, that are otherwise provided for by law). Plaintiffs' due process claim must therefore be denied.

## III. Under the Plain Language of 8 U.S.C. §§ 1255(c) and (k), Sanchez is Ineligible to Adjust his Status because he Failed to Continuously Maintain a Lawful Status and because he was Employed without Authorization.

This Court should affirm USCIS's decision. Sanchez is ineligible to adjust his status under 8 U.S.C. § 1255(c)(2), because he entered the United States without inspection and did not maintain a lawful status between the date of his entry in 1997, and the date he was granted TPS in 2001, notwithstanding his later parole into the United States. *See* Sanchez CAR at 3-4; 11-12. In addition, he is ineligible under 8 U.S.C. §§ 1255(c)(2) and (8) because he engaged in unauthorized employment prior to obtaining TPS. Sanchez CAR at 2-4. The statutory language is clear, and *Chevron* requires this Court give effect to its plain meaning.[8] *See Cazun*, 856 F.3d at 255.

---

[8] Defendants concede that Sanchez, having been paroled into the United States on January 11, 2014, *see* Sanchez CAR 45, and Gonzalez, having been paroled into the United States on March 9, 2012, *see* Gonzalez CAR 29, are present pursuant to an inspection and parole, as required under 8 U.S.C. § 1255(a). However, for the reasons discussed herein, Sanchez remains ineligible for adjustment

Sanchez's argument that TPS's "lawful status" provision deems him admitted for purposes of adjustment of status, *see* Compl. at 7, ¶ 24, contravenes the plain language and the structure of sections 1255 and 1254a. Importantly, the Third Circuit has held that "admission," as defined under 8 U.S.C. § 1101(a)(13)(A), can only occur positionally, i.e., from outside the United States to into the United States at a port-of-entry, unlike TPS. *See Taveras v. Att'y Gen. of U.S.*, 731 F.3d 281, 290 (3d Cir. 2013) (quoting 8 U.S.C. § 1101(a)(13)(A)). Moreover, the TPS statute's "lawful status" provision, at best, only signals how aliens granted TPS should be treated during the TPS period. Such aliens are "*considered as* being in, and maintaining, lawful status as a nonimmigrant" – they are not actually admitted nonimmigrant aliens. Therefore, USCIS correctly denied Plaintiffs' application for adjustment of status, and Defendants' instant motion should be granted.

### A. By its Plain Terms, 8 U.S.C. § 1255(a)'s "[I]nspection and [A]dmission or [P]arole" Requirement Cannot be Fulfilled by the TPS Statute's "Lawful Status" Benefit.

While the "lawful status" provision at 8 U.S.C. § 1254a(f)(4) provides that a TPS beneficiary "shall be considered as being in, and maintaining, lawful status as a nonimmigrant," for purposes of adjustment under 8 U.S.C. § 1255, this language does not address 8 U.S.C. § 1255(a)'s threshold requirement that an applicant must be "inspected and admitted or paroled into the United States." Contrary to Sanchez's assertions, the adjustment statute, not the TPS statute, controls whether he meets the eligibility requirements for adjustment. The statutory language at 8 U.S.C. § 1254a(f)(4) addresses only a bar to adjustment for those applicants who would not be in a lawful status at the time they seek to adjust status.

under sections 1255(c)(2) and (8), given that he was in an unlawful status following his initial entry without inspection and admission or parole, and given that he has worked without authorization. He is ineligible for a waiver under 8 U.S.C. § 1255(k) because TPS is not an admission within the meaning of sections 1255(a) or (k).

As an employment-based adjustment applicant, Sanchez is ineligible for adjustment of status because of the period of his unlawful status and unauthorized employment prior to obtaining TPS. 8 U.S.C. §§ 1255(c)(2), (8). Section 1255(k) waives these bars, but only if Sanchez can prove that "*subsequent to* [a] *lawful admission* [he] has not, for an aggregate period of 180 days – (A) failed to maintain, continuously, a lawful status; [or] (B) engage in unauthorized employment[.]" (emphasis added). Sanchez can only demonstrate eligibility for this waiver if TPS is considered an admission, such that his period of unlawful status and unauthorized employment would not be *subsequent to* the so-called "lawful admission" that he would have this Court accept that TPS is. While both Plaintiffs' last entry into the United States was via parole, the bars at section 1255(c) are not erased, and a waiver under section 1255(k) does not become available, upon an alien's departure and lawful reentry via parole. 8 C.F.R. § 245.1(d)(3).[9] Accordingly, the dispositive issue for Sanchez's eligibility for both adjustment under 8 U.S.C. § 1255(c), and a waiver under section 1255(k), is whether TPS is an "admission" or a "lawful admission," respectively.

The Eleventh Circuit addressed this issue in *Serrano v. U.S. Attorney General*, concluding that "[t]he plain language of § 1255(a) limits eligibility for status adjustment to an alien who has been inspected and admitted or paroled." 655 F.3d 1260, 1265 (11th Cir. 2011). The court rejected the applicant's argument that the language at "[section] 1254a(f)(4) alters the admission requirements set forth in 8 U.S.C. § 1255(a)." *Serrano*, 655 F.3d at 1263. It explained "[t]hat an alien with [TPS] has 'lawful status as a nonimmigrant' for purposes of adjusting his status does not change § 1255(a)'s threshold requirement that he is eligible for adjustment of status only if he was initially inspected and

---

[9] "The departure and subsequent reentry of an individual who employed without authorization in the United States after January 1, 1977 does not erase the bar to adjustment of status in section [1255(c)(2)]. Similarly, the departure and subsequent reentry of an individual who has not maintained a lawful immigration status on any previous entry into the United States does not erase the bar to adjustment of status in section [1255(c)(2)] for any application filed on or after November 6, 1986."

admitted or paroled." *Serrano*, 655 F.3d at 1265. This Court should follow *Serrano* and conclude that the plain language of 8 U.S.C. §§ 1255(a), (k), and 1254a(f)(4) foreclose Sanchez's eligibility to adjust. *See Serrano*, 655 F.3d at 1265. The threshold requirements for adjustment eligibility are found at 8 U.S.C. § 1255(a), not 8 U.S.C. § 1254a(f)(4).

### B. The Language and Structure of Section 1255 Support USCIS's Conclusion that "Status" and "Admission" are Distinct Concepts.

The language and structure of 8 U.S.C. § 1255 demonstrates that the statutory terms "admission" and "lawful status" refer to separate requirements under the law. First, the structure of the statute provides that an alien must be *both* inspected and admitted or paroled, 8 U.S.C. § 1255(a), and have never failed to maintain continuously his lawful status. 8 U.S.C. § 1255(c)(2). He must also never have been employed without authorization. *Id.*; *see* 8 U.S.C. § 1255(c)(8). If "inspected and admitted" meant the same thing as "being in, and maintaining, lawful status," 8 U.S.C. § 1254a(f)(4), there would be no need for 8 U.S.C. § 1255 to separately refer to admission or parole as a threshold requirement in section (a), and to the failure to maintain lawful status as a bar to eligibility in section (c)(2). *Compare* 8 U.S.C. § 1255(a) *with* 8 U.S.C. § 1255(c)(2). Instead, the plain language of the relevant provisions demonstrates section 1254a(f)(4) parallels the language in 8 U.S.C.§ 1255(c)(2), and as such, it only prospectively addresses the bar to eligibility for those admitted or paroled applicants who would otherwise fall out of a lawful status. *See Erlenbaugh v. U. S.*, 409 U.S. 239, 243 (1972) ("a legislative body generally uses a particular word with a consistent meaning in a given context") (quotation omitted).

Sanchez triggers the bar at section 1255(c)(2), despite his later parole into the United States, because he initially entered without inspection and therefore "failed to maintain continuously a lawful status," and worked without authorization, all prior to obtaining TPS. 8 U.S.C. § 1255(c)(2). The TPS statute's "lawful status" provision only operates prospectively. *See* 8 U.S.C. § 1254a(f) (only offering the "lawful status" benefit "[d]uring a period in which an alien is granted" TPS); *Duron v. Stul*, --- Fed. App'x ---, 2018 WL 878903, at *4 (11th Cir. Feb. 14, 2018) ("we conclude that that the lawful-status

benefit applies only to the period of time in which the alien has TPS, not to any prior period of unlawful status").

Second, nothing in the language at 8 U.S.C. § 1254a(f)(4) suggests that it alters 8 U.S.C. § 1255(a)'s eligibility requirements. *See Serrano*, 655 F.3d at 1263. These statutory provisions use different terms and thus refer to two different things. *See I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) (concluding that Congress' use of different language in two statutory sections of the INA must mean that it intended that their meanings differ); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("We refrain from concluding here that the differing language in the two subsections has the same meaning in each."); *cf. United States v. Naftalin*, 441 U.S. 768, 773 (1979) (declining to read a phrase from one subsection into three others where it was conspicuously absent and noting "Congress did not write the statute that way."). Moreover, section 1254a(f)(4) is silent with respect to an alien's history of unauthorized employment prior to TPS.

In fact, the adjustment statute itself provides a waiver *separately* for both an unlawful entry as well as failure to continuously maintain lawful status (or having engaged in unauthorized employment). Section 1255(i) states than an alien who *either* "entered the United States without inspection; or … is within one of the classes enumerated in [1255(c)]" can nevertheless adjust their status so long as the alien is a beneficiary of an immigrant visa petition or application for a labor certification filed before April 30, 2001. 8 U.S.C. § 1255(i)(1). The separate references to entry without inspection and ineligible aliens in section 1255(c) indicates that Congress does not conflate the "inspected and admitted or paroled" at section 1255(a) and maintenance of status at section 1254a(f)(4). *See Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479, 487 (3d Cir. 2012) (holding that a petitioner who entered the United States illegally and thereafter adjusted status was never admitted, "[h]owever[] … aliens may enter the country without inspection and later adjust … status. The statute, in fact, allows for just this situation."); *Sarwar*

*v. Att'y Gen. of U.S.*, 278 Fed. App'x 222, 224, n.1 (3d Cir. 2008) ("Section [1255](i) allows undocumented persons who entered the country illegally a one-time chance" to adjust status).

Finally, case law treats "admission" and "maintaining lawful status" as distinct matters for purposes of adjustment under 8 U.S.C. § 1255. *See, e.g., Young Dong Kim v. Holder*, 737 F.3d 1181, 1186 (7th Cir. 2013) (discussing the adjustment eligibility of an alien admitted to the United States on an employment-based non-immigrant visa but was ineligible to adjust under 8 U.S.C. § 1255(c) because he failed to maintain such lawful nonimmigrant status); *Matter of L-K-*, 23 I. & N. Dec. 677, 678-81 (BIA 2004) (barring applicant admitted to the United States as a nonimmigrant from adjusting because she remained in the United States after her status expired). Accordingly, USCIS properly denied Sanchez's adjustment application in recognition of his pre-TPS failure to maintain continuously a lawful status and his unauthorized employment. USCIS's findings echo Congress's intent to require an alien to demonstrate an admission or parole under section 1255(a), and maintain lawful status and only engage in authorized employment, per sections 1255(c)(2) and (8).

### C. "Admission" Only Occurs at a Port-of-Entry.

TPS is not an admission, as the Third Circuit has found. *See Marquez v. Att'y Gen. of U.S.*, 490 Fed. App'x 481, 483 (3d Cir. 2012) ("TPS is not an 'admission' in any event"). At best, as its name suggests, it can be characterized as a "status" for which certain aliens can apply. This is because "[a]dmission and status are fundamentally distinct concepts." *Gomez v. Lynch*, 831 F.3d 652, 658 (5th Cir. 2016); *see Hanif*, 694 F.3d at 485 ("The date of gaining a new status is not the same as the date of the physical event of entering the country."). Admission is discussed nowhere in the statute, except that an alien shall not be admitted into the United States to apply for TPS. 8 U.S.C. § 1254a(c)(5).

The Third Circuit has defined "admission" as "the lawful *entry* of the alien *into* the United States after inspection and authorization by an immigration officer." *Taveras*, 731 F.3d at 290 (quoting 8 U.S.C. § 1101(a)(13)(A)) (emphases internal). The Third Circuit's emphasis on "entry" and "into"

necessarily indicates that it understands "admission" to be a positional event – one that requires crossing the physical threshold of the United States. TPS does not require any "entry … into the United States[,]" 8 U.S.C. § 1101(a)(13)(A), but rather, requires an alien's physical presence in the United States at the time of TPS designation before the alien may even apply for protection. *See* 8 U.S.C. §§ 1254a(c)(1) (requiring continuous physical presence); (c)(5). In this way, TPS is similar to adjustment of status, which the Third Circuit has also held does not constitute an admission. *See Taveras*, 731 F.3d at 290 ("'admission' involves physical entrance into the country, which is inapposite to adjustment of status in removal proceedings, a procedure that is structured to take place entirely within the United States"). Thus, Sanchez – an alien granted TPS – "having entered the United States illegally, technically was never 'admitted' to the country[,]" in much the same way an alien who enters without inspection and is granted adjustment of status is not "admitted" into the United States.[10] *Hanif*, 694 F.3d at 487; *see De Leon Ochoa v. Att'y Gen. of U.S.*, 622 F.3d 341, 353-54 (3d Cir. 2010) ("We simply will not read into an unambiguous statutory requirement an exception *that converts* [the TPS] *statute into a program of entry for an alien.*") (emphasis added). Without an admission, Sanchez triggers the bars at sections 1255(c)(2) and (8), which neither his TPS nor his after-arising parole can overcome.

**1. *Medina v. Beers*, 65 F. Supp. 3d 419 (E.D. Pa. 2014), was wrongly decided.**

The Eastern District of Pennsylvania has held that TPS is an admission. *See Medina v. Beers*, 65 F. Supp. 3d 419, 429 (E.D. Pa. 2014). However, that case fails to adequately distinguish Third Circuit precedent that defines when an admission occurs. *See Medina*, 65 F. Supp. 3d at 429 n.3 (distinguishing *Taveras*). First, *Medina* offers no basis for its explanation why "admission" must mean something

[10] This is true unless the INA or the regulations specifically provide otherwise. *See, e.g.,* 8 U.S.C. § 1101(a)(15)(T)(i)(II) (requiring an applicant for a T Visa to be physically present in the United States or at the port-of-entry); 8 C.F.R. §§ 214.14(c)(5)(i)(A), (B) (distinguishing between U Visa approval procedures for aliens inside and outside the United States and requiring USCIS to issue approved aliens within the United States a new Form I-94, Arrival/Departure Record).

different in the context of a waiver under 8 U.S.C. § 1182(h) versus section 1254a(f)(4).[11] *See Taveras*, 731 F.3d at 290 (recognizing the definition of admission "[u]nder *the INA*") (emphasis added). Indeed, the petitioner in *Taveras* was seeking adjustment of status under 8 U.S.C. § 1255(a). *See Taveras*, 731 F.3d at 283.[12] Sanchez, too, seeks adjustment of status. Moreover, "admission" is a defined term of art in immigration parlance. 8 U.S.C. § 1101(a)(13)(A). Therefore, it is unclear how *Medina* ascribed a different meaning to term defined in the INA – and one that is absent from the TPS "lawful status" provision. *See Hanif*, 694 F.3d at 484 ("Absent any indication to the contrary, we must presume that Congress intended to give [specific] terms the meaning ascribed to them elsewhere in the statute."). The fact that *Taveras* and *Hanif* discussed "admission" in the context of a criminal waiver actually lends support to there being consistent interpretation of defined statutory terms.

Second, *Medina* took a position that was counter to an argument that the Third Circuit had previously dismissed. In *Medina*, the court found that "[section] 1255 itself undermines the position that 'admitted' must mean a physical entry into the country after inspection by an immigration officer … section 1255(b) treats adjustment itself as an 'admission'[.]" *Medina*, 65 F. Supp. 3d at 430 (internal

[11] *Medina* also presumed that "Congress deems the date of entry to be the date of the grant of TPS" in order for the plaintiff to overcome a bar under 8 U.S.C. § 1255(c)(2). *Medina*, 65 F. Supp. 3d at 433 n.8. This interpretation is contradicted by the regulation at 8 U.S.C. § 245.1(d)(3), which states that regardless of any subsequent reentry the alien has made, the alien remains ineligible for adjustment of status due to any unlawful status incurred during a previous "stay" in the United States. This explains why Plaintiffs' parole into the United States does not assist them in establishing adjustment eligibility. *See* 8 U.S.C. § 1101(a)(13)(B) ("An alien who is paroled … shall not be considered to have been admitted."). Additionally, the nature of TPS belies it being considered an entry *into the United States* because an alien must already have made an entry to apply for it. *See* 8 U.S.C. § 1254a(c)(5).

[12] *Medina* attempted to distinguish *Taveras* and *Hanif* by noting that both cases govern admission in the context adjustment of status with a waiver under 8 U.S.C. § 1182(h). *See Medina*, 65 F. Supp. 3d at 429, n.3, n.4. According to *Medina*, this was ostensibly enough to for the court to conclude that, despite *Taveras* and *Hanif*, admission does not only occur at a port-of-entry. In reaching this conclusion, *Medina* cited to *Roberts v. Holder*, 745 F.3d 928, 932 (8th Cir. 2014), and *Matter of Koljenovic*, 25 I. & N. Dec. 291, 221 (BIA 2010). *See Medina*, 65 F. Supp. 3d at 429-30. However, both the cited cases also govern admission in the context of adjustment of status with a waiver under 8 U.S.C. § 1182(h), factually mirroring *Taveras* and *Hanif*, and undermining *Medina*'s rationale.

citation omitted). However, the Third Circuit had already considered and dismissed the concept that 8 U.S.C. § 1255(b) suggests that "adjustment of status" and "admission" are synonymous. *See Hanif*, 694 F.3d at 485 ("We perceive the recording requirement of § 1255(b) to be a ministerial provision relating to the monitoring and control of the number of visas available in any given year, *rather than an effort by Congress to amend the definitions of 'admitted'* and 'lawfully admitted for permanent residence' set forth in § 1101(a).") (emphasis added).

Third, *Medina* relied on published Board decisions to distinguish *Taveras* and *Hanif*. However, it failed to appreciate the nuanced relationship between adjustment of status and admission at a port-of-entry. Specifically, the Board recognizes adjustment of status *as a proxy* for admission at the port-of-entry. *See Matter of V-X-*, 26 I. & N. Dec. 147, 151 (BIA 2013) ("We have found that adjustment of status can be a form of admission because adjustees have always been deemed to be *assimilated to the status* of aliens admitted at the border with immigrant visas.") (emphasis added). The Third Circuit astutely observed this distinction, highlighting that the Board has held that aliens "lawfully admitted for permanent residence through the adjustment process are *considered to have* accomplished an admission to the United States[.]" *Taveras*, 731 F.3d at 290 (internal quotation marks and citation omitted, emphasis internal).

**2. This Court Should Decline to Adopt Inapposite Circuit Opinions Determining that TPS is an Admission.**

Two circuits have addressed this question as well. *See Flores v. USCIS*, 718 F.3d 548 (6th Cir. 2013); *Ramirez v. Brown*, 852 F.3d 954 (9th Cir. 2017). Those decisions suffer from the same flaws as *Medina* and should be rejected. In addition, the Sixth Circuit's decision is distinguishable for two additional reasons. First, it conflates admissibility (as required by section 1255(a)(2)) with section 1255(c)'s separate eligibility requirements. *See Flores*, 718 F.3d at 554 ("Section 1182 … also provides an extensive list of '[c]lasses of aliens ineligible for visas or admission.'") (quoting 8 U.S.C. § 1182). While section 1182(a)(6)(A)(i) makes aliens who are present without inspection and admission or

parole inadmissible, this is a separate question from whether the alien is subject to the eligibility bar at sections 1255(c)(2) and (8) for failing to continuously maintain a lawful status, or for working without authorization.

Second, *Flores* compounded this error when it found that admissibility requirements can be waived discretionarily when an alien is granted TPS. While true, this is irrelevant to the question of whether an alien is eligible for adjustment of status. *Flores*, 718 F.3d at 553-54. Specifically, inadmissibility is only waived only for the purpose of being able to grant an alien *TPS*. *See* 8 U.S.C. § 1254a(c)(1)(A) ("Subject to [section 1254a(c)(3)], an alien … meets the requirements of *this paragraph* only if – (iii) the alien is admissible as an immigrant, *except as otherwise provided under* [section 1254a(c)(2)(A)]") (emphases added). Subsection 1254a(c)(2)(A), in turn, defines admissibility only in terms of "the determination of an alien's admissibility *for purposes of* [section 1254a(c)(1)(A)(iii)][.]" (emphasis added).

The Ninth Circuit similarly erred, but three additional points bear noting. First, *Ramirez* cites 8 U.S.C. § 1184 for the proposition that since nonimmigrants have necessarily been admitted, so too have aliens granted TPS. *See Ramirez*, 852 F.3d at 960. However, this disregards the fact that TPS aliens are not actually nonimmigrants (or admitted as nonimmigrants), but rather, are "*considered as being in*, and maintaining, lawful status *as a* nonimmigrant." 8 U.S.C. § 1254a(f)(4) (emphasis added). This distinction is discussed further in section E, *infra*.

Second, while the Government conceded in *Ramirez* that "the port-of-entry definition is not always appropriate by acknowledging and accepting the BIA's decisions which hold that aliens can be 'admitted' even if they do not meet the definition in § 1101(a)(13)(A)[,]" *Ramirez*, 852 F.3d at 961, the concession was limited to only *adjustment of status* being a proxy for admission. *See Matter of Alyazji*, 25 I. & N. Dec. 397, 404 (BIA 2011) (noting that adjustment of status should be *treated* as an admission); *id.* at 399 ("if adjustment of status were not *considered an admission* under the immigration laws, many lawful

permanent residents would be considered inadmissible") (emphasis added). More critically, the Government was operating in the legal landscape of the Ninth Circuit – vastly different from the Third Circuit's recognition that an actual "admission" occurs only at a port-of-entry. *Compare Ramirez*, 852 F.3d at 961 (citing *Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1052 (9th Cir. 2014) and the Eighth Circuit's decision in *Roberts*) *with Taveras*, 731 F.3d at 290 (citing *Matter of Rosas-Ramirez*, 22 I. & N. Dec. 616, 619 (BIA 1999)).

Finally, *Ramirez* notes that the Government's interpretation "would rob the [TPS statute's lawful status provision] of much force: in the government's brief, the only groups that it pinpoints that would benefit from § 1254a(f)(4)'s elimination of the (c)(2) bar are applicants seeking adjustment based on employment-based visas and applicants seeking adjustment based on relatives other than spouses, children, and parents." *Ramirez*, 852 F.3d at 962. Contrary to this policy-based rationale, however, section 1254a(f)(4) still retains legal significance. It could have benefited Sanchez himself as an employment-based immigrant, had he obtained TPS after having been admitted in some other lawful status. There are other aliens that it could have benefited as well, under the right circumstances. *See, e.g., Duron v. Stul*, --- Fed. App'x ---, 2018 WL 878903 (11th Cir. Feb. 14, 2018) (involving a paroled non-immediate relative seeking to adjust status using TPS after having overstayed a visa); *Barralaga v. Akins*, No. 17-cv-21582 (S.D. Fla. Jan. 8, 2018) (involving an employment-based applicant seeking to adjust status using TPS after having overstayed a visa).

Contrary to *Ramirez* and *Flores*, "admission" occurs only at a port-of-entry. *See Taveras*, 731 F.3d at 290 ("'admission' involves physical entrance into the country"). TPS is never granted at a port-of-entry because "it is structured to take place entirely within the United States[.]" *Id.*; *see* 8 U.S.C. §§ 1254a(c)(1)(A) (requiring physical presence in the United States); (5) (precluding aliens from being admitted to the United States to apply for TPS). Sanchez was never admitted and remains ineligible for adjustment of status by operation of sections 1255(c)(2) and (8), and a waiver under section 1255(k).

**D. Sanchez's Interpretation of the Statutory Language Conflicts with Other Express Language in 8 U.S.C. §§ 1254a and 1255.**

Sanchez's interpretation of the statutory language conflicts with portions of 8 U.S.C. §§ 1254a and 1255 that respectively (1) address adjustment of status for TPS beneficiaries; and (2) exempt other categories of applicants from section 1255(a)'s "inspected and admitted or paroled" requirement. *See* Compl. at 7, ¶ 24. Sanchez's interpretation would render Congress's insertion of language regarding adjustment of status for TPS beneficiaries a nullity. *See* 8 U.S.C. § 1254a(h); *Serrano*, 655 F.3d at 1266, n.5; *cf. United States v. Hunte*, 193 F.3d 173, 176 (3d Cir. 1999) ("[W]e must presume if Congress had intended" for a statutory section to overturn another statutory requirement, "it would have done so in clear, unmistakable, and unarguable language.") (internal quotation marks and citation omitted).

In prior situations where large classes of individuals were otherwise precluded from becoming lawful permanent residents, Congress has acted with special legislation. *See* Cuban Adjustment Act, Pub. L. No. 89-732, Stat. 1161 (1966) (reproduced as a historical note to 8 U.S.C. § 1255); Haitian Refugee Immigration Fairness Act of 1998, Pub.L. No. 105-277, § 902, 112 Stat. 2681 (codified as amended at 8 U.S.C. § 1255 note). When creating TPS, Congress recognized the possibility of special adjustment legislation for TPS beneficiaries but specifically required a supermajority of the Senate to pass such special adjustment legislation. *See* 8 U.S.C. § 1254a(h). Thus, if the Court adopts Sanchez's statutory interpretation such that a grant of TPS provided a path to adjustment of status, then 8 U.S.C. § 1254a(h) and Congress's recognition of the possibility of special adjustment legislation for TPS beneficiaries would be superfluous. *See Corley v. United States*, 556 U.S. 303, 314 (2009) (noting the "basic interpretive canon[], that '[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant'") (citation omitted).

Furthermore, if Congress intended that TPS beneficiaries would satisfy 8 U.S.C. § 1255(a)'s threshold requirements, it knew how to state as much with clear language. Section 1255(a) provides that applicants covered by the Violence Against Women Act ("VAWA") satisfy the threshold criteria,

stating that "[t]he status of an alien who was inspected and admitted or paroled into the United States *or the status of any other alien having an approved petition for classification as a VAWA self-petitioner* may be adjusted by the Attorney General." 8 U.S.C. § 1255(a) (emphasis added). In addition, 8 U.S.C. § 1255(h)(1) provides that certain juvenile immigrants "shall be deemed, for purposes of [§ 1255(a)] to have been paroled into the United States." 8 U.S.C. § 1255(h)(1); 8 U.S.C. § 1101(a)(27)(J) (defining "special immigrant" to include certain juveniles). The existence of these special forms of adjustment compels a finding that Congress meant to specifically modify 8 U.S.C. § 1255(a) for applicants eligible under these provisions. Congress did not modify 8 U.S.C. § 1255(a) with respect to TPS aliens the way it did for VAWA self-petitioners and Special Immigrant Juveniles. The Court may not read such a specification into the unambiguous statutory language based on equities. *See De Leon-Ochoa*, 622 F.3d at 354 (noting that, although "our immigration framework values family unity," the court could not rely on this alone "to read into [an] unambiguous [] statute an instruction by Congress to permit satisfaction of clear statutory requirements via [other mechanisms]").

**E. The TPS Statute Treats TPS Aliens as Nonimmigrants without Formally Recognizing Them as Such.**

Sanchez's reliance on the language of 8 U.S.C. § 1254a(f)(4) is misplaced for yet another reason. Not only is the statute devoid of any reference to the concept of "admission," it also does not grant Sanchez actual nonimmigrant status. This is because the statute reads that "the alien *shall be considered* as being in … lawful status as a nonimmigrant." 8 U.S.C. § 1254a(f)(4). Congress's use of "shall be considered" instead of "will be admitted as a nonimmigrant" or other similarly clear language strongly discourages finding TPS to be an admission.[13] *Cf. Taveras*, 731 F.3d at 291 (citing *Matter of*

[13] On November 14, 2017, the U.S. House of Representatives proposed an amendment to the INA known as the Act to Sustain the Protection of Immigrant Residents Earned through TPS Act ("ASPIRE-TPS Act of 2017). *See* H.R. 4384, 115th Cong. § 3(b) (2017) ("Section [1254a(f)(4)] of the [INA] is amended by inserting after 'considered' the following 'as having been inspected and admitted into the United States[.]"). The necessity of this proposed language is further evidence that

*Rosas-Ramirez*, 22 I. & N. Dec. 616, 619 (BIA 1999), and emphasizing that aliens who achieve lawful permanent resident status are considered to have accomplished an admission, but that adjustment of status and "admission" remain non-interchangeable procedures).

The TPS statute itself supplements this point. "The granting of temporary protected status under [8 U.S.C. § 1254a] shall not be considered to be inconsistent with the granting of nonimmigrant status under this Act." 8 U.S.C. § 1254a(a)(5). This necessarily means that TPS and nonimmigrant status are two separate types of statuses, and by operation of this subsection, they are not mutually exclusive. If TPS were simply a nonimmigrant status, it would not need to exist concurrently with a nonimmigrant status. Instead, TPS would swallow up section 1254a(a)(5) and itself *be* a nonimmigrant status; there would no reason for Congress to "consider [TPS] as being" something it is not. 8 U.S.C. § 1254a(f)(4).

Indeed, a TPS alien can be in both a valid nonimmigrant status and in TPS; subsection 1254a(f)(4) allows that an otherwise admitted alien is treated as if he had been maintaining his nonimmigrant status without fear of falling out of that status if the visa/stay were to expire or otherwise become invalid. *See* 8 U.S.C. § 1254a(a)(5). Conversely, a grant of TPS does not invalidate otherwise lawful nonimmigrant status, nor does potential termination of TPS otherwise curtail any independently held, valid nonimmigrant status. Sanchez's interpretation recognizing an implicit admission in 8 U.S.C. § 1254a(f)(4) reads "shall be considered" out of that statute.

The INA does not define the phrase "considered" in its statutory text, nor do the regulations. "When a term is undefined, [courts] give it its ordinary meaning." *United States v. Santos*, 553 U.S. 507, 511 (2008). The term "consider" is defined in relevant part as "to come to judge or classify." "consider." *Merriam-Webster Online Dictionary*. 2018. http://www.merriam-webster.com (21 March

---

Congress is aware that section 1254a(f)(4), as currently written, does not allow aliens to automatically be "inspected and admitted or paroled" for purposes of 1255(a).

2018). In the context of 8 U.S.C. § 1254a(f)(4), this definition could substitute the statutory language to become "the alien shall be judged (or classified) as being in … lawful status as a nonimmigrant." Other portions of the INA in which the word "considered" appears in similar capacity include, for example, 8 U.S.C. §§ 1152(b)(3) ("an alien born in the United States shall be *considered* as having been born in the country of which she is a citizen or subject[.]"); 1160(a)(5) ("an alien who acquires status of an alien lawfully admitted for temporary residence … is *considered* to be an alien lawfully admitted for permanent residence[.]"); 1225a(a)(3)(B) ("An alien shall not be *considered* to have failed to maintained continuous physical presence in the United States … by virtue of brief, casual, and innocent absences from the United States.") (emphases added).

Similarly, the INA defines TPS aliens as "considered as being in, and maintaining, lawful status as a nonimmigrant." 8 U.S.C. § 1254a(f)(4). In Sanchez's and many aliens' cases, these aliens initially have no status when they enter the United States without inspection. However, under the TPS statute, aliens granted TPS are thereafter classified and treated as nonimmigrants under the INA. But for the "lawful status" provision at 8 U.S.C. § 1254a(f)(4), admitted aliens would remain in a "no-status" limbo after acquiring TPS. This would create conflicting direction for USCIS regarding whether it could grant adjustment to certain aliens who make a lawful admission and thereafter face the risk of overstaying an authorized period. It is the after-arising event of the TPS grant that guides how these aliens should be treated under the INA.

Congress has not shied away from directly using the term "admission" with respect to nonimmigrant visas and other statuses. *See, e.g.,* 8 U.S.C. §§ 1159(a)(1) (setting forth the criteria for adjustment of status for aliens *admitted* as refugees); 1184(c)(2)(D)(i) (describing the period of authorized admission for nonimmigrants *admitted* under 8 U.S.C. § 1101(a)(15)(L)); 1184(q)(2) (describing inapplicable grounds of inadmissibility for "determining whether an alien is eligible to be *admitted* to the United States" on a V Nonimmigrant Visa) (emphases added). Congress could easily

have drafted the statute to read that TPS aliens would be "considered as being admitted to the United States in lawful nonimmigrant status," or perhaps simply that such aliens "shall be in, and maintain, lawful nonimmigrant status," without using the phrase "considered as being in[.]" 8 U.S.C. § 1254a(f)(4). This is because, as demonstrated in the examples above, Congress is presumed to be aware of the statutory definition of "admission," as well as the agency's construction of the term. *See Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 917 (9th Cir. 2004). Congress's use of the phrase "shall be considered as being in" without supplying the word "admitted" demonstrates its intent only to deem TPS aliens as though they are nonimmigrants, but only for the limited purposes specified therein.

## IV. To the Extent the Court Finds the Statute Ambiguous, the Agency's Interpretation of Sections 1255 and 1254a(f)(4) is Owed Deference.

In the alternative, if this Court concludes that the statutory language is not clear, it should defer to the agency's reasonable interpretation of the language under step two of *Chevron* and *Skidmore*. *See Cazun*, 856 F.3d at 259-60. USCIS's interpretation is reasonable and merits deference, because it is consistent with: (1) prior agency interpretations of the language, as well as interpretations by the Board; (2) the purpose of the TPS statute; and (3) the legislative history of the TPS statute. *See Sec'y, U.S. Dep't of Labor v. Am. Future Sys. Inc.*, 873 F.3d 420, 426-27 (3d Cir. 2017); *Hagans*, 694 F.3d at 305.

### A. The Agency's Decision Merits Deference because it is Consistent with Prior Agency Interpretations.

USCIS's interpretation of the statutory language is consistent with two longstanding opinions of the General Counsel of the legacy Immigration and Naturalization Service ("INS").[14] *See Hagans*, 694 F.3d at 305 (according a high level of deference under *Skidmore* to a Social Security Administration ("SSA") "Acquiescence Ruling" given the SSA's broad authority managing "a complex, nationwide

[14] Before the effective date of the Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135, USCIS was part of the former INS.

system" and consistent application of the policy). First, in a legal opinion addressing hypothetical facts similar to those of Sanchez, the INS General Counsel determined that:

> An alien who is in an unlawful status or who has failed continuously to maintain lawful status is ordinarily ineligible for adjustment of status. Because of Section [1254a(f)(4)], however, Section [1255(c)(2)] will not apply to a [applicant] granted TPS, but only for the period during which the alien is in TPS. Section [1255(c)(2)] is not the only ground on which an alien may be barred from adjustment, however. One of the fundamental requirement[s] for adjustment is that the alien must have been 'inspected and admitted or paroled into the United States.' Since an alien who entered without inspection, by definition, cannot satisfy this requirement, the alien is ineligible for adjustment.

INS Genco Op. No. 91-27, 1991 WL 1185138 (INS Mar. 4, 1991) (internal citations omitted) (emphasis added).[15] A second General Counsel opinion entered more than two-and-a-half years later maintained that entry without inspection barred TPS beneficiaries from adjusting status to lawful permanent residence while remaining in the United States. *See* INS Genco Op. No. 93-94, 1993 WL 1504041 (INS Dec. 28, 1993). Neither of these opinions has been superseded with regard to the inapplicability of 8 U.S.C. § 1254a(f)(4) to TPS beneficiaries who were not inspected and admitted or paroled, who failed to maintain lawful status, or who worked without authorization.

USCIS's interpretation is also consistent with decisions of the Board. In *Matter of Sosa-Ventura*, a published decision that is binding on USCIS, the Board explained that TPS "only serves to temporarily protect [an applicant] from [] removal." 25 I. & N. Dec. at 393; 8 U.S.C. § 1103(a)(1); 8

[15] This General Counsel Opinion further explains why non-immediate relative aliens, such as Plaintiffs, who initially enter the United States without inspection and admission or parole, obtain TPS, and then travel and return to the United States via an advance parole, nevertheless remain ineligible for adjustment of status. *See* INS Genco Op. No. 91-28, 1991 WL 1185138, at *2 (Mar. 4, 1991) ("Under Section [1254a(f)(4)], an alien is to be considered as satisfying the requirement of Section [1255(c)(2)] only so long as the alien is in TPS. Section [1254a(f)(4)] does not make lawful the alien's unlawful presence in the United States prior to the granting of TPS. Thus the alien's return to the United States under advance parole would not ordinarily relieve the alien of ineligibility for adjustment that results from the alien's prior unlawful status.") (internal citations omitted).

C.F.R. § 1003.1(d)(1). Thus, the alien – who entered the United States without inspection and subsequently received TPS – was properly charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i), which provides that an alien is removable if he is present "without being admitted or paroled." *Matter of Sosa-Ventura*, 25 I. & N. Dec. at 391-94; 8 U.S.C. § 1182(a)(6)(A)(i). The Board noted that TPS "[did] not create an admissions program," and explained that TPS merely protected the alien from the execution of any removal order. 25 I. & N. Dec. at 393-94. Here, USCIS's decision is consistent with *Sosa-Ventura* because the decision construes TPS as temporary protection from the execution of any removal order. Indeed, construing the grant of TPS as an admission would contravene *Matter of Sosa-Ventura*.[16] The Board's decisions demonstrate that the agency's interpretation of the statutory language is consistent with earlier pronouncements, both by the agency and the Board. This consistency weighs heavily in favor of this Court deferring to USCIS's decision.

### B. The Agency's Interpretation is Consistent with the Limited Purpose of TPS.

The Court should defer to USCIS's decision for another reason – it is consistent with the purpose of the TPS statute. *See Cleary ex rel. Cleary v. Waldman*, 167 F.3d 801, 808 (3d Cir. 1999) (noting that an important consideration under *Skidmore* is whether the agency's interpretation is reasonable in light of the purpose of the statute in question); 8 U.S.C. § 1254a. The Third Circuit has noted that TPS

---

[16] The Board's decision in *Matter of Sosa-Ventura* indicates that an alien that enters without inspection remains inadmissible, even if granted TPS. 25 I. & N. Dec. at 392. Section 1254a(f)(4) is devoid of any language that would suggest that an alien granted TPS is thereafter admissible for purposes of adjustment of status. The balance of the TPS statute only waives certain inadmissibility grounds for purposes of obtaining TPS. *See* 8 U.S.C. § 1254a(c)(2)(A) (waiving inadmissibility for purposes of eligibility for TPS); *see De Leon-Ochoa*, 622 F.3d at 345 ("Pursuant to § 1254a(c)(2), *in the determination of an alien's admissibility for purposes of* [section 1254a(c)(1)(A)(iii)], the Attorney General" may waive certain grounds of inadmissibility) (emphasis added). Accordingly, if an alien is inadmissible even after obtaining TPS due to his entry without inspection and admission or parole, then it stands to reason that the alien cannot demonstrate that he is admissible for purposes of adjustment of status. 8 U.S.C. § 1255(a)(2). Here, this rationale is only illustrative as to why TPS cannot be an admission; in Sanchez's case, while he is ineligible for adjustment by operation of sections 1255(c)(2) and (8), he and Gonzalez are not inadmissible under 8 U.S.C. § 1182 because their last entry was via parole.

"is designed to temporarily prevent removal of aliens during extraordinary and temporary conditions that prevent safe return." *De Leon-Ochoa*, 622 F.3d at 354; *see also Donnee v. Holder*, 750 F.3d 951 (1st Cir. 2014) (citing *Matter of Sosa-Ventura* with approval and concluding that TPS merely prevents the execution of a removal order, and does not affect the beneficiary's removability). As such, "Congress clearly did not intend for TPS to create a permanent immigration status in the United States." *Matter of Sosa-Ventura*, 25 I. & N. Dec. at 394-95. The best reading of 8 U.S.C. § 1254a(f)(4), therefore, is that it does not render a beneficiary "inspected and admitted or paroled" for purposes of adjusting to permanent resident status. The legislative history of the TPS statute, discussed below, demonstrates the program's limited purpose.

### C. The Agency's Decision Merits Deference because it is Consistent with the Legislative History of the TPS Statute.

The agency's interpretation of the statutory language is reasonable, and merits deference, for a third reason – it is consistent with the TPS statute's legislative history. The legislative history shows that Congress included 8 U.S.C. § 1254a(f)(4) to ensure that applicants already in lawful nonimmigrant status need not relinquish that status to accept TPS, nor lose their adjustment eligibility by accepting TPS. 8 U.S.C. § 1254a(a)(5); *see Matter of Sosa-Ventura*, 25 I. & N. Dec. at 394.

The TPS statute was enacted as part of the Immigration Act of 1990, Pub. L. No. 101-649, § 302, 104 Stat. 4978 (Nov. 29, 1990); *Matter of Sosa-Ventura*, 25 I. & N. Dec. at 396 n.6. An early TPS bill was introduced in the United States House of Representatives in January 1989 as the "Central American Studies and Temporary Relief Act of 1989." H.R. 45, 101st Cong. § 1 (1989). As introduced, the bill provided that TPS was available only to certain "deportable" aliens – thus, it was not available to individuals in valid nonimmigrant status. *See* H.R. 45, 101st Cong. § 301(b)(3). This version of the bill did not include language indicating that a beneficiary would be considered to be maintaining lawful status for any purpose. *See generally*, H.R. 45, 101st Cong. (as introduced in the House on Jan. 3, 1989). As it passed the House in October 1989, the bill – now called the "Chinese and Central American

Temporary Protected Status Act of 1989" – was no longer limited to "deportable" aliens. *See* H.R. 45, 101st Cong. §§ 1 & 101. Rather, it provided that an applicant need not relinquish nonimmigrant status to obtain TPS, and it was consistent with valid nonimmigrant status. H.R. 45, 101st Cong. § 101. In addition, the bill now included the language codified at 8 U.S.C. § 1254a(f)(4) – that a beneficiary "shall be considered as being in, and maintaining, lawful status as a nonimmigrant." H.R. 45, 101st Cong. § 101. Subsequent TPS bills also included these provisions. "Chinese Temporary Protected Status Act of 1989," H.R. 2929, 101st Cong. § 2 (1989); "Immigration Act of 1990" S. 358 § 302 (1990) (enacted).

The significant changes to the proposed statutory language in H.R. 45 (as introduced in January 1989) occurred after the Tiananmen Square massacre in China in June 1989. Congress was concerned that Chinese nationals in the United States – many of whom were visiting students in lawful nonimmigrant status – needed extended protection from returning to China. *See* 135 Cong. Rec. 14126-28 (1989). Congress also recognized that students and other Chinese citizens in lawful nonimmigrant status wished to avail themselves of this protection while keeping the privileges attendant to their nonimmigrant status, including their eligibility to obtain permanent status. *See id.*; H.R. Rep. No. 101-245, at 14 (1989) (accompanying H.R. 2929). In other words, Congress meant to ensure that nonimmigrants would not put themselves in a worse position by accepting TPS. *See id.* In light of these legislative goals, 8 U.S.C. § 1254a(f)(4) is best understood as addressing the concerns of those who are unable to return to their country after lawfully entering the United States. For the same reasons, the legislative history does not suggest that 8 U.S.C. § 1254a(f)(4) was intended to "cure" an unlawful status, or unauthorized employment, prior to obtaining TPS, borne of an initial unlawful entry. 8 U.S.C. § 1255(c)(2). *See* H.R. 4384, 115th Cong. § 3(b) (proposing an amendment adding language that TPS aliens are considered "inspected and admitted into the United States").

For the foregoing reasons, the agency's interpretation of the statutory language merits deference – it is consistent with prior agency interpretations, as well as with the purpose of TPS and

the statute's legislative history. Accordingly, this Court should defer to the agency's reasonable interpretation of the statutory language.

## V. Gonzalez is Ineligible to Adjust her Status.

Gonzalez's application is contingent upon the approval of Sanchez's application. *See* 8 U.S.C. § 1153(d) ("A spouse … shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa … be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse[.]"). Thus, since Sanchez is ineligible for adjustment of status as a principle, so too is Gonzalez, his accompanying spouse. Accordingly, USCIS properly denied Gonzalez's application.

## CONCLUSION

Sanchez's TPS is not an admission. Without an admission under the INA, he cannot demonstrate eligibility for a section 1255(k) waiver to the bars he triggers at sections 1255(c)(2) and (8) for failing to continuously maintain a lawful status, and for being employed without authorization. As Gonzalez's application is a derivative beneficiary, her application should similarly be denied. For the reasons stated above, the Defendants respectfully request that the Court dismiss the mandamus claim under Fed. R. Civ. P. 12(b)(1), and grant summary judgment under Fed R. Civ. P. 56(e).

Dated: March 29, 2018

Respectfully submitted,

*/s/ Ubaid ul-Haq*

UBAID ul-Haq
Trial Attorney
District Court Section
Office of Immigration Litigation
Civil Division
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4112
Fax: (202) 305-7000
Email: ubaid.ul-haq@usdoj.gov
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2018, I filed the foregoing pleading and any attachments thereto with the Clerk of the Court through the Court's ECF system.

Dated: March 29, 2018

*/s/ Ubaid ul-Haq*
UBAID ul-HAQ
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section

ATTORNEY FOR DEFENDANTS

Michael J. DeBenedictis, Esq.
DEBENEDICTIS & DEBENEDICTIS LLC
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
mjd@debenedictislaw.com
(856) 795-2101

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **SANCHEZ, *et al.*** | : | |
| **Plaintiffs** | : | **Case No. 1:16-0651 (RBK)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHNSON, *et al.*** | : | |
| | : | |
| **Defendants** | : | |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

MICHAEL J. DEBENEDICTIS, ESQ.
DEBENEDICTIS & DEBENEDICTIS LLC
20 Brace Road
Suite 350
Cherry Hill, NJ 08034
(856) 795-2101

JAIME W. APARISI, ESQ. (*pro hac vice* pending)
YUSUF R. AHMAD (*on the Brief*)
JAIME WINTHUYSEN APARISI &
ASSOCIATES, LLC
8630 Fenton Street, Suite 925
Silver Spring, MD 20910
(301) 562-1416

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Statement of the Case and Facts ..........1

Response to Government's Affirmative Defenses ..........1

Statement of the Legal Issue ..........2

Standards of Review ..........2

Relevant Statutory Language ..........3

Legal Argument ..........5

A. The Plain Language of the Immigration and Nationality Act Establishes that a Grant of TPS Constitutes Inspection and Admission for Purposes of Adjustment of Status..........6

B. Admission Can Occur in a Manner Other Than by Physical Entry and Inspection..........10

C. Statutory Structure Supports the Plaintiffs' Interpretation of the Statute ..........11

D. 8 U.S.C. §1254a(f) Applies to All Sections of 8 U.S.C. §1255..........12

Conclusion ..........13

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adusumelli v. Steiner*,
740 F.Supp.2d 582, 591 (S.D.N.Y. 2010) .......... 8

*Almendarez-Torres v. United States*,
523 U.S. 224, 234 (1998) .......... 11

*Chevron U.S.A. inc., v. Natural Resources Defense Council, Inc.*,
467 U.S. 837 (1984) .......... 3

*Flores v. USCIS*,
718 F.3d 548 (6th Cir., 2013) .......... 7, 8

*Guo v. Ashcroft*,
386 F.3d 556, 566 (3d Cir. 2004) .......... 3

*Hanif v. Atty. Gen'l.*,
694 F.3d 479 (3d Cir. 2012) .......... 10

*Ke Zhen Zhao v. United States DOJ*,
265 F.3d 83 (2d Cir. 2001) .......... 3

*Matter of Koljenovic*,
25 I. & N. Dec. 219 (BIA 2010) .......... 10

*Matter of Alyazji*,
25 I. & N. Dec. 397, 399 (BIA 2011) .......... 10

*Medina v. Beers*,
65 F.Supp.3d 419 (E.D. Pa. 2014) .......... 7, 8, 10, 12

*Najafi v. Civiletti*,
511 F.Supp. 236, 239 (W.D.Mo.1981) .......... 8

*Pinho v. Gonzalez*,
432 F.3d 193 (3d Cir. 2005) .......... 1

*Ramirez v. Brown*,
852 F.3d 954 (9th Cir. 2017) .......... 7, 8, 9, 12

*Serrano v. Atty. Gen'l*,
655 F.3d 1260 (11th Cir. 2011) .......... 7, 9

*Taveras v. Atty. Gen'l*,
731 F.3d 381 (3d. Cir. 2013) .......... 10

**Statutes**

8 U.S.C. §1101(a)(13) .......... 2, 3, 11

8 U.S.C. §1182(a) .......... 9

8 U.S.C. §1182(h) .......... 10

8 U.S.C. §1184(a)(1) .......... 8, 9

8 U.S.C. §1184(b) .......... 8, 9

8 U.S.C. §1184(k)(3) .......... 9

8 U.S.C. §1254a(a) .......... 9

8 U.S.C. §1254a(c) .......... 9

8 U.S.C. §1254a(f) .......... *passim*

8 U.S.C. §1255 .......... *passim*

8 U.S.C. §1255(a) .......... *passim*

8 U.S.C. §1255(c) .......... *passim*

8 U.S.C. §1255(k) .......... *passim*

8 U.S.C. §1258(a) ........................................................................ 12

**Rules and Regulations**

Fed. Rule of Civ. Proc. 56(a) ........................................................................ 2

8 C.F.R. §212.1 ........................................................................ 9

8 C.F.R. §214.1(a)(3)(i) ........................................................................ 9

8 C.F.R. §214.11(d)(6) ........................................................................ 9

8 C.F.R. §235.1(f)(1) ........................................................................ 9

8 C.F.R. §244.2(d) ........................................................................ 9

8 C.F.R. §244.3 ........................................................................ 9

8 C.F.R. §244.8 ........................................................................ 9

8 C.F.R. §244.10(b) ........................................................................ 9

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by and through undersigned Counsel, hereby submit this Motion for Summary Judgment. Judgment in favor of the Plaintiffs is proper given the plain language of the statutory sections involved in the adjudication of this matter.

**STATEMENT OF THE CASE AND THE FACTS**

Plaintiffs stand with the statement of the facts and the case as set forth in their Complaint. In particular, paragraphs 18-30 contain the relevant factual and procedural background necessary for a review of this matter. After the filing of the Complaint, the Department of Homeland Security ("DHS") did reopen the matter on November 3, 2016 to reconsider their initial denial. (Sanchez CAR 21) (Gonzalez CAR 5). On November 4, 2016, DHS issued a Notice of Intent to Deny for plaintiff, Mr. Sanchez, giving an opportunity to respond to such. (Sanchez CAR 19-20). On December 6, 2016, DHS received Mr. Sanchez's response to the Notice of Intent to Deny. (Sanchez CAR 13-16). On February 8, 2017, DHS again denied the plaintiffs' applications for adjustment of status. (Sanchez CAR 1-5) (Gonzalez CAR 1-2). The additional procedural history which occurred after the filing of the Complaint resulted in DHS making the same decision as in the initial denial and had no impact on the legal issues presented in the Complaint.

**RESPONSE TO GOVERNMENT AFFIRMATIVE DEFENSES**

In its formal Answer to the Complaint, the Government asserted one affirmative defense and stated that there may be other defenses. Regarding the Government's affirmative defense of failure to state a claim for which the Court can grant relief, as a challenge to a standard application for benefits based on an erroneous application of the law, this matter is squarely under the jurisdiction of this Court under the APA. *Pinho v. Gonzalez*, 432 F.3d 193, 204 (3rd Cir. 2005).

## STATEMENT OF THE ISSUE

The Plaintiffs assert that the sole issue in this matter is one of law, to wit: Plaintiffs Jose Santos Sanchez's and his spouse, Sonia Gonzalez's, statutory eligibility to adjust status to Lawful Permanent Residence in the United States on the basis of Mr. Sanchez's approved employment-based immigrant visa petition and their status in the United States as Temporary Protected Status ("TPS") grantees. As presented in the Complaint, the issue is whether the grant of TPS is sufficient to meet the requirement of a "lawful admission" into the United States.

The statutory provisions requiring review are: 8 U.S.C. §1101(a)(13)(A) (definition of admission); §1254a(f)(4) (TPS provision relating to adjustment of status); §1255(a) (adjustment provision requiring inspection and admission or parole); §1255(c) (provision requiring maintenance of status for certain applicants for adjustment of status); and §1255(k) (provision regarding maintenance of status and unlawful employment for certain employment-based immigrants).

## STANDARDS OF REVIEW

The Court reviews the Government Motion for Summary Judgment under F.R.C.P. 56(a) to ascertain whether Judgment as a matter of law is warranted. Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). In this matter, there are no factual disputes that are material, those that would affect the outcome of this case; therefore, summary judgment is appropriate.

The plaintiffs assert that this matter involves interpretation of plain language of the applicable statutory provisions relating to their eligibility to adjust status in the United States. As such, the Court's proper review is *de novo* under the Administrative Procedures Act (APA) to

examine the statute under the first prong of the two-prong test from *Chevron*. *See*, *Chevron U.S.A. inc., v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984). If the statute is deemed ambiguous, then deference is provided to a reasonable interpretation made by the Agency. However, it is to be noted that "'Application of agency standards in a plainly inconsistent manner across similar situations evinces such a lack of rationality as to be arbitrary and capricious.'" *Guo v. Ashcroft*, 386 F.3d 556, 566 (3d Cir. 2004) (quoting *Ke Zhen Zhao v. United States DOJ*, 265 F.3d 83, 95 (2d Cir. 2001)).

As argued below, Plaintiff asserts that this is a first-step *Chevron* analysis given plain language of the applicable statutory provisions. Even if the statute is determined to be ambiguous we respectfully assert that the Agency interpretation does not have the level of consistency and persuasiveness to be accorded deference.

## RELEVANT STATUTORY LANGUAGE

The statutory provisions requiring review are: 8 U.S.C. §1101(a)(13)(A) (definition of admission); §1254a(f)(4) (TPS provision relating to adjustment of status); §1255(a) (adjustment provision requiring inspection and admission or parole); §1255(c) (provision requiring maintenance of status for certain applicants for adjustment of status); and §1255(k) (provision regarding maintenance of status and unlawful employment for certain employment-based immigrants). The language from each of these sections is set forth below:

> **8 U.S.C. §1101(a)(13)(A)**
> The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.
>
> **8 U.S.C. §1254a(f)**
> **Benefits and status during period of temporary protected status.- During a period in which an alien is granted temporary protected status under this section-**
> **…**

(4) for purposes of adjustment of status under section 1255 of this tile and change of status under section 1258 of this title, the alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant.

**8 U.S.C. §1255(a)**

(a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence.

**8 U.S.C. §1255(c)(2)**

(c) Other than an alien having an approved petition for classification as a VAWA self-petitioner, subsection (a) shall not be applicable to

(1) an alien crewman;

(2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H) , (I) , (J) , or (K) ) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States;

**8 U.S.C. §1255(k)**

(k) An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 1153(b) of this title(or, in the case of an alien who is an immigrant described in section 1101(a)(27)(C) of this title, under section 1153(b)(4) of this title) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if—

(1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;

(2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days—

> (A)failed to maintain, continuously, a lawful status;
>
> (B) engaged in unauthorized employment; or
>
> (C) otherwise violated the terms and conditions of the alien's admission.

## ARGUMENT

The plaintiffs' applications for adjustment of status are governed by 8 U.S.C. §1255. Section 1255(a) states:

> The status of an alien *who was inspected and admitted* or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. §1255(a) (emphasis added). Applicants are generally barred from adjustment of status under section 1255 if the alien "continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States." 8 U.S.C. §1255(c)(2).

As cited above, 8 U.S.C. §1255(k) provides an exemption from 8 U.S.C. §1255(c)(2) for certain employment-based immigrants. 8 U.S.C. §1255(k) states that for certain employment-based immigrants the failure to maintain, continuously, lawful status or any unauthorized employment is only considered subsequent from the alien's lawful admission. 8 U.S.C. 1255(k). For aliens meeting the requirements of section 1255(k), unlawful status or unauthorized

employment prior to their lawful admission would not be counted against them for purposes of 8 U.S.C. 1255(c)(2).

In the instant matter, the agency decision dated February 8, 2017 states that the reason for denying Mr. Sanchez's application to adjust status is the agency's contention that he was not inspected and admitted to the United States and their contention that his unauthorized employment prior to the grant of TPS bars him from adjustment. (Sanchez CAR 1-5). The agency decision contends that a grant of TPS does not constitute an inspection and admission to the United States. (Sanchez CAR 4). The agency held that Mr. Sanchez did not meet the requirements of 8 U.S.C. §1255(a) or 8 U.S.C. §1255(k) based on their holding that his grant of TPS in 2001 does not constitute a lawful admission. (Sanchez CAR 4). As Mrs. Gonzalez was a derivative applicant as the spouse of Mr. Sanchez, her application was also denied by DHS. (Gonzalez CAR 3-4).

The plaintiffs assert that as TPS grantees in lawful nonimmigrant status after filing an application and having an interview and/or review with an immigration officer, they have been "inspected and admitted" to the United States. This comports with the plain language of the statute and regulations. The plaintiffs have been both "inspected and admitted" and "paroled" for purposes of 8 U.S.C. §1255(a). (Sanchez CAR 44-45) (Gonzalez CAR 19). The grant of TPS also satisfies the requirement of "lawful admission" for purposes of 8 U.S.C. §1255(k). As no other eligibility grounds are in dispute, the plaintiffs are both statutorily eligible for adjustment of status.

**A. The Plain Language of the Immigration and Nationality Act Establishes That a Grant of TPS Constitutes Inspection and Admission for Purposes of Adjustment of Status**

The plaintiffs contend that the plain language of the relevant statutory provisions provide that a grant of TPS constitutes an inspection and admission into the United States; therefore, they meet the statutory requirements of 8 U.S.C. §1255(a) and §1255(k). Both the Ninth Circuit and Sixth Circuit Court of appeals have held that the plain meaning of the statute establishes that a grant of TPS constitutes inspection and admission for the purposes of 8 U.S.C. §1255. *See Ramirez v. Brown*, 852 F.3d 954 (9th Cir. 2017); *Flores v. USCIS*, 718 F.3d 548 (6th Cir. 2013). The United States District Court for the Eastern District of Pennsylvania also held that TPS constitutes admission and inspection for the purposes of adjustment of status. *Medina v.* Beers, 65 F.Supp.3d 419 (E.D. Pa. 2014). The Eleventh Circuit held the contrary, that the grant of TPS does not constitute an admission. *Serrano v. United States Attorney General*, 655 F.3d 1260 (11th Cir. 2011).

As is the case in the instant matter, the aliens in the *Ramirez, Flores*, *Medina,* and *Serrano* cases all had initially entered the U.S. without admission or inspection, had been granted and maintained TPS, and were seeking adjustment of status based on an approved immigrant visa. *Ramirez v. Brown,* 852 F.3d at 957; *Flores v. USCIS*, 718 F.3d at 549-50; *Medina v. Beers*, 65 F.Supp.32 at 421; *Serrano v. United States*, 655 F.3d at 1263. The cases can be distinguished in that the aliens in the instant matter as well as the *Ramirez, Flores*, and *Medina* cases all asserted that their grant of TPS constituted an inspection and admission, while the alien in the *Serrano* matter asserted that a grant of TPS exempted him from the inspection and admission requirement of 8 U.S.C. 1255(a). *Id.* at 1265. The plaintiffs contend that this court should adopt the reasoning of both the Ninth and Sixth Circuits and grant plaintiffs motion for summary judgment.

The plain language of the TPS statute itself leads to the conclusion that a grant of TPS satisfies the inspection and admission requirement for the purposes of adjustment of status. 8 U.S.C. § 1254a(f) clearly establishes that an alien granted TPS is considered to be in lawful nonimmigrant status for the purposes of adjustment of status. "The language explicitly refers to the adjustment statute, §1255, and confers the status of lawful nonimmigrant on TPS recipients when looking at adjusting their status." *Ramirez v. Brown*, 852 F.3d at 959; *see also Flores v. USCIS,* 718 at 551-53. Based on the clear language of the statute, Mr. Sanchez and Mrs. Gonzalez were both in lawful nonimmigrant status as TPS holders at the time they filed their applications for adjustment of status. 8 U.S.C. §1254a(f).

The plaintiffs' application and grant of their nonimmigrant status as TPS holders required them being "admitted." Under the immigration laws, the process of obtaining nonimmigrant status requires the "admission" of the alien. *Medina v. Beers*, 65 F.Supp.3d at 430 *citing* 8 U.S.C. § 1184(a)(1) ("The *admission* to the United States of any alien as a nonimmigrant ...") (emphasis added); *Adusumelli v. Steiner*, 740 F.Supp.2d 582, 591 (S.D.N.Y.2010) ("Nonimmigrant aliens are *admitted* to the United States only for the duration of their status") (quotations omitted) (emphasis added), aff'd 686 F.3d 66 (2d Cir.2012); *Najafi v. Civiletti*, 511 F.Supp. 236, 239 (W.D.Mo.1981) ("Nonimmigrant aliens ... are *admitted* into the United States for some specific purpose, e.g., work, school, tourism, etc., and only "for such time and under such conditions as the Attorney General may by regulations prescribe."") (emphasis added). Every alien "shall be presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time of application for a visa, and the immigration officers, at the time of application for admission, that he is entitled to a nonimmigrant status." 8 U.S.C. §1184(b). "By the very nature of obtaining lawful nonimmigrant status, the alien goes through inspection and is deemed

'admitted.'" *Ramirez v. Brown*, 852 F.3d at 960 *citing* 8.U.S.C. §1184(k)(3) ("the admission, and continued stay in lawful status, of such a nonimmigrant").

Both the statutes and regulations demonstrate that the application and approval process for TPS is very similar to the "admission" process for nonimmigrants, further demonstrating that a grant of TPS should be considered an admission for §1255. Both applicants for TPS and nonimmigrant status must demonstrate that they meet the identity and citizenship requirements by submitting the requisite supporting documentation. *Compare* §1184(k)(3), §1184(b); 8 C.F.R. §§212.1, 235.1(f)(1), *with* 8 U.S.C. §1254a(a)(1), (c)(1)(A); 8 C.F.R. §244.9(a). Comparably, both applicants for TPS and nonimmigrant status must establish that they are admissible to the U.S. and do not trigger certain grounds of inadmissibility. *Compare* 8 U.S.C. §1182(a), (d)(11)-(12), (g)-(i); 8 C.F.R. §212.7, 214.1(a)(3)(i), *with* 8 U.S.C. §1254a(c)(1)(A)(iii), (c)(2)(A); 8 C.F.R. §§244.2(d), 244.3. After submission, both applications for nonimmigrant status and TPS are reviewed by USCIS, the applicant is possibly interviewed, and then the application is approved or denied. *Compare* 8 U.S.C. §1184(a)(1), (b); 8 C.F.R. § 214.11(d)(6), *with* 8 U.S.C. §1254a(a)(3)(A); 8 C.F.R. §§244.8, 244.10(b). "That the TPS application is subject to a rigorous process comparable to any other admission process further confirms that an alien approved for TPS has been 'admitted.'" *Ramirez v. Brown*, 852 F.3d at 960.

The Eleventh Circuit's holding in *Serrano* can be distinguished from the holdings by the Ninth Circuit in *Ramirez* and the Sixth Circuit in *Flores*. The alien in *Serrano* did not argue that a grant of TPS satisfied the inspection and admission requirement of section 1255(a) but instead argued "that section 1254a(f)(4) alters the 'inspected and admitted or paroled' limitation on eligibility for adjustment of status under section 1255(a)." *Serrano v. United States Attorney General*, 655 F.3d at 1265. As the alien in *Serrano* did not assert that he was inspected and

admitted, the Eleventh Circuit never analyzed or made a holding on that issue in their decision; therefore the Eleventh Circuit's reasoning and holding in *Serrano* should not have any impact on the Court's holding in the instant matter. *Id.*

**B. Admission Can Occur in a Manner Other Than By Physical Entry and Inspection**

An alien does not need to make a physical entry into the United States at a port-of-entry in order to be deemed inspected and admitted. Section 1255(b) states that "upon the approval of an application for adjustment made under subsection (a), the Attorney General shall record the alien's *lawful admission* for permanent residence as of the date the order of the Attorney General approving the application for the adjustment of status is made." 8 U.S.C. 1255(b) (emphasis added). The Board of Immigration Appeals has also interpreted the statutes as treating adjustment of status as a substitute for port-of-entry inspection. *Medina v. Beers*, 65 F.Supp.3s at 429-430 *citing Matter of Koljenovic,* 25 I. & N. Dec. 219, 221 (BIA 2010) ("Adjustment of status is essentially a proxy for inspection and permission to enter at the border, which is given as a matter of administrative grace."); *Matter of Alyazji*, 25 I. & N. Dec. 397, 399 (BIA 2011) (treating adjustment of status as admission under immigration laws).

The Third Circuit decisions in *Hanif v. Atty. Gen'l*, 694 F.32 479 (3d. Cir. 2012) and *Taveras v. Atty. Gen'l*, 731 F.3d 381 (3d. Cir. 2013), discuss what constitutes an admission for purposes of eligibility of a waiver from removal and do not discuss "admission" in the context of 8 U.S.C. 1255; therefore they do not address the issue in this matter. "Both *Hanif* and *Taveras* discussed the meaning of the term "admitted" in the context of whether an alien was eligible for relief from removal under 8 U.S.C. § 1182(h). Neither dealt with the meaning of the term "admitted" in the context of § 1255(a). As such, neither case is controlling on the issue presently before this Court." *Medina v. Beers*, 65 F.Supp.3d at 429 n.3.

As TPS grantees in lawful nonimmigrant status after filing a lawful application and having an interview and/or review with an immigration officer, the plaintiffs should be considered to be "admitted." 8 U.S.C. §1101(a)(13)(A) defines "admission" and does not require it to occur in any specific location – such as a Port of Entry. The interpretation apparently espoused by the Agency - which does not directly analyze the plain language of any part of the INA relating to TPS or the definition of "admission" - is that the TPS application, review and interview process cannot constitute an "admission." However, the definition of "admission" does not require the inspection and authorization to be made at a particular point - such as a port of entry. It does not limit the type of immigration officers empowered to provide the inspection and authorization that constitute a lawful admission. Further, by referencing back to §1254a(f)(4), the plain language of the INA provides that the final result of a TPS grant is an "authorization" to be in lawful status, as that word is used in §1101(a)(13). In other words, even an individual whose original entry was unlawful is accorded the lawful nonimmigrant status of TPS and - for the specific purpose of adjustment under §1255 - is considered to be lawfully in the United States. An individual's original entry is irrelevant because the subsequent TPS status provides the "lawful entry" referred to in §1101(a)(13).

**C. Statutory Structure Supports the Plaintiffs' Interpretation of the Statute**

The language and structure of 8 U.S.C. §1254a(f) and 8 U.S.C. §1255 demonstrate that Congress anticipated that aliens granted TPS would be able to qualify for adjustment under §1255 based on them being considered lawful nonimmigrants. *See Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) (explaining that "the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute"). Section 1255 being titled "Adjustment of status of nonimmigrant to that of a person admitted for

permanent residence" is not without significance. "It uses language that directly links the adjustment statute to the TPS statute and §1254a(f)(4)'s phrasing of 'lawful status as a nonimmigrant.'" *v. Brown*, 852 F.3d at 961.

In addition, it is important to look at the other statute that is referenced in §1254a(f). That statute is section 1258(a) which states the following:

> The Secretary of Homeland Security may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully *admitted* to the United States as a nonimmigrant who is continuing to maintain that status and who is not inadmissible…

8 U.S.C. §1258(a) (emphasis added). "Tracking the language in the two provisions, § 1254a(f)(4) equates "being in ... lawful status as a nonimmigrant" with § 1258(a)'s "lawfully admitted... as a nonimmigrant." This statutory mirroring is significant because § 1258(a) uses the word "admitted," thus supporting the interpretation that "being in ... lawful status as a nonimmigrant" qualifies Ramirez as being "admitted" for purposes of both statutory provisions — §§ 1255 and 1258 — cited in § 1254a(f)(4). *Ramirez v. Brown*, 852 F.3d at 961-962.

**D. 8 U.S.C. §1254a(f) Applies to All Sections of 8 U.S.C. §1255**

The plain language of 8 U.S.C. §1254a(f) demonstrates that for purposes of adjustment of status it applies to all of §1255 and does not limit its application to a certain subsection. The applicability of §1254a(f) is not only limited to §1255(c)(2), which concerns being in lawful immigration status at the time of application for adjustment of status, but also applies to all other subsections including §1255(a) and §1255(k). If Congress had intended the application of §1254a(f) to be limited to certain subsections of §1255 they would have said stated such in the statutory language. *See Medina v. Beers*, 65 F.Supp.3d at 431. In the instant matter, the plaintiffs' admission into lawful nonimmigrant status as grantees of TPS means that they satisfy the "admission" requirement of both §1255(a) and §1255(k).

**CONCLUSION**

For all the reasons set forth above, and in the Complaint in this matter, the Plaintiffs respectfully move the Court to order summary judgment in their favor.

Respectfully submitted,

Date: 28 March 2018

By: s/Michael J. DeBenedictis
Michael J. DeBenedictis, Esq.

Michael J. DeBenedictis, Esq.
DEBENEDICTIS & DEBENEDICTIS LLC
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
mjd@debenedictislaw.com
(856) 795-2101

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **SANCHEZ, *et al.*** **Plaintiffs** | : | **Case No. 1:16-0651 (RBK)** |
| **v.** | : | |
| **JOHNSON, *et al.*** **Defendants** | : | |

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MICHAEL J. DEBENEDICTIS, ESQ.
DEBENEDICTIS & DEBENEDICTIS LLC
20 Brace Road
Suite 350
Cherry Hill, NJ 08034
(856) 795-2101

JAIME W. APARISI, ESQ. (*pro hac vice* pending)
YUSUF R. AHMAD (*on the Brief*)
JAIME WINTHUYSEN APARISI &
ASSOCIATES, LLC
8630 Fenton Street, Suite 925
Silver Spring, MD 20910
(301) 562-1416

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

Legal Argument ……..……….……………….………………………..…………1

A. *Medina v. Beers* Was Correctly Decided and The Third Circuit Decisions in *Taveras* and *Hanif* Can Be Distinguished From the Instant Matter ……………………………………………….…...1

B. Defendants' Argument That Plaintiffs' Interpretation of the Statutory Language Conflicts With Other Express Language In 8 U.S.C. §§ 1254a and 1255 is Incorrect...…………………….4

C. Defendants' are Incorrect in Comparing TPS Status with VAWA and Special Immigrant Juveniles for Purposes of 8 U.S.C. § 1255(a)…...…………………………………...…...6

D. Defendants Argue a Meaningless Distinction Between Actual Lawful Nonimmigrant Status Versus Being Considered to be in Lawful Nonimmigrant Status for Purposes of 8 U.S.C. § 1255…………………….………………………………………...7

E. If the Court Finds the Statute Ambiguous the Agency's Interpretation of 8 U.S.C. §§ 1255 and 1254a(f)(4) is Not Owed Deference………………………………………………8

Conclusion ……………………….……………...………………….……...…..9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adusumelli v. Steiner*,
740 F.Supp.2d 582, 591 (S.D.N.Y. 2010) ..........................................8

*Hanif v. Atty. Gen'l.*,
694 F.3d 479 (3d Cir. 2012) .....................................................1, 2, 3

*Matter of Alarcon*,
20 I & N Dec. 557 (BIA 1992)........................................................2

*Matter of Rosas-Ramirez,*
22 I & N Dec. 616 (BIA 1999)........................................................2

*Medina v. Beers*,
65 F.Supp.3d 419 (E.D. Pa. 2014)........................................1, 4, 8, 9

*Najafi v. Civiletti*,
511 F.Supp. 236, 239 (W.D.Mo.1981)...............................................8

*Ramirez v. Brown*,
852 F.3d 954 (9th Cir. 2017)............................................................8

*Taveras v. Atty. Gen'l*,
731 F.3d 381 (3d. Cir. 2013)........................................................1, 2

**Statutes**

8 U.S.C. § 1101(a)(13)..........................................................................2, 3

8 U.S.C. § 1101(a)(20)..............................................................................3

8 U.S.C. § 1182(h) .....................................................................................2

8 U.S.C. § 1184(a)(1)..................................................................................8

8 U.S.C. § 1184(b) ........................................................................ 8

8 U.S.C. § 1184(k)(3) ........................................................................ 8

8 U.S.C. § 1254a(f) ........................................................................ 7

8 U.S.C. § 1254a(h) ........................................................................ 4, 5, 6

8 U.S.C. § 1255 ........................................................................ *passim*

8 U.S.C. § 1255(a) ........................................................................ 2, 3, 6, 7

8 U.S.C. § 1255(b) ........................................................................ 3

8 U.S.C. § 1255(c) ........................................................................ 3

8 U.S.C. § 1255(h)(1) ........................................................................ 6

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO GOVERNMENT MOTION FOR SUMMARY JUDGMENT AND DISMISSAL**

Plaintiffs hereby submit this Opposition to the Government Motion for Summary Judgment and Dismissal. The Government Motion fails to state a sufficient legal basis for the dismissal of the Complaint. To the contrary, Judgment in favor of the Plaintiff is proper given the plain language of the statutory sections involved in the adjudication of this matter.

**ARGUMENT**

The Plaintiffs continue to assert that the plain language of the Immigration and Nationality Act established that a grant of Temporary Protected Status ("TPS") constitutes being admitted and inspected for the purposes of 8 U.S.C. § 1255. Plaintiffs refute the arguments presented in the Defendants' Memorandum in Support of Summary Judgment. The Plaintiffs rely on the arguments made in the Plaintiffs' Memorandum in Support of Summary Judgment and offer the following additional arguments in opposition to the Defendants' motion.

**A. *Medina v. Beers* Was Correctly Decided and The Third Circuit Decisions in *Taveras* and *Hanif* Can Be Distinguished From the Instant Matter.**

The Third Circuit decisions in *Hanif v. Atty. Gen'l*, 694 F.3d 479 (3d. Cir. 2012) and *Taveras v. Atty. Gen'l*, 731 F.3d 381 (3d. Cir. 2013), discuss what constitutes an admission for purposes of eligibility of a waiver from removal and do not discuss "admission" in the context of 8 U.S.C. 1255; therefore, they do not address the issue in this matter. "Neither dealt with the meaning of the term "admitted" in the context of § 1255(a). As such, neither case is controlling on the issue presently before this Court." *Medina v. Beers*, 65 F.Supp.3d 419, 429 n.3 (E.D. Pa 2014).

In *Taveras*, the alien argued that for purposes of 8 U.S.C. § 1101(a)(13)(C)(v) that his application for adjustment of status in removal proceedings was equal to him "seeking an admission." *Taveras*, 731 F.3d at 289. The Third Circuit's analysis in *Taveras* focuses on whether an application for adjustment of status would be considered to be "seeking an admission" and did not focus on being admitted and inspected for purposes of 8 U.S.C. §1255(a). *See id.* The court in Taveras states "this is because the 'admission' to which § 101(a)(13)(C) refers is an entirely different and unrelated immigration procedure from adjustment of status." *Id.* at 289.

While the court in Taveras held that admission for purposes of INA § 101(a)(13)(C) applies only to a physical entry and not adjustment of status, the holding by the Third Circuit in Taveras does not establish that one cannot be considered to have been admitted without a physical entry at a port-of-entry. *See id.* The court in Taveras does not equate a physical admission at a port-of-entry with adjustment of status, but they do cite cases that establish that an alien who goes through the adjustment of status process will considered to have accomplished and admission to the United States. *Id.* citing *Matter of Alarcon*, 20 I & N Dec. 557, 562 (BIA 1992) ("As he is seeking to adjust his status to that of lawful permanent resident, the respondent in this cases is assimilated to the position of an applicant for entry into the United States." (emphasis added)); *Matter of Rosas-Ramirez*, 22 I & N Dec. 616, 619 (BIA 1999) ("Our determination that aliens 'lawfully admitted for permanent residence' through the adjustment process are considered to have accomplished an 'admission' to the United States is supported by the language of the adjustment provisions themselves." (emphasis added)).

In *Hanif*, the Third Circuit analyzed limitations to a waiver under 8 U.S.C. § 1182(h) and what constituted "previously admitted as an alien lawfully admitted for permanent residence."

*See Hanif v. Taveras,* 694 F.3d 479 (3d. Cir. 2012). The Third Circuit held that "this phrase requires not only a prior admission to the United States, but also that the prior admission has been made while the alien was in the status of a lawful permanent resident." *Hanif*, 694 F.3d at 484 . The court in *Hanif* held that an adjustment of status in the United States did not constitute a prior admission while in permanent resident status. *Id.* The Third Circuit in *Hanif* did not discuss if only a physical entry into the United States would suffice as an admission for purposes of 8 U.S.C. § 1255. *See id.*

The Third Circuit in *Hanif* was interpreting a specific phrase within a subsection of the statute that is distinct from the "inspected and admitted or paroled" requirement in §1255(a).

> Congress treated 'admission' as an event or action, while in *8 U.S.C. § 1101(a)(20)* Congress regarded 'lawfully admitted for permanent residence' as an immigration status. The date of gaining a new status is not the same as the date of the physical event of entering the country. We perceive the recording requirement of *§ 1255(b)* to be a ministerial provision relating to the monitoring and control of the number of visas available in any given year, rather than an effort by Congress to amend the definitions of 'admitted' and 'lawfully admitted for permanent residence' set forth in *§ 1101(a)*. *Hanif* at 485.

The Government is extending *Hanif* into a realm that was not under consideration by the Court when it issued the decision. Unlike §1255(b), neither §1255(a) nor even §1255(c) are 'ministerial' in nature. The application of each requires a separate an independent adjudication and determination of the legal and factual background sufficient to make a finding as to whether an individual has been "inspected and admitted or paroled" or even whether the individual can be considered to "maintain continuously a lawful status since entry into the United States." The Defendants are incorrect in asserting that the Court held, or even supported an interpretation, that an admission required "a physical entry after inspection by an immigration officer." The Court in *Hanif* only cited to the language from §1101(a)(13)(A) and did not ever hold or imply that an

admission had to occur at the border or a port of entry or even that it had to occur with a particular kind of immigration officer.

The plaintiffs in this matter are not arguing that their grant of TPS constitutes a physical entry but instead contend that by being granted TPS they are considered to have accomplished an admission to the United States. While the Defendants contend that "admission" only occurs at a port-of-entry, they themselves state in their memorandum that aliens lawfully admitted for permanent residence through the adjustment process are considered to have accomplished an admission an admission to the United States. Defendants' Memorandum at 18. If an alien who adjusts status to a permanent resident is considered to have accomplished an admission, then those granted TPS should able to satisfy such as well.

Whether an alien has made been "admitted" by making a physical entry into the United States at a port-of-entry versus an alien being "considered" to have made an "admission" should not impact whether the alien satisfies the "admitted" requirement of 8 U.S.C. § 1255. The Defendants place a great deal of emphasis on the phrase "considered," but whether an individual is something or is "considered" to be something should not have a material difference on statutory eligibility. This is akin to a minor being charged as an adult in criminal court; while the minor is not an adult he is "considered" to be for the legal purposes. *Medina* correctly distinguished the Third Circuit's holdings in *Taveras* and *Hanif* when holding that an admission did not have to occur at a port-of-entry. *Medina*, 65 F.Supp.3d at 429-30.

**B. Defendants' Argument That Plaintiffs' Interpretation of the Statutory Language Conflicts With Other Express Language In 8 U.S.C. §§ 1254a and 1255 is Incorrect.**

In 8 U.S.C. § 1254a(h) the statute states that it requires a supermajority of the Senate in order to consider any bill that would provide for the adjustment to permanent resident status for any alien receiving temporary protected status. 8 U.S.C. § 1254a(h). The Defendant's argument

that Sanchez's interpretation of TPS constituting an admission would render 8 U.S.C. § 1254(h) a nullity is incorrect. The plaintiffs in the instant matter are not arguing that anyone who is granted TPS should be allowed to adjust their status to a lawful permanent resident simply by virtue of being granted TPS. Plaintiffs argument is that a grant of TPS satisfies the admission requirement of 8 U.S.C § 1225 and not that a grant of TPS allows them to circumvent all requirements of 8 U.S.C. § 1255. A TPS holder applying for adjustment of status would still need to satisfy all the requirements of 8 U.S.C. § 1225.

Defendant's cite the Cuban Adjustment Act and the Haitian Refugee Immigration Fairness Act of 1998 as examples where Congress enacted special legislation to allow large classes of individuals to become lawful permanent residents. *See* Cuban Adjustment Act, Pub. L. N. 89-732, Stat. 1161 (1966) (reproduced as historical note to 8 U.S.C. § 1255); Haitian Refugee Immigration Fairness Act of 1998, Pub.L. No. 105-277, § 902, 112 Stat. 2681 (codified as amended at 8 U.S.C. § 1255 note). Both acts allowed qualified applicants to become lawful permanent residents under a set of requirements separate and distinct from those requirements to adjust status under 8 U.S.C. § 1255. Neither the Cuban Adjustment Act or the Haitian Refugee Immigration Fairness Act of 1998 required the applicant to be the beneficiary of an approved immigrant visa petition which is necessary for adjustment of status under 8 U.S.C. § 1255; instead, their requirements were based largely on nationality and certain presence requirements.

Congress, with a supermajority of the Senate, could pass a law which would allow TPS holders to become lawful permanent residents outside of the requirements of 8 U.S.C. § 1255; contrary to the Defendant's assertions, holding that a grant of TPS constitutes an admission would not render such special adjustment legislation superfluous. Currently, even if all TPS grantees were considered to satisfy the admission requirement of 8 U.S.C. § 1255, in addition to

all of the other requirements of 8 U.S.C. § 1255, they would need to be the beneficiary of either an approved family-based or employment-based immigrant visa petition in order to adjust their status to that of a lawful permanent resident. 8 U.S.C. § 1255(a). There would also need to be a visa available for the corresponding immigrant visa category. 8 U.S.C. § 1255(a). Even if considered to have been "admitted," many current TPS holders would still be ineligible to adjust their status to that of lawful permanent resident as they would not be the beneficiary of an approved immigrant visa petition.

Akin to the special legislation passed by Congress in the Cuban Adjustment Act and the Haitian Refugee Immigration Fairness Act, Congress could pass legislation that would allow TPS holders to adjust outside the confines of 8 U.S.C. § 1255. This legislation could allow TPS holders to become permanent residents by virtue of their TPS statute and extended physical presence in the United States. This legislation could allow TPS holders to become lawful permanent residents without being the beneficiary of an approved and current immigrant visa petition. Defendant's assertions that 8 U.S.C. 1254a(h) would be rendered superfluous if it is held that TPS holders have been "admitted" is incorrect.

**C. Defendants' are Incorrect in Comparing TPS Status with VAWA and Special Immigrant Juveniles for Purposes of 8 U.S.C. § 1255(a).**

In their motion, Defendants correctly point out that in 8 U.S.C. § 1255 the statutory language explicitly states that exceptions to the "inspected and admitted or paroled" requirements exist for applicants covered by the Violence Against Women Act ("VAWA") and for certain juvenile immigrants. Defendants' Memorandum citing 8 U.S.C. §§ 1255(a), 1255(h)(1). Defendants are also correct in their assertion that 8 U.S.C. § 1255 does not explicitly state an exception to "inspected and admitted or paroled" requirement for TPS holders. What the

Defendant's motion does not point out is that neither applicants under VAWA or special immigrant juveniles are in or are considered to be in lawful nonimmigrant status. In contrast, TPS holders are considered to be in lawful nonimmigrant status. 8 U.S.C. 1254a(f)(4); therefore, there is no need for an exception to the "admitted and inspected" requirement of 8 U.S.C. § 1255(a) for TPS holders as they would satisfy such by virtue of them being considered to being in lawful nonimmigrant status.

**D. Defendants Argue a Meaningless Distinction Between Actual Lawful Nonimmigrant Status Versus Being Considered to be in Lawful Nonimmigrant Status for Purposes of 8 U.S.C. § 1255.**

The Defendants are correct in stating that 8 U.S.C. § 1254a(f)(4) does not grant the plaintiffs actual nonimmigrant status but that section does state that for the purposes of 8 U.S.C. § 1255 they "shall be considered" as being in lawful status as a nonimmigrant. 8 U.S.C. § 1254a(f)(4). The statutory language means that a TPS grantee and any other nonimmigrant should be treated the same for purpose of 8 U.S.C § 1255. Plaintiffs are not arguing that their TPS status means that they should be treated as nonimmigrants for the entirety of the Immigration and Nationality Act but they should for purposes of 8 U.S.C. § 1255.

For purposes of 8 U.S.C. § 1255 ,whether an applicant is formally in lawful nonimmigrant status or is "considered" to be in such status should have no bearing for legal purposes. A possible reason for Congress using the term "considered" is that they did not want to formally grant nonimmigrant status to TPS grantees for the entirety of the Immigration and Nationality Act but limit it to certain sections of the statute. As stated in Defendant's memorandum the term "consider" is defined in relevant part as "to come to judge or classify." "consider." *Merriam-Webster Online Dictionary*. 2018. http://www.merriam-webster.com (21 March 2018). Based on the plain language definition for purposes of 8 U.S.C. § 1255, a TPS

grantee should be classified as a lawful nonimmigrant and treated the same as any other lawful nonimmigrant would be for purposes of the adjustment statute. 8 U.S.C. §§ 1254a(f)(4), 1255.

The plaintiffs' application and grant of their TPS required them being "admitted" for purposes of 8 U.S.C. § 1255. Under the immigration laws, the process of obtaining nonimmigrant status requires the "admission" of the alien. *Medina v. Beers*, 65 F.Supp.3d at 430 *citing* 8 U.S.C. § 1184(a)(1) ("The *admission* to the United States of any alien as a nonimmigrant ...") (emphasis added); *Adusumelli v. Steiner*, 740 F.Supp.2d 582, 591 (S.D.N.Y.2010) ("Nonimmigrant aliens are *admitted* to the United States only for the duration of their status") (quotations omitted) (emphasis added), aff'd 686 F.3d 66 (2d Cir.2012); *Najafi v. Civiletti*, 511 F.Supp. 236, 239 (W.D.Mo.1981) ("Nonimmigrant aliens ... are *admitted* into the United States for some specific purpose, e.g., work, school, tourism, etc., and only "for such time and under such conditions as the Attorney General may by regulations prescribe."") (emphasis added). Every alien "shall be presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time of application for a visa, and the immigration officers, at the time of application for admission, that he is entitled to a nonimmigrant status." 8 U.S.C. §1184(b). "By the very nature of obtaining lawful nonimmigrant status, the alien goes through inspection and is deemed 'admitted.'" *Ramirez v. Brown*, 852 F.3d 954, 960 (9th Cir. 2017) *citing* 8.U.S.C. §1184(k)(3) ("the admission, and continued stay in lawful status, of such a nonimmigrant").

**E. If the Court Finds the Statute Ambiguous the Agency's Interpretation of 8 U.S.C. §§ 1255 and 1254a(f)(4) is Not Owed Deference.**

While the Plaintiffs continue to contend that that plain language of the status establishes that a grant of TPS constitutes an admission for the purposes of 8 U.S.C. § 1255 even if the Court deems the statute to be ambiguous, deference should not be afforded the agency's

decision. The Plaintiffs contend that the Court in this matter should adopt the reasoning of the Eastern District Court of Pennsylvania in *Medina v. Beers*:

> In the present matter, the Court finds that congressional intent as to the meaning of § 1254a(f)(4) is clear. As our holding rests on a plain language reading of the statute, the decision ends here and the Court need not afford deference to the agency's decision. Moreover, even if the statute were somehow ambiguous, the Court agrees with the Sixth Circuit's determination that the agency's decisions are not entitled to deference. Flores, 718 F.3d at 555. As that court noted, under Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), the weight of deference, if so given, depends on "the thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." Flores, 718 F.3d at 555 (quoting Skidmore, 323 U.S. at 140, 65 S.Ct. 161). In this matter, the agency decisions, while consistent with one another, are not validly reasoned and "[b]eing consistently wrong does not afford the agency more deference than having valid reasoning." Id. Accordingly, the Court declines to afford the agency any deference. *Medina*, 65 F.Supp.3d at 436-37.

## CONCLUSION

For all the reasons set forth above, and in the Complaint in this matter, the Plaintiffs respectfully move the Court to order summary judgment in their favor.

Respectfully submitted,

Date: 30 April 2018

By: s/Michael J. DeBenedictis
Michael J. DeBenedictis, Esq.

Michael J. DeBenedictis, Esq.
DEBENEDICTIS & DEBENEDICTIS LLC
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
mjd@debenedictislaw.com
(856) 795-2101

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **SANCHEZ, *et al.*** <br> **Plaintiffs** <br><br> **v.** <br><br> **JOHNSON, *et al.*** <br><br> **Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **Case No. 1:16 cv 0651 (RBK)** |

**JOINT COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS**

Under L. Civ. R. 56.1(a), Plaintiffs and Defendants submit this joint statement detailing the undisputed material facts:

Both Plaintiffs and Defendants stipulate to and admit each allegation of fact as detailed in the opposing party's Statement of Undisputed Material Facts. For the purposes of the motions, there is no dispute as to any of the factual allegations made by either party.

Respectfully submitted this 30 day of April, 2018,

/s/ Michael DeBenedictis
Michael J. DeBenedictis, Esq.
**DeBenedictis & DeBenedictis, LLC**

*Attorney for Plaintiffs*

/s/ Ubaid ul-Haq
Ubaid ul-Haq, Esq.
Trial Attorney
Office of Immigration Lit., Civil Division
**U.S. Department of Justice**

*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that on this 30th day of April, 2018, I caused to be served a copy of the Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, the Parties Joint Statement/Counter Statement of Facts Admitting All Respective Facts and this Certificate of Service upon Counsel for Defendants via this Court's CM/ECF system.

/s/ Michael J. DeBenedictis, Esq.
Michael J. DeBenedictis, Esq.

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
JEFFREY S. ROBINS
Assistant Director
UBAID ul-HAQ
TRIAL ATTORNEY
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4112
Facsimile: (202) 305-7000
Email: ubaid.ul-haq@usdoj.gov
ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE SANTOS SANCHEZ, SONIA GONZALEZ<br><br>*Plaintiffs*,<br><br>v.<br><br>KIRSTJEN NIELSEN, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | HON. ROBERT B. KUGLER<br><br>Civil Action No.<br>1:16-cv-00651-RBK |

DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## Table of Contents

INTRODUCTION .......... 1
ARGUMENT .......... 2
I. TPS is not an admission because obtaining TPS, by its very nature, can only be granted post-entry. .......... 2
II. Aliens granted TPS are not nonimmigrants because certain nonimmigrants may adjust status even after their status expires or is revoked; TPS aliens who enter without inspection and admission or parole may not adjust after their status expires or is revoked. .......... 5
III. Congress has explicitly provided for instances where nonimmigrant admission can occur from within the United States. .......... 7
IV. Unlike nonimmigrant status, the TPS statute distinctly precludes the period of TPS as "admission in any status" for purposes of cancellation of removal. .......... 9
V. *Serrano* recognizes the plain reading of 8 U.S.C. § 1254a(f)(4) as not providing an admission for purposes of adjustment. .......... 10
VI. Section 1258 does not require an inspection and admission or parole. .......... 11
Conclusion .......... 12

# Table of Authorities

Federal Cases

*Chavez v. Holder*, 587 Fed. App'x 43 (4th Cir. 2014) .......... 9
*De-Leon Ochoa v. Att'y Gen. of U.S.*, 622 F.3d 341 (3d Cir. 2010) .......... 3
*Duron v. Stul*, --- Fed. App'x ---, 2018 WL 878903 (11th Cir. Feb. 14, 2018) .......... 6
*Gomez v. Lynch*, 831 F.3d 652 (5th Cir. 2016) .......... 5, 6
*Gonzalez v. Att'y Gen. of U.S.*, 192 Fed. App'x 140 (3d Cir. 2006) .......... 10
*Iselin v. United States*, 270 U.S. 245 (1926) .......... 1
*Kimbrough v. United States*, 552 U.S. 85 (2007) .......... 4
*Lee v. USCIS*, 592 F.3d 612 (4th Cir. 2010) .......... 8
*Marquez v. Att'y Gen. of U.S.*, 490 Fed. App'x 481 (3d Cir. 2010) .......... 2
*Medina v. Beers*, 65 F. Supp. 3d 419 (E.D. Pa. 2014) .......... 2, 5
*Montano v. Att'y Gen. of U.S.*, 350 Fed. App'x 643 (3d Cir. 2009) .......... 9
*Serrano v. U.S. Attorney General*, 655 F.3d 1260 (11th Cir. 2011) .......... 1, 10, 11
*Taveras v. Att'y Gen. of U.S.*, 731 F.3d 281 (3d Cir. 2013) .......... 2, 3
*Yang v. Maugans*, 68 F.3d 1540 (3d Cir. 1995) .......... 4

Administrative Decisions

*Matter of Patel*, 20 I. & N. Dec. 368 (BIA 1991) .......... 4
*Matter of Sosa-Ventura*, 25 I. & N. Dec. 391 (BIA 2010) .......... 7

Statutes

8 U.S.C. § 1101(a)(4) .......... 8
8 U.S.C. § 1101(a)(13)(A) .......... 2, 3, 4, 5
8 U.S.C. § 1101(a)(15) .......... 6
8 U.S.C. § 1101(a)(15)(E) .......... 4
8 U.S.C. § 1182 .......... 7
8 U.S.C. § 1182(a) .......... 7
8 U.S.C. § 1184(a)(1) .......... 5
8 U.S.C. § 1227 .......... 7
8 U.S.C. § 1229a(b) .......... 9
8 U.S.C. § 1229b(a)(2) .......... 9
8 U.S.C. § 1254a(c)(5) .......... 3
8 U.S.C. § 1254a(e) .......... 9, 10
8 U.S.C. § 1254a(f) .......... 6
8 U.S.C. § 1254a(f)(4) .......... passim
8 U.S.C. § 1255(a) .......... passim
8 U.S.C. § 1255(c)(2) .......... 2, 6, 11
8 U.S.C. § 1255(c)(5) .......... 8
8 U.S.C. § 1255(l) .......... 7
8 U.S.C. § 1258 .......... 2, 11

Rules

Fed R. Civ. P. 56(e) ........................................ 12

Regulations

8 C.F.R. § 214.15(e)(2) ........................................ 8
8 C.F.R. § 245.11(a) ........................................ 8

Other Authorities

Pub. L. 104-208, 110 Stat. 3009-546 ........................................ 4

**INTRODUCTION**

In their Memorandum of Law in Support of Their Motion for Summary Judgment ("Memo"), ECF No. 28-1, Plaintiffs Jose Santos Sanchez ("Sanchez") and Sonia Gonzalez ("Gonzalez," collectively "Plaintiffs") confuse the plain language of the Temporary Protected Status ("TPS") statute's "lawful status" provision at 8 U.S.C. § 1254a(f)(4) in order to achieve the requisite "admission" under section 1255(k) necessary to waive Sanchez's unlawful status and unauthorized employment prior to his TPS. *See* Memo at 8-9. This Court should reject Plaintiffs' attempt to read the specific, defined requirement of "admission" into the lawful status provision in order to enlarge the limited benefit that it provides. *See Iselin v. United States*, 270 U.S. 245, 250-51 (1926) ("The statute was drawn with care. Its language is plain and unambiguous. What the government asks is not a construction of a statute, but … an enlargement of it by the court, so that what was omitted … may be included within its scope. To supply such omissions transcends the judicial function.").

The general rule in the Immigration and Nationality Act ("INA") is that nonimmigrants are only admitted after inspection upon making a lawful entry into the United States; the exception to this general rule exists only where Congress has explicitly allowed for it. TPS is not identical to nonimmigrant status and is therefore not an admission.

Plaintiffs' arguments distinguishing *Serrano v. U.S. Attorney General*, 655 F.3d 1260 (11th Cir. 2011) are also unavailing. The central issue in that case – whether 8 U.S.C. § 1255(a)'s inspection and admission or parole requirement was altered by the language of the TPS statute's lawful status provision – necessarily provides that TPS is itself not an admission.

Finally, Plaintiffs assert that there is "statutory mirroring" in section 1258, and its language lends support to their position that TPS provides an admission into the United States. Memo at 12. However, the bars to adjustment of status do not apply to change of status. Prior unlawful status, or prior periods of unlawful employment, would not bar an alien in Sanchez's circumstances from

changing status under 8 U.S.C. § 1258, but these do bar Sanchez from adjusting status. This is because the adjustment statute requires an admission or parole after inspection, 8 U.S.C. § 1255(a), and bars aliens that have failed to maintain continuously a lawful status since entry, or have otherwise engaged in unauthorized employment, from adjusting status. 8 U.S.C. §§ 1255(c)(2), (8).

For these reasons, and the reasons espoused in Defendants' Brief in Support of Their Partial Motion to Dismiss and Motion for Summary Judgment ("MSJ"), ECF No. 27-1, this Court should reject Plaintiffs' arguments and grant Defendants' motions.

## ARGUMENT

### I. TPS is not an admission because obtaining TPS, by its very nature, can only be granted post-entry.

While the Third Circuit has held that "TPS is not an 'admission'[,]" *Marquez v. Att'y Gen. of U.S.*, 490 Fed. App'x 481, 483 (3d Cir. 2010), Plaintiffs persist in their contrary interpretation, specifically because they read 8 U.S.C. § 1254a(f)(4) as providing them with a lawful entry for purposes of 8 U.S.C. § 1101(a)(13)(A). Memo at 11. However, nothing in subsection (f)(4) states that aliens granted TPS enter the United States, or are admitted.

Contrary to Plaintiffs' assertions that "'admission' does not require the inspection and authorization to be made at … a port of entry[,]" Memo at 11, the Third Circuit has emphasized that admission, as defined at 8 U.S.C. § 1101(a)(13)(A), occurs only at a port-of-entry and requires crossing a threshold into the United States. *See Taveras v. Att'y Gen. of U.S.*, 731 F.3d 281, 290 (3d Cir. 2013) ("The words 'entry' and 'into' plainly indicate that 'admission' involves physical entrance into the country"). This term of art – "admission" – is the same term that is used in the adjustment statute. 8 U.S.C. § 1255(a).

While Plaintiffs point to *Medina v. Beers*, 65 F. Supp. 3d 419, 429, n.3 (E.D. Pa. 2014), to distinguish *Taveras*, *see* Memo at 10, they fail to recognize that *Taveras* was itself analyzing the definition of "admission" under 8 U.S.C. § 1101(a)(13)(A). *See Taveras*, 731 F.3d at 290. There is no special

provision for "admission" for purposes of section 1182(h) versus for section 1255(a). There is one definition of admission – it is found at section 1101(a)(13)(A), and the Third Circuit has clarified what it means. Nevertheless, Plaintiffs attempt to circumvent this precedential clarification of how an admission can occur, and instead attempt to supply their own definition of admission when *analyzing the exact statute* – section 1101(a)(13)(A) – that *Taveras* clarified. *Compare* Memo at 11 (citing section 1101(a)(13)(A)) *with Taveras*, 731 F.3d at 290 (same).

Plaintiffs further contend that that Sanchez's initial entry without inspection and admission or parole is "irrelevant because the subsequent TPS status provides the 'lawful entry' referred to in § 1101(a)(13)." Memo at 11. "Admitted" or "admission" include a requirement that an alien must make a lawful entry into the United States. Plaintiffs' assertion that TPS provides that entry, *see id.*, is contrary to Third Circuit precedent specifically declining to find that TPS constitutes an entry. *See De-Leon Ochoa v. Att'y Gen. of U.S.*, 622 F.3d 341, 353-54 (3d Cir. 2010) ("the TPS program was designed to shield aliens *already in the country* from removal . . . We simply will not read into an unambiguous statutory requirement an exception that converts this statute into a *program of entry* for an alien") (internal citations omitted, emphasis added); *cf.* 8 U.S.C. § 1254a(c)(5). If TPS cannot be an entry, it cannot fulfill the definition of "admission" at 8 U.S.C. § 1101(a)(13)(A), and, by extension, the term as it is used in 8 U.S.C. § 1255(a).

Indeed, nothing in the TPS statute suggests that TPS itself is an "entry into" the United States, such that it constitutes an admission under 8 U.S.C. § 1101(a)(13)(A). The terms "enter," "entry," "admission," and "admitted" are all absent from the TPS statute. In fact, the alien must already have entered, and must be present in the United States at the time his country is designated, in order to be eligible for TPS. *See* 8 U.S.C. § 1254a(c)(1)(A)(i) ("an alien … meets the requirements of this paragraph if the alien has been continuously physically present in the United States since the effective date of the most recent designation"). Reading section 1254a(f)(4) as explicitly providing an "admission," that, by

definition, includes an "entry," would be to read nonexistent language into a statute. *See Kimbrough v. United States*, 552 U.S. 85, 103 (2007) (declining to read requirement into statute where Congress expressly codifies those requirements elsewhere).

Moreover, while the term "entry" was replaced with the concept of "admission" following the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Div. C of Pub. L. 104-208, 110 Stat. 3009-546, the pre-IIRIRA definition of entry remains instructive, particularly because "admission" contains the requirement that an alien make an "entry." 8 U.S.C. § 1101(a)(13)(A).

"Entry" meant "any coming of an alien into the United States from a foreign port or place or from an outlying possession, whether voluntarily or otherwise[.]" 8 U.S.C. § 1101(a)(13) (1996). Prior to the IIRIRA, the Third Circuit adopted the Board of Immigration Appeals' ("Board") more precise test to determine if any alien accomplished an entry. *See Yang v. Maugans*, 68 F.3d 1540, 1545 (3d Cir. 1995) *citing Matter of Patel*, 20 I. & N. Dec. 368, 370 (BIA 1991). In order to have made an entry, an alien must have, *inter alia*, "cross[ed] into the territorial limits of the United States, i.e., physical presence[.]" *Yang*, 68 F.3d at 1545.[1] Surveying the bulk of the nonimmigrant visa classifications reveals that Congress intended for nonimmigrants to also actually accomplish an entry in such status in order to be admitted. In fact, many of the nonimmigrant visa categories are still defined in terms of "entry" or an intent to effect an entry. *See, e.g.,* 8 U.S.C. §§ 1101(a)(15)(E) ("an alien entitled to *enter* the United States under and in pursuance of the provisions of a treaty"); (F) ("an alien … who is a bona fide

[1] Plaintiffs' physical entry without inspection and admission or parole may theoretically satisfy the first prong of the "entry" test in *Yang*. However, the addition of adjective "lawful" as modifying "entry" in the current INA, 8 U.S.C. § 1101(a)(13)(A) explains why Plaintiffs' crossing into the United States without inspection is not an admission. Additionally, Congress's purposeful insertion of the term "lawful" describing "entry" provides further evidence that TPS is not an admission, because TPS can be obtained by aliens who have entered without inspection and admission or parole. Nonimmigrant status generally cannot be so obtained.

student … who seeks to *enter* the United States temporarily"); (H)(i)(b1); (K)(i); (L); (M)(i); (O); (P)(ii)(II); (R)(ii). But TPS, by its very nature, does not provide an entry – it merely provides a status, or permission to remain in the United States. *See Gomez v. Lynch*, 831 F.3d 652, 658 (5th Cir. 2016) (defining "status"). This is consistent with TPS not actually being identical to nonimmigrant status, but rather, an equivalent status to that of a nonimmigrant.

Because TPS does not create a means through which an alien can enter the United States, it cannot fulfill the definition of "admission" under 8 U.S.C. § 1101(a)(13)(A), as recognized in the Third Circuit. This Court should reject Plaintiffs' arguments as contrary to the plain requirements of the "admission" statute.

## II. Aliens granted TPS are not nonimmigrants because certain nonimmigrants may adjust status even after their status expires or is revoked; TPS aliens who enter without inspection and admission or parole may not adjust after their status expires or is revoked.

Aliens granted TPS are not "nonimmigrants" by virtue of their TPS, nor are they admitted into nonimmigrant status. With few exceptions, like all aliens seeking to be admitted, nonimmigrants must enter the United States at a port-of-entry, and only then are they admitted into such nonimmigrant status. *See* 8 U.S.C. § 1184(a)(1) (characterizing the process as the "admission to the United States of any alien as a nonimmigrant"). Defendants agree with Plaintiffs generally that "the process of obtaining nonimmigrant status requires the 'admission' of the alien." Memo at 8 *citing Medina v. Beers*, 65 F. Supp. 3d 419, 429 (E.D. Pa. 2014). However, this paints only half the picture and ultimately does not assist Plaintiffs in their quest to demonstrate that Sanchez has been admitted for purposes of eligibility for a waiver under section 1255(k).

TPS aliens are not themselves nonimmigrants by virtue of a grant of TPS. The plain language of the "lawful status" provision supports this. Instead, they are only "*considered as being* in, and maintaining, lawful status *as* a nonimmigrant." 8 U.S.C. § 1254a(f)(4) (emphasis added).

Plaintiffs' explanation of the similarities between TPS and nonimmigrant status is of no help in the situation of an alien who seeks to adjust post-TPS versus post-authorized nonimmigrant period.

An alien seeking to enter the United States can be admitted as a nonimmigrant, so long as he meets the requirements of a particular nonimmigrant visa classification. *See, generally*, 8 U.S.C. §§ 1101(a)(15); 1184. In many cases, such as in the case of an alien admitted as a tourist or a student, the alien is permitted to be present in the United States for an authorized period. *Cf. Gomez*, 831 F.3d at 658 (describing "status" as the "permission to be present in the United States an individual has"). However, after the alien's status expires, or if the alien stays beyond an authorized period, he becomes deportable. 8 U.S.C. § 1227(a)(1)(B)(i) ("Any alien … *in and admitted* to the United States shall, upon the order of the Attorney General, be removed if the alien is … present in the United States in violation of [the INA]") (emphasis added). But the fact of his admission as a nonimmigrant at a port-of-entry is not undone. Thus, an immediate relative alien admitted as a nonimmigrant can adjust status under 8 U.S.C. § 1255(a)[2] because his nonimmigrant admission survives his after-arising overstay or other violation of nonimmigrant status, all other adjustment requirements being met.

The same is not true of aliens granted TPS. If an alien's TPS is truly identical to being admitted into a nonimmigrant status, then like a nonimmigrant who overstays an authorized period, a TPS alien's "admission" into TPS should survive beyond a revocation, or the expiration of their country's designation. By the plain language of 8 U.S.C. § 1254a(f), TPS's "lawful status" benefit does not so endure. *See* 8 U.S.C. § 1254a(f) (providing for the benefit at section 1254a(f)(4) "[d]uring a period in which an alien is granted TPS"); *Duron v. Stul*, --- Fed. App'x ---, 2018 WL 878903, at *3 (11th Cir. Feb. 14, 2018) ("the plain and unambiguous language of the statute, which establishes the

[2] Immediate relative aliens that have been admitted to the United States as nonimmigrants can adjust their status because the bars at 8 U.S.C. § 1255(c)(2) do not apply to them.

lawful-status benefit of TPS grantees set forth in § 1254a(f)(4) applies only to the time period in which an alien has TPS”).

This also explains why an alien who entered the United States without inspection, but thereafter obtains TPS, nevertheless remains properly chargeable as *inadmissible* under 8 U.S.C. § 1182, instead of *deportable* under 8 U.S.C. § 1227. *See Matter of Sosa-Ventura*, 25 I. & N. Dec. 391, 393 (BIA 2010) (“Thus, the respondent is protected from execution of a removal order during the time her TPS status is valid, but she remains removable based on the charge of inadmissibility in the Notice to Appear.”). Deportability (of, for example, a nonimmigrant visa overstay) requires an admission and then some subsequent violation of status; inadmissibility specifically governs circumstances involving aliens “ineligible to receive visas and ineligible *to be admitted* to the United States[.]” 8 U.S.C. § 1182(a) (emphasis added).

## III. Congress has explicitly provided for instances where nonimmigrant admission can occur from within the United States.

Congress has demonstrated that it has contemplated specific circumstances where an alien might obtain a nonimmigrant admission from within the United States. The only exceptions to the general rule of nonimmigrant admission at a port-of-entry are “S,” “T,” “U,” and “V” nonimmigrant Visas. *See, e.g.* 8 U.S.C. § 1101(a)(15)(T)(i)(II) (requiring an applicant for a T Visa to be physically present in the United States or at the port-of-entry); 8 C.F.R. §§ 214.14(c)(5)(i)(A), (B) (distinguishing between U Visa approval procedures for aliens inside and outside the United States). This exception carved out for T and U nonimmigrants demonstrates a legislative intent to treat such aliens differently than other nonimmigrants because Congress explicitly created for these aliens a means to adjust status, 8 U.S.C. §§ 1255(l) and (m), and certainly does not support a conclusion, as Plaintiffs contend, that all other nonimmigrants can be admitted post-entry, or that TPS is an admission. *See* Memo at 10-11.

Similarly, S Visa nonimmigrants may not adjust under normal procedures. 8 U.S.C. § 1255(c)(5) (precluding S Visa nonimmigrants from adjusting under 8 U.S.C. § 1255(a)). Such nonimmigrants must adjust under special procedures contained in the regulations. *See* 8 C.F.R. § 245.11(a) (allowing for adjustment of an S Visa nonimmigrant only after a law enforcement agency requests that the alien be granted permission to apply). Finally, the V Visa regulations distinguish between aliens abroad and aliens inside the United States, and only provide for the latter group a means through which aliens in the United States may "obtain V nonimmigrant status," and distinctly not a means through which they may be admitted into the United States on the visa. *See* 8 C.F.R. §§ 214.15(e)(2) (discussing aliens applying for admission on the V Visa from outside the United States); (f) (describing the manner in which an alien inside the United States may change her status to that of a V Visa non-immigrant).

Plaintiffs' interpretation treating "being in, and maintaining, lawful status as a nonimmigrant" as identical to "admission" simply lacks support. First, it contravenes 8 U.S.C. § 1101(a)(4) which treats applications for admission differently from applications for nonimmigrant visas. Second, it would run afoul of Congress's intent to "discourage intending immigrants from moving to the United States before becoming fully eligible for permanent residence." *Lee v. USCIS*, 592 F.3d 612, 614 (4th Cir. 2010). It would encourage aliens to seek nonimmigrant visas while in the United States as opposed to "follow[ing] the orderly consular process for the issuance of immigrant visas." *Id.* The regular process may not be contravened in the ordinary case. It may only be excused in special situations where Congress has enacted law, or the agency has promulgated regulations, allowing certain aliens to be "admitted" into a nonimmigrant status while physically present in the United States. TPS is not one of those situations.

## IV. Unlike nonimmigrant status, the TPS statute distinctly precludes the period of TPS as "admission in any status" for purposes of cancellation of removal.

The relationship of the period during which an alien has been granted TPS vis-à-vis cancellation of removal also supports Congress's specific distinction between TPS and nonimmigrant status. Plaintiffs' attempts to conflate the two statuses as one and the same should therefore be rejected. *See* Memo at 9.

Section 1254a(e) discusses an alien's TPS period as it relates to the period of physical presence required for cancellation of removal, a form of relief whereby deportable lawful permanent resident aliens can remain in the United States. It states that "[w]ith respect to an alien granted temporary protected status under this section, the period of such status *shall not be counted* as a period of physical presence in the United States for purposes of section [8 U.S.C. § 1229a(b)] unless the Attorney General determines that extreme hardship exists." 8 U.S.C. § 1254a(e) (emphasis added). Section 1229b(a) states, in pertinent part, that in order to be eligible for cancellation of removal, the alien must have "resided in the United States continuously for 7 years *after having been admitted in any status*." 8 U.S.C. § 1229b(a)(2) (emphasis added).

Reading these two statutes together necessarily leads to the conclusion that Congress did not intend for TPS to count towards continuous residence, which may *only be accrued after admission* in any status, unless the alien demonstrates extreme hardship (or if the TPS alien had some other port-of-entry-based admission prior to obtaining TPS). *See Chavez v. Holder*, 587 Fed. App'x 43, 44-45 (4th Cir. 2014) (holding that for purposes of cancellation of removal, "Chavez's grant of TPS in 1992 does not constitute an admission," and noting sections 1229b(a) and 1254a(e) can be read together); *c.f. Montano v. Att'y Gen. of U.S.*, 350 Fed. App'x 643, 646 (3d Cir. 2009) (recognizing that an alien in TPS could not demonstrate continuous residence for purposes of cancellation of removal without first showing extreme hardship).

While cancellation of removal is a distinct form of relief from adjustment of status under 8 U.S.C. § 1255(a), Congress's treatment of TPS aliens as compared to other nonimmigrants in the cancellation context is telling. Specifically, aliens that are actual nonimmigrants under the INA are considered "admitted" for purposes of the cancellation statute. *See Gonzalez v. Att'y Gen. of U.S.*, 192 Fed. App'x 140, 145 (3d Cir. 2006) (holding that an alien that was admitted as a nonimmigrant could demonstrate 7 years of continuous residence). For TPS aliens, by passing 8 U.S.C. § 1254a(e), Congress specifically foreclosed this as a possibility. This statutory language is consistent with 8 U.S.C. § 1254a(f)(4), which treats TPS aliens as nonimmigrants, but only insofar as their status would remain lawful during the TPS period, and does not deem such aliens "admitted" into the United States for purposes of 8 U.S.C. § 1255(a).

## V. *Serrano* recognizes the plain reading of 8 U.S.C. § 1254a(f)(4) as not providing an admission for purposes of adjustment.

The Eleventh Circuit's decision in *Serrano* still provides the most natural reading of section 1254a(f)(4). That is, since the "plain language of § 1255(a) limits eligibility for status adjustment to an alien who has been inspected and admitted or paroled[,]" an alien that enters without inspection and admission or parole cannot adjust through his immediate relative even after obtaining TPS. *Serrano*, 655 F.3d at 1265.

Plaintiffs attempt to distinguish *Serrano*, noting that the petitioner in that case did not argue that his TPS provided the prefatory admission for adjustment, and that the Eleventh Circuit never visited the issue. *See* Memo at 9-10. Rather, they contend that the petitioner simply argued that TPS provided an exemption to the requirement that an alien must be inspected and admitted or paroled in order to adjust. *Id.*; *see Serrano*, 655 F.3d at 1260.

How Plaintiffs characterize the petitioner's arguments in *Serrano* is irrelevant because the net result is the same. If TPS did supply an admission, then the petitioner in that case would have met the

prefatory requirement at section 1255(a) and would have been eligible to adjust. The petitioner would not require the so-called exemption that he argued section 1254a(f)(4) supplies.

Furthermore, the Eleventh Circuit's finding does provide this analysis in recognizing that TPS "does not change § 1255(a)'s threshold requirement that [an alien] is eligible for adjustment of status only if he was *initially inspected and admitted or paroled.*" *Serrano*, 655 F.3d at 1265 (emphasis added). Moreover, the Eleventh Circuit deferred to the agency interpretation which specifically determined that "an alien who entered the United States without inspection is ineligible for adjustment of status under § 1255, even if granted [TPS] under § 1254a." *Serrano*, 655 F.3d at 1265-66 (*citing* INS Genco Op. No 91-27, 1991 WL 1185138 (INS Mar. 4, 1991)). In this way, *Serrano* arguably goes farther in that it analyzes both questions - whether TPS is itself an admission, or whether TPS provides an exemption for the admission requirement.

Ultimately, distinguishing *Serrano*'s based on its rejection of there being an alteration the requirement that a TPS alien must be admitted is, at best, an argument grounded in semantics. *Serrano*'s reliance of the plain language of section 1254a(f)(4) is proof positive that an alien granted TPS is neither admitted, nor exempt from the admission requirement. *See Serrano*, 655 F.3d at 1260.

## VI. Section 1258 does not require an inspection and admission or parole.

Plaintiffs' attempt to reference the change of status statute under 8 U.S.C. § 1258 to buttress their flawed argument that TPS provides an admission should also be rejected. As *Serrano* recognized, an alien who enters without inspection and admission or parole may change status, because there is no requirement that the alien must be inspected and admitted or paroled. 655 F.3d at 1266. Moreover, unlike adjustment of status, there is no bar to changing status if an alien, prior to obtaining his nonimmigrant status (from which he seeks to change), engaged in unauthorized employment, or was previously in an unlawful status. *See* 8 U.S.C. § 1258. The adjustment status does contain such limitations to eligibility. 8 U.S.C. §§ 1255(c)(2), (8). The conspicuous absence of

these limitations from the change of status statute was purposeful, and does not allow an alien with TPS to somehow be freed from having to demonstrate that he was admitted or paroled into the United States for purposes of section 1255(a) (and in Sanchez's case, section 1255(k)) in order to adjust status, prior to obtaining his TPS.

**CONCLUSION**

For the reasons stated above, and for the reasons stated in their motion for summary judgment, Defendants respectfully request that the Court grant them summary judgment under Fed R. Civ. P. 56(e).

Dated: April 30, 2018

Respectfully submitted,

*/s/ Ubaid ul-Haq*

UBAID ul-Haq
Trial Attorney
District Court Section
Office of Immigration Litigation
Civil Division
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4112
Fax: (202) 305-7000
Email: ubaid.ul-haq@usdoj.gov
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2018, I filed the foregoing pleading and any attachments thereto with the Clerk of the Court through the Court's ECF system.

Dated: April 30, 2018

*/s/ Ubaid ul-Haq*
UBAID ul-HAQ
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section

ATTORNEY FOR DEFENDANTS